# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: <u>4:19–cv–00332–SRB</u>
### *Internal Use Only*

| | |
|---|---|
| Sitzer et al v. National Association of Realtors et al | Date Filed: 04/29/2019 |
| Assigned to: District Judge Stephen R. Bough | Jury Demand: Both |
| Demand: $75,000 | Nature of Suit: 410 Anti–Trust |
| related Case: 4:23–cv–00788–SRB | Jurisdiction: Federal Question |

Case in other court: 8th Circuit Court of Appeals, 20–01779
8th Circuit Court of Appeals, 22–02664
8th Circuit Court of Appeals, 24–02143
8th Circuit Court of Appeals, 24–02391
8th Circuit Court of Appeals, 24–02391
8th Circuit Court of Appeals, 24–03444
8th Circuit Court of Appeals, 24–03444
8th Circuit Court of Appeals, 24–03450
8th Circuit Court of Appeals, 24–03527

Cause: 15:1 Antitrust Litigation

**Movant**

| | | |
|---|---|---|
| **Missouri Association of Realtors** | represented by | **Robert A. Henderson** |
| | | Polsinelli – KCMO |
| | | 900 W. 48th Place |
| | | Kansas City, MO 64112 |
| | | (816) 753–1000 |
| | | Fax: (816) 753–1536 |
| | | Email: rhenderson@polsinelli.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Inactive* |
| | | |
| | | **Phillip James Richard Zeeck** |
| | | Polsinelli – KCMO |
| | | 900 W. 48th Place |
| | | Kansas City, MO 64112 |
| | | 816–572–4592 |
| | | Fax: 816–817–0312 |
| | | Email: pzeeck@polsinelli.com |
| | | ***TERMINATED: 08/29/2024*** |
| | | *Bar Status: Active* |

**Movant**

| | | |
|---|---|---|
| **MARIS MLS** | represented by | **Robert A. Henderson** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

*Bar Status: Inactive*

**Phillip James Richard Zeeck**
(See above for address)
***TERMINATED: 08/29/2024***
*Bar Status: Active*

**Movant**

**Columbia Board of Realtors**                    represented by **Robert A. Henderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Phillip James Richard Zeeck**
(See above for address)
***TERMINATED: 08/29/2024***
*Bar Status: Active*

**Movant**

**Kansas City Regional Association of**           represented by **Robert A. Henderson**
**Realtors**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Phillip James Richard Zeeck**
(See above for address)
***TERMINATED: 08/29/2024***
*Bar Status: Active*

**Movant**

**Southern Missouri Regional MLS**               represented by **Robert A. Henderson**
**LLC**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Phillip James Richard Zeeck**
(See above for address)
***TERMINATED: 08/29/2024***
*Bar Status: Active*

**Movant**

**Re/Max 1st Choice**                             represented by **Robert A. Henderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Movant**

**Re/Max Boone County Realty**      represented by  **Robert A. Henderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Plaintiff**

**Joshua Sitzer**      represented by  **Benjamin H. Fadler**
*on behalf of themselves and all others*
*similarly situated*
*TERMINATED: 05/09/2022*

Ketchmark & McCreight PC
Two Hallbrook Place
11161 Overbrook Road
Suite 210
Leawood, KS 66211
(913) 266–4500
Fax: (913) 317–5030
Email: bfadler@ketchmclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Ketchmark**
Ketchmark & McCreight PC
Two Hallbrook Place
11161 Overbrook Road
Suite 210
Leawood, KS 66211
(913) 266–4500
Fax: (913) 317–5030
Email: mike@ketchmclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
Ketchmark & McCreight PC
Two Hallbrook Place
11161 Overbrook Road
Suite 210
Leawood, KS 66211
(913) 266–4500
Fax: (913) 317–5030
Email: smccreight@ketchmclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Amy R Jackson**
Siro Smith Dickson, PC
1621 Baltimore Avenue
Kansas City, MO 64108

816–471–4881
Email: ajackson@sirosmithdickson.com
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Benjamin D Brown**
1100 New York Ave NW
Suite 500
Washington, DC 20005
(202) 408–4600
Email: bbrown@cohenmilstein.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
Bryan Cave Leighton Paisner
One Kansas City Place
1200 Main Street
Suite 3800
Kansas City, MO 64105
816–522–9596
Email: courtneym.stout@bclplaw.com
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
(816) 945–7110
Email: dirks@williamsdirks.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
Boulware Law LLC
1600 Genessee
Suite 416
Kansas City, MO 64102
816–492–2826
Email: erin@boulware–law.com
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeremy M. Suhr**
Boulware Law LLC
1600 Genessee
Suite 956a
Kansas City, MO 64102
816–492–2826

Email: jeremy@boulware–law.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer** , CA
(310) 789–3100
Email: mseltzer@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
(816) 945–7110
Fax: (816) 945–7118
Email: matt@williamsdirks.com
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Robert A Braun**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave NW
Suite 500
Washington, DC 20005
202–408–3697
Email: rbraun@cohenmilstein.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
Boulware Law LLC
1600 Genessee Street
Suite 956a
Kansas City, MO 64102
816–492–2826
Email: brandon@boulware–law.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

<u>**Plaintiff**</u>

**Amy Winger**
*on behalf of themselves and all others
similarly situated*
*TERMINATED: 05/06/2022*

represented by **Benjamin H. Fadler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Ketchmark**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Amy R Jackson**
(See above for address)
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

**Scott Burnett**                    represented by     **Benjamin H. Fadler**
*TERMINATED: 09/27/2023*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Status: Active*

                                                        **Michael S. Ketchmark**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Status: Active*

                                                        **Scott A McCreight**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Status: Active*

                                                        **Amy R Jackson**
                                                        (See above for address)
                                                        *TERMINATED: 07/01/2022*
                                                        *Bar Status: Active*

                                                        **Benjamin D Brown**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Status: Phv*

                                                        **Courtney Marie Stout**
                                                        (See above for address)
                                                        *TERMINATED: 09/06/2022*
                                                        *Bar Status: Active*

                                                        **Eric L. Dirks**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Status: Active*

                                                        **Erin D Lawrence**

(See above for address)
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

**Rhonda Burnett**                    represented by    **Benjamin H. Fadler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karl Barth**
1301 Second Ave
Suite 2000
Seattle, WA 98101
206–623–7292
Email: karlb@hbsslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael S. Ketchmark**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
1301 Second Ave
Suite 2000
Seattle, WA 98101
(206) 623–7292
Fax: (206) 623–0594
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Amy R Jackson**
(See above for address)
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Beatrice Franklin**
Susman Godfrey LLP
One Manhattan West
Ste 50th Fl.
New York, NY 10001
212–336–8330
Fax: 212–336–8340
Email: bfranklin@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Jeannie Evans**
Hagens Berman Sobol Shapiro LLP
445 North Cityfront Plaza Dr.
Suite 2410
Chicago, IL 60611
708–628–4949
Email: jeannie@hbsslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
***TERMINATED: 10/22/2024***
*Bar Status: Active*

**Rio Pierce**
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue
Suite 300
Berkeley, CA 94710
510–725–3042
Email: riop@hbsslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

**Ryan Hendrickson**
*TERMINATED: 09/27/2023*

represented by **Benjamin H. Fadler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Ketchmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Amy R Jackson**
(See above for address)
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
***TERMINATED: 10/22/2024***
*Bar Status: Active*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

**Jerod Breit**                    represented by    **Benjamin H. Fadler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karl Barth**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael S. Ketchmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Amy R Jackson**
(See above for address)
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeannie Evans**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Rio Pierce**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

<u>**Plaintiff**</u>

**Scott Trupiano**
*TERMINATED: 09/27/2023*

represented by **Benjamin H. Fadler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Ketchmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Amy R Jackson**
(See above for address)
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

**Jeremy Keel**                    represented by  **Benjamin H. Fadler**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Bar Status: Active*

                                                   **Karl Barth**

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael S. Ketchmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Amy R Jackson**
(See above for address)
*TERMINATED: 07/01/2022*
*Bar Status: Active*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
*TERMINATED: 05/30/2024*
*Bar Status: Active*

**Jeannie Evans**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Rio Pierce**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

Frances Harvey                    represented by  **Brandon J.B. Boulware**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Bar Status: Active*

                                                  **Eric L. Dirks**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karl Barth**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Jeannie Evans**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
***TERMINATED: 10/22/2024***
*Bar Status: Active*

**Rio Pierce**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Plaintiff**

**Hollee Ellis**                    represented by **Brandon J.B. Boulware**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karl Barth**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Scott A McCreight**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**
(See above for address)
***TERMINATED: 09/06/2022***
*Bar Status: Active*

**Jeannie Evans**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
***TERMINATED: 10/22/2024***
*Bar Status: Active*

**Rio Pierce**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Plaintiff**

**Shelly Dreyer**                    represented by    **Brandon J.B. Boulware**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karl Barth**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Scott A McCreight**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Courtney Marie Stout**

(See above for address)
*TERMINATED: 09/06/2022*
*Bar Status: Active*

**Jeannie Evans**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Marc M. Seltzer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Lee Dameron**
(See above for address)
*TERMINATED: 10/22/2024*
*Bar Status: Active*

**Rio Pierce**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

V.

**Defendant**

**National Association of Realtors**                    represented by    **Alexander Barrett**
Stinson LLP – JC
230 W. McCarty Street
Jefferson City, MO 65101
573–556–3601
Fax: 573–556–3637
Email: alexander.barrett@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Charles W. Hatfield**
Stinson LLP – JC
230 W. McCarty Street
Jefferson City, MO 65101

573–636–6263
Fax: 573–556–3632
Email: chuck.hatfield@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David R. Buchanan**
Brown & James, PC–KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472–0800
Fax: (816) 421–1183
Email: dbuchanan@bjpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ethan Glass**
Cooley LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
202–776–2244
Email: eglass@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jack R. Bierig**
ArentFox Schiff LLP – Chicago
233 S. Wacker Dr.
Suite 7100
Chicago, IL 60606
312–258–5511
Fax: 312–258–5500
Email: jack.bierig@afslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jacob K Danziger**
350 S. Main Street
Suite 210
Ann Arbor, MI 48104
(734) 222–1516
Email: jacob.danziger@afslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**John S Purcell**
555 W. Fifth Street
48th Floor
Los Angeles, CA 90013
(213) 629−7400
Email: john.purcell@afslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Molly L Wiltshire**
ArentFox Schiff LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
312−258−5500
Email: molly.wiltshire@afslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert J Wierenga**
350 S. Main Street
Suite 210
Ann Arbor, MI 48104
(734) 222−1507
Email: robert.wierenga@afslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Suzanne L. Wahl**
ArentFox Schiff LLP
350 S. Main Street
Suite 210
Ann Arbor, MI 48104
734−222−1517
Fax: 734−222−1501
Email: suzanne.wahl@afslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Anne Bigler**
55 Hudson Yards

New York, NY 10001
212–479–6883
Email: abigler@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatriz Mejia**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
415–693–2000
Email: MEJIAB@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Christopher G Michel**
Quinn Emanuel Urquhart Sullivan
1300 I Street, NW
Suite 900
Washington, DC 20005
202–538–8308
Email:
christophermichel@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Deepti Bansal**
1299 Pennsylvania Ave. NW
Suite 700
Washington, DC 20004
202–842–7800
Email: DBANSAL@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Elizabeth Wright**
Cooley LLP – Library
500 Boylston Street
Boston, MA 02116
617–937–2349
Email: ewright@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Georgina Inglis**
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

202–842–7800
Email: ginglis@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Gregory Dickinson**
United States Attorney's Office
211 W. Fort Street
Ste. 2001
Detroit, MI 48226
313–226–9678
Email: gregory.dickinson@usdoj.gov
***TERMINATED: 05/21/2021***
*PRO HAC VICE*
*Bar Status: Phv*

**John Bash**
Quinn, Emanuel, Urquhart & Sullivan, LLP
300 West 6th Street
Suite 2010
Austin, TX 78701
737–221–7006
Fax: 737–667–6110
Email: johnbash@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael D Bonanno**
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
202–538–8000
Fax: 202–538–8100
Email: mikebonanno@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael Sebring**
1300 I St. NW
Suite 900
Washington, DC 20005
202–538–8000
Email:
michaelsebring@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Rachel G Frank**
Quinn Emanuel Urquhart & Sullivan, LLC
1300 I Street, NW
Suite 900
Washington, DC 20005
202–538–8000
Fax: 202–538–8100
Email: rachelfrank@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Samantha Strauss**
Cooley LLP
110 N. Wacker Dr.
Ste 4200
Chicago, IL 60606
312–881–6500
Email: sastrauss@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Sarah M. Topol**
55 Hudson Yards
New York, NY 10001
212–479–6000
Email: stopol@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**William A Burck**
Quinn Emanuel Urquhart & Sullivan
1300 I Street, NW
Suite 900
Washington, DC 20005
202–538–8120
Fax: 202–538–8100
Email: williamburck@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**HomeServices of America, Inc.**            represented by    **Brian C Fries**
Lathrop GPM LLP
2345 Grand Avenue
Suite 2200
Kansas City, MO 64108–2618
816–292–2000
Fax: 816–292–2001

Email: brian.fries@lathropgpm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jean Paul Bradshaw , II**
Lathrop GPM LLP
2345 Grand Avenue
Suite 2200
Kansas City, MO 64108–2618
(816)460–5507
Fax: (816)292–2001
Email:
jeanpaul.bradshaw@lathropgpm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jennifer M. Keas**
Foley & Lardner LLP
3000 K Street NW
Suite 600
Washington, DC 20007
202–672–5436
Fax: 202–672–5399
Email: jkeas@foley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew T Ciulla**
MacGill PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
317–961–5086
Email: matthew.ciulla@macgilllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert D MacGill**
MacGill PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
317–961–5085
Email: robert.macgill@macgilllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Christopher D. Dusseault**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213–229–7855
Email: CDusseault@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Cynthia Richman**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
202–955–8234
Email: CRichman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Gregg J. Costa**
811 Main St.
Suite 3000
Houston, TX 77002
346–718–6649
Email: gcosta@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Harry R.S. Philips**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
202–887–3706
Email: HPhillips2@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Ian T Hampton**
Foley & Lardner LLP
777 E. Wisconsin Ave
Milwaukee, WI 53202
(414) 297–4912
Email: ihampton@foley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jay N. Varon**
Foley & Lardner LLP
3000 K Street, N.W.
Suite 600
Washington, DC 20007–5109
202–672–5380
Fax: 202–672–5399
Email: jvaron@foley.com
*TERMINATED: 07/09/2024*
*PRO HAC VICE*
*Bar Status: Phv*

**Julian Kleinbrodt**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111–3715
415–393–8382
Email: jkleinbrodt@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Karoline E. Jackson**
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
317–231–7492
Email: karoline.jackson@btlaw.com
*TERMINATED: 07/21/2020*
*PRO HAC VICE*
*Bar Status: Phv*

**Matthew B Barr**
Barnes & Thornburg – Indianapolis
11 S. Meridian St.
1313 Merchants Bank Bldg.
Indianapolis, IN 46204
317–231–6498
Email: mbarr@btlaw.com
*TERMINATED: 07/21/2020*
*PRO HAC VICE*
*Bar Status: Phv*

**Patrick Sanders**
MacGill PC
156 E Market St
Suite 1200
Indianapolis, IN 46204
317–721–1253
Email: patrick.sanders@macgilllaw.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Samuel Dawson Adkisson**
Gibson, Dunn & Crutcher LLP
811 Main Street
Houston, TX 77002
346–718–6722
Email: SAdkisson@gibsondunn.com
***TERMINATED: 12/05/2023***
*PRO HAC VICE*
*Bar Status: Phv*

**Scott E. Murray**
Hoover Hull Turner LLP
111 Monument Circle
Suite 4400
Indianapolis, IN 46204
317–381–5635
Email: smurray@hooverhullturner.com
***TERMINATED: 06/03/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Theodore Joseph Boutrous , Jr**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213–229–7804
Fax: 213–229–6804
Email: tboutrous@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Keller Williams Realty, Inc.**        represented by  **Anna P. Hayes**
800 17th Street NW
Suite 1100
Washington, DC 20006
202–469–5441
Email: anna.hayes@hklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Danne Wayne Webb**
Horn, Aylward & Bandy, LLC
2600 Grand Boulevard
Suite 1100

Kansas City, MO 64108
(816) 421–0700
Fax: (816) 421–0899
Email: dwebb@hab–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David R. Buchanan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David C. Kully**
Holland & Knight LLP
800 17th Street NW
Suite 1100
Washington, DC 20006
202–469–5415
Email: david.kully@hklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer Lada**
Holland & Knight LLP
31 West 52nd Street
New York NY
212–513–3513
Email: jennifer.lada@hklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Martin G. Durkin , Jr**
Holland & Knight
150 N. Riverside Plaza
Suite 2700
Chicago, IL 60606
312–263–3600
Fax: 312–578–6666
Email: martin.durkin@hklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Timothy Ray**
Holland & Knight

150 N. Riverside Plaza
Suite 2700
Chicago, IL 60606
312–263–3600
Fax: 312–578–6666
Email: timothy.ray@hklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**William F. Farley**
Holland & Knight
150 N. Riverside Plaza
Suite 2700
Chicago, IL 60606
312–263–3600
Fax: 312–578–6666
Email: william.farley@hklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Barack S Echols**
150 N. Riverside Plaza
Suite 2700
Chicago, IL 60603
(312) 715–5795
Email: barack.echols@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Boris Bershteyn**
Skadden, Arps, Slate, Meagher & Flom
LLP
One Manhattan West
New York, NY 10001–8602
212–735–3834
Email: boris.bershteyn@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Dina McKenney**
Holland & Knight LLP
1722 Routh Street
Ste 1500
Dallas, TX 75201
214–969–1757
Email: dina.mckenney@hklaw.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Taylor L Connolly**
Brown & James, PC–KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
816–472–0800
Fax: 816–421–1183
Email: tconnolly@bjpc.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

| | | |
|---|---|---|
| **Realogy Holdings Corp.** | represented by | **Aaron Van Oort** |

Faegre Drinker Biddle & Reath LLP
90 S. 7th St.
Ste. 2200
Minneapolis, MN 55402
612–766–8138
Fax: 612–766–1600
Email: aaron.vanoort@faegredrinker.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Kara Trouslot Stubbs**
Baker, Sterchi, Cowden & Rice, LLC –
KCMO
2400 Pershing Road
Suite 500
Kansas City, MO 64108–2504
(816)471–2121
Fax: (816)472–0288
Email: stubbs@bscr–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Kenneth M. Kliebard**
Morgan, Lewis & Bockius, LLP – Chicago
77 West Wacker Drive
Chicago, IL 60601
312–324–1774
Email:
kenneth.kliebard@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Kevin P. Wagner**
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
612–766–6922
Email: kevin.wagner@faegredrinker.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Stacey Anne Mahoney**
Morgan, Lewis & Bockius, LLP – NY
101 Park Avenue
New York, NY 10178
212–309–6000
Fax: 212–309–6001
Email: stacey.mahoney@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**William T McEnroe**
1701 Market Street
Philadelphia, PA 19103
215–963–5000
Email:
william.mcenroe@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Eugene A. Sokoloff**
MoloLamken LLP
300 N. LaSalle St.
Ste. 5350
Chicago
Chicago, IL 60654
312–639–8410
Email: esokoloff@mololamken.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jonathan M Justl**
Morgan, Lewis & Bockius, LLP – NY
101 Park Avenue
New York, NY 10178

212–309–6136
Email: jonathan.justl@morganlewis.com
*TERMINATED: 04/07/2022*
*Bar Status: Phv*

**Justin M. Ellis**
MoloLamken LLP
430 Park Ave.
New York, NY 10022
212–607–8159
Email: jelllis@mololamken.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Karrie J. Clinkinbeard**
Armstrong Teasdale LLP–KCMO
2345 Grand Boulevard
Suite 1500
Kansas City, MO 64108
(816) 221–3420
Fax: (816) 221–0786
Email: kclinkinbeard@atllp.com
*TERMINATED: 10/15/2024*
*Bar Status: Active*

**Lauren M. Weinstein**
MoloLamken LLP
600 New Hampshire Ave.
Washinton, DC 20037
212–607–8160
Email: lweinstein@mololamken.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Jason Fisher**
Sparacino PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312–216–5111
Email: matt.fisher@sparacinopllc.com
*TERMINATED: 08/25/2023*
*PRO HAC VICE*
*Bar Status: Phv*

**Megan J. Ochs**
Armstrong Teasdale LLP–KCMO
2345 Grand Boulevard
Suite 1500
Kansas City, MO 64108

(816) 221–3420
Fax: (816) 221–0786
Email: mochs@atllp.com
*TERMINATED: 10/15/2024*
*Bar Status: Active*

**Pamela Yaacoub**
Korein Tillery LLC
205 North Michigan Ave
Suite 1950
Chicago, IL 60601
312–641–9750
Fax: 312–641–9751
Email: pyaacoub@koreintillery.com
*TERMINATED: 01/09/2024*
*PRO HAC VICE*
*Bar Status: Phv*

**Robert Y Chen**
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
202–550–4520
Email: rchen@ftc.gov
*TERMINATED: 04/15/2024*
*PRO HAC VICE*
*Bar Status: Phv*

**Steven F. Molo**
MoloLamken LLP
300 N. LaSalle St.
Ste. 5350
10022
Chicago, IL 60654
212–607–8160
Fax: 212–607–8161
Email: smolo@mololamken.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**William Cravens**
1111 Pennsylvania Avenue, NW
Washinton, DC 20004
(202) 373–6083
Email: william.cravens@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

represented by

**RE/MAX Holdings, Inc.**
*TERMINATED: 06/24/2019*

**Danne Wayne Webb**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eddie Hasdoo**
Jones Day – Chicago
110 North Wacker Drive
Suite 4800
Chicago, IL 60601
312–782–3939
Fax: 312–782–8585
Email: ehasdoo@jonesday.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeffrey A LeVee**
555 South Flower Street
50th Floor
Los Angeles, CA 90071
213–243–2572
Email: jlevee@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Stephen James Miller**
Jones Day – Cleveland
901 Lakeside Ave.
Cleveland, OH 44114
440–376–2207
Email: Stephen.miller96@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Erin Shencopp**
Jones Day – Chicago
110 North Wacker Drive
Suite 4800
Chicago, IL 60601
312–269–4214
Email: eshencopp@jonesday.com
*TERMINATED: 01/31/2020*
*PRO HAC VICE*
*Bar Status: Phv*

**Paula W. Render**

Jones Day – Chicago
110 North Wacker Drive
Suite 4800
Chicago, IL 60601
312–269–4214
Fax: 312–372–2098
Email: prender@jonesday.com
*TERMINATED: 12/17/2020*
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**BHH Affiliates, LLC**                                    represented by    **Jay N. Varon**
(See above for address)
*TERMINATED: 07/09/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jean Paul Bradshaw , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Robert D MacGill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brian C Fries**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jennifer M. Keas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Karoline E. Jackson**
(See above for address)
*TERMINATED: 07/21/2020*
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**HSF Affiliates, LLC**                    represented by   **Brian C Fries**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Jay N. Varon**
(See above for address)
***TERMINATED: 07/09/2024***
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jean Paul Bradshaw , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Robert D MacGill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer M. Keas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Karoline E. Jackson**
(See above for address)
***TERMINATED: 07/21/2020***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**The Long & Foster Companies, Inc.**      represented by   **Brian C Fries**
***TERMINATED: 10/01/2019***                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karoline E. Jackson**
(See above for address)
***TERMINATED: 07/21/2020***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**Re/Max LLC**                          represented by   **Danne Wayne Webb**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Active*

                                                          **Jeffrey A LeVee**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Phv*

                                                          **Andrea S. McMurtry**
                                                          Horn, Aylward & Bandy, LLC
                                                          2600 Grand Boulevard
                                                          Suite 1100
                                                          Kansas City, MO 64108
                                                          (816) 421–0700
                                                          Fax: (816) 421–0899
                                                          Email: amcmurtry@hab–law.com
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Active*

                                                          **Eddie Hasdoo**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Phv*

                                                          **Eric Enson**
                                                          555 S. Flower Street
                                                          50th Floor
                                                          Los Angeles, CA 90071
                                                          213–243–2304
                                                          Email: epenson@jonesday.com
                                                          *TERMINATED: 02/06/2024*
                                                          *PRO HAC VICE*
                                                          *Bar Status: Phv*

                                                          **Erin Shencopp**
                                                          (See above for address)
                                                          *TERMINATED: 01/31/2020*
                                                          *PRO HAC VICE*
                                                          *Bar Status: Phv*

                                                          **Jeremy J. Gray**
                                                          Circle Internet Financial, LLC
                                                          99 High Street
                                                          Suite 1701
                                                          Boston, MA 02210

314–265–7267
Email: jeremy.gray@circle.com
*TERMINATED: 02/02/2022*
*PRO HAC VICE*
*Bar Status: Phv*

**Kelly Marie Watne**
Jones Day
555 S. Flower St.
Ste 50th Fl.
Los Angeles, CA 90071
213–243–2266
Fax: 213–243–2539
Email: kwatne@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Megan E. Ryan**
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
312–269–1560
Email: MRyan@tdrlawfirm.com
*TERMINATED: 06/21/2021*
*PRO HAC VICE*
*Bar Status: Phv*

**Paula W. Render**
(See above for address)
*TERMINATED: 12/17/2020*
*PRO HAC VICE*
*Bar Status: Phv*

**Stephen James Miller**
(See above for address)
*TERMINATED: 04/12/2021*
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**The Agency**

V.

**Intervenor Defendant**

**Brown Harris Stevens**                  represented by   **Michael Dale Pospisil**
Pospisil Swift LLC
1600 Genessee St.
Suite 340
Kansas City, MO 64102

816–895–6440 ext 101
Email: mdp@pslawkc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew Swift**
Pospisil Swift LLC
1600 Genessee St.
Suite 340
Kansas City, MO 64102
816–895–6440
Fax: 816–895–9161
Email: mts@pslawkc.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Silvia L. Serpe**
16 Madison Square West
New York, NY 10010
212–257–5010
Email: sserpe@serpellc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Intervenor Defendant**

**The Agency**                    represented by    **Michael Dale Pospisil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**J. David Rowe**
Munck Wilson Mandala, LLP
807 Las Cimas Parkway
Suite 300
Austin, TX 78746
737–201–1600
Fax: 737–201–1601
Email: drowe@munckwilson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jenifer Champ Wallis**
Munck Wilson Mandala, LLP
1975 Century Park East
Suite 2300
Los Angeles, CA 90067
310–855–3311
Fax: 972–628–3616

Email: jwallis@munckwilson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Swift**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Robert E Linkin**
Munck Wilson Mandala, LLP
807 Las Cimas Parkway
Ste 300
Austin, TX 78746
737–201–1616
Fax: 737–201–1601
Email: rlinkin@munckwilson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Miscellaneous**

**Corelogic, Inc.**                    represented by **James Dale Lawrence**
Bryan Cave Leighton Paisner LLP
3800 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
816–374–3378
Fax: 816–855–3378
Email: jdlawrence@bclplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Miscellaneous**

**The Way Home, Inc. d/b/a Century 21**    represented by **Brendan J Murphy**
**Access**
Evans & Dixon LLC
Overland Park
10851 Mastin Boulevard
Ste 900
Overland Park, KS 66210–1687
913–701–6811
Fax: 314–884–4351
Email: bmurphy@evans–dixon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**interested party**

**United States**                     represented by

**Jared Andrew Hughes**
DOJ–Atr
450 Fifth Street N.W.
Ste 7000
Washington, DC 20530
202–598–2311
Email: jared.hughes@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steven J. Mintz**
United States Department of Justice–DC
950 Pennsylvania Avenue NW
Washington, DC 20530
202–353–0256
Fax: 202–514–0536
Email: steven.mintz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Christopher Bower**
DOJ–ATR
450 5th Street NW
Suite 7000
Washington, DC 20530
202–320–6011
Email: christopher.bower@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**interested party**

| **House of Brokers, Inc.**<br>*doing business as*<br>Remax House of Brockers | represented by | **Warren E. Harris**<br>Turner, Reid, Duncan, Loomer & Patton, P.C.<br>1355 E. Bradford Pkwy.<br>Ste. A<br>Springfield, MO 65804<br>417–883–2102<br>Fax: 417–883–5024<br>Email: wharris@trdlp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active* |
|---|---|---|

**interested party**

**Jeffrey Nordquist**

**interested party**

**Larry Giammo**

**interested party**

**Arturo Gonzalez**

**interested party**

**Chia Whitehouse**

**interested party**

**Herbert Whitehouse**

**interested party**

**Knie & Shealy**                    represented by    **Nuru Lateef Witherspoon**
Nuru Witherspooon
5565 Deer Creek Dr.
Ste Unit A
Dallas, TX 75202
214–864–5502
Email: witherspoon@twlglawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew W. Shealy**
P.O. Box 5159
Spartanburg, SC 23904
864–582–5118
Email: matt@knieshealy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Patrick E. Knie**
Patrick E. Knie, P.A.
P.O. Box 5159
Spartanburg, SC 29304
864–582–5118
Fax: 864–585–1615
Email: pat@knieshealy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Sam Mitchell Slade , Jr.**
Mitch Slade Law Office, P.A.
P.O. Box 1007
Spartanburg, SC 29304
864–582–4212
Email: mitch@mitchsladelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**interested party**

Hao Zhe Wang

**interested party**

Diane Knizer

**interested party**

Cynthia L Goralski

**interested party**

Sharon Saunders

**interested party**

Anthony Phillips                    represented by   **Anthony Phillips**
                                                      Luxury Real Estate Advisors
                                                      2300 W. Sahara Ave
                                                      Ste #800
                                                      Las Vegas, NV 89102
                                                      702–482–8885
                                                      Email: anthonyluxadvisors@gmail.com
                                                      PRO SE

**interested party**

Elaine Gerber

**interested party**

Peter B Gustis

**interested party**

Michael C Mead

**interested party**

Khyber Zaffarkhan

**interested party**

Robert Duthler

**interested party**

Tanya Monestier

**interested party**

Rosalie Doyle                       represented by   **Joe D. Jacobson**
                                                      Jacobson Press PC
                                                      222 South Central Avenue
                                                      Suite 550
                                                      Clayton, MO 63105

314–899–9790
Fax: 314–899–0282
Email: jacobson@archcitylawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Nate Brown**
108 Wild Basin Rd. S.
Suite 250
Austin, TX 78746
512–775–6000
Email: nate@natebrownlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**interested party**

**Jessica Winters**                          represented by    **Joe D. Jacobson**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Active*

                                                               **Nate Brown**
                                                               (See above for address)
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Phv*

**interested party**

**John Guerra**                              represented by    **Joe D. Jacobson**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Active*

V.

**Objector**

**PulteGroup, Inc.**                         represented by    **Robert William Stephens**
                                                               Swanson Martin & Bell – StL
                                                               800 Market Street
                                                               Suite 2100
                                                               St Louis, MO 63101
                                                               314–241–7100
                                                               Email: rstephens@smbtrials.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Bar Status: Active*

Jeffrey A. Turner
Miller Johnson
500 Woodward Ave
Suite 2800
Detorit, MI 48226
313–774–1669
Email: turnerj@millerjohnson.com
*TERMINATED: 05/23/2024*
*Bar Status: Phv*

Stephanie A Douglas
Bush Seyferth, PLLC
100 W. Big Beaver Rd.
Suite 400
Troy, MI 48084
248–822–7800
Email: douglas@bsplaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

Susan McNeill McKeever
Bush, Seyferth PLLC
100 W. Big Beaver Rd
Suite 400
Troy, MI 48084
248–822–7813
Email: mckeever@bsplaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Spring Way Center LLC**    represented by    **Andrew J Horowitz**
Obermayer Rebmann Maxwell & Hippel,
LLP
525 William Penn Place
Suite 1710
Pittsburgh, PA 15219
412–566–1500
Email: andrew.horowitz@obermayer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Bruce C Fox**
Obermayer Rebmann Maxwell & Hippel
525 William Penn Place
Suite 1710
Pittsburgh, PA 15219
412–288–2462

Fax: 412–281–1530
Email: bruce.fox@obermayer.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Bert S Braud**
The Popham Law Firm, P.C.
712 Broadway
Ste. 100
Kansas City, MO 64105
(816) 221–2288
Fax: (816) 221–3999
Email: bbraud@pophamlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Objector**

**James Mullis**                    represented by  **Steven M Berezney**
Korein Tillery LLC
505 N. 7th Street
Suite 3600
St. Louis, MO 63101
314–241–4844
Fax: 314–241–3525
Email: sberezney@koreintillery.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Randall Paul Ewing , Jr.**
Korein Tillery
205 North Michigan Avenue
Suite 1950
Chicago, IL 60601
312–641–9750
Email: rewing@koreintillery.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Robert Friedman**                    represented by  **Steven M Berezney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Daniel Z. Goldman**
Bienert Katzman Littrell Williams LLP

903 Calle Amanecer, Suite 350
San Clemente, CA 92673
973–476–5485
Email: dgoldman@bklwlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Ellie McKim**
1 Liberty Square
Boston, MA 02109
617–542–8300
Email: emckim@bermantabacco.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Steven J. Buttacavoli**
Berman Tabacco
One Liberty Square
Boston, MA 02109
617–542–8300
Email: sbuttacavoli@bermantabacco.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Todd Seaver**
Berman Tabacco
425 California Street,
Suite 2300
San Francisco, CA 94104
415–433–3200
Email: tseaver@bermantabacco.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Monty March**                    represented by **Bert S Braud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael Morris Buchman**
Motley Rice LLC
800 Third Avenue
Suite 2401
New York, NY 10022
212–577–0050
Email: mbuchman@motleyrice.com

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2019 | 1 | COMPLAINT against All Defendants filed by Brandon J.B. Boulware on behalf of Joshua Sitzer, Amy Winger. Filing fee $400, receipt number AMOWDC–6289926. Service due by 7/29/2019 unless otherwise directed by the court. (Attachments: # 1 Civil Cover Sheet)(Boulware, Brandon) (Entered: 04/29/2019) |
| 04/30/2019 | 2 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.** <br><br> **Notice of MAP assignment to an outside mediator.** (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 04/30/2019) |
| 04/30/2019 | | SUMMONS ISSUED as to HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, RE/MAX Holdings, Inc., Realogy Holdings Corp.. (Woods, Gloria) (Entered: 04/30/2019) |
| 05/10/2019 | 3 | RETURN OF SERVICE of complaint executed by All Plaintiffs. HomeServices of America, Inc. served on 5/6/2019, answer due 5/28/2019. (Boulware, Brandon) (Entered: 05/10/2019) |
| 05/10/2019 | 4 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Keller Williams Realty, Inc. served on 5/6/2019, answer due 5/28/2019. (Boulware, Brandon) (Entered: 05/10/2019) |
| 05/10/2019 | 5 | RETURN OF SERVICE of complaint executed by All Plaintiffs. National Association of Realtors served on 5/6/2019, answer due 5/28/2019. (Boulware, Brandon) (Entered: 05/10/2019) |
| 05/10/2019 | 6 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Realogy Holdings Corp. served on 5/6/2019, answer due 5/28/2019. (Boulware, Brandon) (Entered: 05/10/2019) |
| 05/10/2019 | 7 | RETURN OF SERVICE of complaint executed by All Plaintiffs. RE/MAX Holdings, Inc. served on 5/6/2019, answer due 5/28/2019. (Boulware, Brandon) (Entered: 05/10/2019) |
| 05/23/2019 | 8 | Consent MOTION for extension of time *[for Defendants to File Motions to Dismiss and Setting Briefing Schedule]* filed by Jeremy M. Suhr on behalf of All Plaintiffs. Suggestions in opposition/response due by 6/6/2019 unless otherwise directed by the court. (Suhr, Jeremy) (Entered: 05/23/2019) |
| 05/24/2019 | 9 | ORDER: Before the Court is a Consent Motion for Order Extending Time for Defendants to File Motions to Dismiss and Setting Briefing Schedule. (Doc. #8). For good cause stated the Motion is granted. Defendants are granted an extension of time until and including June 21, 2019, to file motions to dismiss or otherwise respond to the Complaint. Plaintiffs' oppositions to motions to dismiss shall be filed |

| | | |
|---|---|---|
| | | on or before July 19, 2019. Defendants' replies shall be filed on or before August 16, 2019. Signed on 5/24/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Ellis, Lindsey) (Entered: 05/24/2019) |
| 05/28/2019 | 10 | NOTICE of appearance by Megan J. Ochs on behalf of Realogy Holdings Corp, Inc. (Ochs, Megan) Modified on 5/28/2019 to correct attorney association(James, Carrie). (Entered: 05/28/2019) |
| 05/28/2019 | 11 | NOTICE of appearance by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp. (Attorney Karrie J. Clinkinbeard added to party Realogy Holdings Corp.(pty:dft))(Clinkinbeard, Karrie) (Entered: 05/28/2019) |
| 05/28/2019 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 5/28/19 as Document No. 10, Notice of Appearance. Attorney was associated with correct party. This is a text entry only – no document is attached. (James, Carrie) (Entered: 05/28/2019) |
| 05/29/2019 | 12 | Motion to allow Erin Shencopp to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6331742) filed by Danne Wayne Webb on behalf of RE/MAX Holdings, Inc.. (Attorney Danne Wayne Webb added to party RE/MAX Holdings, Inc.(pty:dft))(Webb, Danne) (Entered: 05/29/2019) |
| 05/29/2019 | 13 | Motion to allow Odeshoo Hasdoo to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6331791) filed by Danne Wayne Webb on behalf of RE/MAX Holdings, Inc.. (Webb, Danne) (Entered: 05/29/2019) |
| 05/29/2019 | 14 | Motion to allow Paula Render to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6331809) filed by Danne Wayne Webb on behalf of RE/MAX Holdings, Inc.. (Webb, Danne) (Main Document 14 replaced on 6/3/2019) (Geiser, Angel). (Entered: 05/29/2019) |
| 05/29/2019 | 15 | NOTICE of appearance by Brian C Fries on behalf of HomeServices of America, Inc. (Attorney Brian C Fries added to party HomeServices of America, Inc.(pty:dft))(Fries, Brian) (Entered: 05/29/2019) |
| 05/30/2019 | 16 | Motion to allow Robert D. MacGill to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6334075) filed by Brian C Fries on behalf of HomeServices of America, Inc.. (Fries, Brian) (Main Document 16 replaced on 6/3/2019) (Geiser, Angel). (Entered: 05/30/2019) |
| 05/30/2019 | 17 | Motion to allow Matthew B. Barr to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6334157) filed by Brian C Fries on behalf of HomeServices of America, Inc.. (Fries, Brian) Modified on 5/30/2019 to correct clerical error on docket text only; document remains the same; NEF regenerated (Ellis, Lindsey). (Main Document 17 replaced on 6/3/2019) (Geiser, Angel). (Entered: 05/30/2019) |
| 05/30/2019 | 18 | Motion to allow Matthew T. Ciulla to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6334183) filed by Brian C Fries on behalf of HomeServices of America, Inc.. (Fries, Brian) (Main Document 18 replaced on 6/3/2019) (Geiser, Angel). (Entered: 05/30/2019) |
| 05/30/2019 | 19 | ORDER granting 12 & 13 motion to appear pro hac vice entered by Clerk of Court. Attorneys Erin Shencopp and Odeshoo Hasdoo for RE/MAX Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at <u>PACER</u>.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 05/30/2019) |
|---|---|---|
| 06/03/2019 | 20 | ORDER denying <u>14</u> motion to appear pro hac vice entered by Clerk of Court in regards to Paula Render. Attorney is not eligible to enter through pro hac vice motion. Attorney must reinstate in the Western District before being eligible to practice in this court.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/03/2019) |
| 06/03/2019 | 21 | ORDER granting <u>16</u> , <u>17</u> , <u>18</u> motion to appear pro hac vice entered by Clerk of Court. Attorneys Robert D MacGill, Matthew B Barr, and Matthew T Ciulla for HomeServices of America, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at <u>PACER</u>.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/03/2019) |
| 06/03/2019 | 22 | ORDER granting admission pro hac vice for Paula Render re 20 Order on Motion to Appear Pro Hac Vice <u>14</u> . Order denied in error, now granted. Paula Render allowed to enter pro hac vice for defendant on behalf of RE/MAX Holdings, Inc. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) Modified on 6/3/2019 (Russel, Jeri). (Entered: 06/03/2019) |
| 06/04/2019 | <u>23</u> | Motion to allow Kenneth M. Kliebard to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6341200) filed by Megan J. Ochs on behalf of Realogy Holdings Corp.. (Ochs, Megan) (Entered: 06/04/2019) |
| 06/04/2019 | <u>24</u> | Motion to allow Stacey Ann Mahoney to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6341306) filed by Megan J. Ochs on behalf of Realogy Holdings Corp.. (Ochs, Megan) (Entered: 06/04/2019) |
| 06/05/2019 | 25 | ORDER granting <u>23</u> & <u>24</u> motion to appear pro hac vice entered by Clerk of Court. Attorneys Kenneth M. Kliebard and Stacey A. Mahoney for Realogy Holdings Corp. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This |

| | | |
|---|---|---|
| | | will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/05/2019) |
| 06/11/2019 | <u>26</u> | NOTICE of appearance by David R. Buchanan on behalf of Keller Williams Realty, Inc. (Attorney David R. Buchanan added to party Keller Williams Realty, Inc.(pty:dft))(Buchanan, David) (Entered: 06/11/2019) |
| 06/12/2019 | <u>27</u> | Motion to allow Jay N. Varon to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6354879) filed by Brian C Fries on behalf of HomeServices of America, Inc.. (Fries, Brian) (Entered: 06/12/2019) |
| 06/12/2019 | <u>28</u> | Motion to allow Jennifer M. Keas to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6354925) filed by Brian C Fries on behalf of HomeServices of America, Inc.. (Fries, Brian) (Entered: 06/12/2019) |
| 06/14/2019 | 29 | ORDER granting <u>27</u> & <u>28</u> motions to appear pro hac vice entered by Clerk of Court. Attorneys Jay N. Varon and Jennifer M. Keas for HomeServices of America, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/14/2019) |
| 06/18/2019 | <u>30</u> | Motion to allow Timothy Ray to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6362080) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Main Document 30 replaced on 6/25/2019) (Geiser, Angel). (Entered: 06/18/2019) |
| 06/18/2019 | <u>31</u> | Motion to allow Martin G. Durkin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6362109) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Main Document 31 replaced on 6/24/2019) (Geiser, Angel). (Entered: 06/18/2019) |
| 06/18/2019 | <u>32</u> | Motion to allow Anna P. Hayes to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6362125) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Attachments: # <u>1</u> Exhibit)(Buchanan, David) (Main Document 32 replaced on 6/24/2019) (Geiser, Angel). (Entered: 06/18/2019) |
| 06/18/2019 | <u>33</u> | Motion to allow David C. Kully to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6362140) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 06/18/2019) |
| 06/18/2019 | <u>34</u> | Motion to allow William F. Farley to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6362143) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Main Document 34 replaced on 6/24/2019) (Geiser, Angel). (Entered: 06/18/2019) |
| 06/19/2019 | <u>35</u> | |

| | | |
|---|---|---|
| | | Consent MOTION for order for Filing of Amended Class Action Complaint and Briefing Schedule filed by Brandon J.B. Boulware on behalf of Joshua Sitzer, Amy Winger. Suggestions in opposition/response due by 7/3/2019 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 06/19/2019) |
| 06/19/2019 | 36 | Before this Court is Plaintiffs' Consent Motion for Filing of Amended Class Action Complaint and Briefing Schedule. (Doc. #35). Because Defendants consent and leave to amend pleadings should be freely given when justice so requires, the motion for leave to file is granted. Accordingly, Plaintiffs are granted leave to file their Amended Class Action Complaint on or before June 21, 2019. For good cause stated, the motion for briefing schedule is granted. Accordingly, the Court adopts the following briefing schedule regarding Plaintiffs' Amended Class Action Complaint: Defendants shall file their response to Plaintiffs' Amended Class Action Complaint on or before August 5, 2019; Plaintiffs shall file their opposition to Defendants' response on or before September 4, 2019; and Defendants shall file their reply in support of their response on or before October 4, 2019. Signed on 6/19/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 06/19/2019) |
| 06/21/2019 | 37 | STIPULATION *of Dismissal without Prejudice as to Re/Max Holdings, Inc.* by Joshua Sitzer, Amy Winger. (Boulware, Brandon) (Entered: 06/21/2019) |
| 06/21/2019 | 38 | AMENDED COMPLAINT *[First Amended]* against HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Realogy Holdings Corp., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc., Re/Max LLC filed by Brandon J.B. Boulware on behalf of All Plaintiffs.(Boulware, Brandon) (Entered: 06/21/2019) |
| 06/24/2019 | 39 | Before the Court is a Stipulation of Dismissal without Prejudice as to RE/MAX Holdings, Inc. (Doc. #37). Accordingly, RE/MAX Holdings, Inc. is dismissed from this action without prejudice. Signed on 6/24/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 06/24/2019) |
| 06/24/2019 | | SUMMONS ISSUED as to BHH Affiliates, LLC, HSF Affiliates, LLC, Re/Max LLC, The Long & Foster Companies, Inc.. (Woods, Gloria) (Entered: 06/24/2019) |
| 06/24/2019 | 40 | NOTICE of appearance by Charles W. Hatfield on behalf of National Association of Realtors (Attorney Charles W. Hatfield added to party National Association of Realtors(pty:dft))(Hatfield, Charles) (Entered: 06/24/2019) |
| 06/24/2019 | 41 | NOTICE of appearance by Alex Barrett on behalf of National Association of Realtors (Attorney Alex Barrett added to party National Association of Realtors(pty:dft))(Barrett, Alex) (Entered: 06/24/2019) |
| 06/24/2019 | 42 | ORDER granting 30 , 31 , 32 , 34 motion to appear pro hac vice entered by Clerk of Court. Attorneys Timothy Ray, Martin G. Durkin, Anna P. Hayes, William F. Farley for Keller Williams Realty, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a |

| | | |
|---|---|---|
| | | TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/24/2019) |
| 06/24/2019 | 43 | ORDER denying 33 motion to appear pro hac vice entered by Clerk of Court. The court has denied your pro hac vice motion because the attorney seeking admission was not a member of a Federal Court at the time of the filing of the motion.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/24/2019) |
| 06/25/2019 | 44 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 7/1/2019 03:30 PM in Chambers before District Judge Stephen R. Bough. Conference call information emailed to counsel. (Diefenbach, Tracy) (Entered: 06/25/2019) |
| 06/25/2019 | 45 | Motion to allow Gregory Dickinson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6371351) filed by Charles W. Hatfield on behalf of National Association of Realtors. (Hatfield, Charles) (Entered: 06/25/2019) |
| 06/25/2019 | 46 | Motion to allow Jack R. Bierig to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6371401) filed by Charles W. Hatfield on behalf of National Association of Realtors. (Hatfield, Charles) (Entered: 06/25/2019) |
| 06/26/2019 | 47 | ORDER granting 45 & 46 motions to appear pro hac vice entered by Clerk of Court. Attorneys Gregory Dickinson and Jack R. Bierig for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 06/26/2019) |
| 07/01/2019 | 48 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY DISPUTE TELEPHONE CONFERENCE held on 7/1/2019. Order to be entered. Time in court: 3:30 pm to 3:55 pm. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 07/01/2019) |
| 07/02/2019 | 49 | ORDER: On July 1, 2019, the Court held a discovery dispute teleconference. In accordance with its rulings at the teleconference, the Court orders the following: 1) Defendants shall file their motions pursuant to 28 U.S.C. § 1406 on or before July 10, 2019; 2) Plaintiffs shall file their responses on or before July 19, 2019; 3) Defendants shall file their replies on or before July 26, 2019; and 4) the parties shall not conduct their conference required under Federal Rule of Civil Procedure 26(f) or make or arrange their Rule 26(a)(1) initial disclosures until this Court has ruled on Defendants' § 1406 motions. Signed on 7/2/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 07/02/2019) |

| 07/08/2019 | 50 | RETURN OF SERVICE of complaint executed by All Plaintiffs. HSF Affiliates, LLC served on 6/27/2019, answer due 7/18/2019. (Boulware, Brandon) (Entered: 07/08/2019) |
|---|---|---|
| 07/08/2019 | 51 | RETURN OF SERVICE of complaint executed by All Plaintiffs. BHH Affiliates, LLC served on 6/27/2019, answer due 7/18/2019. (Boulware, Brandon) (Entered: 07/08/2019) |
| 07/10/2019 | 52 | DISCLOSURE OF CORPORATE INTERESTS filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/10/2019) |
| 07/10/2019 | 53 | DISCLOSURE OF CORPORATE INTERESTS filed by Brian C Fries on behalf of Defendant HomeServices of America, Inc..(Fries, Brian) (Entered: 07/10/2019) |
| 07/10/2019 | 54 | DISCLOSURE OF CORPORATE INTERESTS filed by Brian C Fries on behalf of Defendant HSF Affiliates, LLC.(Attorney Brian C Fries added to party HSF Affiliates, LLC(pty:dft))(Fries, Brian) (Entered: 07/10/2019) |
| 07/10/2019 | 55 | DISCLOSURE OF CORPORATE INTERESTS filed by Brian C Fries on behalf of Defendant The Long & Foster Companies, Inc..(Attorney Brian C Fries added to party The Long & Foster Companies, Inc.(pty:dft))(Fries, Brian) (Entered: 07/10/2019) |
| 07/10/2019 | 56 | DISCLOSURE OF CORPORATE INTERESTS filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Attorney Danne Wayne Webb added to party Re/Max LLC(pty:dft))(Webb, Danne) (Entered: 07/10/2019) |
| 07/10/2019 | 57 | DISCLOSURE OF CORPORATE INTERESTS filed by Gregory Dickinson on behalf of Defendant National Association of Realtors.(Dickinson, Gregory) (Entered: 07/10/2019) |
| 07/10/2019 | 58 | MOTION to reassign/transfer case filed by Gregory Dickinson on behalf of National Association of Realtors. Suggestions in opposition/response due by 7/24/2019 unless otherwise directed by the court. (Dickinson, Gregory) (Entered: 07/10/2019) |
| 07/10/2019 | 59 | SUGGESTIONS in support re 58 MOTION to reassign/transfer case filed by Gregory Dickinson on behalf of Defendant National Association of Realtors. (Attachments: # 1 Exhibit Declaration of John Pierpoint)(Related document(s) 58 ) (Dickinson, Gregory) (Entered: 07/10/2019) |
| 07/10/2019 | 60 | DISCLOSURE OF CORPORATE INTERESTS filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 07/10/2019) |
| 07/10/2019 | 61 | MOTION to transfer filed by Karrie J. Clinkinbeard on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., Re/Max LLC, Realogy Holdings Corp., The Long & Foster Companies, Inc.. Suggestions in opposition/response due by 7/24/2019 unless otherwise directed by the court.)(Clinkinbeard, Karrie)<br><br>Modified on 7/11/2019 to correct filing event, docket text and to correct Attorney Clinkinbeard's representation of the proper party of Realogy Holdings Corp only. Document remains the same; NEF regenerated to all parties (Ellis, Lindsey). (Entered: 07/10/2019) |

| | | |
|---|---|---|
| 07/10/2019 | 62 | SUGGESTIONS in support re 61 MOTION to change venue filed by Karrie J. Clinkinbeard on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., Re/Max LLC, Realogy Holdings Corp., The Long & Foster Companies, Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Related document(s) 61 ) (Clinkinbeard, Karrie) (Entered: 07/10/2019) |
| 07/12/2019 | | Pursuant to the order entered 7/2/19 – Deadlines reset as to 58 and 61 MOTIONs to transfer case – Suggestions in opposition due by 7/19/2019. (Diefenbach, Tracy) (Entered: 07/12/2019) |
| 07/18/2019 | 63 | Consent MOTION for extension of time filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 8/1/2019 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 07/18/2019) |
| 07/19/2019 | 64 | Before this Court is Plaintiffs' Consent Motion for Extension of Time. (Doc. #63). For good cause stated the motion is granted. Plaintiffs are granted an extension of time until and including July 22, 2019, to file their response to Defendant National Association of Realtors' Motion to Transfer and Corporate Defendants' Motion to Transfer. Defendants are granted an extension of time until and including July 29, 2019, to file their replies. Signed on 7/19/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 07/19/2019) |
| 07/22/2019 | 65 | SUGGESTIONS in opposition re 58 MOTION to reassign/transfer case filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 8/5/2019 unless otherwise directed by the court. (Attachments: # 1 Exhibit A–Conference Tweets, # 2 Exhibit B–NAR Handbook, # 3 Exhibit C–Summary Chart)(Related document(s) 58 ) (Boulware, Brandon) (Entered: 07/22/2019) |
| 07/22/2019 | 66 | SUGGESTIONS in opposition re 61 MOTION for order filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 8/5/2019 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 61 ) (Boulware, Brandon) (Entered: 07/22/2019) |
| 07/23/2019 | | Reset Deadlines per document 64 as to 61 MOTION to Transfer and 58 MOTION to reassign/transfer case . Reply suggestions due by 7/29/2019. (Diefenbach, Tracy) (Entered: 07/23/2019) |
| 07/26/2019 | 67 | Consent MOTION for leave to file excess pages filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 8/9/2019 unless otherwise directed by the court. (Clinkinbeard, Karrie) (Entered: 07/26/2019) |
| 07/29/2019 | 68 | ORDER: Before this Court is Defendants' Consent Motion to Exceed Page Limit. (Doc. #67). For good cause stated the motion is granted. Defendants are granted leave to file their suggestions in support of their respective motions to dismiss in a length up to and including twenty–five (25) pages. Plaintiffs are granted leave to file their suggestions in opposition to Defendants' motions to dismiss in a length up to and including twenty–five (25) pages, to the extent that Plaintiffs file separate oppositions, or in a length up to and including fifty (50) pages, to the extent Plaintiffs file a joint opposition. Signed on 7/29/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Ellis, Lindsey) |

| | | |
|---|---|---|
| | | (Entered: 07/29/2019) |
| 07/29/2019 | 69 | RETURN OF SERVICE of complaint executed by All Plaintiffs. The Long & Foster Companies, Inc. served on 6/27/2019, answer due 7/18/2019. (Boulware, Brandon) (Entered: 07/29/2019) |
| 07/29/2019 | 70 | REPLY SUGGESTIONS to motion re 61 MOTION for order filed by Megan J. Ochs on behalf of Defendants HomeServices of America, Inc., Keller Williams Realty, Inc., Re/Max LLC, Realogy Holdings Corp.. (Related document(s) 61 ) (Ochs, Megan) (Entered: 07/29/2019) |
| 07/29/2019 | 71 | REPLY SUGGESTIONS to motion re 58 MOTION to reassign/transfer case filed by Gregory Dickinson on behalf of Defendant National Association of Realtors. (Related document(s) 58 ) (Dickinson, Gregory) (Entered: 07/29/2019) |
| 07/30/2019 | 72 | MOTION for leave to file *Sur–Reply Suggestions in Opposition to Motion of Defendant National Association of Realtors to Transfer This Case to the Northern District of Illinois* filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 8/13/2019 unless otherwise directed by the court. (Attachments: # 1 Exhibit A–[Proposed] Sur–Reply Suggestions in Opposition)(Boulware, Brandon) (Entered: 07/30/2019) |
| 07/30/2019 | 73 | Before this Court is Plaintiffs Motion for Leave to File Sur–Reply Suggestions in Opposition to Motion of Defendant National Association of Realtors to Transfer This Case to the Northern District of Illinois. (Doc. #72). The motion is granted. Plaintiffs are granted leave to file a sur–reply of a length not to exceed five (5) pages on or before July 31, 2019. Signed on 7/30/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 07/30/2019) |
| 07/30/2019 | 74 | NOTICE of filing *Sur–Reply Suggestions in Opposition to Motion of Defendant National Association of Realtors to Transfer this Case to the Northern District of Illinois* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger re 58 MOTION to reassign/transfer case (Boulware, Brandon) (Entered: 07/30/2019) |
| 08/05/2019 | 75 | Motion to allow David C. Kully to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6430897) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 08/05/2019) |
| 08/05/2019 | 76 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to dismiss for lack of jurisdiction filed by Gregory Dickinson on behalf of National Association of Realtors. Suggestions in opposition/response due by 8/19/2019 unless otherwise directed by the court. (Dickinson, Gregory) (Entered: 08/05/2019) |
| 08/05/2019 | 77 | SUGGESTIONS in support re 76 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to dismiss for lack of jurisdiction filed by Gregory Dickinson on behalf of Defendant National Association of Realtors. (Attachments: # 1 Exhibit Declaration of Katie Johnson)(Related document(s) 76 ) (Dickinson, Gregory) (Entered: 08/05/2019) |
| 08/05/2019 | 78 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Odeshoo Hasdoo on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., Re/Max LLC, Realogy Holdings Corp., The Long & Foster Companies, Inc.. Suggestions in opposition/response due by |

| | | |
|---|---|---|
| | | 8/19/2019 unless otherwise directed by the court. (Attorney Odeshoo Hasdoo added to party Re/Max LLC(pty:dft))(Hasdoo, Odeshoo) (Entered: 08/05/2019) |
| 08/05/2019 | 79 | SUGGESTIONS in support re 78 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Odeshoo Hasdoo on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., Re/Max LLC, Realogy Holdings Corp., The Long & Foster Companies, Inc.. (Attachments: # 1 Exhibit Declaration of Chad Allen, # 2 Exhibit HousingWire Article, # 3 Exhibit International Real Estate Review Article)(Related document(s) 78 ) (Hasdoo, Odeshoo) (Entered: 08/05/2019) |
| 08/06/2019 | 80 | ORDER granting 75 motion to appear pro hac vice entered by Clerk of Court. Attorney David C. Kully for Keller Williams Realty, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 08/06/2019) |
| 08/06/2019 | 81 | NOTICE of appearance by Brian C Fries on behalf of BHH Affiliates, LLC (Attorney Brian C Fries added to party BHH Affiliates, LLC(pty:dft))(Fries, Brian) (Entered: 08/06/2019) |
| 08/19/2019 | 82 | ORDER: Motion of the National Association of Realtors to Transfer this Case to the Northern District of Illinois (Doc. #58) is DENIED. Signed on 8/19/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 08/19/2019) |
| 08/21/2019 | 83 | Motion to allow Karoline E. Jackson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6454472) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., The Long & Foster Companies, Inc.. (Fries, Brian) (Entered: 08/21/2019) |
| 08/22/2019 | 84 | ORDER: Before the Court is the Corporate Defendants' Motion to Transfer (Doc. #61). The motion is DENIED. Signed on 8/22/19 by District Judge Stephen R. Bough. (Ellis, Lindsey) (Entered: 08/22/2019) |
| 08/23/2019 | 85 | ORDER granting 83 motion to appear pro hac vice entered by Clerk of Court. Attorney Karoline E. Jackson for defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., and The Long & Foster Companies, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 08/23/2019) |

| 08/26/2019 | 86 | MOTION for reconsideration filed by Gregory Dickinson on behalf of National Association of Realtors. Suggestions in opposition/response due by 9/9/2019 unless otherwise directed by the court. (Dickinson, Gregory) (Entered: 08/26/2019) |
|---|---|---|
| 08/27/2019 | 87 | NOTICE of appearance by Courtney Marie Stout on behalf of All Plaintiffs (Attorney Courtney Marie Stout added to party Rhonda Burnett(pty:pla), Attorney Courtney Marie Stout added to party Scott Burnett(pty:pla), Attorney Courtney Marie Stout added to party Ryan Hendrickson(pty:pla), Attorney Courtney Marie Stout added to party Joshua Sitzer(pty:pla), Attorney Courtney Marie Stout added to party Amy Winger(pty:pla))(Stout, Courtney) (Entered: 08/27/2019) |
| 09/04/2019 | 88 | SUGGESTIONS in opposition re 76 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to dismiss for lack of jurisdiction , 78 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiffs' Combined Suggestions in Opposition to All Defendants' Motions to Dismiss First Amended Complaint* filed by Jeremy M. Suhr on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 9/18/2019 unless otherwise directed by the court. (Related document(s) 76 , 78 ) (Suhr, Jeremy) (Entered: 09/04/2019) |
| 09/05/2019 | | Reset Deadlines as to 76 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to dismiss for lack of jurisdiction . Reply suggestions due by 10/4/2019 as previously ordered by the Court. (Diefenbach, Tracy) (Entered: 09/05/2019) |
| 09/06/2019 | 89 | CERTIFICATE OF SERVICE by All Plaintiffs *[First Set of Requests for Production of Documents to NAR and First Set of Requests for Production of Documents to Corporate Defendants]* filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Boulware, Brandon) (Entered: 09/06/2019) |
| 09/09/2019 | 90 | SUGGESTIONS in opposition re 86 MOTION for reconsideration filed by Courtney Marie Stout on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 9/23/2019 unless otherwise directed by the court. (Related document(s) 86 ) (Stout, Courtney) (Entered: 09/09/2019) |
| 09/12/2019 | 91 | Joint MOTION for protective order *and ESI Order* filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/26/2019 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 09/12/2019) |
| 09/12/2019 | 92 | PROTECTIVE ORDER Signed on 9/12/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 09/12/2019) |
| 09/12/2019 | 93 | ORDER REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS. Signed on 9/12/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 09/12/2019) |
| 09/20/2019 | 94 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES *Certificate of Service* filed by Courtney Marie Stout on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Stout, Courtney) (Entered: 09/20/2019) |
| 09/20/2019 | 95 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Gregory Dickinson on behalf of Defendant National Association of |

| | | Realtors.(Dickinson, Gregory) (Entered: 09/20/2019) |
|---|---|---|
| 09/20/2019 | 96 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/20/2019) |
| 09/20/2019 | 97 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 09/20/2019) |
| 09/20/2019 | 98 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Megan J. Ochs on behalf of Defendant Realogy Holdings Corp..(Ochs, Megan) (Entered: 09/20/2019) |
| 09/20/2019 | 99 | Joint PROPOSED SCHEDULING ORDER by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. (Dameron, Matthew) (Entered: 09/20/2019) |
| 09/23/2019 | 100 | Amended CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES *To Amend document Number 96* filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/23/2019) |
| 09/23/2019 | 101 | REPLY SUGGESTIONS to motion re 86 MOTION for reconsideration filed by Gregory Dickinson on behalf of Defendant National Association of Realtors. (Related document(s) 86 ) (Dickinson, Gregory) (Entered: 09/23/2019) |
| 09/23/2019 | 102 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Brian C Fries on behalf of Defendant HomeServices of America, Inc..(Fries, Brian) (Entered: 09/23/2019) |
| 09/23/2019 | 103 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Brian C Fries on behalf of Defendant BHH Affiliates, LLC.(Fries, Brian) (Entered: 09/23/2019) |
| 09/23/2019 | 104 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Brian C Fries on behalf of Defendant HSF Affiliates, LLC.(Fries, Brian) (Entered: 09/23/2019) |
| 09/23/2019 | 105 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Brian C Fries on behalf of Defendant The Long & Foster Companies, Inc..(Fries, Brian) (Entered: 09/23/2019) |
| 09/24/2019 | 106 | ORDER: Before the Court is a Motion of the National Association of Realtors for Reconsideration of Decision not to Certify Denial of Motion to Transfer this Case (Doc. #86). For the reasons stated in this Order, the motion is DENIED. Signed on 9/24/19 by District Judge Stephen R. Bough. (Ellis, Lindsey) (Entered: 09/24/2019) |
| 09/26/2019 | 107 | NOTICE of appearance by Danne Wayne Webb on behalf of Re/Max LLC (Webb, Danne) (Entered: 09/26/2019) |
| 09/26/2019 | 108 | NOTICE of appearance by Danne Wayne Webb on behalf of Re/Max LLC (Webb, Danne) (Entered: 09/26/2019) |
| 09/27/2019 | 109 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Scheduling Conference set for 10/21/2019 10:30 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 09/27/2019) |

| 09/30/2019 | 110 | Consent MOTION for leave to file excess pages filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 10/15/2019 unless otherwise directed by the court. (Buchanan, David) (Entered: 09/30/2019) |
|---|---|---|
| 09/30/2019 | 111 | Before the Court is a Consent Motion to Exceed Page Limit. (Doc. #110). For good cause stated the Motion is granted. The Corporate Defendants and NAR are granted leave to file their reply suggestions in support of their respective motions to dismiss in a length up to and including fifteen pages. Signed on 9/30/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 09/30/2019) |
| 09/30/2019 | 112 | NOTICE of appearance by Steven J. Mintz on behalf of United States (Attorney Steven J. Mintz added to party United States(pty:dft))(Mintz, Steven) (Entered: 09/30/2019) |
| 09/30/2019 | 113 | NOTICE of filing *Statement of Interest* by United States (Attachments: # 1 Amended Complaint, # 2 Realtor Magazine)(Mintz, Steven) (Entered: 09/30/2019) |
| 09/30/2019 | 114 | NOTICE of filing *Plaintiffs' Notice of Dismissal, Without Prejudice, Only As To Defendant The Long & Foster Companies, Inc.* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Suhr, Jeremy) (Entered: 09/30/2019) |
| 10/01/2019 | 115 | Before the Court is Plaintiffs' Voluntary Dismissal, Without Prejudice, Only as to Defendant The Long & Foster Companies, Inc. (Doc. #114). The Motion is granted. Defendant The Long & Foster Companies, Inc. is hereby dismissed from this case without prejudice. Signed on 10/1/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/01/2019) |
| 10/02/2019 | 116 | Motion to allow Suzanne L. Wahl to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6519070) filed by Charles W. Hatfield on behalf of National Association of Realtors. (Hatfield, Charles) (Entered: 10/02/2019) |
| 10/03/2019 | 117 | ORDER granting 116 motion to appear pro hac vice entered by Clerk of Court. Attorney Suzanne L. Wahl for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 10/03/2019) |
| 10/04/2019 | 118 | REPLY SUGGESTIONS to motion re 78 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Related document(s) 78 ) (Buchanan, David) (Entered: 10/04/2019) |
| 10/04/2019 | 119 | REPLY SUGGESTIONS to motion re 76 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to dismiss for lack of jurisdiction filed by Gregory |

| | | |
|---|---|---|
| | | Dickinson on behalf of Defendant National Association of Realtors. (Attachments: # 1 Exhibit)(Related document(s) 76 ) (Dickinson, Gregory) (Entered: 10/04/2019) |
| 10/07/2019 | 120 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 10/07/2019) |
| 10/07/2019 | 121 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 10/07/2019) |
| 10/07/2019 | 122 | CERTIFICATE OF SERVICE by National Association of Realtors filed by Gregory Dickinson on behalf of Defendant National Association of Realtors.(Dickinson, Gregory) (Entered: 10/07/2019) |
| 10/07/2019 | 123 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 10/07/2019) |
| 10/10/2019 | 124 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/10/2019 | 125 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/10/2019 | 126 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/10/2019 | 127 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/10/2019 | 128 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/10/2019 | 129 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/10/2019 | 130 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/10/2019) |
| 10/16/2019 | 131 | ORDERED that Defendant National Association of Realtor's Motion toDismiss (Doc. #76) is denied. It is further ORDERED that Corporate Defendants' Motion to Dismiss (Doc. #78) is denied. Signed on 10/16/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 10/16/2019) |
| 10/18/2019 | 132 | RETURN OF SERVICE (non cmp) *Return of Service − MARIS* (Dameron, Matthew) (Entered: 10/18/2019) |
| 10/18/2019 | 133 | CERTIFICATE OF SERVICE by National Association of Realtors *of First Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 10/18/2019) |

| 10/18/2019 | 134 | RETURN OF SERVICE (non cmp) *Kansas City Regional Association of Realtors* (Dameron, Matthew) (Entered: 10/18/2019) |
|---|---|---|
| 10/18/2019 | 135 | CERTIFICATE OF SERVICE by Re/Max LLC *of Defendants' First Set of Requests for Production of Documents to Plaintiffs* filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 10/18/2019) |
| 10/21/2019 | 136 | NOTICE of appearance by Andrea S. McMurtry on behalf of Re/Max LLC (Attorney Andrea S. McMurtry added to party Re/Max LLC(pty:dft))(McMurtry, Andrea) (Entered: 10/21/2019) |
| 10/21/2019 | 137 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: SCHEDULING CONFERENCE held on 10/21/2019. Scheduling order to be entered. Time in court: 10:20 am to 10:50 am. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/21/2019) |
| 10/22/2019 | 138 | RETURN OF SERVICE (non cmp) *CoreLogic, Inc.* (Dameron, Matthew) (Entered: 10/22/2019) |
| 10/22/2019 | 139 | RETURN OF SERVICE (non cmp) *T3Sixty* (Dameron, Matthew) (Entered: 10/22/2019) |
| 10/22/2019 | 140 | RETURN OF SERVICE (non cmp) *Missouri Association of Realtors* (Dameron, Matthew) (Entered: 10/22/2019) |
| 10/22/2019 | 141 | RETURN OF SERVICE (non cmp) *Columbia Board of Realtors* (Dameron, Matthew) (Entered: 10/22/2019) |
| 10/22/2019 | 142 | RETURN OF SERVICE (non cmp) *Southern Missouri Regional MLS, LLC* (Dameron, Matthew) (Entered: 10/22/2019) |
| 10/23/2019 | 143 | RULES OF TRIAL Signed on 10/23/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 10/23/2019) |
| 10/23/2019 | 144 | SCHEDULING ORDER: Pretrial Conference set for 12/10/2021 09:00 AM Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Jury Trial set for 1/10/2022 09:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Signed on 10/23/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 10/23/2019) |
| 10/24/2019 | 145 | NOTICE of filing *Supplemental Notice of Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 10/24/2019) |
| 10/25/2019 | 146 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Re/Max LLC (Attachments: # 1 Exhibit 1)(Hasdoo, Odeshoo) (Entered: 10/25/2019) |
| 10/28/2019 | 147 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents* by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 10/28/2019) |
| 10/28/2019 | 148 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents* by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 10/28/2019) |
| 10/28/2019 | 149 | |

| | | |
|---|---|---|
| | | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents* by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 10/28/2019) |
| 10/29/2019 | 150 | Consent MOTION for extension of time *NONPARTIES' UNOPPOSED MOTION FOR EXTENSION OF TIME TO OBJECT OR RESPOND TO THIRD–PARTY SUBPOENAS* filed by Robert A. Henderson on behalf of Missouri Association of Realtors, MARIS MLS, Columbia Board of Realtors, Kansas City Regional Association of Realtors, Southern Missouri Regional MLS LLC. Suggestions in opposition/response due by 11/12/2019 unless otherwise directed by the court. (Attorney Robert A. Henderson added to party Missouri Association of Realtors(pty:mov), Attorney Robert A. Henderson added to party MARIS MLS(pty:mov), Attorney Robert A. Henderson added to party Columbia Board of Realtors(pty:mov), Attorney Robert A. Henderson added to party Kansas City Regional Association of Realtors(pty:mov), Attorney Robert A. Henderson added to party Southern Missouri Regional MLS LLC(pty:mov))(Henderson, Robert) (Entered: 10/29/2019) |
| 10/30/2019 | 151 | Before the Court is Missouri Association of Realtors, Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, and Southern Missouri Regional MLS, LLCs (collectively, Subpoenaed Entities) Unopposed Motion for Extension of Time. (Doc. #150). For good cause stated the Motion is granted. Subpoenaed Entities' are granted an extension of time until and including November 15, 2019, to file any responses, objections, or modifications to Plaintiffs' subpoenas to produce documents. Signed on 10/30/19 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/30/2019) |
| 10/30/2019 | 152 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Re/Max LLC (Attachments: # 1 Exhibit 1)(Hasdoo, Odeshoo) (Entered: 10/30/2019) |
| 10/30/2019 | 153 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Re/Max LLC (Attachments: # 1 Exhibit 1)(Hasdoo, Odeshoo) (Entered: 10/30/2019) |
| 10/30/2019 | 154 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Re/Max LLC (Attachments: # 1 Exhibit 1)(Hasdoo, Odeshoo) (Entered: 10/30/2019) |
| 10/30/2019 | 155 | CERTIFICATE OF SERVICE by Re/Max LLC *of subpoena to produce documents to Columbia Board of Realtors* filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 10/30/2019) |
| 10/30/2019 | 156 | CERTIFICATE OF SERVICE by Re/Max LLC *of subpoena to produce documents to Southern Missouri Regional MLS* filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 10/30/2019) |
| 10/31/2019 | 157 | CERTIFICATE OF SERVICE by Re/Max LLC *of subpoena to produce documents to T3 Sixty* filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 10/31/2019) |
| 10/31/2019 | 158 | Motion to allow Stephen J. Miller to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6564306) filed by Danne Wayne Webb on behalf of RE/MAX Holdings, Inc., Re/Max LLC. (Webb, Danne) (Entered: 10/31/2019) |
| 11/01/2019 | 159 | NOTICE of appearance by Phillip James Richard Zeeck on behalf of Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, |

| | | |
|---|---|---|
| | | Missouri Association of Realtors, Southern Missouri Regional MLS LLC (Attorney Phillip James Richard Zeeck added to party Columbia Board of Realtors(pty:mov), Attorney Phillip James Richard Zeeck added to party Kansas City Regional Association of Realtors(pty:mov), Attorney Phillip James Richard Zeeck added to party MARIS MLS(pty:mov), Attorney Phillip James Richard Zeeck added to party Missouri Association of Realtors(pty:mov), Attorney Phillip James Richard Zeeck added to party Southern Missouri Regional MLS LLC(pty:mov))(Zeeck, Phillip) (Entered: 11/01/2019) |
| 11/01/2019 | 160 | MOTION for extension of time *(Unopposed)* filed by James Dale Lawrence on behalf of Corelogic, Inc.. Suggestions in opposition/response due by 11/15/2019 unless otherwise directed by the court. (Attorney James Dale Lawrence added to party Corelogic, Inc.(pty:misc))(Lawrence, James) (Entered: 11/01/2019) |
| 11/01/2019 | 161 | Before the Court is Non–Party CoreLogic, Inc.'s Unopposed Motion for Extension of Time. (Doc. #160). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for good cause stated the Motion is granted. Non–party CoreLogic, Inc. is granted an extension of time until and including November 15, 2019, to file its response, objections, or motion to modify Plaintiffs' subpoena for documents. Signed on 11/1/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/01/2019) |
| 11/05/2019 | 162 | ORDER granting 158 motion to appear pro hac vice entered by Clerk of Court. Attorney Stephen J. Miller for RE/MAX Holdings, Inc. and Re/Max LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 11/05/2019) |
| 11/07/2019 | 163 | CERTIFICATE OF SERVICE by All Plaintiffs *[First Set of Interrogatories to the National Association of Realtors and First Set of Interrogatories to the Corporate Defendants]* filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Boulware, Brandon) (Entered: 11/07/2019) |
| 11/11/2019 | 164 | MOTION for extension of time *Unopposed Motion for Extension of Time* filed by Robert A. Henderson on behalf of Kansas City Regional Association of Realtors, MARIS MLS, Missouri Association of Realtors. Suggestions in opposition/response due by 11/25/2019 unless otherwise directed by the court. (Henderson, Robert) (Entered: 11/11/2019) |
| 11/11/2019 | 165 | MOTION for extension of time *Unopposed Motion for Extension of Time* filed by Robert A. Henderson on behalf of Columbia Board of Realtors, Southern Missouri Regional MLS LLC. Suggestions in opposition/response due by 11/25/2019 unless otherwise directed by the court. (Henderson, Robert) (Entered: 11/11/2019) |
| 11/12/2019 | 166 | Before the Court is Non–Parties Columbia Board of Realtors and Southern Missouri Regional MLS, LLC's Unopposed Motion for Extension of Time. (Doc. #165). |

| | | |
|---|---|---|
| | | Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for good cause stated the motion is granted. Non–parties Columbia Board of Realtors and Southern Missouri Regional MLS, LLC are granted an extension of time until and including December 13, 2019, to file their responses, objections, or motions to modify Defendant Re/Max LLC,'s subpoena for documents. Signed on 11/12/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/12/2019) |
| 11/12/2019 | 167 | Before the Court is Non–Parties Missouri Association of Realtors, Kansas City Regional Association of Realtors, and MARIS MLS's Unopposed Motion for Extension of Time. (Doc. #164). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for good cause stated the motion is granted. Non–parties Missouri Association of Realtors, Kansas City Regional Association of Realtors, and MARIS MLS are granted an extension of time until and including December 13, 2019, to file their responses, objections, or motions to modify Defendant Keller Williams Realty, Inc.'s subpoena for documents. Signed on 11/12/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/12/2019) |
| 11/13/2019 | 168 | ANSWER to 38 Amended Complaint, on behalf of Keller Williams Realty, Inc..(Buchanan, David) (Entered: 11/13/2019) |
| 11/13/2019 | 169 | ANSWER to 38 Amended Complaint, on behalf of Re/Max LLC.(Hasdoo, Odeshoo) (Entered: 11/13/2019) |
| 11/13/2019 | 170 | ANSWER to 38 Amended Complaint, on behalf of National Association of Realtors.(Hatfield, Charles) (Entered: 11/13/2019) |
| 11/13/2019 | 171 | ANSWER to 38 Amended Complaint, on behalf of Realogy Holdings Corp..(Ochs, Megan) (Entered: 11/13/2019) |
| 11/13/2019 | 172 | ANSWER to 38 Amended Complaint, on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 11/13/2019) |
| 11/14/2019 | 173 | CERTIFICATE OF SERVICE by National Association of Realtors *of Second Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 11/14/2019) |
| 11/15/2019 | 174 | Second MOTION for extension of time filed by Robert A. Henderson on behalf of Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, Missouri Association of Realtors, Southern Missouri Regional MLS LLC. Suggestions in opposition/response due by 11/29/2019 unless otherwise directed by the court. (Henderson, Robert) (Entered: 11/15/2019) |
| 11/15/2019 | 175 | Before the Court is Non–Parties Missouri Association of Realtors, Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, and Southern Missouri Regional MLS LLC's Second Unopposed Motion for Extension of Time. (Doc. #174). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for good cause stated the motion is granted. Non–parties Missouri Association of Realtors, Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, and Southern Missouri Regional MLS LLC are granted an extension of time until and including December 13, 2019, to file their responses, objections, or motions to modify Plaintiffs' subpoena for documents. Signed on 11/15/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No |

| | | |
|---|---|---|
| | | document is attached. (Diefenbach, Tracy) (Entered: 11/15/2019) |
| 11/15/2019 | 176 | MOTION for extension of time *(Unopposed)* filed by James Dale Lawrence on behalf of Corelogic, Inc.. Suggestions in opposition/response due by 11/29/2019 unless otherwise directed by the court. (Lawrence, James) (Entered: 11/15/2019) |
| 11/15/2019 | 177 | MOTION for extension of time *(Unopposed) regarding Defendant RE/MAX's Subpoena* filed by James Dale Lawrence on behalf of Corelogic, Inc.. Suggestions in opposition/response due by 11/29/2019 unless otherwise directed by the court. (Lawrence, James) (Entered: 11/15/2019) |
| 11/18/2019 | 178 | Before the Court is Non–Party CoreLogic, Inc.'s Unopposed Motion for Extension of Time. (Doc. #176). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for good cause stated the Motion is granted. Non–party CoreLogic, Inc. is granted an extension of time until and including November 22, 2019, to file its response, objections, or motion to modify Plaintiffs' subpoena for documents. Signed on 11/18/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/18/2019) |
| 11/18/2019 | 179 | Before the Court is Non–Party CoreLogic, Inc.'s Unopposed Motion for Extension of Time. (Doc. #177). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for good cause stated the Motion is granted. Non–party CoreLogic, Inc. is granted an extension of time until and including November 22, 2019, to file its response, objections, or motion to modify Defendant RE/MAX's subpoena for documents. Signed on 11/18/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/18/2019) |
| 11/18/2019 | 180 | CERTIFICATE OF SERVICE by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger *Certificate of Service* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 11/18/2019) |
| 11/21/2019 | 181 | CERTIFICATE OF SERVICE by Re/Max LLC *of subpoena to produce documents to CoreLogic, Inc.* filed by Odeshoo Hasdoo on behalf of Defendant Re/Max LLC. (Attachments: # 1 Affidavit of Service)(Hasdoo, Odeshoo) (Entered: 11/21/2019) |
| 11/22/2019 | 182 | CERTIFICATE OF SERVICE by Corelogic, Inc. filed by James Dale Lawrence on behalf of Miscellaneous Corelogic, Inc..(Lawrence, James) (Entered: 11/22/2019) |
| 11/25/2019 | 183 | CERTIFICATE OF SERVICE by National Association of Realtors *of Supplement to First Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 11/25/2019) |
| 12/13/2019 | 184 | OBJECTIONS (non motions) by Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, Missouri Association of Realtors, Southern Missouri Regional MLS LLC re 129 Notice of filing, 130 Notice of filing, 126 Notice of filing, 127 Notice of filing, 128 Notice of filing *Non–Party Subpoenaed Entities Objections to Requests for Production Served Under Plaintiffs Subpoenas*. Related document: 129 Notice of filing filed by Ryan Hendrickson, Joshua Sitzer, Rhonda Burnett, Amy Winger, Scott Burnett, 130 Notice of filing filed by Ryan Hendrickson, Joshua Sitzer, Rhonda Burnett, Amy Winger, Scott Burnett, 126 Notice of filing filed by Ryan Hendrickson, Joshua Sitzer, Rhonda Burnett, Amy Winger, Scott Burnett, 127 Notice of filing filed by Ryan |

| | | |
|---|---|---|
| | | Hendrickson, Joshua Sitzer, Rhonda Burnett, Amy Winger, Scott Burnett, <u>128</u> Notice of filing filed by Ryan Hendrickson, Joshua Sitzer, Rhonda Burnett, Amy Winger, Scott Burnett.(Henderson, Robert) (Entered: 12/13/2019) |
| 12/13/2019 | <u>185</u> | OBJECTIONS (non motions) by Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, Missouri Association of Realtors, Southern Missouri Regional MLS LLC re <u>152</u> Notice of filing, <u>148</u> Notice of filing, <u>147</u> Notice of filing, <u>149</u> Notice of filing, <u>153</u> Notice of filing *Non−Party Subpoenaed Entities Objections to Requests for Production Served Under Defendants Subpoenas*. Related document: <u>152</u> Notice of filing filed by Re/Max LLC, <u>148</u> Notice of filing filed by Keller Williams Realty, Inc., <u>147</u> Notice of filing filed by Keller Williams Realty, Inc., <u>149</u> Notice of filing filed by Keller Williams Realty, Inc., <u>153</u> Notice of filing filed by Re/Max LLC.(Henderson, Robert) (Entered: 12/13/2019) |
| 12/20/2019 | <u>186</u> | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 12/20/2019) |
| 12/20/2019 | <u>187</u> | CERTIFICATE OF SERVICE by National Association of Realtors *Objections and Responses of National Association of Realtors to Plaintiffs First Set of Interrogatories* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 12/20/2019) |
| 12/20/2019 | <u>188</u> | CERTIFICATE OF SERVICE by Re/Max LLC *of Responses and Objections to Plaintiffs' First Set of Interrogatories to Corporate Defendants* filed by Stephen James Miller on behalf of Defendant Re/Max LLC.(Miller, Stephen) (Entered: 12/20/2019) |
| 12/20/2019 | <u>189</u> | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. *HomeServices Defendants' Answer to Plaintiffs' First Set of Interrogatories to Corporate Defendants* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 12/20/2019) |
| 12/23/2019 | <u>190</u> | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 12/23/2019) |
| 12/23/2019 | <u>191</u> | CERTIFICATE OF SERVICE by National Association of Realtors filed by Gregory Dickinson on behalf of Defendant National Association of Realtors.(Dickinson, Gregory) (Entered: 12/23/2019) |
| 01/06/2020 | <u>192</u> | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # <u>1</u> Exhibit 1)(Dameron, Matthew) (Entered: 01/06/2020) |
| 01/07/2020 | <u>193</u> | NOTICE of filing *Amended Notice of Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # <u>1</u> Exhibit 1)(Dameron, Matthew) (Entered: 01/07/2020) |
| 01/08/2020 | <u>194</u> | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents* by Keller Williams Realty, Inc. (Attachments: # <u>1</u> Exhibit A)(Buchanan, David) (Entered: 01/08/2020) |

| 01/16/2020 | 195 | CERTIFICATE OF SERVICE by National Association of Realtors filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 01/16/2020) |
|---|---|---|
| 01/17/2020 | 196 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. *of First Production of Documents* filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 01/17/2020) |
| 01/21/2020 | 197 | CERTIFICATE OF SERVICE by Re/Max LLC *of Defendant RE/MAX, LLC's First Set of Interrogatories to Plaintiffs* filed by Stephen James Miller on behalf of Defendant Re/Max LLC.(Miller, Stephen) (Entered: 01/21/2020) |
| 01/23/2020 | 198 | RETURN OF SERVICE (non cmp) *FBS Flex* (Dameron, Matthew) (Entered: 01/23/2020) |
| 01/23/2020 | 199 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 01/23/2020) |
| 01/30/2020 | 200 | RETURN OF SERVICE (non cmp) *on FBS Flex* re 194 Notice of filing. (Buchanan, David) (Entered: 01/30/2020) |
| 01/30/2020 | 201 | Joint MOTION to amend/correct *Scheduling Order and to set Status Conferences* filed by Matthew Lee Dameron on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/13/2020 unless otherwise directed by the court. (Attorney Matthew Lee Dameron added to party Rhonda Burnett(pty:pla), Attorney Matthew Lee Dameron added to party Scott Burnett(pty:pla))(Dameron, Matthew) (Entered: 01/30/2020) |
| 01/31/2020 | 202 | MOTION to withdraw as attorney filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 2/14/2020 unless otherwise directed by the court. (Webb, Danne) (Entered: 01/31/2020) |
| 01/31/2020 | 203 | ORDER: Before the Court is a Joint Motion to Amend Scheduling Order and to Set Status Conferences. (Doc. # 201 ). The Motion is granted. The Court will contact the parties to arrange monthly status conferences. Signed on 1/31/2020 by District Judge Stephen R. Bough. (Woods, Gloria) (Entered: 01/31/2020) |
| 01/31/2020 | 204 | ORDER: Before the Court is RE/MAX, LLCs Motion to Withdraw as Counsel. (Doc. # 202 ). For good cause stated the motion is granted. Erin L. Shencopp is removed as counsel of record for Defendant RE/MAX, LLC. Signed on 1/31/2020 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Woods, Gloria) (Entered: 01/31/2020) |
| 01/31/2020 |  | Set/Reset Hearings: Jury Trial set for 7/11/2022 09:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Pretrial Conference set for 6/10/2022 09:00 AM Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Woods, Gloria) (Entered: 01/31/2020) |
| 02/03/2020 | 205 | Motion to allow Jeremy J. Gray to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–6706619) filed by Danne Wayne Webb on behalf of Re/Max LLC. (Webb, Danne) (Entered: 02/03/2020) |
| 02/03/2020 | 206 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 02/03/2020) |

| 02/06/2020 | 207 | ORDER granting 205 motion to appear pro hac vice entered by Clerk of Court. Attorney Jeremy J. Gray for Re/Max LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 02/06/2020) |
|---|---|---|
| 02/10/2020 | 208 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 02/10/2020) |
| 02/10/2020 | 209 | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 02/10/2020) |
| 02/10/2020 | 210 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 02/10/2020) |
| 02/19/2020 | 211 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 02/19/2020) |
| 02/20/2020 | 212 | CERTIFICATE OF SERVICE by All Plaintiffs *Certificate of Service of Plaintiffs' Answers to Defendant Re/Max LLC's First Set of Interrogatories* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 02/20/2020) |
| 02/21/2020 | 213 | RETURN OF SERVICE (non cmp) *Return of Service − Federal National Mortgage Association* (Dameron, Matthew) (Entered: 02/21/2020) |
| 02/21/2020 | 214 | RETURN OF SERVICE (non cmp) *Return of Service − Federal Home Loan Mortgage Corp.* (Dameron, Matthew) (Entered: 02/21/2020) |
| 02/24/2020 | 215 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Status Conferences set for 3/26/2020 09:00 AM, 4/6/2020 09:00 AM, 5/6/2020 09:00 AM, 6/11/2020 09:00 AM, 7/10/2020 09:00 AM, 8/3/2020 09:00 AM, 9/11/2020 09:00 AM, 10/6/2020 09:00 AM, 11/6/2020 09:00 AM and 12/7/2020 09:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 02/24/2020) |
| 02/28/2020 | 216 | Motion to allow Megan E. Ryan to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−6751067) filed by Danne Wayne Webb on behalf of Re/Max LLC. (Webb, Danne) (Entered: 02/28/2020) |
| 02/28/2020 | 217 | MOTION to compel *Arbitration*, MOTION to strike *Class Allegations*, MOTION to stay *Discovery* filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in |

| | | |
|---|---|---|
| | | opposition/response due by 3/13/2020 unless otherwise directed by the court. (Fries, Brian) (Entered: 02/28/2020) |
| 02/28/2020 | 218 | SUGGESTIONS in support re 217 MOTION to compel *Arbitration* MOTION to strike *Class Allegations* MOTION to stay *Discovery* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit A – Declaration of Dana Strandmo (HSoA Declaration), # 2 Exhibit B – Declaration of Holly Smith (RN Declaration), # 3 Exhibit C – Declaration of Holly Smith (BHH KC Declaration))(Related document(s) 217 ) (Fries, Brian) (Entered: 02/28/2020) |
| 03/03/2020 | 219 | ORDER granting 216 motion to appear pro hac vice entered by Clerk of Court. Attorney Megan E. Ryan for Re/Max LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 03/03/2020) |
| 03/06/2020 | 220 | Joint MOTION for extension of time to file response/reply as to 217 MOTION to compel *Arbitration* MOTION to strike *Class Allegations* MOTION to stay *Discovery Joint Motion for Briefing Schedule Related to Homeservices Defendants' Motion to Compel Arbitration [Doc. 217]* filed by Matthew Lee Dameron on behalf of All Plaintiffs. Suggestions in opposition/response due by 3/20/2020 unless otherwise directed by the court. (Related document(s) 217 ) (Dameron, Matthew) (Entered: 03/06/2020) |
| 03/06/2020 | 221 | Before the Court is a Joint Motion for Briefing Schedule Related to HomeServices Defendants' Motion to Compel Arbitration (Doc. #217). For good cause stated the Motion is granted. Plaintiffs shall file their response to the Motion to Compel Arbitration on or before March 27, 2020. HomeServices Defendants shall file their reply on or before April 20, 2020. Signed on 3/6/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/06/2020) |
| 03/06/2020 | 222 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 03/06/2020) |
| 03/16/2020 | | AMENDED NOTICE OF HEARING: Status Conference set for 3/26/2020 09:00 AM will be held by TELEPHONE before District Judge Stephen R. Bough. (Diefenbach, Tracy) Conference call information emailed to counsel. (Entered: 03/16/2020) |
| 03/26/2020 | 223 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 4/6/2020 09:10 AM in Chambers before District Judge Stephen R. Bough. PLEASE NOTE THE CHANGE IN TIME. (Diefenbach, Tracy) Conference call information emailed to counsel. (Entered: 03/26/2020) |
| 03/26/2020 | 224 | |

| | | |
|---|---|---|
| | | Minute Entry. Proceedings held before District Judge Stephen R. Bough: STATUS CONFERENCE held on 3/26/2020. Time in court: 9:00 am to 9:40 am. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/26/2020) |
| 03/26/2020 | 225 | ORDER: On March 26, 2020, the parties participated in a Status Conference teleconference. As discussed during that teleconference, the discovery disputes relating to the lookback period for discovery, the availability of post–complaint discovery, franchisee–subsidiary discovery, and civil investigative demands will be taken up at the Status Conference teleconference scheduled for April 6th, 2020, at 9:10am. Conference call information will be emailed to counsel. Pursuant to Local Rule 37.1, each party should email its discovery–dispute memorandum, not to exceed ten pages in length, to Tracy Diefenbach at Tracy_Diefenbach@mow.uscourts.gov by 12:00pm on 4/3/2020. Signed on 3/26/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/26/2020) |
| 03/26/2020 | 226 | On March 26, 2020, the parties participated in a Status Conference teleconference. During that teleconference, Plaintiffs orally requested an extension of time to file its response to Defendant HomeServices' Motion to Compel Arbitration, to Strike Class Allegations as to Certain Unnamed Plaintiffs, and to Stay Proceedings With Respect to the HomeServices Defendants' Pending Arbitration. Defendant HomeServices did not oppose the request. For good cause stated the motion is granted. Plaintiffs are granted an extension of time until and including March 30, 2020, to file their response to Defendant HomeService' Motion to Compel Arbitration, Strike Class Allegations, and Stay Proceedings. Signed on 3/26/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/26/2020) |
| 03/26/2020 | 227 | On March 26, 2020, the parties participated in a Status Conference teleconference. During that teleconference, Defendant RE/MAX, LLC orally requested a two–month stay of all proceedings. As discussed during that teleconference, Defendant RE/MAX LLC is directed to file its motion to stay proceedings with the Court. Once Defendant RE/MAX, LLC's forthcoming motion to stay is filed, Plaintiffs are directed to file their response in opposition within seven days. Once Plaintiffs' response is filed, Defendant RE/MAX, LLC is directed to file its reply within three days. Signed on 3/26/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/26/2020) |
| 03/26/2020 | 228 | DESIGNATION OF MEDIATOR naming Judge Garrett Brown (Ret.)(Boulware, Brandon) (Entered: 03/26/2020) |
| 03/27/2020 | 229 | DESIGNATION OF MEDIATOR naming Judge Garrett Brown (Ret.)(Buchanan, David) (Entered: 03/27/2020) |
| 03/30/2020 | 230 | SUGGESTIONS in opposition re 217 MOTION to compel *Arbitration* MOTION to strike *Class Allegations* MOTION to stay *Discovery* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 4/13/2020 unless otherwise directed by the court. (Related document(s) 217 ) (Dameron, Matthew) (Entered: 03/30/2020) |

| 04/01/2020 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your post−mediation status report is due within 10 calendar days after the mediation. See MAP FAQs on Court's website for specifics and submit report(s) to: map@mow.uscourts.gov. (ADI, MAP) (Entered: 04/01/2020) |
|---|---|---|
| 04/01/2020 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your post−mediation status report is due within 10 calendar days after the mediation. See MAP FAQs on Court's website for specifics and submit report(s) to: map@mow.uscourts.gov. (ADI, MAP) (Entered: 04/01/2020) |
| 04/01/2020 | 231 | MOTION to stay *MOTION TO STAY PROCEEDINGS AND SUGGESTIONS IN SUPPORT* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 4/15/2020 unless otherwise directed by the court. (Webb, Danne) (Entered: 04/01/2020) |
| 04/02/2020 | 232 | REPLY SUGGESTIONS to motion re 217 MOTION to compel *Arbitration* MOTION to strike *Class Allegations* MOTION to stay *Discovery* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 217 ) (Fries, Brian) (Entered: 04/02/2020) |
| 04/03/2020 | 233 | SUGGESTIONS in opposition re 231 MOTION to stay *MOTION TO STAY PROCEEDINGS AND SUGGESTIONS IN SUPPORT* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 4/17/2020 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1)(Related document(s) 231 ) (Dameron, Matthew) (Entered: 04/03/2020) |
| 04/06/2020 | 234 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: MONTHLY STATUS CONFERENCE held on 4/6/2020 by telephone. Time in court: 9:10 am to 10:00 am. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 04/06/2020) |
| 04/06/2020 | 235 | On April 6, 2020, the parties held a discovery dispute teleconference. For the reasons discussed during that teleconference, the Court hereby Orders the following:

(1) The relevant discovery lookback period for all Defendants is 2011. Additionally, all Defendants shall produce any documents relating to rule adoption and any modifications to the rule dating back to 1996.

(2) The dispute regarding the production of Defendant NARs Civil Investigative Demands is deferred to the parties status conference on May 6, 2020. In advance of that May 6, 2020 teleconference, NAR shall produce a privilege log to Plaintiffs on or before April 17, 2020.

(3) The dispute regarding ESI search terms/technology assisted review/custodians (ESI discovery) is deferred to the parties' status conference on May 6, 2020. In advance of that May 6, 2020 teleconference, Plaintiffs shall send each Defendant their proposed ESI discovery on or before April 10, 2020. Defendants have until and including April 20, 2020, to respond to Plaintiffs' proposed ESI discovery. Plaintiffs have until and including April 27, 2020, to reply to Defendants' responses regarding proposed ESI discovery. |

| | | |
|---|---|---|
| | | Signed on 4/6/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 04/06/2020) |
| 04/06/2020 | 236 | REPLY SUGGESTIONS to motion re 231 MOTION to stay *MOTION TO STAY PROCEEDINGS AND SUGGESTIONS IN SUPPORT* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Related document(s) 231 ) (Webb, Danne) (Entered: 04/06/2020) |
| 04/07/2020 | 237 | ORDER denying 231 motion to stay. Signed on 4/7/20 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 04/07/2020) |
| 04/09/2020 | 238 | NOTICE of filing *Plaintiffs' Notice of Supplemental Authority* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger re 230 Suggestions in Opposition to Motion, 217 MOTION to compel *Arbitration* MOTION to strike *Class Allegations* MOTION to stay *Discovery* (Attachments: # 1 Exhibit A)(Dameron, Matthew) (Entered: 04/09/2020) |
| 04/10/2020 | 239 | ORDERED that HomeServices Defendants' Motion (1) To Compel Arbitration, (2) To Strike Class Allegations as to Certain Unnamed Plaintiffs, and (3) To Stay Proceedings with Respect to the HomeServices Defendants' Pending Arbitration (Doc. #217) is DENIED. Signed on 4/10/20 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 04/10/2020) |
| 04/13/2020 | 240 | ELECTRONIC TRANSCRIPT of Teleconference held March 26, 2020, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 27. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. Notice of Intent to File Redaction of Transcripts due by 4/20/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 7/13/2020.**(Wambolt, Gayle) (Entered: 04/13/2020) |
| 04/14/2020 | 241 | Joint NOTICE OF APPEAL as to 239 Order on Motion to Compel,, Order on Motion to Strike,, Order on Motion to Stay, by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Filing fee $ 505, receipt number AMOWDC–6819064. (Fries, Brian) (Entered: 04/14/2020) |
| 04/14/2020 | 242 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 241 Notice of Appeal,. (Terry, Jason) (Entered: 04/14/2020) |
| 04/14/2020 | 243 | USCA Case Number from 8th Circuit Court of Appeals is 20–1779 for 241 Notice of Appeal, filed by HSF Affiliates, LLC, BHH Affiliates, LLC, HomeServices of America, Inc.. Briefing schedule entered by the Court of Appeals is attached. Transcript due by 5/26/2020. (Attachments: # 1 Schedule)(Terry, Jason) (Entered: 04/14/2020) |
| 04/16/2020 | 244 | MOTION to stay *Due to Exclusive Appellate Jurisdiction* filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 4/30/2020 unless otherwise directed by the court. (Fries, Brian) (Entered: 04/16/2020) |

| 04/16/2020 | 245 | SUGGESTIONS in support re 244 MOTION to stay *Due to Exclusive Appellate Jurisdiction* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 244 ) (Fries, Brian) (Entered: 04/16/2020) |
|---|---|---|
| 04/23/2020 | 246 | ELECTRONIC TRANSCRIPT of Teleconference held April 6, 2020, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 28. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. Notice of Intent to File Redaction of Transcripts due by 4/30/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 7/22/2020.**(Wambolt, Gayle) (Entered: 04/23/2020) |
| 04/23/2020 | 247 | STATUS REPORT *Post–Mediation Status Report* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. (Dameron, Matthew) (Entered: 04/23/2020) |
| 04/28/2020 | 248 | TRANSCRIPT REQUEST by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. for proceedings held on July 1, 2019 before Judge Stephen R. Bough.. (Attachments: # 1 Exhibit A)(Fries, Brian) (Entered: 04/28/2020) |
| 04/29/2020 | 249 | ELECTRONIC TRANSCRIPT of Teleconference held July 1, 2019, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 17. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. Notice of Intent to File Redaction of Transcripts due by 5/6/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 7/28/2020.**(Wambolt, Gayle) (Entered: 04/29/2020) |
| 04/30/2020 | 250 | Joint MOTION to amend/correct 92 Protective Order *Joint Motion to Modify Protective Order for Real Estate Company Non–Parties* filed by Matthew Lee Dameron on behalf of All Plaintiffs. Suggestions in opposition/response due by 5/14/2020 unless otherwise directed by the court. (Related document(s) 92 ) (Dameron, Matthew) (Entered: 04/30/2020) |
| 04/30/2020 | 251 | Before the Court is a Joint Motion to Modify Protective Order for Real Estate Company Non–Parties. (Doc. #250). For good cause stated the Motion is granted. Accordingly, the Court modifies the Protective Order as follows: (1) the certification requirement, as stated in Paragraph 5(b) of the Protective Order, is waived for the following non–parties: the Missouri Association of Realtors, Southern Missouri Regional MLS LLC, Kansas City Regional Association of Realtors, Mid America Regional Information Systems, and Columbia Board of Realtors (collectively, Real Estate Company Non–Parties); and (2) the Real Estate Company Non–Parties may designate their production as Highly ConfidentialOutside Counsel Eyes Only. Signed on 4/30/2020 by District Judge |

| | | |
|---|---|---|
| | | Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 04/30/2020) |
| 04/30/2020 | 252 | SUGGESTIONS in opposition re 244 MOTION to stay *Due to Exclusive Appellate Jurisdiction* filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger. Reply suggestions due by 5/14/2020 unless otherwise directed by the court. (Related document(s) 244 ) (Boulware, Brandon) (Entered: 04/30/2020) |
| 05/04/2020 | 253 | REPLY SUGGESTIONS to motion re 244 MOTION to stay *Due to Exclusive Appellate Jurisdiction* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 244 ) (Fries, Brian) (Entered: 05/04/2020) |
| 05/06/2020 | 254 | Minute Entry. TELEPHONE CONFERENCE held on 5/6/2020 before District Judge Stephen R. Bough: Time in court: 9:00 am to 10:35 am. Telephone Conference set for 5/14/2020 11:00 AM in Chambers before District Judge Stephen R. Bough. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) Conference call information emailed to counsel. (Entered: 05/06/2020) |
| 05/06/2020 | 255 | On May 6, 2020, the Court conducted a discovery dispute teleconference. As discussed during the teleconference, the Court enters the following orders.<br><br>(1) As to the issue of franchisee control, the Court defers ruling on this issue at this time. The franchisee issue will be taken up at a later date, if necessary, after more discovery has taken place and Plaintiffs have the opportunity to review documents produced by Defendants and conduct any relevant third–party discovery directed to franchisees.<br><br>(2) As to the issue of disputed ESI custodians, the Court rules as follows: (i) the ESI custodians for HomeServices Defendants shall include Eugene Blefari, Wendy Durand, and Christopher Stuart; and (ii) the ESI custodians for Defendant Realogy Holdings Corp. shall include Nick Bailey, Michael Miedler, Ryan Schneider, and Richard Smith.<br><br>(3) As to Defendants with substantive objections regarding Plaintiffs' requests for production, those issues will be taken up in a discovery–dispute teleconference with the Court set for 5/14/2020 at 11:00AM. Pursuant to Local Rule 37, parties should submit their memorandum responses, not to exceed five pages in length, to Tracy Diefenbach at Tracy_Diefenbach@mow.uscourts.gov by 12:00PM on 5/13/2020. The parties are strongly encouraged to reach an agreement on these objections prior to this hearing.<br><br>(4) As to issue of Plaintiffs' Interrogatory No. 5 request for CID information, Defendant National Association of Realtor's objection is sustained.<br><br>Signed on 5/6/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 05/06/2020) |
| 05/08/2020 | 256 | ORDER granting in part 244 motion to stay. Signed on 5/8/2020 by District Judge Stephen R. Bough. (Houston, Kiambu) (Entered: 05/08/2020) |

| | | |
|---|---|---|
| 05/08/2020 | 257 | Joint MOTION for order Entry of TAR Protocol filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 5/22/2020 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 05/08/2020) |
| 05/08/2020 | 258 | ORDER REGARDING STIPULATED TECHNOLOGY ASSISTED REVIEW PROTOCOL. Signed on 5/8/2020. by District Judge Stephen R. Bough. (Houston, Kiambu) (Entered: 05/08/2020) |
| 05/13/2020 | 259 | ELECTRONIC TRANSCRIPT of Teleconference held May 6, 2020, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, gayle_wambolt@mow.uscourts.gov. Number of pages: 58. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. Notice of Intent to File Redaction of Transcripts due by 5/20/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 8/11/2020.**(Wambolt, Gayle) (Entered: 05/13/2020) |
| 05/14/2020 | 260 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY DISPUTE TELEPHONE CONFERENCE held on 5/14/2020. Additional Telephone Conference set for 5/20/2020 10:00 AM before District Judge Stephen R. Bough. Time in court: 11:05 am to 11:35 am. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 05/14/2020) |
| 05/14/2020 | 261 | On May 14, 2020, the Realogy Defendants and Plaintiffs participated in a discovery–dispute teleconference regarding substantive objections to Plaintiffs' First Set of Requests for Production of Documents. For the reasons stated during that teleconference, the Court issues the following orders.

(1) Regarding the geographic scope of discovery, Realogy Defendants are ordered to produce on a nationwide basis any documents related to the challenged restraints, including related communications with MLSs located outside the Subject MLS, per the definitions in Plaintiffs First Set of Requests for Production of Documents.

(2) Realogy Defendants' boiler–plate objections of vague, ambiguous, overly broad, and unduly burdensome are stricken for failure to comply with the requirements for Fed.R.Civ.P. 26 and 34.

(3) Remaining objections, including whether Realogy Defendants are required to log any non–responsive documents, will be taken up in a discovery–dispute teleconference with the Court set for 5/20/2020 at 10:00AM. Pursuant to Local Rule 37, parties should submit their memorandum responses, not to exceed five pages in length, to Tracy Diefenbach at Tracy_Diefenbach@mow.uscourts.gov by 12:00PM on 5/19/2020. Prior to that teleconference, Defendants are directed to perform document searches using the agreed–upon search terms.

The parties are again strongly encouraged to reach an agreement on these objections prior to the hearing. |

| | | |
|---|---|---|
| | | Signed on 5/14/20 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 05/14/2020) |
| 05/19/2020 | | NOTICE OF HEARING CANCELLATION – The Discovery Dispute Telephone Conference scheduled for 5/20/2020 10:00 AM has been cancelled. The parties report the issue is resolved.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 05/19/2020) |
| 06/04/2020 | 262 | CERTIFICATE OF SERVICE by National Association of Realtors filed by Gregory Dickinson on behalf of Defendant National Association of Realtors.(Dickinson, Gregory) (Entered: 06/04/2020) |
| 06/05/2020 | 263 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/05/2020) |
| 06/08/2020 | 264 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/08/2020) |
| 06/08/2020 | 265 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/08/2020) |
| 06/08/2020 | 266 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/08/2020) |
| 06/08/2020 | 267 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/08/2020) |
| 06/08/2020 | 268 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/08/2020) |
| 06/08/2020 | 269 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/08/2020) |
| 06/08/2020 | 270 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 06/08/2020) |
| 06/08/2020 | 271 | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #1)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
| 06/08/2020 | 272 | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #2)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
| 06/08/2020 | 273 | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #3)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |

| 06/08/2020 | [274](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #4)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
|---|---|---|
| 06/08/2020 | [275](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #5)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
| 06/08/2020 | [276](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #6)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
| 06/08/2020 | [277](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #7)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
| 06/08/2020 | [278](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(Production #8)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/08/2020) |
| 06/09/2020 | | NOTICE OF HEARING CANCELLATION – The Status Conference scheduled for 6/11/20 at 8:30 a.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 06/09/2020) |
| 06/09/2020 | [279](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(9th Production)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/09/2020) |
| 06/10/2020 | [280](#) | CERTIFICATE OF SERVICE by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger *Certificate of Service* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 06/10/2020) |
| 06/11/2020 | [281](#) | CERTIFICATE OF SERVICE by National Association of Realtors *of Seventh Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 06/11/2020) |
| 06/11/2020 | [282](#) | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/11/2020) |
| 06/11/2020 | [283](#) | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/11/2020) |
| 06/17/2020 | [284](#) | CERTIFICATE OF SERVICE by Re/Max LLC *(10th Production)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/17/2020) |
| 06/19/2020 | [285](#) | CERTIFICATE OF SERVICE by National Association of Realtors *of Eighth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 06/19/2020) |
| 06/22/2020 | [286](#) | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, |

| | | |
|---|---|---|
| | | Karrie) (Entered: 06/22/2020) |
| 06/24/2020 | 287 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/24/2020) |
| 06/24/2020 | 288 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/24/2020) |
| 06/29/2020 | 289 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 06/29/2020) |
| 07/01/2020 | 290 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/01/2020) |
| 07/02/2020 | 291 | CERTIFICATE OF SERVICE by National Association of Realtors filed by Gregory Dickinson on behalf of Defendant National Association of Realtors.(Dickinson, Gregory) (Entered: 07/02/2020) |
| 07/08/2020 | 292 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/08/2020) |
| 07/08/2020 | 293 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 07/08/2020) |
| 07/09/2020 | 294 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 07/09/2020) |
| 07/09/2020 | 295 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/09/2020) |
| 07/09/2020 | | NOTICE OF HEARING CANCELLATION – The Status Conference scheduled for 7/10/20 at 9:00 a.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 07/09/2020) |
| 07/10/2020 | 296 | CERTIFICATE OF SERVICE by National Association of Realtors *of Tenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 07/10/2020) |
| 07/15/2020 | 297 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/15/2020) |
| 07/20/2020 | 298 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 07/20/2020) |
| 07/21/2020 | 299 | MOTION to withdraw as attorney filed by Karoline E. Jackson on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 8/4/2020 unless otherwise directed by the court. (Jackson, Karoline) (Entered: 07/21/2020) |
| 07/21/2020 | 300 | |

| | | Before the Court is a Motion for Leave to Withdraw Appearance of Matthew B. Barr and Karoline E. Jackson. (Doc. #299). For good cause stated the Motion is granted. Attorneys Matthew B. Barr and Karoline E. Jackson are hereby withdrawn as counsel of record for Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC. Signed on 7/21/20 by District Judge Stephen R. Bough. *This is a TEXT ONLY ENTRY. No document is attached.* (Diefenbach, Tracy) (Entered: 07/21/2020) |
|---|---|---|
| 07/22/2020 | 301 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Re/Max Boone Realty* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 302 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Re/Max First Choice* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 303 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Re/Max House of Brokers* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 304 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Keller Williams Greater Springfield* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 305 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Keller Williams Platinum Partners* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 306 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Century 21 Access* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 307 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Coldwell Banker Show–Me Properties* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 308 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Better HOmes & Gardens Real Estate Kansas City* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 309 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – Berkshire Hathaway Homeservices / Vision Real Estate* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 310 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – ReeceNichols Springfield* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, |

| | | |
|---|---|---|
| | | Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 311 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents – ReeceNichols Country Club Plaza* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 07/22/2020) |
| 07/23/2020 | 312 | CERTIFICATE OF SERVICE by National Association of Realtors *of Eleventh Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 07/23/2020) |
| 07/23/2020 | 313 | NOTICE of filing *Notice of Withdrawal* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger re 305 Notice of filing, 304 Notice of filing (Dameron, Matthew) (Entered: 07/23/2020) |
| 07/24/2020 | 314 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 07/24/2020) |
| 07/29/2020 | 315 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/29/2020) |
| 07/30/2020 | 316 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/30/2020) |
| 07/30/2020 | 317 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/30/2020) |
| 07/31/2020 | 318 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 07/31/2020) |
| 08/03/2020 | 319 | CERTIFICATE OF SERVICE by National Association of Realtors *of Twelfth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 08/03/2020) |
| 08/04/2020 | 320 | RETURN OF SERVICE (non cmp) *Return of Service – ReeceNichols Country Club Plaza* (Dameron, Matthew) (Entered: 08/04/2020) |
| 08/04/2020 | 321 | RETURN OF SERVICE (non cmp) *Return of Service – Better Homes & Gardens Real Estate Kansas City* (Dameron, Matthew) (Entered: 08/04/2020) |
| 08/04/2020 | 322 | RETURN OF SERVICE (non cmp) *Return of Service – ReMax First Choice* (Dameron, Matthew) (Entered: 08/04/2020) |
| 08/06/2020 | 323 | NOTICE of appearance by Warren E. Harris on behalf of House of Brokers, Inc. (Attorney Warren E. Harris added to party House of Brokers, Inc.(pty:intp))(Harris, Warren) (Entered: 08/06/2020) |
| 08/06/2020 | 324 | OBJECTIONS (non motions) by House of Brokers, Inc. *to Subpoena Dueces Tecum*. (Harris, Warren) (Entered: 08/06/2020) |
| 08/06/2020 | 325 | MOTION to quash *Subpoena Duces Tecum* filed by Warren E. Harris on behalf of House of Brokers, Inc.. Suggestions in opposition/response due by 8/20/2020 unless otherwise directed by the court. (Harris, Warren) (Entered: 08/06/2020) |

| 08/06/2020 | 326 | SUGGESTIONS in support re 325 MOTION to quash *Subpoena Dueces Tecum* filed by Warren E. Harris on behalf of interested party House of Brokers, Inc.. (Attachments: # 1 Exhibit 1)(Related document(s) 325 ) (Harris, Warren) (Entered: 08/06/2020) |
|---|---|---|
| 08/06/2020 | 327 | MOTION for extension of time *UNOPPOSED* filed by Robert A. Henderson on behalf of Re/Max 1st Choice, Re/Max Boone County Realty. Suggestions in opposition/response due by 8/20/2020 unless otherwise directed by the court. (Attorney Robert A. Henderson added to party Re/Max 1st Choice(pty:mov), Attorney Robert A. Henderson added to party Re/Max Boone County Realty(pty:mov))(Henderson, Robert) (Entered: 08/06/2020) |
| 08/06/2020 | 328 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 08/06/2020) |
| 08/06/2020 | 329 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 08/06/2020) |
| 08/06/2020 | 330 | Before the Court is Non–parties Re/Max First Choice's and Re/Max Boone County Realtys Unopposed Motion for Extension of Time (Doc. #327). For good cause stated the Motion is granted. Re/Max First Choice and Re/Max Boone County Realty are hereby granted an extension of time until and including September 3, 2020, to object to, respond to, or move to modify Plaintiffs subpoenas. Signed on 8/6/20 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 08/06/2020) |
| 08/07/2020 | 331 | Before the Court is Non–Party House of Brokers, Inc. d/b/a REMAX House of Brokers' Motion to Quash Subpoena. (Doc. #325). The Court construes the motion as a discovery dispute subject to Local Rule 37. Accordingly, a discovery dispute teleconference is set for 8/12/2020 at 9:00AM. Conference call information will be emailed to counsel. The parties should email their memorandum response, not to exceed two pages in length, to Tracy Diefenbach at Tracy_Diefenbach@mow.uscourts.gov by 12:00PM on 8/11/2020. (Diefenbach, Tracy) (Entered: 08/07/2020) |
| 08/07/2020 | 332 | ENTRY of appearance*as counsel* filed by Brendan J Murphy on behalf of The Way Home, Inc. d/b/a Century 21 Access. (Attorney Brendan J Murphy added to party The Way Home, Inc. d/b/a Century 21 Access(pty:misc))(Murphy, Brendan) Modified on 8/10/2020 to correct docket entry (Houston, Kiambu). (Entered: 08/07/2020) |
| 08/07/2020 | 333 | MOTION for extension of time filed by Brendan J Murphy on behalf of The Way Home, Inc. d/b/a Century 21 Access. Suggestions in opposition/response due by 8/21/2020 unless otherwise directed by the court. (Murphy, Brendan) (Entered: 08/07/2020) |
| 08/07/2020 | 334 | Before the Court is Non–party The Way Home Realty, Inc. d/b/a Century 21 Accesss (Century 21) Motion for Extension of Time (Doc. #333). For good cause stated the Motion is granted. Non–party Century 21 is hereby granted an extension of time until and including September 3, 2020, to object to, respond to, or move to modify Plaintiffs' subpoenas. Signed on 8/7/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 08/07/2020) |

| | | |
|---|---|---|
| 08/07/2020 | 335 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/07/2020) |
| 08/10/2020 | 336 | MOTION to withdraw document 325 MOTION to quash *Subpoena Dueces Tecum Without Prejudice* filed by Warren E. Harris on behalf of House of Brokers, Inc.. Suggestions in opposition/response due by 8/24/2020 unless otherwise directed by the court. (Related document(s) 325 ) (Harris, Warren) (Entered: 08/10/2020) |
| 08/10/2020 | 337 | For cause shown, Non−Party House of Brokers, Inc. d/b/a Remax House of Brokers's Withdrawal Without Prejudice of Motion to Quash (Doc. #336) is GRANTED. The Motion to Quash Subpoena (Doc. #325) is DENIED WITHOUT PREJUDICE. The telephone conference currently set for August 12, 2020, is hereby CANCELLED. Signed on 8/10/20 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 08/10/2020) |
| 08/11/2020 | 338 | RETURN OF SERVICE (non cmp) *Return of Service − ReMax House of Brokers* (Dameron, Matthew) (Entered: 08/11/2020) |
| 08/11/2020 | 339 | RETURN OF SERVICE (non cmp) *Return of Service − ReeceNichols−Springfield* (Dameron, Matthew) (Entered: 08/11/2020) |
| 08/13/2020 | 340 | RETURN OF SERVICE (non cmp) *Return of Service − Coldwell Banker Show−Me Properties* (Dameron, Matthew) (Entered: 08/13/2020) |
| 08/13/2020 | 341 | CERTIFICATE OF SERVICE by National Association of Realtors *Thirteenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 08/13/2020) |
| 08/14/2020 | 342 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/14/2020) |
| 08/14/2020 | 343 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/14/2020) |
| 08/14/2020 | 344 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/14/2020) |
| 08/14/2020 | 345 | RETURN OF SERVICE (non cmp) *Return of Service − ReMax Boone Realty* (Dameron, Matthew) (Entered: 08/14/2020) |
| 08/14/2020 | 346 | RETURN OF SERVICE (non cmp) *Return of Service − Berkshire Hathaway Homeservices / Vision Real Estate* (Dameron, Matthew) (Entered: 08/14/2020) |
| 08/14/2020 | 347 | RETURN OF SERVICE (non cmp) *Return of Service − Century 21 Access* (Dameron, Matthew) (Entered: 08/14/2020) |
| 08/20/2020 | 348 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/20/2020) |
| 08/24/2020 | 349 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/24/2020) |
| 08/28/2020 | 350 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/28/2020) |
| 08/31/2020 | 351 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 08/31/2020) |
| 08/31/2020 | 352 | CERTIFICATE OF SERVICE by All Plaintiffs *Certificate of Service* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 08/31/2020) |
| 09/02/2020 | 353 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Status Conference set for 9/18/20 at 10:30 AM in Chambers before District Judge Stephen R. Bough. AMENDED AS TO DATE AND TIME Call in numbers sent via email. (Richard, Tracey) (Entered: 09/02/2020) |
| 09/02/2020 | 354 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 09/02/2020) |
| 09/03/2020 | 355 | MOTION for extension of time *UNOPPOSED* filed by Robert A. Henderson on behalf of Re/Max 1st Choice, Re/Max Boone County Realty. Suggestions in opposition/response due by 9/17/2020 unless otherwise directed by the court. (Henderson, Robert) (Entered: 09/03/2020) |
| 09/03/2020 | 356 | Before the Court is nonparties Re/Max 1st Choice's and Re/Max Boone County Realty's Unopposed Motion for Extension of Time. (Doc. #355). For good cause stated the motion is granted. Accordingly, Re/Max 1st Choice and Re/Max Boone County Realty are granted an extension of time until and including October 5, 2020, to object, respond to, or move to modify Plaintiffs' subpoenas. Signed on 9/3/2020 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 09/03/2020) |
| 09/04/2020 | 357 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 09/04/2020) |
| 09/04/2020 | 358 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/04/2020) |
| 09/04/2020 | 359 | MOTION for extension of time filed by Brendan J Murphy on behalf of The Way Home, Inc. d/b/a Century 21 Access. Suggestions in opposition/response due by 9/18/2020 unless otherwise directed by the court. (Murphy, Brendan) (Entered: 09/04/2020) |
| 09/08/2020 | 360 | Before the Court is Non–party The Way Home Realty, Inc. d/b/a Century 21 Access' (Century 21) Motion for Extension of Time (Doc. #359). For good cause stated the Motion is granted. Non–party Century 21 is hereby granted an extension of time until and including October 5, 2020, to object to, respond to, or move to modify Plaintiffs' subpoenas. Signed on 9/8/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) |

| | | |
|---|---|---|
| | | (Entered: 09/08/2020) |
| 09/08/2020 | 361 | CERTIFICATE OF SERVICE by National Association of Realtors filed by Gregory Dickinson on behalf of Defendant National Association of Realtors.(Dickinson, Gregory) (Entered: 09/08/2020) |
| 09/11/2020 | 362 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 09/11/2020) |
| 09/16/2020 | 363 | Joint MOTION for protective order *Regarding Expert Discovery* filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/30/2020 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 09/16/2020) |
| 09/16/2020 | | NOTICE OF HEARING CANCELLATION – The Status Conferences scheduled for 9/18/2020 at 10:30 AM has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 09/16/2020) |
| 09/16/2020 | 364 | PROTECTIVE ORDER Signed on 9/16/20 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 09/16/2020) |
| 09/17/2020 | 365 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 09/17/2020) |
| 09/18/2020 | 366 | CERTIFICATE OF SERVICE by National Association of Realtors *of Fifteenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 09/18/2020) |
| 09/21/2020 | 367 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/21/2020) |
| 09/22/2020 | 368 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 09/22/2020) |
| 09/22/2020 | 369 | NOTICE of filing *Notice of Intent to Issue Subpoena – Federal National Mortgage Association "Fannie Mae" to Produce Documents* by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 09/22/2020) |
| 09/22/2020 | 370 | NOTICE of filing *Notice of Intent to Issue Subpoena – Federal Home Loan Mortgage Corporation "Freddie Mac"* by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 09/22/2020) |
| 09/30/2020 | 371 | CERTIFICATE OF SERVICE by National Association of Realtors *of Sixteenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 09/30/2020) |
| 09/30/2020 | 372 | CERTIFICATE OF SERVICE by National Association of Realtors *of Seventeenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 09/30/2020) |
| 10/01/2020 | 373 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 10/01/2020) |
| 10/01/2020 | 374 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger *Certificate of Service* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 10/01/2020) |
| 10/01/2020 | | The parties having advised there are no issues to address, the Status Conference scheduled for 10/6/20 at 9:00 a.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/01/2020) |
| 10/05/2020 | 375 | MOTION for extension of time *UNOPPOSED* filed by Robert A. Henderson on behalf of Re/Max 1st Choice, Re/Max Boone County Realty. Suggestions in opposition/response due by 10/19/2020 unless otherwise directed by the court. (Henderson, Robert) (Entered: 10/05/2020) |
| 10/05/2020 | 376 | Before the Court is nonparties Re/Max 1st Choice's and Re/Max Boone County Realty's Unopposed Motion for Extension of Time. (Doc. #375). For good cause stated the motion is granted. Accordingly, Re/Max 1st Choice and Re/Max Boone County Realty are granted an extension of time until and including November 4, 2020, to object, respond to, or move to modify Plaintiffs' subpoenas. Signed on 10/5/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/05/2020) |
| 10/05/2020 | 377 | CERTIFICATE OF SERVICE by All Plaintiffs *Certificate of Service* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 10/05/2020) |
| 10/05/2020 | 378 | MOTION for extension of time to file response/reply filed by Brendan J Murphy on behalf of The Way Home, Inc. d/b/a Century 21 Access. Suggestions in opposition/response due by 10/19/2020 unless otherwise directed by the court. (Murphy, Brendan) (Entered: 10/05/2020) |
| 10/06/2020 | 379 | Before the Court is Non–party The Way Home Realty, Inc. d/b/a Century 21 Accesss (Century 21) Motion for Extension of Time (Doc. #378). For good cause stated the motion is granted. Non–party Century 21 is hereby granted an extension of time until and including November 4, 2020, to object to, respond to, or move to modify Plaintiffs' subpoenas. Signed on 10/6/20 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/06/2020) |
| 10/07/2020 | 380 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 10/07/2020) |
| 10/07/2020 | 381 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 10/07/2020) |
| 10/20/2020 | 382 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 10/20/2020) |
| 10/27/2020 | 383 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 10/27/2020) |
| 11/02/2020 | 384 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 11/02/2020) |

| 11/02/2020 | | Set/Reset Hearings: Status Conference set for 11/6/2020 09:00 AM in Chambers before District Judge Stephen R. Bough. For the purpose of Daily Docket, no notice to be sent. (Richard, Tracey) (Entered: 11/02/2020) |
|---|---|---|
| 11/04/2020 | 385 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/04/2020) |
| 11/04/2020 | 386 | MOTION for extension of time *UNOPPOSED* filed by Robert A. Henderson on behalf of Re/Max 1st Choice, Re/Max Boone County Realty. Suggestions in opposition/response due by 11/18/2020 unless otherwise directed by the court. (Henderson, Robert) (Entered: 11/04/2020) |
| 11/04/2020 | 387 | Before the Court is nonparties Re/Max 1st Choice's and Re/Max Boone County Realty's Unopposed Motion for Extension of Time. (Doc. #386). For good cause stated the motion is granted. Accordingly, Re/Max 1st Choice and Re/Max Boone County Realty are granted an extension of time until and including December 4, 2020, to object to, respond to, or move to modify Plaintiffs' subpoenas. No further extensions will be granted without a showing of exceptional cause. Signed on 11/4/2020 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/04/2020) |
| 11/04/2020 | 388 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 11/04/2020) |
| 11/04/2020 | 389 | MOTION for extension of time to file response/reply filed by Brendan J Murphy on behalf of The Way Home, Inc. d/b/a Century 21 Access. Suggestions in opposition/response due by 11/18/2020 unless otherwise directed by the court. (Murphy, Brendan) (Entered: 11/04/2020) |
| 11/04/2020 | 390 | Before the Court is nonparty The Way Home Realty, Inc. d/b/a Century 21 Access's (Century 21) Motion for Extension of Time. (Doc. #389). For good cause stated the motion is granted. Accordingly, Century 21 is granted an extension of time until and including December 4, 2020, to object to, respond to, or move to modify Plaintiffs' subpoenas. No further extensions will be granted without a showing of exceptional cause. Signed on 11/4/2020 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/04/2020) |
| 11/05/2020 | | NOTICE OF HEARING CANCELLATION – The Status Conferences scheduled for November 6, 2020 at 9:00 a.m. has been cancelled.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/05/2020) |
| 11/05/2020 | 391 | Motion to allow Jeffrey A. LeVee to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7130357) filed by Danne Wayne Webb on behalf of Re/Max LLC. (Webb, Danne) (Entered: 11/05/2020) |
| 11/05/2020 | 392 | ORDER granting 391 motion to appear pro hac vice entered by Clerk of Court. Attorney Jeffrey A LeVee for RE/MAX Holdings, Inc. and Re/Max LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic |

| | | |
|---|---|---|
| | | notification of filings. Register for a WDMO e–filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/05/2020) |
| 11/16/2020 | <u>393</u> | CERTIFICATE OF SERVICE by National Association of Realtors *for Eighteenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 11/16/2020) |
| 11/18/2020 | <u>394</u> | Motion to allow William T. McEnroe to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7150972) filed by Megan J. Ochs on behalf of Realogy Holdings Corp. (Ochs, Megan) (Main Document 394 was blank and replaced on 11/18/2020 with corrected document) (James, Carrie). (Entered: 11/18/2020) |
| 11/18/2020 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 11/18/20 as Document No. 394, Motion to Appear Pro Hac Vice. Substitution of blank main document was made. This is a text entry only – no document is attached. (James, Carrie) (Entered: 11/18/2020) |
| 11/18/2020 | 395 | ORDER granting <u>394</u> motion to appear pro hac vice entered by Clerk of Court. Attorney William T McEnroe for Realogy Holdings Corp. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/18/2020) |
| 11/19/2020 | <u>396</u> | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 11/19/2020) |
| 11/19/2020 | <u>397</u> | NOTICE of filing *Intent to Issue Subpoena to Produce Documents* by Re/Max LLC (Attachments: # <u>1</u> Subpoena to HomeKraft, LLC)(Webb, Danne) (Entered: 11/19/2020) |
| 11/23/2020 | <u>398</u> | CERTIFICATE OF SERVICE by Re/Max LLC *SUBPOENA TO PRODUCE DOCUMENTS* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC. (Attachments: # <u>1</u> Exhibit A)(Webb, Danne) (Entered: 11/23/2020) |
| 11/24/2020 | <u>399</u> | CERTIFICATE OF SERVICE by All Plaintiffs *Certificate of Service* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 11/24/2020) |
| 11/30/2020 | <u>400</u> | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 11/30/2020) |
| 12/01/2020 | | Set/Reset Hearings: Telephonic Status Conference set for 12/7/2020 at 9:00 AM in Chambers before District Judge Stephen R. Bough. For the purpose of Daily Docket no notice will be sent. (Richard, Tracey) (Entered: 12/01/2020) |

| 12/04/2020 | 401 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 12/04/2020) |
|---|---|---|
| 12/07/2020 | 402 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 12/07/2020) |
| 12/07/2020 | 403 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 12/07/2020) |
| 12/07/2020 | 404 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: STATUS CONFERENCE held on 12/7/2020. Time in court: 9:00 am to 9:10 am. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 12/07/2020) |
| 12/14/2020 | 405 | ELECTRONIC TRANSCRIPT of Teleconference held December 7, 2020, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 9. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/21/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 3/15/2021.** NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.

(Wambolt, Gayle) (Entered: 12/14/2020) |
| 12/16/2020 | 406 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 12/16/2020) |
| 12/17/2020 | 407 | MOTION to withdraw as attorney *RE/MAX, LLCS MOTION TO WITHDRAW AS COUNSEL* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 12/31/2020 unless otherwise directed by the court. (Webb, Danne) (Entered: 12/17/2020) |
| 12/17/2020 | 408 | Before the Court is RE/MAX, LLC's Motion to Withdraw as Counsel. (Doc. #407.) For good cause shown, the motion is GRANTED. Paula W. Render is hereby withdrawn as counsel for Defendant RE/MAX, LLC. Defendant RE/MAX shall continue to be represented by its other counsel of record. Signed on 12/17/2020 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 12/17/2020) |
| 12/18/2020 | 409 | CERTIFICATE OF SERVICE by National Association of Realtors *for Nineteenth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 12/18/2020) |
| 12/18/2020 | 410 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by National Association of Realtors *for First Amended Objections and Responses of Defendant to Plaintiffs' First Set of Interrogatories* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 12/18/2020) |
| 12/21/2020 | [411](#) | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 12/21/2020) |
| 12/30/2020 | [412](#) | Motion to allow Jonathan M. Justl to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7207003) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 12/30/2020) |
| 12/30/2020 | 413 | ORDER granting [412](#) motion to appear pro hac vice entered by Clerk of Court. Attorney Jonathan Justl for Realogy Holdings Corp. allowed to appear pro hac vice. <span style="color:red">This entry will serve as authorization for the pro hac participation by the attorney.</span><br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at <u>PACER</u>. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Warren, Melissa) (Entered: 12/30/2020) |
| 01/04/2021 | [414](#) | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/04/2021) |
| 01/04/2021 | [415](#) | CERTIFICATE OF SERVICE by Re/Max LLC *Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/04/2021) |
| 01/04/2021 | [416](#) | CERTIFICATE OF SERVICE by Re/Max LLC *First Supplemental Objections and Responses to Plaintiffs' First RFP* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/04/2021) |
| 01/04/2021 | [417](#) | CERTIFICATE OF SERVICE by Re/Max LLC *First Supplemental Objections and Responses to Plaintiffs' First Interrogatories* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/04/2021) |
| 01/08/2021 | [418](#) | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. *of First Set of Interrogatories to Plaintiffs and First Set of Requests for Production to Plaintiffs* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 01/08/2021) |
| 01/08/2021 | 419 | NOTICE OF HEARING – <span style="color:red">This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached.</span> Discovery Dispute Telephone Conference set for 1/13/2021 at 1:00 PM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 01/08/2021) |
| 01/13/2021 | 420 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: Discovery Dispute TELEPHONE CONFERENCE held on 1/13/2021. Time in court: 1:05 p.m. to 1:20 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. <span style="color:red">This is a TEXT ONLY</span> |

| | | |
|---|---|---|
| | | ENTRY. No document is attached. (Richard, Tracey) (Entered: 01/13/2021) |
| 01/15/2021 | 421 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/15/2021) |
| 01/21/2021 | 422 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 01/21/2021) |
| 01/21/2021 | 423 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 01/21/2021) |
| 01/25/2021 | 424 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/25/2021) |
| 02/01/2021 | 425 | RETURN OF SERVICE (non cmp) (Clinkinbeard, Karrie) (Entered: 02/01/2021) |
| 02/02/2021 | 426 | MOTION to amend/correct *[Motion for Extension of Certain Class Certification Deadlines in Amended Scheduling Order & Memorandum in Support]* filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/16/2021 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 02/02/2021) |
| 02/02/2021 | 427 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 02/02/2021) |
| 02/03/2021 | 428 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 2/5/2021 at 11:00 AM in Chambers before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/03/2021) |
| 02/03/2021 | 429 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Monthly Telephone Status Conferences set for 3/2/2021; 4/13/2021; 5/18/2021; 6/28/2021; 8/3/2021; 9/13/2021; 10/26/2021; 12/7/2021 and 1/18/2022 at 9:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/03/2021) |
| 02/03/2021 | | Set/Reset Hearings: Telephone Conference set for 2/5/2021 at 11:00 AM in Chambers before District Judge Stephen R. Bough. (Richard, Tracey) For the purpose of Daily Docket, no notice will be sent. (Entered: 02/03/2021) |
| 02/04/2021 | | NOTICE OF HEARING CANCELLATION – The Telephone Conference scheduled for 2/5/2021 at 11:00 a.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 02/04/2021) |
| 02/05/2021 | 430 | Consent MOTION to amend/correct *[for Extension of Class Certification Deadlines in Amended Scheduling Order & Memorandum in Support]* filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/19/2021 unless otherwise directed by the court. (Boulware, Brandon) Modified on 2/9/2021 (Richard, Tracey). (Entered: 02/05/2021) |
| 02/05/2021 | 431 | Before the Court is Plaintiffs' Motion for Extension of Certain Class Certification Deadlines in Amended Scheduling Order. (Doc. #426.) Because of the subsequent filing of the Consent Motion for Extension of Class Certification Deadlines in Amended Scheduling Order (Doc. #430), the motion is DENIED AS MOOT. |

| | | |
|---|---|---|
| | | Signed on 2/5/2021 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 02/05/2021) |
| 02/05/2021 | 432 | SECOND AMENDED SCHEDULING ORDER: Signed on 2/5/2021 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/05/2021) |
| 02/08/2021 | 433 | CERTIFICATE OF SERVICE by Re/Max LLC *of Supplemental Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 02/08/2021) |
| 02/09/2021 | 434 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Supplemental Initial Disclosures, Plaintiffs' Objections and Responses to HomeServices of America's First set of Interrogatories and First Requests for Production* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 02/09/2021) |
| 02/10/2021 | 435 | Joint MOTION for order for Entry of Remote Deposition Protocol filed by Kenneth M. Kliebard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 2/24/2021 unless otherwise directed by the court. (Kliebard, Kenneth) (Entered: 02/10/2021) |
| 02/11/2021 | 436 | STIPULATED ORDER GOVERNING THE TAKING OF REMOTE DEPOSITIONS. Signed on 2/11/2021 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/11/2021) |
| 03/01/2021 | | NOTICE OF HEARING CANCELLATION – The Monthly Telephone Status Conference scheduled for March 2, 2021 at 9:00 a.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 03/01/2021) |
| 03/02/2021 | 437 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 03/02/2021) |
| 03/10/2021 | 438 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 03/10/2021) |
| 03/10/2021 | 439 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 03/10/2021) |
| 04/07/2021 | 440 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Monthly Status Conference set for 4/13/2021 at 9:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 04/07/2021) |
| 04/08/2021 | | NOTICE OF HEARING CANCELLATION – The Monthly Status Conference scheduled for 4/13/2021 at 9:00 a.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/08/2021) |
| 04/12/2021 | 441 | MOTION to withdraw as attorney filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 4/26/2021 unless otherwise directed by the court. (Webb, Danne) (Entered: 04/12/2021) |
| 04/12/2021 | 442 | Before the Court is RE/MAX, LLC's Motion to Withdraw as Counsel. (Doc. #441.) For good cause shown, the motion is GRANTED. Stephen J. Miller is hereby |

| | | |
|---|---|---|
| | | withdrawn as counsel for Defendant RE/MAX, LLC. Defendant RE/MAX shall continue to be represented by its other counsel of record. Signed on 4/12/2021 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/12/2021) |
| 04/14/2021 | 443 | NOTICE of filing *Notice of Intent to Issue Subpoena* by Realogy Holdings Corp. (Attachments: # 1 Attachment – Subpoena)(Clinkinbeard, Karrie) (Entered: 04/14/2021) |
| 04/14/2021 | 444 | NOTICE to take deposition of Andrew Bash filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp.. (Attachments: # 1 Attachment – Subpoena)(Clinkinbeard, Karrie) (Entered: 04/14/2021) |
| 04/23/2021 | 445 | NOTICE to take deposition of Joshua Sitzer filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 04/23/2021) |
| 04/23/2021 | 446 | NOTICE to take deposition of Amy Winger filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 04/23/2021) |
| 04/28/2021 | 447 | **AMENDED** NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. The Monthly Telephonic Status Conference previously set for 5/18/2021 is **RESET for 5/10/2021 at 2:00 p.m.** before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 04/28/2021) |
| 04/28/2021 | 448 | Motion to allow Scott E. Murray to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7395340) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 04/28/2021) |
| 04/28/2021 | 449 | ORDER granting 448 motion to appear pro hac vice entered by Clerk of Court. Attorney Scott E. Murray for HomeServices of America, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 04/28/2021) |
| 04/28/2021 | 450 | NOTICE to take deposition of Plaintiff Ryan Hendrickson filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 04/28/2021) |
| 05/03/2021 | 451 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 05/03/2021) |
| 05/05/2021 | 452 | NOTICE of filing *Notice of Intent to Issue Subpoena* by Rhonda Burnett, Scott Burnett, Ryan Hendrickson (Attachments: # 1 Exhibit 1)(Dameron, Matthew) (Entered: 05/05/2021) |

| | | |
|---|---|---|
| 05/07/2021 | 453 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 05/07/2021) |
| 05/10/2021 | | NOTICE OF HEARING CANCELLATION – The Monthly Status Conference scheduled for 5/10/2021 at 2:00 p.m. has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 05/10/2021) |
| 05/11/2021 | 454 | DESIGNATION OF MEDIATOR naming Judge Garrett Brown(Clinkinbeard, Karrie) (Entered: 05/11/2021) |
| 05/12/2021 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your post−mediation status report is due within 10 calendar days after the mediation. See MAP FAQs on Court's website for specifics and submit report(s) to: map@mow.uscourts.gov. (ADI, MAP) (Entered: 05/12/2021) |
| 05/18/2021 | 455 | MOTION for leave to file excess pages *and File Under Seal (Unopposed)* filed by Matthew Lee Dameron on behalf of All Plaintiffs. Suggestions in opposition/response due by 6/1/2021 unless otherwise directed by the court. (Dameron, Matthew) (Entered: 05/18/2021) |
| 05/18/2021 | 456 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limit and File Under Seal. (Doc. #455.) For good cause stated, the motion is GRANTED. Plaintiffs' brief in support of their forthcoming Motion for Class Certification may exceed the 15−page limitation set forth in Local Rule 7.0(d)(1)(A) by up to fifteen (15) additional pages. Plaintiffs may also file their forthcoming Motion for Class Certification and supporting exhibits under seal. Signed on 5/18/2021 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 05/18/2021) |
| 05/21/2021 | 457 | MOTION to withdraw as attorney filed by Gregory Dickinson on behalf of National Association of Realtors. Suggestions in opposition/response due by 6/4/2021 unless otherwise directed by the court. (Dickinson, Gregory) (Entered: 05/21/2021) |
| 05/21/2021 | 458 | Before the Court is Defendant National Association of Realtors Motion to Withdraw Appearance. (Doc. #457.) For good cause stated, the motion is GRANTED. Gregory B. Dickinson is hereby withdrawn as counsel for Defendant National Association of Realtors. Defendant National Association of Realtors shall continue to be represented by its other counsel of record. Signed on 5/21/2021 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 05/21/2021) |
| 05/24/2021 | 459 | MOTION for Order (SEALED) *Plaintiffs' Motion for Class Certification and Suggestions in Support* filed by Matthew Lee Dameron on behalf of All Plaintiffs. **Suggestions in opposition/response due by 11/12/2021** unless otherwise directed by the court. (Attachments: # 1 Exhibit Declaration of Matthew L. Dameron, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 |

| | | |
|---|---|---|
| | | Exhibit 47, # <u>49</u> Exhibit 48, # <u>50</u> Exhibit 49, # <u>51</u> Exhibit 50, # <u>52</u> Exhibit 51, # <u>53</u> Exhibit 52, # <u>54</u> Exhibit 53, # <u>55</u> Exhibit 54, # <u>56</u> Exhibit 55, # <u>57</u> Exhibit 56, # <u>58</u> Exhibit 57, # <u>59</u> Exhibit 58, # <u>60</u> Exhibit 59, # <u>61</u> Exhibit 60, # <u>62</u> Exhibit 61, # <u>63</u> Exhibit 62, # <u>64</u> Exhibit 63, # <u>65</u> Exhibit 64)(Dameron, Matthew) Modified on 5/31/2021 to reflect the correct suggestions in opposition due date per the Second Amended Scheduling Order. (Richard, Tracey). Modified on 6/21/2021 to reflect the correct suggestions in opposition due date per the Third Amended Scheduling Order (Doc. # <u>469</u> ). (Richard, Tracey). **Modified on 11/1/2021 to reflect the correct suggestions in opposition due date per the Fourth Amended Scheduling Order (Doc. # <u>543</u> ).** (Richard, Tracey). (Entered: 05/24/2021) |
| 05/24/2021 | <u>460</u> | DESIGNATION *Plaintiffs' Expert Disclosure Under Fed. R. Civ. P. 26* by Scott Burnett, Ryan Hendrickson, Amy Winger, Joshua Sitzer, Rhonda Burnett filed by Matthew Lee Dameron on behalf of Plaintiffs Scott Burnett, Ryan Hendrickson, Amy Winger, Joshua Sitzer, Rhonda Burnett.(Dameron, Matthew) (Entered: 05/24/2021) |
| 05/25/2021 | <u>461</u> | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES *Plaintiffs' Second Supplemental Initial Disclosures* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 05/25/2021) |
| 05/25/2021 | <u>462</u> | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Production of Documents* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 05/25/2021) |
| 05/27/2021 | <u>463</u> | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Production of Documents* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 05/27/2021) |
| 05/27/2021 | <u>464</u> | RETURN OF SERVICE (non cmp) (Dameron, Matthew) (Entered: 05/27/2021) |
| 06/01/2021 | <u>465</u> | DESIGNATION OF MEDIATOR naming Judge Garrett Brown(Clinkinbeard, Karrie) (Entered: 06/01/2021) |
| 06/02/2021 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your post–mediation status report is due within 10 calendar days after the mediation. See MAP FAQs on Court's website for specifics and submit report(s) to: map@mow.uscourts.gov. (ADI, MAP) (Entered: 06/02/2021) |
| 06/09/2021 | 466 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 6/16/2021 at 2:00 p.m. before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 06/09/2021) |
| 06/15/2021 | <u>467</u> | Joint MOTION to amend/correct <u>432</u> Amended Scheduling Order filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 6/29/2021 unless otherwise directed by the court. (Attachments: # <u>1</u> Exhibit A–Joint [Proposed] Third Amended Scheduling Order)(Related document(s) <u>432</u> ) (Boulware, Brandon) (Entered: 06/15/2021) |
| 06/15/2021 | | NOTICE OF HEARING CANCELLATION – The Discovery Dispute Telephone Conference set for 6/16/2021 at 2:00 p.m.  This is a TEXT ONLY ENTRY. No |

| | | |
|---|---|---|
| | | *document is attached.* (Richard, Tracey) (Entered: 06/15/2021) |
| 06/16/2021 | 468 | NOTICE of filing *Notice of Intent to Issue Subpoenas* by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Buchanan, David) (Entered: 06/16/2021) |
| 06/16/2021 | 469 | THIRD AMENDED SCHEDULING ORDER: Pretrial Conference set for 9/9/2022 at 9:00 a.m. Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Jury Trial set for 10/17/2022 at 9:00 a.m. in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Signed on 6/16/2021 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 06/16/2021) |
| 06/16/2021 | 470 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 6/22/2021 at 3:30 p.m. before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 06/16/2021) |
| 06/16/2021 | | NOTICE OF HEARING CANCELLATION – The Discovery Dispute Telephone Conference set for 6/22/2021 at 3:30 p.m as the notice of hearing was entered in the wrong case. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/16/2021) |
| 06/21/2021 | 471 | MOTION to withdraw as attorney filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 7/6/2021 unless otherwise directed by the court. (Webb, Danne) (Entered: 06/21/2021) |
| 06/21/2021 | 472 | Before the Court is Defendant RE/MAX, LLC's Motion to Withdraw as Counsel. (Doc. #471.) For good cause stated, the motion is granted. Megan E. Ryan is hereby withdrawn as counsel for Defendant RE/MAX, LLC. Defendant RE/MAX, LLC shall continue to be represented by its other counsel of record. Signed on 6/21/2021 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/21/2021) |
| 06/21/2021 | 473 | NOTICE of filing *of Subpoena Results Realty* by Re/Max LLC (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1)(Webb, Danne) (Entered: 06/21/2021) |
| 06/22/2021 | 474 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Monthly Status Conference set for 6/28/2021 at 9:00 AM in Chambers before District Judge Stephen R. Bough. (Richard, Tracey)(For the purpose of Daily Docket, no notice to be sent.) (Entered: 06/22/2021) |
| 06/23/2021 | | NOTICE OF HEARING CANCELLATION – Monthly Status Conference set for 6/28/2021 at 9:00 a.m. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/23/2021) |
| 06/25/2021 | 475 | NOTICE of filing *Notice of Intent to Issue Subpoena* by Realogy Holdings Corp. (Attachments: # 1 Exhibit Subpoena)(Clinkinbeard, Karrie) (Entered: 06/25/2021) |
| 06/30/2021 | 476 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs Served Supplemental Production of Documents* filed by Matthew Lee Dameron on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Dameron, Matthew) (Entered: 06/30/2021) |
| 06/30/2021 | 477 | AMENDED COMPLAINT *Second Amended Class Action Complaint* against All Defendants filed by Matthew Lee Dameron on behalf of All Plaintiffs.(Dameron, |

| | | Matthew) (Entered: 06/30/2021) |
|---|---|---|
| 07/01/2021 | 478 | CERTIFICATE OF SERVICE by Re/Max LLC *Production* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/01/2021) |
| 07/02/2021 | 479 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/02/2021) |
| 07/07/2021 | 480 | RETURN OF SERVICE (non cmp) (Clinkinbeard, Karrie) (Entered: 07/07/2021) |
| 07/07/2021 | 481 | STATUS REPORT *Post−Mediation* by Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/07/2021) |
| 07/08/2021 | 482 | MOTION to take deposition from Craig T. Schulman filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 7/22/2021 unless otherwise directed by the court. (Webb, Danne) Modified on 7/8/2021 to remove mis−filed document and terminate deadlines with incorrect filing event see document 483 and docket modification (Ellis, Lindsey). (Entered: 07/08/2021) |
| 07/08/2021 | 483 | NOTICE to take deposition of Craig T. Schulman filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/08/2021) |
| 07/08/2021 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 7/8/21 as Document No. 482, MOTION to take deposition. The document has been deleted as the incorrect event was used when filing the document. Counsel has refiled the document using the correct event, see document 483 . No further action is required. This is a text entry only − no document is attached. (Ellis, Lindsey) (Entered: 07/08/2021) |
| 07/22/2021 | 484 | **AMENDED** NOTICE OF HEARING − This is the official notice for this hearing. The Monthly Telephone Conference previously set for set 10/26/2021 is **RESET for 10/25/2021 at 9:00 a.m.** before District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 07/22/2021) |
| 07/22/2021 | | Set/Reset Hearings: Monthly Telephone Conference set for 8/3/2021 at 9:00 a.m. before District Judge Stephen R. Bough. (Richard, Tracey) For the purpose of Daily Docket, no notice to be sent. (Entered: 07/22/2021) |
| 07/26/2021 | 485 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/26/2021) |
| 07/28/2021 | 486 | NOTICE to take deposition of Plaintiff Jerod Breit filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 07/28/2021) |
| 07/29/2021 | | NOTICE OF HEARING CANCELLATION − The Monthly Telephone Conference set for 8/3/2021 at 9:00 a.m.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 07/29/2021) |
| 07/29/2021 | 487 | NOTICE to take deposition of Jim Dohr filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Boulware, Brandon) (Entered: 07/29/2021) |
| 07/29/2021 | 488 | |

| | | |
|---|---|---|
| | | NOTICE to take deposition of Alex Perriello filed by Brandon J.B. Boulware on behalf of Plaintiffs Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Joshua Sitzer, Amy Winger.(Boulware, Brandon) (Entered: 07/29/2021) |
| 07/30/2021 | 489 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 07/30/2021) |
| 08/03/2021 | 490 | NOTICE of filing *Notice of Intent to Serve Subpoena* by Realogy Holdings Corp. (Attachments: # 1 Exhibit 1 – Subpoena to Produce Documents)(Clinkinbeard, Karrie) (Entered: 08/03/2021) |
| 08/03/2021 | 491 | NOTICE to take deposition of Scott Trupiano filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/03/2021) |
| 08/04/2021 | 492 | NOTICE to take deposition of Jeremy Keel filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 08/04/2021) |
| 08/04/2021 | 493 | Amended NOTICE to take deposition of Jeremy Keel filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 08/04/2021) |
| 08/05/2021 | 494 | NOTICE to take deposition of Gary Keller filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/05/2021) |
| 08/05/2021 | 495 | NOTICE to take deposition of Ruben Gonzalez filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/05/2021) |
| 08/05/2021 | 496 | NOTICE to take deposition of Jim Talbot filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/05/2021) |
| 08/10/2021 | 497 | NOTICE of filing *Notice of Intent to Serve Subpoena* by Realogy Holdings Corp. (Attachments: # 1 Exhibit A – Subpoena to Michael Zouglas)(Clinkinbeard, Karrie) (Entered: 08/10/2021) |
| 08/10/2021 | 498 | NOTICE to take deposition of Michael Zouglas filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/10/2021) |
| 08/11/2021 | 499 | RETURN OF SERVICE (non cmp) re 498 Notice to Take Deposition. (Clinkinbeard, Karrie) (Entered: 08/11/2021) |
| 08/13/2021 | 500 | RETURN OF SERVICE (non cmp) *The Xpress Team, Realtors* re 490 Notice of filing. (Clinkinbeard, Karrie) (Entered: 08/13/2021) |
| 08/17/2021 | 501 | Amended NOTICE to take deposition of Scott Trupiano filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/17/2021) |
| 08/17/2021 | 502 | Amended NOTICE to take deposition of Alex Perriello filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/17/2021) |

| 08/17/2021 | [503](#) | Amended NOTICE to take deposition of Jim Dohr filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/17/2021) |
|---|---|---|
| 08/17/2021 | [504](#) | Amended NOTICE to take deposition of Michael Zouglas filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 08/17/2021) |
| 08/19/2021 | [505](#) | NOTICE to take deposition of Samantha Hosea filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 08/19/2021) |
| 08/19/2021 | [506](#) | NOTICE to take deposition of Kevin Doll filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 08/19/2021) |
| 08/19/2021 | [507](#) | NOTICE to take deposition of Adam Contos filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 08/19/2021) |
| 08/20/2021 | 508 | Motion to allow Jennifer Lada to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−7545752) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 08/20/2021) |
| 08/20/2021 | 509 | ORDER granting [508](#) motion to appear pro hac vice entered by Clerk of Court. Attorney Jennifer Lada for Keller Williams Realty, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at [PACER](#). This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 08/20/2021) |
| 08/20/2021 | [510](#) | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dameron, Matthew) (Entered: 08/20/2021) |
| 08/25/2021 | | Set/Reset Hearings: Monthly Status Conference set for 9/13/2021 at 9:00 a.m. before District Judge Stephen R. Bough. (Richard, Tracey) (For the purpose of Daily Docket, no notice to be sent.) (Entered: 08/25/2021) |
| 08/25/2021 | [511](#) | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dameron, Matthew) (Entered: 08/25/2021) |

| 08/27/2021 | 512 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dameron, Matthew) (Entered: 08/27/2021) |
|---|---|---|
| 08/30/2021 | 513 | Joint MOTION for extension of time *of Class Discovery Deadline* filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 9/13/2021 unless otherwise directed by the court. (Clinkinbeard, Karrie) (Entered: 08/30/2021) |
| 08/30/2021 | 514 | Amended NOTICE to take deposition of Scott Trupiano filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 08/30/2021) |
| 08/30/2021 | 515 | Before the Court is the parties' Joint Motion to Extend the Class Discovery Deadline. (Doc. #513.) For good cause stated, the motion is GRANTED. The deadline to complete Class Certification Discovery Related to New Class Representatives is extended up to and including September 13, 2021. Signed on 8/30/2021 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 08/30/2021) |
| 09/01/2021 | 516 | NOTICE to take deposition of Ryan Gorman filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/01/2021) |
| 09/01/2021 | 517 | Amended NOTICE to take deposition of Ryan Gorman filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/01/2021) |
| 09/10/2021 |  | NOTICE OF HEARING CANCELLATION – The Monthly Status Conference scheduled for 9/13/2021 at 9:00 a.m. has been cancelled.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 09/10/2021) |
| 09/10/2021 | 518 | NOTICE to take deposition of Dale Stinton filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 519 | NOTICE to take deposition of Rodney Gansho filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 520 | NOTICE to take deposition of Cliff Niersbach filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 521 | NOTICE to take deposition of Kevin Milligan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 522 | NOTICE to take deposition of Bob Goldberg filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 523 | USCA Judgment and Opinion as to 241 Notice of Appeal, filed by HSF Affiliates, LLC, BHH Affiliates, LLC, HomeServices of America, Inc. **This is a preliminary** |

| | | |
|---|---|---|
| | | **judgment and opinion of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals.** It is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in accordance with the opinion of this Court. (Attachments: # 1 Opinion) (Cole, Robert). (Entered: 09/10/2021) |
| 09/10/2021 | 524 | Amended NOTICE to take deposition of Dale Stinton filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 525 | Amended NOTICE to take deposition of Kevin Milligan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 526 | Amended NOTICE to take deposition of Rodney Gansho filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 527 | Amended NOTICE to take deposition of Cliff Niersbach filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 528 | Amended NOTICE to take deposition of Bob Goldberg filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/10/2021) |
| 09/10/2021 | 529 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/10/2021) |
| 09/17/2021 | 530 | Amended NOTICE to take deposition of Kevin Doll filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 09/17/2021) |
| 09/17/2021 | 531 | Amended NOTICE to take deposition of Adam Contos filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 09/17/2021) |
| 09/22/2021 | 532 | Amended NOTICE to take deposition of Gary Keller filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/22/2021) |
| 09/27/2021 | 533 | Amended NOTICE to take deposition of Alex Perriello filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/27/2021) |
| 09/27/2021 | 534 | |

| | | Amended NOTICE to take deposition of Ryan Gorman filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/27/2021) |
|---|---|---|
| 09/27/2021 | 535 | Amended NOTICE to take deposition of Cliff Niersbach filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/27/2021) |
| 09/28/2021 | 536 | Amended NOTICE to take deposition of Jim Dohr filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/28/2021) |
| 10/01/2021 | 537 | MANDATE of US COURT OF APPEALS as to 241 Notice of Appeal, filed by HSF Affiliates, LLC, BHH Affiliates, LLC, HomeServices of America, Inc. with mandate issued on 10/01/2021. (Terry, Jason) (Entered: 10/01/2021) |
| 10/12/2021 | 538 | **AMENDED** NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. The Telephonic Monthly Status Conference previously set for 10/25/2021 is **RESET for 11/5/2021 at 8:30 a.m.** before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 10/12/2021) |
| 10/12/2021 | 539 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 10/12/2021) |
| 10/12/2021 | 540 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp..(Clinkinbeard, Karrie) (Entered: 10/12/2021) |
| 10/15/2021 | 541 | NOTICE to take deposition of Sharon A. Millett filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 10/15/2021) |
| 10/21/2021 | 542 | Joint MOTION to amend/correct *Scheduling Order* filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 11/4/2021 unless otherwise directed by the court. (Attachments: # 1 Exhibit A – Amended Scheduling Order)(Clinkinbeard, Karrie) (Entered: 10/21/2021) |
| 10/26/2021 | 543 | FOURTH AMENDED SCHEDULING ORDER: Oral arguments on the motion for class certification will be held on 4/18/2022, at 1:30 p.m., in Kansas City, Missouri. Oral argument on dispositive motions will be held on 11/18/2022, at 9:30 a.m. in Kansas City, Missouri. Pretrial Conference set for 1/23/2023 at 9:00 AM Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Jury Trial set for 2/21/2023 at 9:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Signed on 10/26/2021 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 10/26/2021) |
| 10/26/2021 | 544 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Pretrial Conference is reset for 1/6/2023 at 9:00 AM Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 10/26/2021) |

| | | |
|---|---|---|
| 10/27/2021 | 545 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 10/27/2021) |
| 11/01/2021 | | NOTICE OF HEARING CANCELLATION – The Telephonic Monthly Status Conference scheduled for 11/5/2021 has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/01/2021) |
| 11/01/2021 | 546 | NOTICE of appearance by Michael S. Ketchmark on behalf of All Plaintiffs (Attorney Michael S. Ketchmark added to party Jerod Breit(pty:pla), Attorney Michael S. Ketchmark added to party Rhonda Burnett(pty:pla), Attorney Michael S. Ketchmark added to party Scott Burnett(pty:pla), Attorney Michael S. Ketchmark added to party Ryan Hendrickson(pty:pla), Attorney Michael S. Ketchmark added to party Jeremy Keel(pty:pla), Attorney Michael S. Ketchmark added to party Joshua Sitzer(pty:pla), Attorney Michael S. Ketchmark added to party Scott Trupiano(pty:pla), Attorney Michael S. Ketchmark added to party Amy Winger(pty:pla))(Ketchmark, Michael) (Entered: 11/01/2021) |
| 11/01/2021 | 547 | NOTICE of appearance by Scott A McCreight on behalf of All Plaintiffs (Attorney Scott A McCreight added to party Jerod Breit(pty:pla), Attorney Scott A McCreight added to party Rhonda Burnett(pty:pla), Attorney Scott A McCreight added to party Scott Burnett(pty:pla), Attorney Scott A McCreight added to party Ryan Hendrickson(pty:pla), Attorney Scott A McCreight added to party Jeremy Keel(pty:pla), Attorney Scott A McCreight added to party Joshua Sitzer(pty:pla), Attorney Scott A McCreight added to party Scott Trupiano(pty:pla), Attorney Scott A McCreight added to party Amy Winger(pty:pla))(McCreight, Scott) (Entered: 11/01/2021) |
| 11/01/2021 | 548 | NOTICE of appearance by Benjamin H. Fadler on behalf of All Plaintiffs (Attorney Benjamin H. Fadler added to party Jerod Breit(pty:pla), Attorney Benjamin H. Fadler added to party Rhonda Burnett(pty:pla), Attorney Benjamin H. Fadler added to party Scott Burnett(pty:pla), Attorney Benjamin H. Fadler added to party Ryan Hendrickson(pty:pla), Attorney Benjamin H. Fadler added to party Jeremy Keel(pty:pla), Attorney Benjamin H. Fadler added to party Joshua Sitzer(pty:pla), Attorney Benjamin H. Fadler added to party Scott Trupiano(pty:pla), Attorney Benjamin H. Fadler added to party Amy Winger(pty:pla))(Fadler, Benjamin) (Entered: 11/01/2021) |
| 11/02/2021 | 549 | CERTIFICATE OF SERVICE by Re/Max LLC filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 11/02/2021) |
| 11/10/2021 | 550 | MOTION for leave to file excess pages *Unopposed by Plaintiff*, MOTION to seal document *Unopposed by Plaintiff* filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 11/24/2021 unless otherwise directed by the court. (Clinkinbeard, Karrie) (Entered: 11/10/2021) |
| 11/12/2021 | 551 | Before the Court is Defendants Unopposed Motion for Leave to Exceed Page Limit and File Under Seal. (Doc. #550.) For good cause shown, the motion is GRANTED. It is hereby ORDERED that: (1) Defendants' Suggestions in Opposition to Plaintiffs' Motion for Class Certification may be up to 65 pages, not including exhibits, signature blocks, statement of facts, table of contents, and table of authorities, (2) Defendants' Suggestions in Support of their Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman may be up to 25 pages, not including |

| | | exhibits, signature blocks, statement of facts, table of contents, and table of authorities, (3) Defendants may file under seal their Suggestions in Opposition to Plaintiffs Motion for Class Certification and supporting documents, and (4) Defendants may file under seal their Suggestions in Support of their Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman and supporting documents. Signed on 11/12/2021 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/12/2021) |
|---|---|---|
| 11/12/2021 | 552 | Joint MOTION for Order (SEALED) *Defendants' Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman* filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 12/28/2021 unless otherwise directed by the court. (Fries, Brian) Modified on 11/17/2021 to correct the Suggestions in opposition/response due by per Court Order (Doc. # 543 ) (Richard, Tracey). (Entered: 11/12/2021) |
| 11/12/2021 | 553 | SUGGESTIONS in opposition (SEALED) re 459 MOTION for Order (SEALED) *Plaintiffs' Motion for Class Certification and Suggestions in Support* filed by Jack R. Bierig on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. Reply suggestions due by 1/28/2022 unless otherwise directed by the court. (Attachments: # 1 Declaration of Suzanne L. Wahl, # 2 Exhibit 01, # 3 Exhibit 02, # 4 Exhibit 03, # 5 Exhibit 04, # 6 Exhibit 05, # 7 Exhibit 06, # 8 Exhibit 07, # 9 Exhibit 08, # 10 Exhibit 09, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55)(Related document(s) 459 ) (Bierig, Jack) Modified on 11/17/2021 to correct the Suggestions in opposition/response due by per Court Order (Doc. # 543 ). (Richard, Tracey). (Entered: 11/12/2021) |
| 11/12/2021 | 554 | SUGGESTIONS in support (SEALED) re 552 Joint MOTION for Order (SEALED) *Defendants' Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Declaration of Scott E. Murray, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Declaration of Parikshat Chawla)(Related document(s) 552 ) (Fries, Brian) (Entered: 11/12/2021) |
| 11/12/2021 | 555 | DESIGNATION *Defendants' Expert Disclosure Under Fed. R. Civ. P. 26* by BHH Affiliates, LLC, HSF Affiliates, LLC, Re/Max LLC, Realogy Holdings Corp., National Association of Realtors, HomeServices of America, Inc., Keller Williams Realty, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, Re/Max LLC, Realogy Holdings Corp., National Association of Realtors, HomeServices of America, Inc., Keller Williams Realty, Inc..(Fries, |

| | | Brian) (Entered: 11/12/2021) |
|---|---|---|
| 11/12/2021 | 556 | SUGGESTIONS in opposition (SEALED) re 459 MOTION for Order (SEALED) *Plaintiffs' Motion for Class Certification and Suggestions in Support* filed by Karrie J. Clinkinbeard on behalf of Defendant Realogy Holdings Corp.. Reply suggestions due by 1/28/2022 unless otherwise directed by the court. (Attachments: # 1 Appendix A, # 2 Declaration of Stacey Anne Mahoney, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R)(Related document(s) 459 ) (Clinkinbeard, Karrie) (Main Document 556 replaced on 11/15/2021 at the request of counsel) (Houston, Kiambu). Modified on 11/17/2021 to correct the Suggestions in opposition/response due by per Court Order (Doc. # 543 ) (Richard, Tracey). (Entered: 11/12/2021) |
| 11/17/2021 | 557 | Amended NOTICE to take deposition of Bob Goldberg filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 11/17/2021) |
| 11/17/2021 | 558 | Amended NOTICE to take deposition of Gary Keller filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 11/17/2021) |
| 11/18/2021 | | Set/Reset Hearings: Monthly Status Conference set for 12/7/2021 at 9:00 AM before District Judge Stephen R. Bough. For the purpose of Daily Docket only, no notice to be sent. (Richard, Tracey) (Entered: 11/18/2021) |
| 11/29/2021 | 559 | Amended NOTICE to take deposition of Rodney Gansho filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 11/29/2021) |
| 12/01/2021 | 560 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 12/01/2021) |
| 12/08/2021 | 561 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: Monthly Telephonic STATUS CONFERENCE held on 12/7/2021. Time in court: 9:00 a.m. to 9:07 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 12/08/2021) |
| 12/13/2021 | 562 | Amended NOTICE to take deposition of Cliff Niersbach filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/13/2021) |
| 12/13/2021 | 563 | NOTICE to take deposition of Dana Strandmo filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/13/2021) |
| 12/14/2021 | 564 | |

| | | CERTIFICATE OF SERVICE by Re/Max LLC *OF DISCOVERY RESPONSES TO PLAINTIFF* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 12/14/2021) |
|---|---|---|
| 12/15/2021 | 565 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 12/15/2021) |
| 12/16/2021 | 566 | NOTICE to take deposition of Jon Coile filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/16/2021) |
| 12/16/2021 | 567 | NOTICE to take deposition of Lauren J. Stiroh, Ph.D. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/16/2021) |
| 12/20/2021 | 568 | ELECTRONIC TRANSCRIPT of Teleconference held November 7, 2021, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 4. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/27/2021 unless otherwise directed by the court. Release of Transcript Restriction set for 3/21/2022.  NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 12/20/2021) |
| 12/20/2021 | 569 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and Testify at a Deposition to the Columbia Board of Realtors* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 Exhibit 1)(Dirks, Eric) (Entered: 12/20/2021) |
| 12/20/2021 | 570 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and Testify at a Deposition to Kansas City Regional Association of Realtors* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 Exhibit 1)(Dirks, Eric) (Entered: 12/20/2021) |
| 12/20/2021 | 571 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and Testify at a Deposition to Mid–America Regional Information Systems, Inc.* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 Exhibit 1)(Dirks, Eric) (Entered: 12/20/2021) |
| 12/20/2021 | 572 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and Testify at a Deposition to the Greater Springfield Board of Realtors* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 Exhibit 1)(Dirks, Eric) (Entered: 12/20/2021) |
| 12/21/2021 | 573 | MOTION for leave to file excess pages *and File Under Seal (Unopposed)* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 1/4/2022 unless otherwise directed by the court. (Dirks, Eric) (Entered: 12/21/2021) |

| | | |
|---|---|---|
| 12/22/2021 | 574 | Before the Court is Plaintiffs Unopposed Motion for Leave to Exceed Page Limit and File Under Seal. (Doc. #573.) For good cause stated, the motion is GRANTED. Plaintiffs forthcoming Memorandum in Opposition to Defendants Motion to Exclude Class Certification Testimony of Dr. Craig T. Schulman may be up to and including thirty (30) pages in length, and that Memorandum in Opposition and supporting exhibits may be filed under seal. Signed on 12/22/2021 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 12/22/2021) |
| 12/23/2021 | 575 | NOTICE to take deposition of Ryan Schneider filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/23/2021) |
| 12/23/2021 | 576 | NOTICE to take deposition of Michelle Figgs filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/23/2021) |
| 12/23/2021 | 577 | NOTICE to take deposition of Ashley Kelm filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/23/2021) |
| 12/23/2021 | 578 | NOTICE to take deposition of Darrell King filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/23/2021) |
| 12/28/2021 | 579 | MOTION for leave to file *Under Seal* filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 1/11/2022 unless otherwise directed by the court. (Boulware, Brandon) (Entered: 12/28/2021) |
| 12/28/2021 | 580 | Before the Court is Plaintiffs' Motion for Leave to File Under Seal. (Doc. #579.) For good cause stated, the motion is GRANTED. Plaintiffs may file under seal their forthcoming Motion Challenging Confidentiality Designations and Under Seal Filings by Defendant Realogy Holdings Corp. and all supporting documents.  This is a TEXT ONLY ENTRY. No document is attached. (Matthes Mitra, Renea) (Entered: 12/28/2021) |
| 12/28/2021 | 581 | MOTION for Order (SEALED) *[Motion and Memorandum in Support Challenging Confidentiality Designations and "Under Seal Filings" by Defendant Realogy Holdings Corp.]* filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 1/11/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A–Declaration of Brandon J.B. Boulware)(Boulware, Brandon) (Entered: 12/28/2021) |
| 12/28/2021 | 582 | SUGGESTIONS in opposition (SEALED) re 552 Joint MOTION for Order (SEALED) *Defendants' Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Reply suggestions due by 1/28/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Related document(s) 552 ) (Dirks, Eric) Modified on 1/3/2022 to reflect the correct reply due date (Richard, Tracey). (Entered: 12/28/2021) |

| 12/30/2021 | 583 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 12/30/2021) |
|------------|-----|---|
| 12/30/2021 | 584 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 12/30/2021) |
| 12/30/2021 | 585 | NOTICE to take deposition of Gino Blefari filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/30/2021) |
| 12/30/2021 | 586 | Amended NOTICE to take deposition of Michelle Figgs filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/30/2021) |
| 12/30/2021 | 587 | Amended NOTICE to take deposition of Darrell King filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/30/2021) |
| 12/30/2021 | 588 | Amended NOTICE to take deposition of Ashley Kelm filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/30/2021) |
| 12/30/2021 | 589 | NOTICE to take deposition of Richard Smith filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 12/30/2021) |
| 12/30/2021 | 590 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 12/30/2021) |
| 12/30/2021 | 591 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 12/30/2021) |
| 01/03/2022 | 592 | Amended NOTICE to take deposition of Michelle Figgs filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/03/2022) |
| 01/03/2022 | 593 | CERTIFICATE OF SERVICE by National Association of Realtors *of objections and responses to Plaintiffs Second Set of Request for Production of Documents as well as National Association of Realtors' 20th Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 01/03/2022) |
| 01/05/2022 |  | Set/Reset Hearings: Monthly Status Conference set for 1/18/2022 at 9:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) For daily docket purposes only, no notice to be sent. (Entered: 01/05/2022) |
| 01/05/2022 | 594 | CERTIFICATE OF SERVICE by Re/Max LLC *OBJECTIONS AND RESPONSES TO PLAINTIFFS THIRD SET OF REQUESTS FOR PRODUCTION OF* |

| | | |
|---|---|---|
| | | *DOCUMENTS TO DEFENDANT RE/MAX, LLC* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/05/2022) |
| 01/05/2022 | 595 | CERTIFICATE OF SERVICE by Re/Max LLC *For Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 01/05/2022) |
| 01/05/2022 | 596 | NOTICE to take deposition of Nick Bailey filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/05/2022) |
| 01/06/2022 | 597 | NOTICE of filing by Realogy Holdings Corp. (Attachments: # 1 Exhibit A – Declaration of Michael Ryan Gorman, # 2 Exhibit D – Declaration of James Dohr, # 3 Exhibit K – Declaration of John Peyton)(Clinkinbeard, Karrie) (Entered: 01/06/2022) |
| 01/06/2022 | 598 | Amended NOTICE to take deposition of Darrell King filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/06/2022) |
| 01/06/2022 | 599 | Amended NOTICE to take deposition of Ashley Kelm filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/06/2022) |
| 01/07/2022 | 600 | MOTION for extension of time to file response/reply as to 581 MOTION for Order (SEALED) *[Motion and Memorandum in Support Challenging Confidentiality Designations and "Under Seal Filings" by Defendant Realogy Holdings Corp.] stipulated by Plaintiffs and Realogy Holdings Corp.* filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 1/21/2022 unless otherwise directed by the court. (Related document(s) 581 ) (Clinkinbeard, Karrie) (Entered: 01/07/2022) |
| 01/07/2022 | 601 | Before the Court is a Stipulated Motion for extension of Time. (Doc. #600.) For good cause stated, the motion is GRANTED. Defendant Realogy Holdings Corp. shall have up to and including January 14, 2022, to file its response to Plaintiffs' Motion and Memorandum of Law in Support Challenging Confidentiality Designations and Under Seal Filings. Signed on 1/7/2021 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 01/07/2022) |
| 01/07/2022 | 602 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 01/07/2022) |
| 01/10/2022 | 603 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 1/13/2022 at 11:15 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 01/10/2022) |
| 01/11/2022 | 604 | Amended NOTICE to take deposition of Rodney Gansho filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/11/2022) |

| 01/12/2022 | 605 | Amended NOTICE to take deposition of Richard Smith filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/12/2022) |
|---|---|---|
| 01/12/2022 | 606 | NOTICE to take deposition of John Peyton filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/12/2022) |
| 01/12/2022 | 607 | Amended NOTICE to take deposition of Dana Strandmo filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/12/2022) |
| 01/12/2022 | 608 | Amended NOTICE to take deposition of Sharon A. Millett filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/12/2022) |
| 01/13/2022 | 609 | RETURN OF SERVICE (non cmp) *Subpoena to Produce Documents and Testify at a Deposition to the Greater Springfield Board of Realtors* (Dirks, Eric) (Entered: 01/13/2022) |
| 01/13/2022 | | Set/Reset Hearings: Monthly Status Conference set for 1/18/2022 at 9:00 AM in Chambers before District Judge Stephen R. Bough. For purpose of Daily Docket only, no notice to be sent. (Richard, Tracey) (Entered: 01/13/2022) |
| 01/13/2022 | 610 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: TELEPHONE CONFERENCE held on 1/13/2022. Time in court: 11:15 a.m. to 11:33 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 01/13/2022) |
| 01/13/2022 | 611 | On January 13, 2022, the Court presided over a discovery dispute teleconference pursuant to Local Rule 37.1. For the reasons stated on the record, the Court ORDERS that its prior ruling on deposition procedures remains unchanged. Depositions shall continue to be in person. Everyone except the lawyer asking questions and the witness shall wear a mask and the two of them shall be separated by ten feet. Signed on 1/13/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 01/13/2022) |
| 01/14/2022 | 612 | RETURN OF SERVICE (non cmp) *Subpoena to Kansas City Regional Association of Realtors* (Dirks, Eric) (Entered: 01/14/2022) |
| 01/14/2022 | 613 | MOTION for leave to file *under seal (unopposed)* filed by Kenneth M. Kliebard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 1/28/2022 unless otherwise directed by the court. (Kliebard, Kenneth) (Entered: 01/14/2022) |
| 01/14/2022 | 614 | Before the Court is Defendant Realogy Holdings Corp.s Unopposed Motion for Leave to File Under Seal. (Doc. #613.) For good cause stated, the motion is GRANTED. Defendant Realogy may file under seal its Opposition to Plaintiffs Motion to Challenge and supporting documents. Signed on 1/14/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is |

| | | |
|---|---|---|
| | | attached. (Houston, Kiambu) (Entered: 01/14/2022) |
| 01/14/2022 | 615 | SUGGESTIONS in opposition (SEALED) re 581 MOTION for Order (SEALED) *[Motion and Memorandum in Support Challenging Confidentiality Designations and "Under Seal Filings" by Defendant Realogy Holdings Corp.]* filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp.. Reply suggestions due by 1/28/2022 unless otherwise directed by the court. (Related document(s) 581 ) (Kliebard, Kenneth) (Entered: 01/14/2022) |
| 01/17/2022 | 616 | NOTICE to take deposition of Diane Mosley filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/17/2022) |
| 01/17/2022 | 617 | NOTICE to take deposition of Kate Lawton filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel.(Boulware, Brandon) (Entered: 01/17/2022) |
| 01/18/2022 | 618 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: Monthly STATUS CONFERENCE held on 1/18/2022. Time in court: 9:00 a.m. to 9:07 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 01/18/2022) |
| 01/19/2022 | 619 | CERTIFICATE OF SERVICE by Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, Southern Missouri Regional MLS LLC re 571 Notice of filing, 572 Notice of filing, 570 Notice of filing, 569 Notice of filing, filed by Phillip James Richard Zeeck on behalf of Movants Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, Southern Missouri Regional MLS LLC. Related document: 571 Notice of filing, filed by Jerod Breit, Jeremy Keel, Scott Trupiano, Ryan Hendrickson, Rhonda Burnett, Scott Burnett, 572 Notice of filing, filed by Jerod Breit, Jeremy Keel, Scott Trupiano, Ryan Hendrickson, Rhonda Burnett, Scott Burnett, 570 Notice of filing, filed by Jerod Breit, Jeremy Keel, Scott Trupiano, Ryan Hendrickson, Rhonda Burnett, Scott Burnett, 569 Notice of filing, filed by Jerod Breit, Jeremy Keel, Scott Trupiano, Ryan Hendrickson, Rhonda Burnett, Scott Burnett.(Zeeck, Phillip) (Entered: 01/19/2022) |
| 01/20/2022 | 620 | Amended NOTICE to take deposition of John Peyton filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/20/2022) |
| 01/20/2022 | 621 | Amended NOTICE to take deposition of Michelle Figgs filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/20/2022) |
| 01/20/2022 | 622 | RETURN OF SERVICE (non cmp) *Subpoena to Columbia Board of Realtors* (Dirks, Eric) (Entered: 01/20/2022) |
| 01/20/2022 | 623 | Cross NOTICE to take deposition of SHARON MILLETT (CROSS NOTICE) filed by Robert D MacGill on behalf of Defendant HomeServices of America, Inc..(MacGill, Robert) (Entered: 01/20/2022) |
| 01/21/2022 | 624 | |

| | | |
|---|---|---|
| | | NOTICE to take deposition of Ron Peltier filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/21/2022) |
| 01/21/2022 | 625 | NOTICE to take deposition of Robert Moline filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/21/2022) |
| 01/21/2022 | 626 | NOTICE to take deposition of Brian Peterson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/21/2022) |
| 01/21/2022 | 627 | NOTICE to take deposition of Robert Watson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/21/2022) |
| 01/21/2022 | 628 | NOTICE to take deposition of Cary Sylvester filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/21/2022) |
| 01/21/2022 | 629 | NOTICE to take deposition of Jay Papasan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/21/2022) |
| 01/21/2022 | 630 | MOTION for leave to file excess pages *and File Under Seal (Unopposed)* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Suggestions in opposition/response due by 2/4/2022 unless otherwise directed by the court. (Dirks, Eric) (Entered: 01/21/2022) |
| 01/24/2022 | 631 | Before the Court is Plaintiffs Unopposed Motion for Leave to Exceed Page Limit and File Under Seal. (Doc. #630.) For good cause stated, the motion is GRANTED. Plaintiffs Reply to Defendants Opposition to Class Certification may be up to and including forty–five (45) pages. Plaintiffs Reply to Defendant Realogy Holding Corp.s Suggestions in Opposition to Plaintiffs Motion for Class Certification may be up to and including fifteen (15) pages. Both briefs and their exhibits may be filed under seal. Signed on 1/24/2022 by District Judge Stephen R. Bough. (Crocker, Susan) (Entered: 01/24/2022) |
| 01/25/2022 | 632 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dameron, Matthew) (Entered: 01/25/2022) |
| 01/26/2022 | 633 | MOTION for leave to file excess pages *(Unopposed)*, MOTION for leave to file *Reply Suggestions Under Seal (Unopposed)* filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 2/9/2022 unless otherwise directed by the court. (Fries, Brian) (Entered: 01/26/2022) |
| 01/26/2022 | 634 | Before the Court is HomeServices Defendants' Unopposed Motion for Leave to Exceed Page Limit and File Under Seal. (Doc. #633.) For good cause stated, the motion is GRANTED. HomeServices Defendants' forthcoming Reply Suggestions in Support of their Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman may be up to and including 15 pages in length, excluding |

| | | |
|---|---|---|
| | | exhibits, signature blocks, statement of facts, table of contents, and table of authorities. The Reply Suggestions and exhibits may be filed under seal. Signed on 1/26/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 01/26/2022) |
| 01/28/2022 | 635 | REPLY SUGGESTIONS to motion (Sealed) re 552 Joint MOTION for Order (SEALED) *Defendants' Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Attachments: # 1 Declaration of Scott E. Murray, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Related document(s) 552 ) (Fries, Brian) (Entered: 01/28/2022) |
| 01/28/2022 | 636 | DESIGNATION – *Defendants' Supplemental Expert Disclosure Under Fed. P. Civ. P. 26* – by BHH Affiliates, LLC, HSF Affiliates, LLC, Re/Max LLC, Realogy Holdings Corp., National Association of Realtors, HomeServices of America, Inc., Keller Williams Realty, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, Re/Max LLC, Realogy Holdings Corp., National Association of Realtors, HomeServices of America, Inc., Keller Williams Realty, Inc..(Fries, Brian) (Entered: 01/28/2022) |
| 01/28/2022 | 637 | REPLY SUGGESTIONS to motion (Sealed) re 459 MOTION for Order (SEALED) *Plaintiffs' Motion for Class Certification and Suggestions in Support* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. (Attachments: # 1 Affidavit Declaration of Eric Dirks, # 2 Exhibit 65, # 3 Exhibit 66, # 4 Exhibit 67, # 5 Exhibit 68, # 6 Exhibit 69, # 7 Exhibit 70, # 8 Exhibit 71, # 9 Exhibit 72, # 10 Exhibit 73, # 11 Exhibit 74)(Related document(s) 459 ) (Dirks, Eric) (Entered: 01/28/2022) |
| 01/28/2022 | 638 | REPLY SUGGESTIONS to motion (Sealed) re 459 MOTION for Order (SEALED) *Plaintiffs' Motion for Class Certification and Suggestions in Support Plaintiffs' Suggestions in Reply to Realogy Holdings Corp.'s Suggestions in Opposition to Plaintiffs' Motion for Class Certification* filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. (Attachments: # 1 Exhibit Ex. 75, # 2 Exhibit Ex. 76, # 3 Exhibit Ex. 77, # 4 Exhibit Dohr Dep. Ex. 73)(Related document(s) 459 ) (Suhr, Jeremy) (Entered: 01/28/2022) |
| 01/31/2022 | 639 | Before the Court is Plaintiffs' Motion Challenging Confidentiality Designations and Under Seal Filing. (Doc #581.) On January 31, 2022, the parties informed the Court that the issue has been resolved. Accordingly, the motion is DENIED AS MOOT. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) Modified on 1/31/2022 to correct a typo(Richard, Tracey). (Entered: 01/31/2022) |
| 01/31/2022 | 640 | Amended NOTICE to take deposition of Gino Blefari filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/31/2022) |
| 01/31/2022 | 641 | Amended NOTICE to take deposition of Jon Coile filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: |

| | | 01/31/2022) |
|---|---|---|
| 01/31/2022 | 642 | Amended NOTICE to take deposition of Dana Strandmo filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/31/2022) |
| 01/31/2022 | 643 | Amended NOTICE to take deposition of Robert Moline filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 01/31/2022) |
| 02/01/2022 | 644 | Motion to allow Eric Enson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7785156) filed by Danne Wayne Webb on behalf of Re/Max LLC. (Webb, Danne) (Entered: 02/01/2022) |
| 02/01/2022 | 645 | ORDER granting 644 motion to appear pro hac vice entered by Clerk of Court. Attorney Eric Enson for Re/Max LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 02/01/2022) |
| 02/02/2022 | 646 | MOTION to withdraw as attorney *(Jeremy J. Gray)* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 2/16/2022 unless otherwise directed by the court. (Webb, Danne) (Entered: 02/02/2022) |
| 02/02/2022 | 647 | Before the Court is RE/MAX, LLC's Motion to Withdraw as Counsel. (Doc. #646.) For good cause shown, the motion is GRANTED. Jeremy J. Gray is hereby withdrawn as counsel for Defendant RE/MAX, LLC. Defendant RE/MAX, LLC shall continue to be represented by its other counsel of record. Signed on 2/2/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 02/02/2022) |
| 02/02/2022 | 648 | Amended NOTICE to take deposition of Michelle Figgs filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/02/2022) |
| 02/03/2022 | 649 | NOTICE to take deposition of Serene Smith filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/03/2022 | 650 | NOTICE to take deposition of Genevieve Lawrence filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/03/2022 | 651 | NOTICE to take deposition of Amy Somerville filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, |

| | | |
|---|---|---|
| | | Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/03/2022 | 652 | NOTICE to take deposition of Carole McCabe filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/03/2022 | 653 | NOTICE to take deposition of Wendy Crane filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/03/2022 | 654 | NOTICE to take deposition of Rosalie Warner filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/03/2022 | 655 | NOTICE to take deposition of Jenny Moyer filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/03/2022) |
| 02/04/2022 | 656 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Oral Argument on motion regarding class certification (Docs. 459 and 552) is set for 4/15/2022 at 1:30 PM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/04/2022) |
| 02/04/2022 | 657 | **AMENDED** NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Oral Argument on motions regarding class certification (Docs. 459 and 552) is set for 4/18/2022 at 1:30 PM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/04/2022) |
| 02/04/2022 | 658 | ELECTRONIC TRANSCRIPT of Teleconference held January 13, 2022, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 13. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 2/11/2022 unless otherwise directed by the court. Release of Transcript Restriction set for 5/5/2022. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 02/04/2022) |
| 02/04/2022 | 659 | ELECTRONIC TRANSCRIPT of Teleconference held January 18, 2022, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 5. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 2/11/2022 unless otherwise directed by the court. Release of Transcript** |

| | | |
|---|---|---|
| | | **Restriction set for 5/5/2022. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 02/04/2022) |
| 02/04/2022 | 660 | NOTICE to take deposition of David Liniger filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/04/2022) |
| 02/06/2022 | 661 | Amended NOTICE to take deposition of Nick Bailey filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/06/2022) |
| 02/07/2022 | 662 | Amended NOTICE to take deposition of Adam Contos filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/07/2022) |
| 02/08/2022 | 663 | STIPULATION *Regarding the National Association of Realtors Trial Witnesses* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 02/08/2022) |
| 02/08/2022 | 664 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 2/10/2021 at 11:00 AM in Chambers before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/08/2022) |
| 02/08/2022 | 665 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 2/10/2022 at 11:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 02/08/2022) |
| 02/10/2022 | 666 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: Discovery Dispute TELEPHONE CONFERENCE held on 2/10/2022. Order to be entered. Time in court: 11:02 a.m. to 11:15 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 02/10/2022) |
| 02/10/2022 | 667 | On February 10, 2022, the Court presided over a discovery dispute teleconference pursuant to Local Rule 37.1. For the reasons stated on the record, the Court ORDERS that while this case is not consolidated with the Moehrl case, the parties are not precluded from using the deposition testimony in the Moehrl case under Federal Rule of Civil Procedure 32(a). Signed on 2/10/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 02/10/2022) |
| 02/14/2022 | 668 | NOTICE to take deposition of Karri Callahan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/14/2022) |
| 02/14/2022 | 669 | STIPULATION *Regarding Realogy Trial Witnesses* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 02/14/2022) |

| 02/14/2022 | 670 | NOTICE to take deposition of Mike Brodie filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/14/2022) |
|---|---|---|
| 02/14/2022 | 671 | NOTICE to take deposition of Meredith Maples filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/14/2022) |
| 02/15/2022 | 672 | ELECTRONIC TRANSCRIPT of Teleconference held February 10, 2022, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 10. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 2/22/2022 unless otherwise directed by the court. Release of Transcript Restriction set for 5/16/2022. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** <br><br> (Wambolt, Gayle) (Entered: 02/15/2022) |
| 02/15/2022 | 673 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and to Testify at a Deposition to Columbia Board of Realtors* by Realogy Holdings Corp. (Attachments: # 1 Exhibit 1– Subpoena)(Clinkinbeard, Karrie) (Entered: 02/15/2022) |
| 02/15/2022 | 674 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and to Testify at a Deposition to Greater Springfield Board of Realtors* by Realogy Holdings Corp. (Attachments: # 1 Exhibit 1 – Subpoena)(Clinkinbeard, Karrie) (Entered: 02/15/2022) |
| 02/15/2022 | 675 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and to Testify at a Deposition to Kansas City Regional Association of Realtors* by Realogy Holdings Corp. (Attachments: # 1 Exhibit 1 – Subpoena)(Clinkinbeard, Karrie) (Entered: 02/15/2022) |
| 02/15/2022 | 676 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and to Testify at a Deposition to Mid–America Regional Information Systems, Inc.* by Realogy Holdings Corp. (Attachments: # 1 Exhibit 1 – Subpoena)(Clinkinbeard, Karrie) (Entered: 02/15/2022) |
| 02/22/2022 | 677 | NOTICE to take deposition of Rene Galicia filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/22/2022) |
| 02/24/2022 | 678 | Amended NOTICE to take deposition of Adam Contos filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/24/2022) |
| 02/24/2022 | 679 | Amended NOTICE to take deposition of Rene Galicia filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: |

| | | 02/24/2022) |
|---|---|---|
| 02/25/2022 | 680 | Amended NOTICE to take deposition of Carole McCabe filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 02/25/2022) |
| 03/01/2022 | 681 | Amended NOTICE to take deposition of Ryan Schneider filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/01/2022) |
| 03/01/2022 | 682 | Amended NOTICE to take deposition of Columbia Board of Realtors filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 03/01/2022) |
| 03/01/2022 | 683 | Amended NOTICE to take deposition of Mid–America Regional Information Systems, Inc. filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 03/01/2022) |
| 03/01/2022 | 684 | Amended NOTICE to take deposition of Kansas City Regional Association of Realtors filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 03/01/2022) |
| 03/01/2022 | 685 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents and Testify at a Deposition to the Southern Missouri Regional MLS* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger (Attachments: # 1 Exhibit 1)(Dirks, Eric) (Entered: 03/01/2022) |
| 03/02/2022 | 686 | Amended NOTICE to take deposition of Rene Galicia filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/02/2022) |
| 03/02/2022 | 687 | NOTICE to take deposition of Marc King filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/02/2022) |
| 03/02/2022 | 688 | NOTICE to take deposition of James Elsea filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/02/2022) |
| 03/07/2022 | 689 | STIPULATION *Regarding Keller Williams Trial Witnesses* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 03/07/2022) |
| 03/09/2022 | 690 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 3/24/2022 at 9:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 03/09/2022) |
| 03/12/2022 | 691 | |

| | | NOTICE to take deposition of designated representative(s) of BHH Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/12/2022) |
|---|---|---|
| 03/12/2022 | 692 | NOTICE to take deposition of designated representative(s) of HomeServices of America, Inc. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/12/2022) |
| 03/12/2022 | 693 | NOTICE to take deposition of designated representative(s) of HSF Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/12/2022) |
| 03/12/2022 | 694 | NOTICE to take deposition of designated representative(s) of Keller Williams Realty, Inc. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/12/2022) |
| 03/12/2022 | 695 | NOTICE to take deposition of designated representative(s) of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/12/2022) |
| 03/12/2022 | 696 | NOTICE to take deposition of designated representative(s) of RE/MAX LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/12/2022) |
| 03/17/2022 | 697 | Amended NOTICE to take deposition of Wendy Crane filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/17/2022) |
| 03/18/2022 | 698 | Amended NOTICE to take deposition of Karri Callahan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/18/2022) |
| 03/22/2022 | 699 | NOTICE to take deposition of Jo–Ann Sloan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/22/2022) |
| 03/22/2022 | 700 | Amended NOTICE to take deposition of Ron Peltier filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/22/2022) |
| 03/22/2022 | 701 | Amended NOTICE to take deposition of Brian Peterson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/22/2022) |
| 03/22/2022 | 702 | Amended NOTICE to take deposition of Robert Watson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan |

| | | Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/22/2022) |
|---|---|---|
| 03/22/2022 | 703 | NOTICE to take deposition of Sarah Butler filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/22/2022) |
| 03/22/2022 | 704 | NOTICE of filing – *Notice of Intent to Issue Subpoena to Produce Documents to Northwest Multiple Listing Service* by Realogy Holdings Corp. (Attachments: # 1 Exhibit A – Subpoena)(Kliebard, Kenneth) (Entered: 03/22/2022) |
| 03/24/2022 | 705 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: TELEPHONE CONFERENCE held on 3/24/2022. Time in court: 9:00 a.m. to 9:16 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 03/24/2022) |
| 03/24/2022 | 706 | On March 24, 2022, the Court conducted a teleconference regarding the upcoming April 18, 2022, oral arguments on the motion for class certification. For the reasons stated during that hearing, the Court ORDERS that the oral arguments shall last two hours. Each side shall have one hour to present their arguments including, if they choose, live testimony from their class certification expert witness. Signed on 3/24/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 03/24/2022) |
| 03/24/2022 | 707 | Amended NOTICE to take deposition of Ron Peltier filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/24/2022) |
| 03/24/2022 | 708 | Amended NOTICE to take deposition of Carole McCabe filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/24/2022) |
| 03/25/2022 | 709 | NOTICE of filing *Notice of Intent to Issue Subpoena to Produce Documents to the Northwest Multiple Listing Service* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger (Attachments: # 1 Exhibit A)(Dirks, Eric) (Entered: 03/25/2022) |
| 03/28/2022 | 710 | STIPULATION *Regarding HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC Trial Witnesses* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 03/28/2022) |
| 03/28/2022 | 711 | Amended NOTICE to take deposition of Meredith Maples filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/28/2022) |
| 03/28/2022 | 712 | Amended NOTICE to take deposition of James Elsea filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/28/2022) |
| 03/28/2022 | 713 | |

| | | |
|---|---|---|
| | | Amended NOTICE to take deposition of Marc King filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/28/2022) |
| 03/28/2022 | <u>714</u> | Amended NOTICE to take deposition of HomeServices of America, Inc. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/28/2022) |
| 03/28/2022 | <u>715</u> | Amended NOTICE to take deposition of BHH Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/28/2022) |
| 03/28/2022 | <u>716</u> | Amended NOTICE to take deposition of HSF Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/28/2022) |
| 03/29/2022 | <u>717</u> | NOTICE to take deposition of Steven DiNapoli filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 03/29/2022) |
| 03/31/2022 | <u>718</u> | ELECTRONIC TRANSCRIPT of Teleconference held March 24, 2022, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 12. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 4/7/2022 unless otherwise directed by the court. Release of Transcript Restriction set for 6/29/2022. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** <br><br> (Wambolt, Gayle) (Entered: 03/31/2022) |
| 04/01/2022 | 719 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 4/6/2022 at 9:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 04/01/2022) |
| 04/01/2022 | <u>720</u> | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 04/01/2022) |
| 04/04/2022 | <u>721</u> | MOTION to withdraw as attorney filed by Kenneth M. Kliebard on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 4/18/2022 unless otherwise directed by the court. (Kliebard, Kenneth) (Entered: 04/04/2022) |
| 04/04/2022 | <u>722</u> | Amended NOTICE to take deposition of Nick Bailey filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: |

| | | |
|---|---|---|
| | | 04/04/2022) |
| 04/05/2022 | | NOTICE OF HEARING CANCELLATION – The Discovery Dispute Telephone Conference scheduled for 4/6/2022 at 9:00 a.m. has been cancelled.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/05/2022) |
| 04/05/2022 | 723 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Twenty−first Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 04/05/2022) |
| 04/05/2022 | 724 | STIPULATION *[Amended] Regarding Keller Williams Trial Witnesses* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 04/05/2022) |
| 04/06/2022 | 725 | Amended NOTICE to take deposition of Jay Papasan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/06/2022) |
| 04/07/2022 | 726 | Before the Court is Defendant Realogy Holdings Corporation's Motion to Withdraw as Counsel. (Doc. #721.) For good cause stated, the motion is GRANTED. Jonathan M. Justl is hereby withdrawn as counsel for Defendant Realogy. Defendant Realogy shall continue to be represented by its other counsel of record. Signed on 4/7/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/07/2022) |
| 04/08/2022 | 727 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 04/08/2022) |
| 04/09/2022 | 728 | Amended NOTICE to take deposition of Steven DiNapoli filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/09/2022) |
| 04/11/2022 | 729 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 04/11/2022) |
| 04/13/2022 | 730 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 4/13/2022 at 2:00 PM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 04/13/2022) |
| 04/13/2022 | | NOTICE OF HEARING CANCELLATION – The Discovery Dispute Telephone Conference scheduled for 4/13/2022 at 2:00 p.m. has been cancelled.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/13/2022) |
| 04/15/2022 | 731 | NOTICE of filing – *Notice of Supplemental Authority and Material* – by HomeServices of America, Inc. re 553 Suggestions in Opposition to Motion (Sealed),,,,,, (Attachments: # 1 Exhibit A – NYPL v. JPMorgan Chase & Co., # 2 Exhibit B – Deposition of Sharon Millett (HomeServices' Portion, January 21, 2022))(Fries, Brian) (Entered: 04/15/2022) |
| 04/18/2022 | 732 | |

| | | Minute Entry. Proceedings held before District Judge Stephen R. Bough: ORAL ARGUMENT held on 4/18/2022. Oral argument on Plaintiff's Motion for Class Certification (Doc. #459) and Defendant's Motion to Exclude Class Certification Testimony (Doc. #552). Plaintiff calls Dr. Craig T. Schulman. Witness sworn. Direct examination 1:32 p.m. Witness excused 1:49 p.m. Plaintiff presents oral arguments. Defendant presents oral argument 2:06 p.m. Defendant calls Lauren J. Stiroh, Ph.D. Witness sworn. Direct examination 2:19 p.m. Cross examination 3:06 p.m. Redirect examination 3:22 p.m. Witness excused 3:22 p.m. Defendant presents oral argument 3:23 p.m. Plaintiffs recalls Dr. Craig T. Schulman. Direct examination 3:34 p.m. Witness excused. Plaintiff presents oral argument 3:37 p.m. Time in court: 1:26 p.m. to 3:42 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/18/2022) |
|---|---|---|
| 04/18/2022 | 733 | Before the Court is Defendant's Motion to Exclude Class Certification Opinion Testimony of Dr. Craig T. Schulman. (Doc. #552.) For the reasons stated during the oral arguments conducted on April 18, 2022, the motion is DENIED. Signed on 4/18/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 04/18/2022) |
| 04/19/2022 | 734 | Amended NOTICE to take deposition of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/19/2022) |
| 04/19/2022 | 735 | NOTICE to take deposition of Will Fried filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/19/2022) |
| 04/19/2022 | 736 | NOTICE to take deposition of Linda O'Connor filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/19/2022) |
| 04/19/2022 | 737 | NOTICE to take deposition of The National Association of Realtors filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/19/2022) |
| 04/19/2022 | 738 | Amended NOTICE to take deposition of Will Fried filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/19/2022) |
| 04/20/2022 | 739 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 04/20/2022) |
| 04/21/2022 | 740 | Amended NOTICE to take deposition of RE/MAX LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/21/2022) |
| 04/22/2022 | 741 | ORDER granting 459 Motion for Class Certification. Signed on 4/22/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 04/22/2022) |

| 04/22/2022 | 742 | ELECTRONIC TRANSCRIPT of Class Certification Hearing held April 18, 2022, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 103. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 4/29/2022 unless otherwise directed by the court. Release of Transcript Restriction set for 7/21/2022. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 04/22/2022) |
|---|---|---|
| 04/25/2022 | 743 | Amended NOTICE to take deposition of Brian Peterson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/25/2022) |
| 04/25/2022 | 744 | Amended NOTICE to take deposition of Robert Watson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/25/2022) |
| 04/25/2022 | 745 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Twenty–second Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 04/25/2022) |
| 04/25/2022 | 746 | CERTIFICATE OF SERVICE by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano *[Plaintiffs' Third Supplemental Initial Disclosures]* filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 04/25/2022) |
| 04/28/2022 | 747 | Motion to allow Ethan Glass to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7908324) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 04/28/2022) |
| 04/28/2022 | 748 | ORDER granting 747 motion to appear pro hac vice entered by Clerk of Court. Attorney Ethan Glass for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/28/2022) |
| 04/29/2022 | 749 | Motion to allow John Purcell to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7909565) filed by Alexander Barrett on behalf of National |

| | | |
|---|---|---|
| | | Association of Realtors. (Barrett, Alexander) (Entered: 04/29/2022) |
| 04/29/2022 | 750 | Motion to allow Molly Wiltshire to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−7909570) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 04/29/2022) |
| 04/29/2022 | 751 | Motion to allow Robert Wierenga to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−7909577) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 04/29/2022) |
| 04/29/2022 | 752 | Motion to allow Jacob Danziger to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−7909580) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 04/29/2022) |
| 04/29/2022 | 753 | CERTIFICATE OF SERVICE by Re/Max LLC *of Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 04/29/2022) |
| 04/29/2022 | 754 | ORDER granting 749 , 750 , 751 , 752 motion to appear pro hac vice entered by Clerk of Court. Attorney John S. Purcell, Molly L. Wiltshire, Robert J. Wierenga, and Jacob K. Danziger for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. <br><br> Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/29/2022) |
| 04/29/2022 | 755 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 04/29/2022) |
| 05/03/2022 | 756 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Twenty−third Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 05/03/2022) |
| 05/05/2022 | 757 | MOTION to compel *Arbitration* filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 5/19/2022 unless otherwise directed by the court. (Fries, Brian) (Entered: 05/05/2022) |
| 05/05/2022 | 758 | SUGGESTIONS in support re 757 MOTION to compel *Arbitration* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit 1 − Supplemental Declaration of Holly Smith regarding ReeceNichols, # 2 Exhibit 2 − Supplemental Declaration of Holly Smith regarding BHH KC)(Related document(s) 757 ) (Fries, Brian) (Entered: 05/05/2022) |
| 05/06/2022 | 759 | AMENDED COMPLAINT *Third Amended Class Action Complaint* against All Defendants filed by Matthew Lee Dameron on behalf of All Plaintiffs.(Dameron, Matthew) (Entered: 05/06/2022) |

| 05/06/2022 | 760 | NOTICE of filing *Plaintiffs' Notice of Filing Proposed Class Notice* by Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dirks, Eric) (Entered: 05/06/2022) |
|---|---|---|
| 05/06/2022 | 761 | CERTIFICATE OF SERVICE by All Plaintiffs *Certificate of Service* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Dirks, Eric) (Entered: 05/06/2022) |
| 05/10/2022 | 762 | MOTION for leave to file *to Issue Rule 45 Subpoena* filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 5/24/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Buchanan, David) (Entered: 05/10/2022) |
| 05/10/2022 | 763 | Before the Court is a Motion by Keller Williams Realty, Inc. for Leave to Issue Rule 45 Subpoena. (Doc. #762.) For good cause stated, the motion is GRANTED. Keller Williams may issue the attached subpoena (Doc. #762–1) to third party Real Estate Exchange. Signed on 5/10/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 05/10/2022) |
| 05/11/2022 | 764 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 05/11/2022) |
| 05/16/2022 | 765 | NOTICE of change of address by Danne Wayne Webb (Webb, Danne) (Entered: 05/16/2022) |
| 05/16/2022 | 766 | Amended NOTICE to take deposition of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Attorney Brandon J.B. Boulware added to party Shelly Dreyer(pty:pla), Attorney Brandon J.B. Boulware added to party Hollee Ellis(pty:pla), Attorney Brandon J.B. Boulware added to party Frances Harvey(pty:pla))(Boulware, Brandon) (Entered: 05/16/2022) |
| 05/16/2022 | 767 | Consent MOTION for extension of time to file response/reply *and Enlargement of Page Limit* filed by Jeremy M. Suhr on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 5/31/2022 unless otherwise directed by the court. (Attorney Jeremy M. Suhr added to party Shelly Dreyer(pty:pla), Attorney Jeremy M. Suhr added to party Hollee Ellis(pty:pla), Attorney Jeremy M. Suhr added to party Frances Harvey(pty:pla))(Suhr, Jeremy) (Entered: 05/16/2022) |
| 05/17/2022 | 768 | Before the Court is a Consent Motion for Extension of Time and Enlargement of Page Limit. (Doc. #767.) For good cause stated, the motion is GRANTED. Plaintiffs shall have up to and including June 16, 2022, to respond to the HomeServices Defendants' Motion to Compel Arbitration (Doc. #757). Plaintiffs' response may be up to and including twenty–five (25) pages, not including exhibits, signature blocks, statement of facts, table of contents, and tables of authorities pursuant to Local Rule 7.0(d). Signed on 3/17/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 05/17/2022) |
| 05/18/2022 | 769 | |

| | | |
|---|---|---|
| | | Amended NOTICE to take deposition of HomeServices of America, Inc. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/18/2022) |
| 05/18/2022 | 770 | Amended NOTICE to take deposition of BHH Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/18/2022) |
| 05/18/2022 | 771 | Amended NOTICE to take deposition of HSF Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/18/2022) |
| 05/18/2022 | 772 | Amended NOTICE to take deposition of Meredith Maples filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/18/2022) |
| 05/18/2022 | 773 | Amended NOTICE to take deposition of Marc King filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/18/2022) |
| 05/18/2022 | 774 | NOTICE to take deposition of James Shaw filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/18/2022) |
| 05/18/2022 | 775 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. *of Subpoena to Produce Documents with Affidavit of Service Exhibit A* filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit A)(Buchanan, David) (Entered: 05/18/2022) |
| 05/20/2022 | 776 | ANSWER to 759 Amended Complaint on behalf of National Association of Realtors.(Bierig, Jack) (Entered: 05/20/2022) |
| 05/20/2022 | 777 | ANSWER to 759 Amended Complaint on behalf of Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 05/20/2022) |
| 05/20/2022 | 778 | *Defendant Keller Williams Realty, Inc.'s Defenses and* ANSWER to 759 Amended Complaint on behalf of Keller Williams Realty, Inc..(Buchanan, David) (Entered: 05/20/2022) |
| 05/20/2022 | 779 | *RE/MAX LLC's* ANSWER to 759 Amended Complaint *(Third)* on behalf of Re/Max LLC.(Webb, Danne) (Entered: 05/20/2022) |
| 05/20/2022 | 780 | CERTIFICATE OF SERVICE by Re/Max LLC *For Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 05/20/2022) |
| 05/20/2022 | 781 | ANSWER to 759 Amended Complaint on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Attorney Jennifer M. Keas added to party BHH Affiliates, LLC(pty:dft), Attorney Jennifer M. Keas added to party HSF Affiliates, LLC(pty:dft))(Keas, Jennifer) (Entered: 05/20/2022) |

| 05/24/2022 | <u>782</u> | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 05/24/2022) |
|---|---|---|
| 05/25/2022 | 783 | The Court ORDERS that Defendants shall have up to and including June 10, 2022, to file any objections to Plaintiffs' Notice of Filing Proposed Class Notice (Doc. #760). Signed on 5/25/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 05/25/2022) |
| 05/27/2022 | <u>784</u> | MOTION to compel *Arbitration* filed by Danne Wayne Webb on behalf of Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. Suggestions in opposition/response due by 6/10/2022 unless otherwise directed by the court. (Attorney Danne Wayne Webb added to party Keller Williams Realty, Inc.(pty:dft), Attorney Danne Wayne Webb added to party National Association of Realtors(pty:dft), Attorney Danne Wayne Webb added to party Realogy Holdings Corp.(pty:dft))(Webb, Danne) (Entered: 05/27/2022) |
| 05/27/2022 | <u>785</u> | SUGGESTIONS in support re <u>784</u> MOTION to compel *Arbitration* filed by Danne Wayne Webb on behalf of Defendants Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Related document(s) <u>784</u> ) (Webb, Danne) (Entered: 05/27/2022) |
| 05/27/2022 | <u>786</u> | Amended NOTICE to take deposition of RE/MAX LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/27/2022) |
| 05/27/2022 | <u>787</u> | Amended NOTICE to take deposition of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 05/27/2022) |
| 05/31/2022 | <u>788</u> | CERTIFICATE OF SERVICE by Re/Max LLC *For Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 05/31/2022) |
| 06/02/2022 | <u>789</u> | NOTICE to take deposition of Jeffrey Rothbart filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 06/02/2022) |
| 06/03/2022 | <u>790</u> | Consent MOTION for extension of time filed by Jeremy M. Suhr on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 6/17/2022 unless otherwise directed by the court. (Suhr, Jeremy) (Entered: 06/03/2022) |
| 06/03/2022 | <u>791</u> | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/03/2022) |
| 06/03/2022 | 792 | Before the Court is Plaintiffs' Consent Motion for Extension of Time. (Doc. #790.) For good cause stated, the motion is GRANTED. Plaintiffs shall have up to and including June 16, 2022, to respond to Defendants RE/MAX, LLC, The National Association of Realtors, Realogy Holdings Corp. and Keller Williams Realty, Inc.'s Motion to Compel Arbitration or, in the Alternative, to Stay Proceedings Pending Arbitration. Signed on 6/3/2022 by District Judge Stephen R. Bough. This is a |

| | | |
|---|---|---|
| | | TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/03/2022) |
| 06/07/2022 | 793 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/07/2022) |
| 06/07/2022 | 794 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/07/2022) |
| 06/07/2022 | 795 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Twenty−fourth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 06/07/2022) |
| 06/08/2022 | 796 | NOTICE to take deposition of Douglas Minor filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 06/08/2022) |
| 06/09/2022 | 797 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/09/2022) |
| 06/10/2022 | 798 | NOTICE of filing *Defendants' Response to Plaintiffs' Notice of Filing Class Notice* by HomeServices of America, Inc. (Attachments: # 1 Exhibit A)(Fries, Brian) (Entered: 06/10/2022) |
| 06/13/2022 | 799 | ORDER – On June 10, 2022, Defendants filed their Response to Plaintiffs' Notice of Filing Class Notice (Doc. 798 ). Defendant' filing states that the parties are continuing to meet and confer regarding a class notice plan and are hopeful to resolve any differences this week. In turn, the Court hereby ORDERS that the parties shall file a joint status report regarding an agreed upon proposed class notice plan on or before **June 17, 2022**. Signed on 6/13/22 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Anderson, Christy) (Entered: 06/13/2022) |
| 06/14/2022 | 800 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/14/2022) |
| 06/14/2022 | 801 | STIPULATION *[Second Amended Stipulation Regarding Keller Williams Trial Witnesses]* by Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 06/14/2022) |
| 06/15/2022 | 802 | NOTICE to take deposition of Dr. Craig Schulman filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 06/15/2022) |
| 06/15/2022 | 803 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/15/2022) |
| 06/16/2022 | 804 | Amended NOTICE to take deposition of Jeffrey Rothbart filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 06/16/2022) |

| | | |
|---|---|---|
| 06/16/2022 | 805 | Joint MOTION to amend/correct 543 Amended Scheduling Order,,, Terminate Motions,, filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 6/30/2022 unless otherwise directed by the court. (Related document(s) 543 ) (Fries, Brian) (Entered: 06/16/2022) |
| 06/16/2022 | 806 | SUGGESTIONS in opposition re 757 MOTION to compel *Arbitration* filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Reply suggestions due by 6/30/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Related document(s) 757 ) (Suhr, Jeremy) (Entered: 06/16/2022) |
| 06/16/2022 | 807 | SUGGESTIONS in opposition re 784 MOTION to compel *Arbitration* filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Reply suggestions due by 6/30/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Related document(s) 784 ) (Suhr, Jeremy) (Entered: 06/16/2022) |
| 06/17/2022 | 808 | STATUS REPORT – *Joint Status Report* – by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit A – Modified Notices)(Fries, Brian) (Entered: 06/17/2022) |
| 06/17/2022 | 809 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 06/17/2022) |
| 06/17/2022 | 810 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 06/17/2022) |
| 06/21/2022 | 811 | FIFTH AMENDED SCHEDULING ORDER: Oral argument on dispositive motions will be held on November 18, 2022, at 9:30 a.m. The pretrial conference shall be held on January 6, 2023, at 9:00 a.m. Trial shall begin on February 21, 2023, and be scheduled for two weeks. Signed on 6/21/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 06/21/2022) |
| 06/21/2022 | 812 | Pursuant to the Court's June 13, 2022, Order (Doc. #799), the parties filed a Joint Status Report regarding a proposed class notice plan. (Doc. #808.) While the parties state they continue to make substantial progress avoiding disputes regarding a notice plan, Federal Rule of Civil Procedure 23(c)(B) requires the Court to approve a notice plan that provides "the best notice that is practicable under the circumstances." Accordingly, the Court hereby ORDERS (1) the parties to submit a joint motion detailing the notice plan for the Court to review on or before July 8, 2022; or (2) if the parties cannot reach an agreed upon proposed class notice plan for the Court's approval, the parties shall submit separate motions for the Court to review on or before July 8, 2022. Signed on 6/21/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/21/2022) |
| 06/21/2022 | 813 | NOTICE to take deposition of Roger Alford filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 06/21/2022) |
| 06/22/2022 | 814 | |

| | | |
|---|---|---|
| | | NOTICE to take deposition of Todd Reynolds filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 06/22/2022) |
| 06/24/2022 | 815 | CERTIFICATE OF SERVICE by Re/Max LLC *Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 06/24/2022) |
| 06/28/2022 | 816 | Motion to allow Samantha A. Strauss to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−7995224) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 06/28/2022) |
| 06/28/2022 | 817 | ORDER granting 816 motion to appear pro hac vice entered by Clerk of Court. Attorney Samantha A. Strauss for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/28/2022) |
| 06/29/2022 | 818 | Consent MOTION for extension of time to file response/reply *SUGGESTIONS IN SUPPORT OF MOTION TO COMPEL ARBITRATION* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 7/13/2022 unless otherwise directed by the court. (Webb, Danne) (Entered: 06/29/2022) |
| 06/29/2022 | 819 | The National Association of Realtors, Keller Williams Realty, Inc., and Realogy Holdings Corp. to File Their Reply Suggestions in Support of Motion to Compel Arbitration. (Doc. #818.) Upon review, the motion is GRANTED. Defendants Re/Max, LLC, The National Association of Realtors, Keller Williams Realty, Inc., and Realogy Holdings Corp. may file their reply in support of their Motion to Compel Arbitration (Doc. #757) on or before July 7, 2022. Signed on 6/29/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/29/2022) |
| 06/30/2022 | 820 | Consent MOTION for leave to file excess pages filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 7/14/2022 unless otherwise directed by the court. (Fries, Brian) (Entered: 06/30/2022) |
| 06/30/2022 | 821 | Before the Court is Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC's Unopposed Motion for Enlargement of Page Limit. (Doc. #820.) Upon review, the motion is GRANTED. Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC may file briefs in reply to their Motion to Compel Arbitration (Doc. #757) up to seventeen (17) pages in length. Signed on 6/30/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/30/2022) |
| 06/30/2022 | 822 | |

| | | REPLY SUGGESTIONS to motion re 757 MOTION to compel *Arbitration* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 757 ) (Fries, Brian) (Entered: 06/30/2022) |
|---|---|---|
| 07/01/2022 | 823 | MOTION to withdraw as attorney filed by Amy R Jackson on behalf of All Plaintiffs. Suggestions in opposition/response due by 7/15/2022 unless otherwise directed by the court. (Jackson, Amy) (Entered: 07/01/2022) |
| 07/01/2022 | 824 | Before the Court is a Motion to Withdraw as Counsel. (Doc. #823.) Upon review, the motion is GRANTED. Amy R. Jackson is hereby withdrawn as counsel of record. Plaintiffs will continue to be represented by their counsel of record. Signed on 7/1/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 07/01/2022) |
| 07/01/2022 | 825 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/01/2022) |
| 07/01/2022 | 826 | CERTIFICATE OF SERVICE by National Association of Realtors filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 07/01/2022) |
| 07/06/2022 | 827 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/06/2022) |
| 07/07/2022 | 828 | REPLY SUGGESTIONS to motion re 784 MOTION to compel *Arbitration* filed by Danne Wayne Webb on behalf of Defendants Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Related document(s) 784 ) (Webb, Danne) (Entered: 07/07/2022) |
| 07/07/2022 | 829 | CERTIFICATE OF SERVICE by National Association of Realtors *First Requests for Admissions to Named Plaintiffs* filed by Jack R. Bierig on behalf of Defendant National Association of Realtors.(Bierig, Jack) (Entered: 07/07/2022) |
| 07/07/2022 | 830 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/07/2022) |
| 07/07/2022 | 831 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Requests for Admission to Defendants* filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Suhr, Jeremy) (Entered: 07/07/2022) |
| 07/08/2022 | 832 | Amended NOTICE to take deposition of RE/MAX LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 07/08/2022) |
| 07/08/2022 | 833 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Matthew Lee Dameron on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger.(Attorney Matthew Lee Dameron added to party Shelly Dreyer(pty:pla), Attorney Matthew Lee Dameron added to party Hollee |

| | | |
|---|---|---|
| | | Ellis(pty:pla), Attorney Matthew Lee Dameron added to party Frances Harvey(pty:pla))(Dameron, Matthew) (Entered: 07/08/2022) |
| 07/08/2022 | 834 | Joint MOTION for order *Joint Motion for Approval of Class Notice Plan* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 7/22/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Attorney Eric L. Dirks added to party Shelly Dreyer(pty:pla), Attorney Eric L. Dirks added to party Hollee Ellis(pty:pla), Attorney Eric L. Dirks added to party Frances Harvey(pty:pla))(Dirks, Eric) (Entered: 07/08/2022) |
| 07/11/2022 | 835 | ORDER granting 834 Joint Motion for Approval of Class Notice Plan. Signed on 7/11/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 07/11/2022) |
| 07/11/2022 | 836 | NOTICE to take deposition of David Stevens filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Suhr, Jeremy) (Entered: 07/11/2022) |
| 07/11/2022 | 837 | NOTICE to take deposition of Lawrence Wu filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 07/11/2022) |
| 07/11/2022 | 838 | Amended NOTICE to take deposition of The National Association of Realtors filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 07/11/2022) |
| 07/12/2022 | 839 | Amended NOTICE to take deposition of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 07/12/2022) |
| 07/14/2022 | 840 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/14/2022) |
| 07/15/2022 | 841 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. *of Expert Reports of David Stevens, Walt Clements and Lawrence Wu* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 07/15/2022) |
| 07/15/2022 | 842 | NOTICE to take deposition of Shelly Dreyer filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 07/15/2022) |
| 07/19/2022 | 843 | ORDER denying 757 motion to compel; denying 784 motion to compel. Signed on 7/19/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 07/19/2022) |
| 07/20/2022 | 844 | CERTIFICATE OF SERVICE by Re/Max LLC *of Objections and Responses to Plaintiffs' Third Amended Notice to Take Videotaped Deposition of RE/MAX LLC pursuant to Fed.R.Civ.P. 30(b)(6)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/20/2022) |

| 07/20/2022 | 845 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Twenty−fifth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 07/20/2022) |
|---|---|---|
| 07/20/2022 | 846 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/20/2022) |
| 07/21/2022 | 847 | NOTICE of filing *Notice of Withdrawal − Shelly Dreyer* by Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Dirks, Eric) (Entered: 07/21/2022) |
| 07/21/2022 | 848 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/21/2022) |
| 07/26/2022 | 849 | Amended DISCLOSURE OF CORPORATE INTERESTS filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/26/2022) |
| 07/27/2022 | 850 | Motion to allow Steven F. Molo to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8035536) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/27/2022) |
| 07/27/2022 | 851 | Motion to allow Justin M. Ellis to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8035554) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/27/2022) |
| 07/27/2022 | 852 | Motion to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8035562) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/27/2022) |
| 07/27/2022 | 853 | Motion to allow Matthew J. Fisher to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8035567) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/27/2022) |
| 07/27/2022 | 854 | Motion to allow Pamela Yaacoub to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8035573) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/27/2022) |
| 07/27/2022 | 855 | Motion to allow Eugene A. Sokoloff to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8035582) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 07/27/2022) |
| 07/28/2022 | 856 | ORDER granting 850 , 851 , 852 , 853 , 854 , and 855 motion to appear pro hac vice entered by Clerk of Court. Attorney Steven F. Molo,Justin M. Ellis,Lauren M. Weinstein,Matthew J. Fisher,Pamela Yaacoub, and Eugene A. Sokoloff for Realogy Holdings Corp. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: |

| | | 07/28/2022) |
|---|---|---|
| 07/29/2022 | 857 | NOTICE to take deposition of Frances Harvey filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/29/2022) |
| 07/29/2022 | 858 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 07/29/2022) |
| 07/29/2022 | 859 | Amended NOTICE to take deposition of Frances Harvey filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 07/29/2022) |
| 08/01/2022 | 860 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 8/3/2022 at 10:30 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 08/01/2022) |
| 08/01/2022 | 861 | Amended NOTICE to take deposition of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/01/2022) |
| 08/01/2022 | 862 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Twenty–Sixth Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 08/01/2022) |
| 08/02/2022 | 863 | Motion to allow Beatriz Mejia to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8042282) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 08/02/2022) |
| 08/02/2022 | 864 | Motion to allow Deepti Bansal to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8042287) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 08/02/2022) |
| 08/02/2022 | 865 | ORDER granting 863 and 864 motion to appear pro hac vice entered by Clerk of Court. Attorney Beatriz Mejia and Deepti Bansal for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 08/02/2022) |
| 08/02/2022 | 866 | CERTIFICATE OF SERVICE by National Association of Realtors *NAR's Responses and Objections to Plaintiffs' First Amended Notice to Take Deposition* filed by Jack R. Bierig on behalf of Defendant National Association of Realtors.(Bierig, Jack) (Entered: 08/02/2022) |
| 08/02/2022 | 867 | CERTIFICATE OF SERVICE by National Association of Realtors *of its First Supplemental Response and Objections to Plaintiffs' First Set of Interrogatories* filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 08/02/2022) |

| 08/03/2022 | 868 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: TELEPHONE CONFERENCE held on 8/3/2022. Order to be entered. Time in court: 10:30 a.m. to 10:47 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 08/03/2022) |
|---|---|---|
| 08/03/2022 | 869 | On August 3, 2022, the Court presided over a teleconference with the parties. For the reasons stated on the record, the Court GRANTS IN PART Defendants' request to amend the trial dates. Trial shall begin on February 21, 2023, and is scheduled for three weeks. Signed on 8/3/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 08/03/2022) |
| 08/03/2022 | 870 | Motion to allow Kelly Ozurovich Watne to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8044936) filed by Danne Wayne Webb on behalf of Re/Max LLC. (Webb, Danne) (Entered: 08/03/2022) |
| 08/03/2022 | 871 | ORDER granting 870 motion to appear pro hac vice entered by Clerk of Court. Attorney Kelly Ozurovich Watne for Re/Max LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 08/03/2022) |
| 08/04/2022 | 872 | NOTICE to take deposition of Hollee Ellis filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 08/04/2022) |
| 08/05/2022 | 873 | CERTIFICATE OF SERVICE by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano *Plaintiffs' Supplemental Production of Documents* filed by Matthew Lee Dameron on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Dameron, Matthew) (Entered: 08/05/2022) |
| 08/05/2022 | 874 | Motion to allow Elizabeth Wright to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8048506) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 08/05/2022) |
| 08/05/2022 | 875 | ORDER granting 874 motion to appear pro hac vice entered by Clerk of Court. Attorney Elizabeth Wright for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a |

| | | |
|---|---|---|
| | | TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 08/05/2022) |
| 08/08/2022 | 876 | NOTICE to take deposition of Walter Clements filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/08/2022) |
| 08/08/2022 | 877 | NOTICE OF APPEAL as to 843 Order on Motion to Compel, by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Filing fee $ 505, receipt number AMOWDC−8050854. (MacGill, Robert) (Entered: 08/08/2022) |
| 08/08/2022 | 878 | MOTION to stay *PENDING RESOLUTION OF FAA APPEAL* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 8/22/2022 unless otherwise directed by the court. (Attorney Robert D MacGill added to party BHH Affiliates, LLC(pty:dft), Attorney Robert D MacGill added to party HSF Affiliates, LLC(pty:dft))(MacGill, Robert) (Entered: 08/08/2022) |
| 08/08/2022 | 879 | SUGGESTIONS in support re 878 MOTION to stay *PENDING RESOLUTION OF FAA APPEAL* filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 878 ) (MacGill, Robert) (Entered: 08/08/2022) |
| 08/08/2022 | 880 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 877 Notice of Appeal. (Terry, Jason) (Entered: 08/08/2022) |
| 08/08/2022 | 881 | Motion to allow Anne Bigler to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8051047) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 08/08/2022) |
| 08/08/2022 | 882 | ORDER granting 881 motion to appear pro hac vice entered by Clerk of Court. Attorney Anne Bigler for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 08/08/2022) |
| 08/09/2022 | 883 | USCA Case Number from 8th Circuit Court of Appeals is 22−2664 for 877 Notice of Appeal filed by HSF Affiliates, LLC, BHH Affiliates, LLC, HomeServices of America, Inc.. Briefing schedule entered by the Court of Appeals is attached. (Attachments: # 1 Schedule)(Terry, Jason) (Entered: 08/09/2022) |
| 08/09/2022 | 884 | CERTIFICATE OF SERVICE by National Association of Realtors *Twenty−seventh Production of Documents* filed by Suzanne L. Wahl on behalf of Defendant National Association of Realtors.(Wahl, Suzanne) (Entered: 08/09/2022) |
| 08/10/2022 | 885 | |

| | | Amended NOTICE to take deposition of Frances Harvey filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/10/2022) |
|---|---|---|
| 08/11/2022 | 886 | NOTICE to take deposition of Dan Sight filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/11/2022) |
| 08/11/2022 | 887 | CERTIFICATE OF SERVICE by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano *Rebuttal Reports of Craig Schulman and Roger Alford* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Dirks, Eric) (Entered: 08/11/2022) |
| 08/12/2022 | 888 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 08/12/2022) |
| 08/12/2022 | 889 | CERTIFICATE OF SERVICE by National Association of Realtors *of its Objections and Responses to Plaintiffs' Requests for Admission* filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 08/12/2022) |
| 08/15/2022 | 890 | CERTIFICATE OF SERVICE by Re/Max LLC *Responses and Objections to Plaintiffs' Requests for Admission* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/15/2022) |
| 08/15/2022 | 891 | Amended NOTICE to take deposition of Realogy Holdings Corp. filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/15/2022) |
| 08/15/2022 | 892 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 08/15/2022) |
| 08/15/2022 | 893 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 08/15/2022) |
| 08/15/2022 | 894 | CERTIFICATE OF SERVICE by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano *Certificate of Service – Plaintiffs' Responses and Objections to Requests for Admission* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Dirks, Eric) (Entered: 08/15/2022) |
| 08/16/2022 | 895 | NOTICE to take deposition of Dr. Craig Schulman filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 08/16/2022) |
| 08/18/2022 | 896 | NOTICE to take deposition of Stephen McWilliam filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/18/2022) |

| 08/18/2022 | 897 | NOTICE to take deposition of Brian Montgomery filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/18/2022) |
|---|---|---|
| 08/19/2022 | 898 | NOTICE to take deposition of Heartland Multiple Listing Service, Inc. filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 08/19/2022) |
| 08/19/2022 | 899 | CERTIFICATE OF SERVICE by Re/Max LLC *For Production of Documents* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/19/2022) |
| 08/19/2022 | 900 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. filed by Kenneth M. Kliebard on behalf of Defendant Realogy Holdings Corp..(Kliebard, Kenneth) (Entered: 08/19/2022) |
| 08/22/2022 | 901 | TRANSCRIPT REQUEST by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. for proceedings held on October 21, 2019 (Doc. 137) and January 13, 2021 (Doc. 420) before Judge Stephen R. Bough.. (Attachments: # 1 Exhibit A)(Fries, Brian) (Entered: 08/22/2022) |
| 08/22/2022 | 902 | SUGGESTIONS in opposition re 878 MOTION to stay *PENDING RESOLUTION OF FAA APPEAL* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Reply suggestions due by 9/6/2022 unless otherwise directed by the court. (Related document(s) 878 ) (Attorney Scott A McCreight added to party Shelly Dreyer(pty:pla), Attorney Scott A McCreight added to party Hollee Ellis(pty:pla), Attorney Scott A McCreight added to party Frances Harvey(pty:pla))(McCreight, Scott) (Entered: 08/22/2022) |
| 08/22/2022 | 903 | ELECTRONIC TRANSCRIPT of Teleconference held January 13, 2021, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 9. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 8/29/2022 unless otherwise directed by the court. Release of Transcript Restriction set for 11/21/2022.  NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 08/22/2022) |
| 08/24/2022 | 904 | Amended NOTICE to take deposition of Brian Montgomery filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/24/2022) |
| 08/25/2022 | 905 | CERTIFICATE OF SERVICE by Re/Max LLC *Amended Rule 26 Disclosures* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 08/25/2022) |

| 08/25/2022 | [906](#) | MOTION for leave to file excess pages *and File under Seal (Unopposed)* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 9/8/2022 unless otherwise directed by the court. (Glass, Ethan) (Entered: 08/25/2022) |
|---|---|---|
| 08/25/2022 | [907](#) | Motion to allow Dina W. McKenney to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8077255) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 08/25/2022) |
| 08/25/2022 | 908 | ORDER granting [907](#) motion to appear pro hac vice entered by Clerk of Court. Attorney Dina W. McKenney for Keller Williams Realty, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at [PACER](#). This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 08/25/2022) |
| 08/25/2022 | [909](#) | REPLY SUGGESTIONS to motion re [878](#) MOTION to stay *PENDING RESOLUTION OF FAA APPEAL* filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) [878](#) ) (MacGill, Robert) (Entered: 08/25/2022) |
| 08/26/2022 | 910 | Before the Court is an Unopposed Motion for Enlargement of Page Limit and Leave to File Under Seal. (Doc. [906](#) .) Upon review, the motion is GRANTED. It is hereby ORDERED that: 1) Defendant Realogy Holdings Corp.'s Suggestions in Support of its Motion for Summary Judgment may exceed page limitations by two (2) pages; 2) Defendant National Association of REALTORSs Suggestions in Support of its Motion for Summary Judgment may exceed page limitations by five (5) pages; 3) Defendants Realogy Holdings Corp and National Association of REALTORS may file any confidential portions of their Suggestions in Support of their Motions for Summary Judgment, supporting exhibits, and their Motions to Exclude Expert Witness Testimony under seal. Signed on 8/26/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 08/26/2022) |
| 08/26/2022 | [911](#) | Amended NOTICE to take deposition of Stephen McWilliam filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 08/26/2022) |
| 08/26/2022 | [912](#) | MOTION to clarify *Text Order dated August 26, 2022 Regarding Filing Under Seal [DOC 910]* filed by Danne Wayne Webb on behalf of RE/MAX Holdings, Inc.. Suggestions in opposition/response due by 9/9/2022 unless otherwise directed by the court. (Webb, Danne) (Entered: 08/26/2022) |
| 08/26/2022 | [913](#) | MOTION for order Plaintiffs' Unopposed Motion for Approval of Supplemental Class Notice Plan *Plaintiffs' Unopposed Motion for Approval of Supplemental Class Notice Plan* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/9/2022 unless otherwise directed by the court. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit Exhibit A)(Dirks, Eric) (Entered: 08/26/2022) |
| 08/29/2022 | 914 | Before this Court is the Motion to Clarify (#912). The Motion is granted and all defendants are granted leave to file confidential portions of the case under seal. Signed on 8/29/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 08/29/2022) |
| 08/29/2022 | 915 | Before the Court is Plaintiffs' Unopposed Motion for Approval of Supplemental Class Notice Plan. (Doc. #913.) Upon review, the motion is GRANTED. The Supplemental Notice Plan (in addition to the direct notice plan and notices previously approved) is approved. Signed on 8/29/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 08/29/2022) |
| 08/29/2022 | 916 | ORDER granting in part and denying in part 878 motion to stay. Signed on 8/29/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 08/29/2022) |
| 08/29/2022 | 917 | MOTION for summary judgment filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Buchanan, David) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 918 | SUGGESTIONS in support (SEALED) re 917 MOTION for summary judgment filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2–A, # 4 Exhibit 2–B, # 5 Exhibit 2–C, # 6 Exhibit 3)(Related document(s) 917 ) (Buchanan, David) (Entered: 08/29/2022) |
| 08/29/2022 | 919 | MOTION for order *to Exclude Opinion testimony of Roger Alford* filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Buchanan, David) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 920 | SUGGESTIONS in support (SEALED) re 919 MOTION for order *to Exclude Opinion testimony of Roger Alford* filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Related document(s) 919 ) (Buchanan, David) (Entered: 08/29/2022) |
| 08/29/2022 | 921 | MOTION for order to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Fries, Brian) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 922 | SUGGESTIONS in support (SEALED) re 921 MOTION for order to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Declaration of Scott E. Murray, # 2 Exhibit 1 – Schulman Merits Report, # 3 Exhibit 2 – Schulman Merits Reply Report, # 4 |

| | | |
|---|---|---|
| | | Exhibit 3 – Schulman Dep. II, # 5 Exhibit 4 – Expert Report of Brian Cannan, # 6 Exhibit 5 – Expert Rebuttal Report of Lawrence Wu, # 7 Exhibit 6 – 1/24/22 Pls. Objs. And Resps. To HomeServices of Americas First Set of Interrogs., # 8 Exhibit 7 – 7/8/22 Pls. Objs. And Resps. To RE/MAX LLCs First Set of Interrogs., # 9 Exhibit 8 – Named Plaintiff Trupiano Listing Agreement, # 10 Exhibit 9 – Harvey Dep., # 11 Exhibit 10 – Breit Closing Disclosure, # 12 Exhibit 11 – Ellis Dep.)(Related document(s) 921 ) (Fries, Brian) (Entered: 08/29/2022) |
| 08/29/2022 | 923 | MOTION for order to Exclude Expert Testimony of Jeffrey Rothbart filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Glass, Ethan) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 924 | SUGGESTIONS in support re 923 MOTION for order to Exclude Expert Testimony of Jeffrey Rothbart filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Attachments: # 1 Exhibit 1 – Rothbart Report, # 2 Exhibit 2 – Rothbart Excerpted Transcript, # 3 Exhibit 3 – Proposed Order)(Related document(s) 923 ) (Glass, Ethan) (Entered: 08/29/2022) |
| 08/29/2022 | 925 | MOTION for summary judgment filed by Eddie Hasdoo on behalf of Re/Max LLC. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Hasdoo, Eddie) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 926 | SUGGESTIONS in support (SEALED) re 925 MOTION for summary judgment filed by Eddie Hasdoo on behalf of Defendant Re/Max LLC. (Attachments: # 1 Declaration of E. Hasdoo, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Declaration of N. Bailey, # 18 Declaration of K. Callahan)(Related document(s) 925 ) (Hasdoo, Eddie) (Entered: 08/29/2022) |
| 08/29/2022 | 927 | MOTION for summary judgment *by the HomeServices Defendants* filed by Jennifer M. Keas on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Keas, Jennifer) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 928 | MOTION for summary judgment filed by Stacey Anne Mahoney on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Mahoney, Stacey) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). Modified on 9/1/2022 at the request of counsel to correct footnote. (Kern, Kendra) (Entered: 08/29/2022) |
| 08/29/2022 | 929 | SUGGESTIONS in support (SEALED) re 928 MOTION for summary judgment filed by Stacey Anne Mahoney on behalf of Defendant Realogy Holdings Corp.. (Attachments: # 1 Declaration of Stacey Anne Mahoney, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 |

| | | |
|---|---|---|
| | | Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33)(Related document(s) 928 ) (Mahoney, Stacey) (Main Document 929 replaced on 9/1/2022) (Kern, Kendra). (Entered: 08/29/2022) |
| 08/29/2022 | 930 | MOTION for summary judgment filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 10/10/2022 unless otherwise directed by the court. (Glass, Ethan) Modified on 8/31/2022 to correct suggestions in opposition/response due date per Doc. #811 (Richard, Tracey). (Entered: 08/29/2022) |
| 08/29/2022 | 931 | SUGGESTIONS in support (SEALED) re 927 MOTION for summary judgment *by the HomeServices Defendants* filed by Jennifer M. Keas on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Declaration of Jennifer Keas, # 2 Ex. A – Supp. Strandmo Dec., # 3 Ex. B – Strandmo Dec. I, # 4 Ex. C – Strandmo Dec. II, # 5 Ex. D – Warner Dec. I, # 6 Ex. E – Supp. Warner Dec., # 7 Ex. F – Coile Dec., # 8 Ex. G – Goffstein Dec., # 9 Ex. H – Ringsdorf Dec., # 10 Ex. I – Frazier Dec., # 11 Ex. J – Smaby Dec., # 12 Ex. K – Wilson Dec., # 13 Ex. L – Burns Dec., # 14 Ex. M – Warner Dep., # 15 Ex. N – Watson Dep., # 16 Ex. O – Strandmo Dep., # 17 Ex. P – Moline Dep., # 18 Ex. Q – Coile Dep., # 19 Ex. R – Peltier Dep., # 20 Ex. S – Blefari Dep., # 21 Ex. T – Millett Dep., # 22 Ex. U – 2022 NAR Code of Ethics, # 23 Ex. V – 2022 BHH FDD, # 24 Ex. W – Peer Review Ideas, # 25 Ex. X – Obj. Training, # 26 Ex. Y – Neg. Comm. Training, # 27 Ex. Z – Neg. Comm. Training Workbook, # 28 Ex. AA – 2022 BHH Ops Manual, # 29 Ex. BB – PAG Report on Agency, # 30 Ex. CC – MLS to recognize broker for buyers, # 31 Ex. DD – Stevens Report, # 32 Ex. EE – Wu Report)(Related document(s) 927 ) (Keas, Jennifer) Modified on 9/7/2022 main document only #931 replaced at the request of counsel due to filing oversight. (Kern, Kendra) (Entered: 08/29/2022) |
| 08/29/2022 | 932 | SUGGESTIONS in support (SEALED) re 930 MOTION for summary judgment filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Attachments: # 1 Declaration of E. Wright, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31)(Related document(s) 930 ) (Glass, Ethan) (Entered: 08/29/2022) |
| 08/31/2022 | 933 | STIPULATION *of the Parties Regarding Interstate Commerce* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Dirks, Eric) (Entered: 08/31/2022) |
| 09/06/2022 | 934 | NOTICE to take deposition of Brian Cannan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/06/2022) |
| 09/06/2022 | 935 | CERTIFICATE OF SERVICE by National Association of Realtors *of its First Supplemental Initial Disclosures* filed by Ethan Glass on behalf of Defendant National Association of Realtors.(Glass, Ethan) (Entered: 09/06/2022) |

| 09/06/2022 | 936 | MOTION to withdraw as attorney *Motion to Withdraw as Counsel for Plaintiffs* filed by Courtney Marie Stout on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/20/2022 unless otherwise directed by the court. (Attorney Courtney Marie Stout added to party Shelly Dreyer(pty:pla), Attorney Courtney Marie Stout added to party Hollee Ellis(pty:pla), Attorney Courtney Marie Stout added to party Frances Harvey(pty:pla))(Stout, Courtney) (Entered: 09/06/2022) |
|---|---|---|
| 09/06/2022 | 937 | Before the Court is a Motion to Withdraw as Counsel. (Doc. 936 ) Upon review, the motion is GRANTED. Courtney M. Stout is hereby withdrawn as counsel for Plaintiffs Scott and Rhonda Burnett, Ryan Hendrickson, Jeremy Keel, Jerod Breit, Scott Trupiano, Hollee Ellis, and Frances Harvey. Plaintiffs continue to be represented by their counsel of record. Signed on 9/6/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 09/06/2022) |
| 09/08/2022 | 938 | Amended NOTICE to take deposition of Linda O'Connor filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/08/2022) |
| 09/09/2022 | 939 | NOTICE of filing *NOTICE OF INTENT TO ISSUE SUBPOENA TO PRODUCE DOCUMENTS TO RE/MAX BOONE REALTY* by Re/Max LLC (Attachments: # 1 Exhibit 1)(Webb, Danne) (Entered: 09/09/2022) |
| 09/13/2022 | 940 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. *of Supplemental Initial Disclosures* filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/13/2022) |
| 09/13/2022 | 941 | Amended NOTICE to take deposition of Dan Sight filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/13/2022) |
| 09/14/2022 | 942 | **AMENDED** NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. The Oral Argument on Summary Judgment Motions previously set on 11/18/2022 is **RESET for 11/17/2022 at 8:30 AM** in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 09/14/2022) |
| 09/19/2022 | 943 | RETURN OF SERVICE (non cmp) *on RE/MAX Boone Realty* re 939 Notice of filing. (Attachments: # 1 Affidavit)(Webb, Danne) (Entered: 09/19/2022) |
| 09/21/2022 | 944 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. *of First Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 09/21/2022) |
| 09/22/2022 | 945 | CERTIFICATE OF SERVICE by Keller Williams Realty, Inc. filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc..(Buchanan, David) (Entered: 09/22/2022) |
| 09/23/2022 | 946 | Amended NOTICE to take deposition of Brian Cannan filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee |

| | | Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/23/2022) |
|---|---|---|
| 09/26/2022 | 947 | CERTIFICATE OF SERVICE by Re/Max LLC *Documents Produced in Response to Subpoena to RE/MAX Boone Realty* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC.(Webb, Danne) (Entered: 09/26/2022) |
| 09/27/2022 | 948 | Motion to allow William S.D. Cravens to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8125289) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 09/27/2022) |
| 09/27/2022 | 949 | ORDER granting 948 motion to appear pro hac vice entered by Clerk of Court. Attorney William S.D. Cravens for Realogy Holdings Corp. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.

Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 09/27/2022) |
| 09/28/2022 | 950 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 09/28/2022) |
| 10/06/2022 | 951 | Amended NOTICE to take deposition of BHH Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 10/06/2022) |
| 10/06/2022 | 952 | Amended NOTICE to take deposition of HSF Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 10/06/2022) |
| 10/06/2022 | 953 | MOTION for leave to file *Under Seal (Unopposed)* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 10/20/2022 unless otherwise directed by the court. (Dirks, Eric) (Entered: 10/06/2022) |
| 10/06/2022 | 954 | CERTIFICATE OF SERVICE by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. *of The HomeServices Defendants' Addendum to First Supplemental Initial Disclosures, and documents numbered HSOA−PUBLICDOCS−000001 through HSOA−PUBLICDOCS−000877* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(Fries, Brian) (Entered: 10/06/2022) |
| 10/06/2022 | 955 | Before the Court is Plaintiffs' Unopposed Motion for Leave to File Under Seal. (Doc. #953.) Upon review, the motion is GRANTED. Plaintiffs may file their responses, supporting exhibits, and facts to Defendants' Summary Judgment and Daubert motions under seal. Signed on 10/6/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, |

| | | |
|---|---|---|
| | | Tracey) (Entered: 10/06/2022) |
| 10/10/2022 | 956 | SUGGESTIONS in opposition to motion for summary judgment (SEALED) re 917 MOTION for summary judgment , 927 MOTION for summary judgment *by the HomeServices Defendants*, 928 MOTION for summary judgment , 925 MOTION for summary judgment , 930 MOTION for summary judgment filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/24/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A–Leeder)(Related document(s) 917 , 927 , 928 , 925 , 930 ) (McCreight, Scott) (Additional attachment(s) added on 11/10/2022: # 2 Table of Contents, # 3 Table of Authorities) (Richard, Tracey). Modified on 11/10/2022 to reflect that an NEF has been regenerated. (Richard, Tracey). (Entered: 10/10/2022) |
| 10/10/2022 | 957 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 956 Suggestions in Opposition to Motion for Summary Judgment (Sealed),, *[Plaintiffs' Statement of Material Facts]* (Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 958 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 927 MOTION for summary judgment *by the HomeServices Defendants [Plaintiffs' Responses to Statement of Material Facts]* (Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 959 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 917 MOTION for summary judgment *[Plaintiffs' Responses to Statement of Material Facts]* (Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 960 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 930 MOTION for summary judgment *[Plaintiffs' Responses to Statement of Material Facts]* (Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 961 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 928 MOTION for summary judgment *[Plaintiffs' Responses to Statement of Material Facts]* (Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 962 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 925 MOTION for summary judgment *[Plaintiffs' Responses to Statement of Material Facts]* (Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 963 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 960 Notice(SEALED), 957 Notice(SEALED), 958 Notice(SEALED), 961 Notice(SEALED), 956 Suggestions in Opposition to Motion for Summary Judgment (Sealed),, 959 Notice(SEALED), 962 Notice(SEALED), *[Exhibit Index, Declarations, and Exhibits 1 – 125]* (Attachments: # 1 Declaration of Craig Schulman, # 2 Declaration of Roger Alford, # 3 Declaration of Brandon Boulware, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # |

| | | |
|---|---|---|
| | | 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49, # 53 Exhibit 50, # 54 Exhibit 51, # 55 Exhibit 52, # 56 Exhibit 53, # 57 Exhibit 54, # 58 Exhibit 55, # 59 Exhibit 56, # 60 Exhibit 57, # 61 Exhibit 58, # 62 Exhibit 59, # 63 Exhibit 60, # 64 Exhibit 61, # 65 Exhibit 62, # 66 Exhibit 63, # 67 Exhibit 64, # 68 Exhibit 65, # 69 Exhibit 66, # 70 Exhibit 67, # 71 Exhibit 68, # 72 Exhibit 69, # 73 Exhibit 70, # 74 Exhibit 71, # 75 Exhibit 72, # 76 Exhibit 73, # 77 Exhibit 74, # 78 Exhibit 75, # 79 Exhibit 76, # 80 Exhibit 77, # 81 Exhibit 78, # 82 Exhibit 79, # 83 Exhibit 80, # 84 Exhibit 81, # 85 Exhibit 82, # 86 Exhibit 83, # 87 Exhibit 84, # 88 Exhibit 85, # 89 Exhibit 86, # 90 Exhibit 87, # 91 Exhibit 88, # 92 Exhibit 89, # 93 Exhibit 90, # 94 Exhibit 91, # 95 Exhibit 92, # 96 Exhibit 93, # 97 Exhibit 94, # 98 Exhibit 95, # 99 Exhibit 96, # 100 Exhibit 97, # 101 Exhibit 98, # 102 Exhibit 99, # 103 Exhibit 100, # 104 Exhibit 101, # 105 Exhibit 102, # 106 Exhibit 103, # 107 Exhibit 104, # 108 Exhibit 105, # 109 Exhibit 106, # 110 Exhibit 107, # 111 Exhibit 108, # 112 Exhibit 109, # 113 Exhibit 110, # 114 Exhibit 111, # 115 Exhibit 112, # 116 Exhibit 113, # 117 Exhibit 114, # 118 Exhibit 115, # 119 Exhibit 116, # 120 Exhibit 117, # 121 Exhibit 118, # 122 Exhibit 119, # 123 Exhibit 120, # 124 Exhibit 121, # 125 Exhibit 122, # 126 Exhibit 123, # 127 Exhibit 124, # 128 Exhibit 125)(Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 964 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 960 Notice(SEALED), 963 Notice(SEALED),,,,,,,,,,, 957 Notice(SEALED), 958 Notice(SEALED), 961 Notice(SEALED), 956 Suggestions in Opposition to Motion for Summary Judgment (Sealed),, 959 Notice(SEALED), 962 Notice(SEALED), *[Exhibits 126 – 250]* (Attachments: # 1 Exhibit 126, # 2 Exhibit 127, # 3 Exhibit 128, # 4 Exhibit 129, # 5 Exhibit 130, # 6 Exhibit 131, # 7 Exhibit 132, # 8 Exhibit 133, # 9 Exhibit 134, # 10 Exhibit 135, # 11 Exhibit 136, # 12 Exhibit 137, # 13 Exhibit 138, # 14 Exhibit 139, # 15 Exhibit 140, # 16 Exhibit 141, # 17 Exhibit 142, # 18 Exhibit 143, # 19 Exhibit 144, # 20 Exhibit 145, # 21 Exhibit 146, # 22 Exhibit 147, # 23 Exhibit 148, # 24 Exhibit 149, # 25 Exhibit 150, # 26 Exhibit 151, # 27 Exhibit 152, # 28 Exhibit 153, # 29 Exhibit 154, # 30 Exhibit 155, # 31 Exhibit 156, # 32 Exhibit 157, # 33 Exhibit 158, # 34 Exhibit 159, # 35 Exhibit 160, # 36 Exhibit 161, # 37 Exhibit 162, # 38 Exhibit 163, # 39 Exhibit 164, # 40 Exhibit 165, # 41 Exhibit 166, # 42 Exhibit 167, # 43 Exhibit 168, # 44 Exhibit 169, # 45 Exhibit 170, # 46 Exhibit 171, # 47 Exhibit 172, # 48 Exhibit 173, # 49 Exhibit 174, # 50 Exhibit 175, # 51 Exhibit 176, # 52 Exhibit 177, # 53 Exhibit 178, # 54 Exhibit 179, # 55 Exhibit 180, # 56 Exhibit 181, # 57 Exhibit 182, # 58 Exhibit 183, # 59 Exhibit 184, # 60 Exhibit 185, # 61 Exhibit 186, # 62 Exhibit 187, # 63 Exhibit 188, # 64 Exhibit 189, # 65 Exhibit 190, # 66 Exhibit 191, # 67 Exhibit 192, # 68 Exhibit 193, # 69 Exhibit 194, # 70 Exhibit 195, # 71 Exhibit 196, # 72 Exhibit 197, # 73 Exhibit 198, # 74 Exhibit 199, # 75 Exhibit 200, # 76 Exhibit 201, # 77 Exhibit 202, # 78 Exhibit 203, # 79 Exhibit 204, # 80 Exhibit 205, # 81 Exhibit 206, # 82 Exhibit 207, # 83 Exhibit 208, # 84 Exhibit 209, # 85 Exhibit 210, # 86 Exhibit 211, # 87 Exhibit 212, # 88 Exhibit 213, # 89 Exhibit 214, # 90 Exhibit 215, # 91 Exhibit 216, # 92 Exhibit 217, # 93 Exhibit 218, # 94 Exhibit 219, # 95 Exhibit 220, # 96 Exhibit 221, # 97 Exhibit 222, # 98 Exhibit 223, # 99 Exhibit 224, # 100 Exhibit 225, # 101 Exhibit 226, # 102 Exhibit 227, # 103 Exhibit 228, # 104 Exhibit 229, # 105 Exhibit 230, # |

| | | |
|---|---|---|
| | | 106 Exhibit 231, # 107 Exhibit 232, # 108 Exhibit 233, # 109 Exhibit 234, # 110 Exhibit 235, # 111 Exhibit 236, # 112 Exhibit 237, # 113 Exhibit 238, # 114 Exhibit 239, # 115 Exhibit 240, # 116 Exhibit 241, # 117 Exhibit 242, # 118 Exhibit 243, # 119 Exhibit 244, # 120 Exhibit 245, # 121 Exhibit 246, # 122 Exhibit 247, # 123 Exhibit 248, # 124 Exhibit 249, # 125 Exhibit 250)(Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 965 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 960 Notice(SEALED), 963 Notice(SEALED),,,,,,,,,,, 957 Notice(SEALED), 964 Notice(SEALED),,,,,,,,,, 958 Notice(SEALED), 961 Notice(SEALED), 956 Suggestions in Opposition to Motion for Summary Judgment (Sealed),, 959 Notice(SEALED), 962 Notice(SEALED), *[Exhibits 251 – 375]* (Attachments: # 1 Exhibit 251, # 2 Exhibit 252, # 3 Exhibit 253, # 4 Exhibit 254, # 5 Exhibit 255, # 6 Exhibit 256, # 7 Exhibit 257, # 8 Exhibit 258, # 9 Exhibit 259, # 10 Exhibit 260, # 11 Exhibit 261, # 12 Exhibit 262, # 13 Exhibit 263, # 14 Exhibit 264, # 15 Exhibit 265, # 16 Exhibit 266, # 17 Exhibit 267, # 18 Exhibit 268, # 19 Exhibit 269, # 20 Exhibit 270, # 21 Exhibit 271, # 22 Exhibit 272, # 23 Exhibit 273, # 24 Exhibit 274, # 25 Exhibit 275, # 26 Exhibit 276, # 27 Exhibit 277, # 28 Exhibit 278, # 29 Exhibit 279, # 30 Exhibit 280, # 31 Exhibit 281, # 32 Exhibit 282, # 33 Exhibit 283, # 34 Exhibit 284, # 35 Exhibit 285, # 36 Exhibit 286, # 37 Exhibit 287, # 38 Exhibit 288, # 39 Exhibit 289, # 40 Exhibit 290, # 41 Exhibit 291, # 42 Exhibit 292, # 43 Exhibit 293, # 44 Exhibit 294, # 45 Exhibit 295, # 46 Exhibit 296, # 47 Exhibit 297, # 48 Exhibit 298, # 49 Exhibit 299, # 50 Exhibit 300, # 51 Exhibit 301, # 52 Exhibit 302, # 53 Exhibit 303, # 54 Exhibit 304, # 55 Exhibit 305, # 56 Exhibit 306, # 57 Exhibit 307, # 58 Exhibit 308, # 59 Exhibit 309, # 60 Exhibit 310, # 61 Exhibit 311, # 62 Exhibit 312, # 63 Exhibit 313, # 64 Exhibit 314, # 65 Exhibit 315, # 66 Exhibit 316, # 67 Exhibit 317, # 68 Exhibit 318, # 69 Exhibit 319, # 70 Exhibit 320, # 71 Exhibit 321, # 72 Exhibit 322, # 73 Exhibit 323, # 74 Exhibit 324, # 75 Exhibit 325, # 76 Exhibit 326, # 77 Exhibit 327, # 78 Exhibit 328, # 79 Exhibit 329, # 80 Exhibit 330, # 81 Exhibit 331, # 82 Exhibit 332, # 83 Exhibit 333, # 84 Exhibit 334, # 85 Exhibit 335, # 86 Exhibit 336, # 87 Exhibit 337, # 88 Exhibit 338, # 89 Exhibit 339, # 90 Exhibit 340, # 91 Exhibit 341, # 92 Exhibit 342, # 93 Exhibit 343, # 94 Exhibit 344, # 95 Exhibit 345, # 96 Exhibit 346, # 97 Exhibit 347, # 98 Exhibit 348, # 99 Exhibit 349, # 100 Exhibit 350, # 101 Exhibit 351, # 102 Exhibit 352, # 103 Exhibit 353, # 104 Exhibit 354, # 105 Exhibit 355, # 106 Exhibit 356, # 107 Exhibit 357, # 108 Exhibit 358, # 109 Exhibit 359, # 110 Exhibit 360, # 111 Exhibit 361, # 112 Exhibit 362, # 113 Exhibit 363, # 114 Exhibit 364, # 115 Exhibit 365, # 116 Exhibit 366, # 117 Exhibit 367, # 118 Exhibit 368, # 119 Exhibit 369, # 120 Exhibit 370, # 121 Exhibit 371, # 122 Exhibit 372, # 123 Exhibit 373, # 124 Exhibit 374, # 125 Exhibit 375)(Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 966 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 960 Notice(SEALED), 963 Notice(SEALED),,,,,,,,,,, 957 Notice(SEALED), 964 Notice(SEALED),,,,,,,,,, 958 Notice(SEALED), 961 Notice(SEALED), 956 Suggestions in Opposition to Motion for Summary Judgment (Sealed),, 959 Notice(SEALED), 962 Notice(SEALED), 965 Notice(SEALED),,,,,,,,,, *[Exhibits 376 – 510]* (Attachments: # 1 Exhibit 376, # 2 Exhibit 377, # 3 Exhibit 378, # 4 Exhibit 379, # 5 Exhibit 380, # 6 Exhibit 381, # 7 Exhibit 382, # 8 Exhibit 383, # 9 Exhibit 384, # 10 Exhibit 385, # 11 Exhibit 386, # 12 Exhibit 387, # 13 Exhibit 388, # 14 Exhibit 389, # 15 Exhibit 390, # 16 Exhibit 391, # 17 Exhibit 392, # 18 Exhibit |

| | | |
|---|---|---|
| | | 393, # 19 Exhibit 394, # 20 Exhibit 395, # 21 Exhibit 396, # 22 Exhibit 397, # 23 Exhibit 398, # 24 Exhibit 399, # 25 Exhibit 400, # 26 Exhibit 401, # 27 Exhibit 402, # 28 Exhibit 403, # 29 Exhibit 404, # 30 Exhibit 405, # 31 Exhibit 406, # 32 Exhibit 407, # 33 Exhibit 408, # 34 Exhibit 409, # 35 Exhibit 410, # 36 Exhibit 411, # 37 Exhibit 412, # 38 Exhibit 413, # 39 Exhibit 414, # 40 Exhibit 415, # 41 Exhibit 416, # 42 Exhibit 417, # 43 Exhibit 418, # 44 Exhibit 419, # 45 Exhibit 420, # 46 Exhibit 421, # 47 Exhibit 422, # 48 Exhibit 423, # 49 Exhibit 424, # 50 Exhibit 425, # 51 Exhibit 426, # 52 Exhibit 427, # 53 Exhibit 428, # 54 Exhibit 429, # 55 Exhibit 430, # 56 Exhibit 431, # 57 Exhibit 432, # 58 Exhibit 433, # 59 Exhibit 434, # 60 Exhibit 435, # 61 Exhibit 436, # 62 Exhibit 437, # 63 Exhibit 438, # 64 Exhibit 439, # 65 Exhibit 440, # 66 Exhibit 441, # 67 Exhibit 442, # 68 Exhibit 443, # 69 Exhibit 444, # 70 Exhibit 445, # 71 Exhibit 446, # 72 Exhibit 447, # 73 Exhibit 448, # 74 Exhibit 449, # 75 Exhibit 450, # 76 Exhibit 451, # 77 Exhibit 452, # 78 Exhibit 453, # 79 Exhibit 454, # 80 Exhibit 455, # 81 Exhibit 456, # 82 Exhibit 457, # 83 Exhibit 458, # 84 Exhibit 459, # 85 Exhibit 460, # 86 Exhibit 461, # 87 Exhibit 462, # 88 Exhibit 463, # 89 Exhibit 464, # 90 Exhibit 465, # 91 Exhibit 466, # 92 Exhibit 467, # 93 Exhibit 468, # 94 Exhibit 469, # 95 Exhibit 470, # 96 Exhibit 471, # 97 Exhibit 472, # 98 Exhibit 473, # 99 Exhibit 474, # 100 Exhibit 475, # 101 Exhibit 476, # 102 Exhibit 477, # 103 Exhibit 478, # 104 Exhibit 479, # 105 Exhibit 480, # 106 Exhibit 481, # 107 Exhibit 482, # 108 Exhibit 483, # 109 Exhibit 484, # 110 Exhibit 485, # 111 Exhibit 486, # 112 Exhibit 487, # 113 Exhibit 488, # 114 Exhibit 489, # 115 Exhibit 490, # 116 Exhibit 491, # 117 Exhibit 492, # 118 Exhibit 493, # 119 Exhibit 494, # 120 Exhibit 495, # 121 Exhibit 496, # 122 Exhibit 497, # 123 Exhibit 498, # 124 Exhibit 499, # 125 Exhibit 500, # 126 Exhibit 501, # 127 Exhibit 502, # 128 Exhibit 503, # 129 Exhibit 504, # 130 Exhibit 505, # 131 Exhibit 506, # 132 Exhibit 507, # 133 Exhibit 508, # 134 Exhibit 509, # 135 Exhibit 510)(Boulware, Brandon) (Entered: 10/10/2022) |
| 10/10/2022 | 967 | SUGGESTIONS in opposition (SEALED) re 921 MOTION for order to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/24/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 921 ) (Suhr, Jeremy) (Entered: 10/10/2022) |
| 10/10/2022 | 968 | SUGGESTIONS in opposition (SEALED) re 919 MOTION for order *to Exclude Opinion testimony of Roger Alford* filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/24/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1)(Related document(s) 919 ) (Suhr, Jeremy) (Entered: 10/10/2022) |
| 10/10/2022 | 969 | SUGGESTIONS in opposition (SEALED) re 923 MOTION for order to Exclude Expert Testimony of Jeffrey Rothbart filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/24/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Related document(s) 923 ) (Suhr, Jeremy) (Entered: 10/10/2022) |
| 10/11/2022 | 970 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Dispute Telephone Conference set for 10/13/2022 at 1:30 PM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 10/11/2022) |

| | | |
|---|---|---|
| 10/11/2022 | 971 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 963 Notice(SEALED),,,,,,,,,,, *[Notice of Exhibit Attachment]* (Boulware, Brandon) (Entered: 10/11/2022) |
| 10/13/2022 | 972 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: Discovery Dispute TELEPHONE CONFERENCE held on 10/13/2022. Order to be entered. Time in court: 1:30 p.m. to 1:35 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 10/13/2022) |
| 10/13/2022 | 973 | On October 13, 2022, the Court presided over a discovery dispute telephone conference with the parties. For the reasons stated on the record, it is hereby ORDERED that the parties shall work together and find a mutually–agreeable date for the O'Connor deposition. The parties may consult the transcript for further details and/or clarification. Signed on 10/13/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 10/13/2022) |
| 10/17/2022 | 974 | Amended NOTICE to take deposition of BHH Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 10/17/2022) |
| 10/17/2022 | 975 | Amended NOTICE to take deposition of HSF Affiliates, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 10/17/2022) |
| 10/20/2022 | 976 | Amended NOTICE to take deposition of Linda O'Connor filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 10/20/2022) |
| 10/28/2022 | 977 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 10/28/2022) |
| 10/28/2022 | 978 | Motion to allow Robert Y. Chen to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8171384) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 10/28/2022) |
| 10/28/2022 | 979 | ORDER granting 978 motion to appear pro hac vice entered by Clerk of Court. Attorney Robert Chen for Realogy Holdings Corp. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 10/28/2022) |
| 11/03/2022 | 980 | |

| | | |
|---|---|---|
| | | MOTION for leave to file *Under Seal (Unopposed)* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 11/17/2022 unless otherwise directed by the court. (Glass, Ethan) (Entered: 11/03/2022) |
| 11/04/2022 | 981 | Before the Court is an Unopposed Motion to File Under Seal. (Doc. #980.) Upon review, the motion is GRANTED. Defendants may file their Reply Suggestions in Support of their Motions for Summary Judgment, their Responses to Plaintiffs' Statement of Facts and supporting documents, and their Reply Suggestions in Support of their Motions to Exclude Expert Witness Testimony under seal. Signed on 11/4/2022 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/04/2022) |
| 11/07/2022 | 982 | SUGGESTIONS in support (SEALED) re 917 MOTION for summary judgment filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1–A)(Related document(s) 917 ) (Buchanan, David) (Entered: 11/07/2022) |
| 11/07/2022 | 983 | REPLY SUGGESTIONS to motion (Sealed) re 925 MOTION for summary judgment filed by Eddie Hasdoo on behalf of Defendant Re/Max LLC. (Related document(s) 925 ) (Hasdoo, Eddie) (Entered: 11/07/2022) |
| 11/07/2022 | 984 | REPLY SUGGESTIONS in support (SEALED) re 919 MOTION for order *to Exclude Opinion testimony of Roger Alford* filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit A)(Related document(s) 919 ) (Buchanan, David) Modified on 11/10/2022 to correct docket entry (Houston, Kiambu). (Entered: 11/07/2022) |
| 11/07/2022 | 985 | REPLY SUGGESTIONS to motion (Sealed) re 928 MOTION for summary judgment filed by Stacey Anne Mahoney on behalf of Defendant Realogy Holdings Corp.. (Related document(s) 928 ) (Mahoney, Stacey) (Entered: 11/07/2022) |
| 11/07/2022 | 986 | REPLY SUGGESTIONS to motion (Sealed) re 927 MOTION for summary judgment *by the HomeServices Defendants* filed by Jennifer M. Keas on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Affidavit Declaration of Jennifer Keas, # 2 Exhibit Ex. GG – Watson Transcript, # 3 Exhibit Ex. HH – ECF No. 553–45 (Wilson Dec w exhibits), # 4 Exhibit Ex. II – ECF No. 553–46 (Burns Decl w exhibits), # 5 Exhibit Ex. JJ – Warner Transcript, # 6 Exhibit Ex. KK – Stiroh Report, # 7 Exhibit Ex. LL – Schulman Transcript, # 8 Exhibit Ex. MM – Blefari Transcript)(Related document(s) 927 ) (Keas, Jennifer) (Entered: 11/07/2022) |
| 11/07/2022 | 987 | REPLY SUGGESTIONS to motion (Sealed) re 921 MOTION for order to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 921 ) (Fries, Brian) (Entered: 11/07/2022) |
| 11/07/2022 | 988 | REPLY SUGGESTIONS to motion (Sealed) re 923 MOTION for order to Exclude Expert Testimony of Jeffrey Rothbart filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 923 ) (Glass, Ethan) (Entered: 11/07/2022) |
| 11/07/2022 | 989 | REPLY SUGGESTIONS to motion (Sealed) re 930 MOTION for summary judgment filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 930 ) (Glass, Ethan) (Entered: 11/07/2022) |

| 11/08/2022 | 990 | NOTICE (SEALED) by National Association of Realtors re 957 Notice(SEALED), *Defendants' Responses to Plaintiffs' Statement of Material Facts* (Glass, Ethan) (Entered: 11/08/2022) |
|---|---|---|
| 11/08/2022 | 991 | NOTICE (SEALED) by National Association of Realtors re 990 Notice(SEALED) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Glass, Ethan) (Entered: 11/08/2022) |
| 11/08/2022 | 992 | NOTICE (SEALED) by National Association of Realtors re 991 Notice(SEALED), (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Exhibit 13, # 4 Exhibit 14, # 5 Exhibit 15, # 6 Exhibit 16, # 7 Exhibit 17, # 8 Exhibit 18, # 9 Exhibit 19, # 10 Exhibit 20)(Glass, Ethan) (Entered: 11/08/2022) |
| 11/08/2022 | 993 | NOTICE (SEALED) by National Association of Realtors re 991 Notice(SEALED), (Attachments: # 1 Exhibit 21, # 2 Exhibit 22, # 3 Exhibit 23, # 4 Exhibit 24, # 5 Exhibit 25, # 6 Exhibit 26, # 7 Exhibit 27, # 8 Exhibit 28, # 9 Exhibit 29, # 10 Exhibit 30)(Glass, Ethan) (Entered: 11/08/2022) |
| 11/08/2022 | 994 | NOTICE (SEALED) by National Association of Realtors re 991 Notice(SEALED), (Attachments: # 1 Exhibit 31, # 2 Exhibit 32, # 3 Exhibit 33, # 4 Exhibit 34, # 5 Exhibit 35, # 6 Exhibit 36, # 7 Exhibit 37, # 8 Exhibit 38, # 9 Exhibit 39, # 10 Exhibit 40)(Glass, Ethan) (Entered: 11/08/2022) |
| 11/08/2022 | 995 | NOTICE (SEALED) by National Association of Realtors re 991 Notice(SEALED), (Attachments: # 1 Exhibit 41, # 2 Exhibit 42, # 3 Exhibit 43, # 4 Exhibit 44, # 5 Exhibit 45, # 6 Exhibit 46, # 7 Exhibit 47, # 8 Exhibit 48)(Glass, Ethan) (Entered: 11/08/2022) |
| 11/16/2022 | 996 | NOTICE of appearance by Taylor L Connolly on behalf of Keller Williams Realty, Inc. (Attorney Taylor L Connolly added to party Keller Williams Realty, Inc.(pty:dft))(Connolly, Taylor) (Entered: 11/16/2022) |
| 11/16/2022 | 997 | NOTICE to take deposition of STEFAN SWANEPOEL filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(MacGill, Robert) (Entered: 11/16/2022) |
| 11/17/2022 | 998 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: ORAL ARGUMENT on the pending motions for summary judgment held on 11/17/2022. Matter taken under advisement. Time in court: 8:30 a.m. to 12:01 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/17/2022) |
| 11/17/2022 | 999 | On November 17, 2022, the Court presided over oral arguments with the parties. For the reasons stated on the record, it is hereby ORDERED that the parties shall submit supplemental briefing on or before December 1, 2022, regarding the following issues: (1) what a non–cooperative transaction is; (2) whether the Defendants trained brokers and agents to provide specific compensation rates; and (3) the implication of the stay implemented on August 29, 2022 (Doc. #916). Briefings may not exceed five (5) pages per issue. The Courtroom Deputy, Tracey Richard, will contact the parties to set a telephone conference to be conducted after the supplemental briefings are submitted. Signed on 11/17/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/17/2022) |

| | | |
|---|---|---|
| 11/23/2022 | 1000 | Motion to allow Patrick J. Sanders to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8206312) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/23/2022) |
| 11/23/2022 | 1001 | ORDER granting 1000 motion to appear pro hac vice entered by Clerk of Court. Attorney Patrick J. Sanders for HomeServices of America, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 11/23/2022) |
| 11/28/2022 | 1002 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 11/28/2022) |
| 11/28/2022 | 1003 | ELECTRONIC TRANSCRIPT of Oral Arguments held November 17, 2022, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 143. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2022 unless otherwise directed by the court. Release of Transcript Restriction set for 2/27/2023. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/28/2022) |
| 11/29/2022 | 1004 | MOTION for leave to file *Under Seal (Unopposed)* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 12/13/2022 unless otherwise directed by the court. (Dirks, Eric) (Entered: 11/29/2022) |
| 11/29/2022 | 1005 | Before the Court is Plaintiffs' Unopposed Motion for Leave to File Under Seal. (Doc. #1004.) Upon review, the motion is GRANTED. Plaintiffs may file their supplemental brief and supporting exhibits under seal. Signed on 11/29/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/29/2022) |
| 11/30/2022 | 1006 | MOTION for leave to file *Under Seal (Unopposed)* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 12/14/2022 unless otherwise directed by the court. (Glass, Ethan) (Entered: 11/30/2022) |
| 11/30/2022 | 1007 | Before the Court is an Unopposed Motion to File Under Seal. (Doc. #1006.) Upon review, the motion is GRANTED. Defendants may file their supplemental briefs under seal. Signed on 11/30/2022 by District Judge Stephen R. Bough. This is a |

| | | |
|---|---|---|
| | | TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 11/30/2022) |
| 12/01/2022 | 1008 | SUGGESTIONS in support (SEALED) re 917 MOTION for summary judgment *Supplemental Suggestions in Support* filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 917 ) (Buchanan, David) (Entered: 12/01/2022) |
| 12/01/2022 | 1009 | SUGGESTIONS in support re 930 MOTION for summary judgment *Supplemental Suggestions in Support* filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 930 ) (Glass, Ethan) (Entered: 12/01/2022) |
| 12/01/2022 | 1010 | SUGGESTIONS in support (SEALED) re 925 MOTION for summary judgment *Supplemental Suggestions in Support of Question 2 on Dkt. 999* filed by Eddie Hasdoo on behalf of Defendant Re/Max LLC. (Related document(s) 925 ) (Hasdoo, Eddie) (Entered: 12/01/2022) |
| 12/01/2022 | 1011 | SUGGESTIONS in support re 917 MOTION for summary judgment , 925 MOTION for summary judgment , 930 MOTION for summary judgment *Supplemental Suggestions in Support of Question 3 on Dkt. 999* filed by Eddie Hasdoo on behalf of Defendants Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. (Related document(s) 917 , 925 , 930 ) (Hasdoo, Eddie) (Entered: 12/01/2022) |
| 12/01/2022 | 1012 | SUGGESTIONS in support (SEALED) re 927 MOTION for summary judgment *by the HomeServices Defendants Supplemental Suggestions Following Summary Judgment Argument and in Response to Court's November 17, 2022 Order* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 927 ) (Fries, Brian) (Entered: 12/01/2022) |
| 12/01/2022 | 1013 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 999 Order,,, 1005 Order on Motion for Leave to File, *[Plaintiffs' Supplemental Briefing Ordered by the Court on November 17, 2022 (Doc. 999)]* (McCreight, Scott) (Entered: 12/01/2022) |
| 12/01/2022 | 1014 | SUGGESTIONS in support (SEALED) re 928 MOTION for summary judgment *Realogy's Brief in Response to Question 3 on Doc. 999* filed by Steven F. Molo on behalf of Defendant Realogy Holdings Corp.. (Related document(s) 928 ) (Molo, Steven) (Entered: 12/01/2022) |
| 12/01/2022 | 1015 | SUGGESTIONS in support (SEALED) re 928 MOTION for summary judgment *[Supplemental Suggestions in Support]* filed by Stacey Anne Mahoney on behalf of Defendant Realogy Holdings Corp.. (Related document(s) 928 ) (Mahoney, Stacey) (Entered: 12/01/2022) |
| 12/13/2022 | 1016 | Before this Court is defendant's Realogy's Motion for Continuance as raised in a L.R. 37 discovery dispute letter dated November 4, 2022, at oral argument on the summary judgment motions, and in a brief on the effect of the stay (Doc. #1014). Despite the plaintiffs arguments to the contrary, this Court believes that all parties need to be present throughout the case if there is to be joint and several liability as argued by plaintiff and that the Eighth Circuit currently has jurisdiction over the stayed claims. The Motion to Continue is granted and the Courtroom Deputy will |

| | | |
|---|---|---|
| | | contact the parties with a three week trial date in late 2023. Signed on 12/13/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 12/13/2022) |
| 12/16/2022 | 1017 | Before the Court is Defendant HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX, LLC, Realogy Holdings Corp., Keller Williams Realty, Inc., and the National Association of Realtors ("NAR") (collectively, "Defendants") Motion to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman. (Doc. #921.) The motion is DENIED. Signed on 12/16/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 12/16/2022) |
| 12/16/2022 | 1018 | Before the Court is Defendant National Association of Realtors ("NAR"), Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX LLC, and Keller Williams Realty, Inc.'s (collectively, "Defendants") Motion to Exclude Expert Testimony of Jeffrey Rothbart. (Doc. #923). For the reasons stated below, the motion is DENIED. Signed on 12/16/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 12/16/2022) |
| 12/16/2022 | 1019 | Before the Court are four motions for summary judgment filed by Defendants Keller Williams Realty, Inc. ("Keller Williams") (Doc. #917); Re/Max, LLC ("Re/Max") (Doc. #925); HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC (collectively, "HomeServices Defendants") (Doc. #927); Realogy Holding Corp. ("Realogy") (Doc. #928); and National Association of REALTORS ("NAR") (collectively, "Defendants") (Doc. #930)The motions are DENIED. Signed on 12/16/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 12/16/2022) |
| 12/19/2022 | 1020 | **AMENDED** NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Jury Trial set for 10/16/2023 at 9:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Pretrial Conference set for 9/8/2023 09:30 AM Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 12/19/2022) |
| 12/20/2022 | 1021 | Before the Court is Defendant National Association of Realtors ("NAR"), Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX LLC, and Keller Williams Realty, Inc.'s (collectively, "Defendants") Motion to Exclude Expert Testimony of Roger Alford. (Doc. #919.) For the reasons stated below, the motion is DENIED. Signed on 12/20/2022 by District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 12/20/2022) |
| 12/27/2022 | 1022 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 12/27/2022) |
| 12/29/2022 | 1023 | Based upon this Courts recent rulings, the parties are Ordered to mediate this matter. Within seven days of this Order, the parties shall either agree on a mediator or submit the names of proposed mediators to the Court for judicial selection. Good faith mediation shall be completed on or before March 15, 2023. Signed on 12/29/2022 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 12/29/2022) |
| 12/30/2022 | 1024 | MOTION for order Certifying the Court's December 16, 2022 Order For Immediate Appeal re 1019 Order on Motion for Summary Judgment,,,,,,,,,,,,,, filed by Steven F. Molo on behalf of All Defendants. Suggestions in opposition/response due by 1/13/2023 unless otherwise directed by the court. (Related document(s) 1019 ) |

| | | (Molo, Steven) (Entered: 12/30/2022) |
|---|---|---|
| 01/13/2023 | 1025 | SUGGESTIONS in opposition re 1024 MOTION for order Certifying the Court's December 16, 2022 Order For Immediate Appeal re 1019 Order on Motion for Summary Judgment,,,,,,,,,,,,, filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 1/27/2023 unless otherwise directed by the court. (Related document(s) 1024 ) (McCreight, Scott) (Entered: 01/13/2023) |
| 01/13/2023 | 1026 | Amended NOTICE to take deposition of STEFAN SWANEPOEL filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc..(MacGill, Robert) (Entered: 01/13/2023) |
| 01/16/2023 | 1027 | Cross NOTICE to take deposition of Stefan Swanepoel filed by Michael S. Ketchmark on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Ketchmark, Michael) (Entered: 01/16/2023) |
| 01/26/2023 | 1028 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 01/26/2023) |
| 01/27/2023 | 1029 | REPLY SUGGESTIONS to motion re 1024 MOTION for order Certifying the Court's December 16, 2022 Order For Immediate Appeal re 1019 Order on Motion for Summary Judgment,,,,,,,,,,,,, filed by Steven F. Molo on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, RE/MAX Holdings, Inc., Re/Max LLC, Realogy Holdings Corp., The Long & Foster Companies, Inc.. (Related document(s) 1024 ) (Molo, Steven) (Entered: 01/27/2023) |
| 01/27/2023 | 1030 | Before the Court is Defendants Motion to Certify the Courts Per Se Determination for Immediate Appeal Under 28 U.S.C. § 1292(b). (Doc. 1024 ) Upon review, the motion is DENIED. See White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.). Signed on 1/27/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 01/27/2023) |
| 02/24/2023 | 1031 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 02/24/2023) |
| 03/27/2023 | 1032 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 03/27/2023) |
| 04/26/2023 | 1033 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 04/26/2023) |
| 06/05/2023 | 1034 | Upon review of the docket sheet, HomeServices was directed to file a status update regarding the pending appeal to the Eighth Circuit every thirty days from the issuance of this Court's prior order (Doc. #916). Accordingly, it is hereby ORDERED that HomeServices file a status report on or before June 13, 2023. Signed on 6/5/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/05/2023) |
| 06/05/2023 | 1035 | |

| | | |
|---|---|---|
| | | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 06/05/2023) |
| 06/12/2023 | 1036 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephonic Status Conference set for 6/15/2023 at 10:00 AM before District Judge Stephen R. Bough. (Richard, Tracey) (Entered: 06/12/2023) |
| 06/15/2023 | 1037 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: STATUS CONFERENCE held on 6/15/2023. Order to be entered. Time in court: 10:00 a.m. to 10:15 a.m. To order a transcript of this hearing please contact Annisa Justice, 816–512–5622, annisa_justice@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/15/2023) |
| 06/15/2023 | 1038 | On June 15, 2023, the Court held a telephone conference. For the reasons stated on the record, it is hereby ORDERED: (1) February 26, 2024 shall be the backup trial date in this case to be utilized if necessary and (2) the Honorable Judge Epps will contact the parties to facilitate settlement conversations in this case. Signed on 6/15/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Richard, Tracey) (Entered: 06/15/2023) |
| 06/15/2023 | 1039 | ELECTRONIC TRANSCRIPT of Status Hearing Teleconf. held 6/15/2023 before Judge Stephen R. Bough. Court Reporter: Annisa Justice, 816–512–5622, annisa_justice@mow.uscourts.gov. Number of pages: 14. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 6/22/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 9/13/2023. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Justice, Annisa) (Entered: 06/15/2023) |
| 06/16/2023 | 1040 | NOTICE OF VIDEO HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Mediation set for video teleconference on 7/21/2023 09:00 AM before Magistrate Judge Willie J. Epps, Jr. Parties are directed to review the MAP General Order docketed in this case. All persons with actual settlement authority are required to attend the mediation. Additionally, if an insurance representative's approval is required to settle, they must attend. Parties are also directed to submit a joint mediation statement, of no more than three (3) pages, to angel_geiser@mow.uscourts.gov at least three (3) business days prior to the mediation. (Geiser, Angel) (Entered: 06/16/2023) |
| 06/26/2023 | 1041 | STATUS REPORT *AND NOTICE OF UNITED STATES SUPREME COURT DECISION* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Coinbase Decision)(MacGill, Robert) (Entered: 06/26/2023) |
| 06/27/2023 | 1042 | MOTION for reconsideration filed by David R. Buchanan on behalf of Keller Williams Realty, Inc. Suggestions in opposition/response due by 7/11/2023 unless otherwise directed by the court. (Attorney David R. Buchanan added to party Keller |

| | | |
|---|---|---|
| | | Williams Realty, Inc(pty:dft))(Buchanan, David) Modified on 6/27/2023 to correct docket text only. NEF regenerated to all parties. (Kern, Kendra) **Modified on 6/27/2023:** Docket text corrected. NEF regenerated. (Melvin, Greg) (Entered: 06/27/2023) |
| 06/28/2023 | 1043 | RESPONSE to motion re 1042 MOTION for reconsideration *Plaintiffs' Response to Keller Williams' Motion to Reconsider* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Reply suggestions due by 7/12/2023 unless otherwise directed by the court. (McCreight, Scott) (Entered: 06/28/2023) |
| 06/29/2023 | 1044 | REPLY SUGGESTIONS in support re 1042 MOTION for reconsideration filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Related document(s) 1042 ) (Buchanan, David) Modified on 6/30/2023 to correct docket entry (Houston, Kiambu). (Entered: 06/29/2023) |
| 07/05/2023 | 1045 | Before the Court is a Motion by Keller Williams Realty, Inc. to Reconsider Backup Trial Date. (Doc. # 1042 .) Upon review, and for the reasons discussed in the Court's conference call on June 15, 2023, the motion is DENIED. Signed on 7/5/2023 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 07/05/2023) |
| 07/21/2023 | 1046 | Minute Entry. Unrecorded Proceedings held by video teleconference before Magistrate Judge Willie J. Epps, Jr: Mediation held on 7/21/2023. Parties present by video teleconference. Case did not settle. Counsel appearing for Plaintiffs: Michael Ketchmark, Matt Dameron, Steve Berman, Brandon Boulware, and Marc Seltzer. Counsel appearing for Defendants: Ethan Glass and Charlie Lee (NAR), Stacey Mahoney, Steven Molo, and Ken Kliebard (Realogy), Robert MacGill and Brian Fries (HomeServices), Jeffrey LeVee, Danne Webb, Susie Winders, and Kristen Farmer (Re/Max), and Timothy Ray, David Kully, and Kendra Newman (Keller Williams). Time in court: 9:00 am to 2:00 pm.  This is a TEXT ONLY ENTRY. No document is attached. (Geiser, Angel) (Entered: 07/21/2023) |
| 07/25/2023 | 1047 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 07/25/2023) |
| 07/31/2023 | 1048 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 8/4/2023 at 03:00 PM before District Judge Stephen R. Bough. (Murphy–Carr, Shauna) (Entered: 07/31/2023) |
| 08/02/2023 | 1049 | USCA Judgment and/or Opinion as to 877 Notice of Appeal filed by HSF Affiliates, LLC, BHH Affiliates, LLC, HomeServices of America, Inc **This is a preliminary judgment and/or opinion of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals.** It is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in accordance with the opinion of this Court. (Attachments: # 1 Opinion)(Terry, Jason) (Entered: 08/02/2023) |
| 08/04/2023 | 1050 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: TELEPHONE CONFERENCE held on 8/4/2023. Time in court: 2:58 pm to 3:08 pm. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Strodtman, Tracy) (Entered: 08/04/2023) |

| | | |
|---|---|---|
| 08/04/2023 | 1051 | On August 4, 2023, the Court presided over a telephone conference with the parties. For the reasons stated on the record, it is hereby ORDERED that the parties shall submit a joint proposed scheduling order to the Court via email on or before August 9, 2023. Signed on 8/4/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 08/04/2023) |
| 08/09/2023 | 1052 | ELECTRONIC TRANSCRIPT of Teleconference held August 4, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 9. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** If necessary, Notice of Intent to Redact is due by 8/16/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 11/7/2023. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 08/09/2023) |
| 08/17/2023 | 1053 | DESIGNATION *OF DEPOSITION TESTIMONY* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit A – HSDs' Deposition Designations, without waiver of arbitration rights)(MacGill, Robert) (Entered: 08/17/2023) |
| 08/17/2023 | 1054 | DESIGNATION *Plaintiff's Deposition Designations to be Played at Trail* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (McCreight, Scott) (Entered: 08/17/2023) |
| 08/22/2023 | 1055 | MOTION for leave to file excess pages *Plaintiff's Unopposed Motion for Leave to Exceed Page Limit* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 9/5/2023 unless otherwise directed by the court. (Dirks, Eric) (Entered: 08/22/2023) |
| 08/22/2023 | 1056 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limits. (Doc. #1055.) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file Omnibus Motions In Limine not exceeding forty (40) pages. Signed on 8/22/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 08/22/2023) |
| 08/22/2023 | 1057 | NOTICE of filing *Plaintiff's Notice of Withdrawal of Douglas Minor as Expert Witness* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Dirks, Eric) (Entered: 08/22/2023) |
| 08/22/2023 | 1058 | *Motion to File RE/MAX, LLC's Motion In Limine Under Seal* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 9/5/2023 unless otherwise directed by the court. (Webb, Danne) Modified on 8/23/2023 to update case access setting per the request of the filer. (Murphy–Carr, |

| | | Shauna). (Entered: 08/22/2023) |
|---|---|---|
| 08/23/2023 | 1059 | Before the Court is Defendant Re/Max, LLC's Motion for Leave to File Motion in Limine Under Seal. (Doc. #1058.) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Defendant Re/Max LLC may file its Motion in Limine under seal. Signed on 8/23/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy−Carr, Shauna) (Entered: 08/23/2023) |
| 08/24/2023 | 1060 | STATUS REPORT by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Ciulla, Matthew) (Entered: 08/24/2023) |
| 08/24/2023 | 1061 | MOTION in limine *No. 1 to Exclude Evidence of Changes to Rules of the NAR after April 29, 2019* filed by Ethan Glass on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Glass, Ethan) Modified on 8/25/2023 to correct docket text (Houston, Kiambu). (Entered: 08/24/2023) |
| 08/24/2023 | 1062 | MOTION in limine *No. 2 to Exclude Evidence Related to Discrimination in the Real Estate Industry* filed by Ethan Glass on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Glass, Ethan) Modified on 8/25/2023 to correct docket entry (Houston, Kiambu). (Entered: 08/24/2023) |
| 08/24/2023 | 1063 | MOTION in limine *No. 3 to Exclude References to Government Investigations of NAR* filed by Ethan Glass on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Glass, Ethan) Modified on 8/25/2023 to correct docket entry(Houston, Kiambu). (Entered: 08/24/2023) |
| 08/24/2023 | 1064 | MOTION in limine *No. 4 to Exclude Irrelevant Judicial Decisions* filed by Ethan Glass on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Glass, Ethan) Modified on 8/25/2023 to correct docket entry (Houston, Kiambu). (Entered: 08/24/2023) |
| 08/24/2023 | 1065 | MOTION in limine *No. 5 to Exclude Hearsay Statements in Government Reports* filed by Steven F. Molo on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Molo, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | 1066 | MOTION in limine *No. 6 to Exclude Evidence of Unrelated Litigation* filed by Steven F. Molo on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Molo, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | 1067 | MOTION in limine *No. 7 to Exclude Certain Recorded Statements* filed by Steven F. Molo on behalf of All Defendants. Suggestions in opposition/response due by |

| | | |
|---|---|---|
| | | 9/7/2023 unless otherwise directed by the court. (Molo, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | 1068 | MOTION in limine *No. 8 to Exclude References to Anywhere's Subsequent Remedial Measures* filed by Steven F. Molo on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Molo, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | 1069 | MOTION in limine *No. 9 to Exclude References to the Notes of Michelle Figgs* filed by David R. Buchanan on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 08/24/2023) |
| 08/24/2023 | 1070 | MOTION in limine *No. 10 to Exclude References to Certain Discussions of Commission Rates* filed by David R. Buchanan on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Buchanan, David) (Entered: 08/24/2023) |
| 08/24/2023 | 1071 | MOTION in limine *No. 11 to Exclude References to Settlement in Nosalek v. MLS Property Information Network, Inc.* filed by David R. Buchanan on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1)(Buchanan, David) (Entered: 08/24/2023) |
| 08/24/2023 | 1072 | MOTION in limine *No. 12 to Exclude Designation of Baseless Deposition Question About Prior Illegal Conduct and No Substantive Response* filed by David R. Buchanan on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Buchanan, David) (Entered: 08/24/2023) |
| 08/24/2023 | 1073 | MOTION in limine *No. 13 to Preclude Plaintiffs from Introducing Deposition Testimony for Witnesses Appearing Live* filed by Danne Wayne Webb on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., National Association of Realtors, RE/MAX Holdings, Inc., Re/Max LLC, Realogy Holdings Corp., The Long & Foster Companies, Inc.. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit)(Attorney Danne Wayne Webb added to party RE/MAX Holdings, Inc.(pty:dft))(Webb, Danne) (Entered: 08/24/2023) |
| 08/24/2023 | 1074 | CERTIFICATE OF SERVICE by Realogy Holdings Corp. *of Amended Rule 26(a)(1) Disclosures* filed by Stacey Anne Mahoney on behalf of Defendant Realogy Holdings Corp..(Mahoney, Stacey) (Entered: 08/24/2023) |
| 08/24/2023 | 1075 | MOTION for Order (SEALED) , MOTION in limine *No. 14 to Exclude Evidence of Unrelated Alleged Prior Conduct* filed by Danne Wayne Webb on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A–H)(Webb, Danne) (Entered: 08/24/2023) |
| 08/24/2023 | 1076 | MOTION in limine *No. 15 to Preclude Evidence Relating to Educational Materials Not Made Available in the United States* filed by Danne Wayne Webb on behalf of All Defendants. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Webb, Danne) (Entered: 08/24/2023) |

| | | |
|---|---|---|
| 08/24/2023 | 1077 | MOTION in limine *No. 16 to Exclude Imprecise References to RE/MAX and Keller Williams* filed by Danne Wayne Webb on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Webb, Danne) (Entered: 08/24/2023) |
| 08/24/2023 | 1078 | MOTION in limine *No. 17 to Exclude Evidence and Testimony re Statements Made by Non−Party Concerning United Sates Antitrust Laws* filed by Danne Wayne Webb on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Webb, Danne) (Entered: 08/24/2023) |
| 08/24/2023 | 1079 | DESIGNATION *PLAINTIFFS COUNTER DESIGNATIONS TO BE PLAYED AT TRIAL AND OBJECTIONS TO DEFENDANTS DESIGNATED DEPOSITION TESTIMONY* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Scott Trupiano. (McCreight, Scott) (Entered: 08/24/2023) |
| 08/24/2023 | 1080 | MOTION in limine *No. 18 TO EXCLUDE EVIDENCE RELATING TO NARS CLEAR COOPERATION POLICY* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A − Schulman Dep. Excerpts, # 2 Exhibit B − Gansho Dep. Excerpts)(MacGill, Robert) (Entered: 08/24/2023) |
| 08/24/2023 | 1081 | Omnibus MOTION in limine filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 9/7/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Dirks, Eric) (Entered: 08/24/2023) |
| 08/24/2023 | 1082 | NOTICE of filing *of Defendants Notice of Withdrawal of Dan Sight, Stephen McWilliam and Walter Clements as Expert Witnesses* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. (Glass, Ethan) (Entered: 08/24/2023) |
| 08/24/2023 | 1083 | CERTIFICATE OF SERVICE by National Association of Realtors *of Second Supplement Initial Disclosures* filed by Samantha Strauss on behalf of Defendant National Association of Realtors.(Strauss, Samantha) (Entered: 08/24/2023) |
| 08/24/2023 | 1084 | PROPOSED WITNESS LIST by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. . (Glass, Ethan) (Entered: 08/24/2023) |
| 08/24/2023 | 1085 | PROPOSED WITNESS LIST by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano . (Boulware, Brandon) (Entered: 08/24/2023) |

| | | |
|---|---|---|
| 08/24/2023 | 1086 | DESIGNATION *HOMESERVICES DEFENDANTS OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY AND COUNTER DESIGNATIONS* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit A – HSDs' Objections to Designated Deposition Testimony and Counter Designations)(MacGill, Robert) (Entered: 08/24/2023) |
| 08/25/2023 | 1087 | MOTION to withdraw as attorney filed by Matthew Jason Fisher on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 9/8/2023 unless otherwise directed by the court. (Fisher, Matthew) (Entered: 08/25/2023) |
| 08/25/2023 | 1088 | Before the Court is a Motion to Withdraw. (Doc. #1087.) For good cause shown, the motion is GRANTED. It is hereby ORDERED that Matthew Fisher is WITHDRAWN as counsel for Defendant Realogy Holdings Corp. Defendant shall continue to be represented by its other counsel of record. Signed on 8/25/2023 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 08/25/2023) |
| 08/25/2023 | 1089 | DESIGNATION *PLAINTIFFS COUNTER DESIGNATIONS TO BE PLAYED AT TRIAL IN RESPONSE TO THE HOMESERVICES DEFENDANTS' COUNTER–DESIGNATED TESTIMONY* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (McCreight, Scott) (Entered: 08/25/2023) |
| 08/29/2023 | 1090 | DESIGNATION *of Non–HSA Defendants' Deposition Designations* by Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Buchanan, David) (Entered: 08/29/2023) |
| 08/29/2023 | 1091 | DESIGNATION *of Objections to Plaintiffs' Designated Deposition Testimony and Counter Designations* by Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Buchanan, David) (Entered: 08/29/2023) |
| 08/29/2023 | 1092 | DESIGNATION *of Counter Designations and Objections to Plaintiffs' Counter Designations* by Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Buchanan, David) (Entered: 08/29/2023) |
| 08/29/2023 | 1093 | DESIGNATION *Plaintiffs' Objections to Defendants' Designated Deposition Testimony, Counter–Designated Deposition Testimony and Additional Designated Testimony to be Played at Trial* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (McCreight, Scott) (Entered: 08/29/2023) |
| 08/29/2023 | 1094 | DESIGNATION *HOMESERVICES DEFENDANTS' OBJECTIONS TO COUNTER DESIGNATIONS* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit A – HomeServices Defendants' Objections to Counter Designations)(MacGill, Robert) (Entered: 08/29/2023) |
| 08/31/2023 | 1095 | PROPOSED EXHIBIT LIST *BY THE HOMESERVICES DEFENDANTS* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (MacGill, Robert) (Entered: 08/31/2023) |
| 08/31/2023 | 1096 | Joint PROPOSED JURY INSTRUCTIONS by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano . (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1)(McCreight, Scott) (Entered: 08/31/2023) |

| | | |
|---|---|---|
| 08/31/2023 | 1097 | PROPOSED JURY INSTRUCTIONS by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano . (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1, # 2 Notice of Exhibit Attachment Exhibit 2, # 3 Notice of Exhibit Attachment Exhibit 3)(McCreight, Scott) (Entered: 08/31/2023) |
| 08/31/2023 | 1098 | PROPOSED EXHIBIT LIST by Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp.. (Glass, Ethan) (Entered: 08/31/2023) |
| 08/31/2023 | 1099 | PROPOSED EXHIBIT LIST by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 08/31/2023) |
| 08/31/2023 | 1100 | PROPOSED JURY INSTRUCTIONS by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, Realogy Holdings Corp. . (Attachments: # 1 Defendants' Objections to Plaintiffs' Proposed Jury Instructions)(Molo, Steven) (Entered: 08/31/2023) |
| 09/01/2023 | 1101 | Consent MOTION for leave to file excess pages *on behalf of Defendants National Association of REALTORS, Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX, LLC and Keller Williams Realty, Inc.* filed by Danne Wayne Webb on behalf of RE/MAX Holdings, Inc.. Suggestions in opposition/response due by 9/15/2023 unless otherwise directed by the court. (Webb, Danne) (Entered: 09/01/2023) |
| 09/01/2023 | 1102 | Before the Court are the parties' deposition designations and their objections to the other parties designations. (Doc. # 1053; Doc. #1054; Doc. #1079; Doc. #1086; Doc. #1089; Doc. #1090; Doc. #1091; Doc. #1092; Doc. #1093; Doc. #1094.) The Court's rulings on objections are not to be construed as rulings on motions in limine. The parties are directed to remove all objections from the portions of the depositions that will be played for the jury. The Court makes the following rulings. Signed on 9/1/23 by District Judge Stephen R. Bough. (Matthes Mitra, Renea) (Entered: 09/01/2023) |
| 09/01/2023 | 1103 | Before the Court is Defendants' Unopposed Motion for Leave to Exceed Page Limit. (Doc. #1101.) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Defendants may file omnibus oppositions to Plaintiffs motions in limine not exceeding forty (40) pages.Signed on 9/1/23 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Matthes Mitra, Renea) (Entered: 09/01/2023) |
| 09/01/2023 | 1104 | Consent MOTION for leave to file excess pages filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 9/15/2023 unless otherwise directed by the court. (Dirks, Eric) (Entered: 09/01/2023) |
| 09/01/2023 | 1105 | MOTION to strike *Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 9/15/2023 unless otherwise directed by the court. (Dirks, Eric) (Entered: 09/01/2023) |

| 09/01/2023 | [1106](#) | MOTION to withdraw Defendants' Motion in Limine No. 16 by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC, The Long & Foster Companies, Inc. re [1077](#) MOTION in limine *No. 16 to Exclude Imprecise References to RE/MAX and Keller Williams* (Hasdoo, Eddie) Modified on 9/5/2023 to correct docket entry (Houston, Kiambu). (Entered: 09/01/2023) |
|---|---|---|
| 09/01/2023 | | Set/Reset Deadlines as to [1106](#) MOTION to withdraw document. Suggestions in opposition/response due by 9/15/2023 unless otherwise directed by the court. (Houston, Kiambu) (Entered: 09/05/2023) |
| 09/05/2023 | [1107](#) | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to Realogy Holdings Corp.* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Ketchmark, Michael) (Entered: 09/05/2023) |
| 09/05/2023 | [1108](#) | MOTION for leave to file *Under Seal (Unopposed)* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/19/2023 unless otherwise directed by the court. (Dirks, Eric) (Entered: 09/05/2023) |
| 09/05/2023 | [1109](#) | Motion to allow Sarah M. Topol to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8606166) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 09/05/2023) |
| 09/05/2023 | [1110](#) | Motion to allow Georgina Inglis to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8606170) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 09/05/2023) |
| 09/05/2023 | 1111 | ORDER granting [1109](#) and [1110](#) motion to appear pro hac vice entered by Clerk of Court. Attorney Sarah M. Topol and Georgina Inglis for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 09/05/2023) |
| 09/05/2023 | [1112](#) | SUGGESTIONS in opposition re [1077](#) MOTION in limine *No. 16 to Exclude Imprecise References to RE/MAX and Keller Williams*, [1064](#) MOTION in limine *No. 4 to Exclude Irrelevant Judicial Decisions*, [1063](#) MOTION in limine *No. 3 to Exclude References to Government Investigations of NAR*, [1080](#) MOTION in limine *No. 18 TO EXCLUDE EVIDENCE RELATING TO NARS CLEAR COOPERATION POLICY*, [1066](#) MOTION in limine *No. 6 to Exclude Evidence of Unrelated Litigation*, [1076](#) MOTION in limine *No. 15 to Preclude Evidence Relating to Educational Materials Not Made Available in the United States*, [1078](#) MOTION in limine *No. 17 to Exclude Evidence and Testimony re Statements Made by Non–Party Concerning United Sates Antitrust Laws*, [1069](#) MOTION in limine *No. 9 to Exclude References to the Notes of Michelle Figgs*, [1061](#) MOTION in limine *No. 1 to Exclude Evidence of Changes to Rules of the NAR after April 29, 2019*, [1075](#) MOTION for Order (SEALED) MOTION in limine *No. 14 to Exclude* |

| | | |
|---|---|---|
| | | *Evidence of Unrelated Alleged Prior Conduct*, <u>1070</u> MOTION in limine *No. 10 to Exclude References to Certain Discussions of Commission Rates*, <u>1067</u> MOTION in limine *No. 7 to Exclude Certain Recorded Statements*, <u>1071</u> MOTION in limine *No. 11 to Exclude References to Settlement in Nosalek v. MLS Property Information Network, Inc.*, <u>1068</u> MOTION in limine *No. 8 to Exclude References to Anywhere's Subsequent Remedial Measures*, <u>1065</u> MOTION in limine *No. 5 to Exclude Hearsay Statements in Government Reports*, <u>1073</u> MOTION in limine *No. 13 to Preclude Plaintiffs from Introducing Deposition Testimony for Witnesses Appearing Live*, <u>1072</u> MOTION in limine *No. 12 to Exclude Designation of Baseless Deposition Question About Prior Illegal Conduct and No Substantive Response*, <u>1062</u> MOTION in limine *No. 2 to Exclude Evidence Related to Discrimination in the Real Estate Industry Plaintiffs' Consolidated Suggestions in Opposition to Defendants' Motions in Limine Nos. 1–18 (Doc.#1061–73,75–78,80)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano, Amy Winger. Reply suggestions due by 9/19/2023 unless otherwise directed by the court. (Attachments: # <u>1</u> Notice of Exhibit Attachment Exhibit 1, # <u>2</u> Notice of Exhibit Attachment Exhibit 2, # <u>3</u> Notice of Exhibit Attachment Exhibit 3, # <u>4</u> Notice of Exhibit Attachment Exhibit 4, # <u>5</u> Notice of Exhibit Attachment Exhibit 5)(Related document(s) <u>1077</u> , <u>1064</u> , <u>1063</u> , <u>1080</u> , <u>1066</u> , <u>1076</u> , <u>1078</u> , <u>1069</u> , <u>1061</u> , <u>1075</u> , <u>1070</u> , <u>1067</u> , <u>1071</u> , <u>1068</u> , <u>1065</u> , <u>1073</u> , <u>1072</u> , <u>1062</u> ) (McCreight, Scott) (Entered: 09/05/2023) |
| 09/05/2023 | 1113 | Before the Court are the parties' deposition designations and objections regarding Dana Strandmo. All objections are overruled, except for p. 112, lines 10 11. Signed on 9/5/23 by District Judge Stephen R. Bough. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Diefenbach, Tracy) (Entered: 09/05/2023) |
| 09/05/2023 | 1114 | Before the Court is a Motion to Withdraw Defendants' Motion in Limine No. 16. (Doc. # <u>1106</u> .) Upon review, the motion is GRANTED and Defendants' Motion in Limine No. 16 (Doc. # <u>1077</u> ) is DENIED AS MOOT. Signed on 9/5/23 by District Judge Stephen R. Bough. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Diefenbach, Tracy) (Entered: 09/05/2023) |
| 09/05/2023 | <u>1115</u> | MOTION in limine *Plaintiffs' Motion in Limine #25* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 9/19/2023 unless otherwise directed by the court. (Dirks, Eric). (Entered: 09/05/2023) |
| 09/05/2023 | <u>1116</u> | NOTICE of appearance by Jean Paul Bradshaw, II on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. (Attorney Jean Paul Bradshaw, II added to party BHH Affiliates, LLC(pty:dft), Attorney Jean Paul Bradshaw, II added to party HSF Affiliates, LLC(pty:dft), Attorney Jean Paul Bradshaw, II added to party HomeServices of America, Inc.(pty:dft))(Bradshaw, Jean) (Entered: 09/05/2023) |
| 09/05/2023 | 1117 | Before the Court is a Notice of Settlement as to Defendant Realogy Holdings Corp. (Doc. # <u>1107</u> .) Accordingly, the deadlines in this case as they pertain to Realogy Holdings Corp. are hereby STAYED. Realogy Holdings Corp. is also excused from participating in the pretrial conference scheduled for September 8, 2023. Plaintiffs shall file a Motion for Preliminary Approval on or before October 5, 2023. Signed on 9/5/23 by District Judge Stephen R. Bough. <span style="color:red">This is a TEXT ONLY ENTRY.</span> |

| | | |
|---|---|---|
| | | No document is attached. (Borneman, Sara) (Entered: 09/05/2023) |
| 09/05/2023 | 1118 | Before the Court is Plaintiffs' Unopposed Motion for Leave to File Under Seal. (Doc. # 1108 .) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file supporting exhibits to their opposition brief to Defendants' Motions in Limine under seal. Signed on 9/5/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 09/05/2023) |
| 09/05/2023 | 1119 | Joint MOTION in limine *Stipulated by Plaintiffs and Defendants* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 9/19/2023 unless otherwise directed by the court. (Webb, Danne) Modified on 9/11/2023 (Borneman, Sara). (Entered: 09/05/2023) |
| 09/05/2023 | 1120 | STIPULATION *[Joint Stipulation as to Authenticity and Admissibility of Exhibits]* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Boulware, Brandon) (Entered: 09/05/2023) |
| 09/05/2023 | 1121 | SUGGESTIONS in opposition re 1081 Omnibus MOTION in limine *(Defendants' Omnibus Oppositions to Plaintiffs' Motions in Limine)* filed by Danne Wayne Webb on behalf of Defendant Re/Max LLC. Reply suggestions due by 9/19/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A–J)(Related document(s) 1081 ) (Webb, Danne) (Entered: 09/05/2023) |
| 09/06/2023 | 1122 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limit. (Doc. #1104.) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file omnibus oppositions to Defendants' motions in limine not exceeding forty (40) pages. Signed on 9/5/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy−Carr, Shauna) (Entered: 09/06/2023) |
| 09/06/2023 | 1123 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 1112 Suggestions in Opposition to Motion,,,,,,,,,,, *Exhibit 3* (McCreight, Scott) (Entered: 09/06/2023) |
| 09/06/2023 | 1124 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 1112 Suggestions in Opposition to Motion,,,,,,,,,,, *Exhibit 4* (McCreight, Scott) (Entered: 09/06/2023) |
| 09/06/2023 | 1125 | NOTICE (SEALED) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 1112 Suggestions in Opposition to Motion,,,,,,,,,,, *Exhibit 5* (McCreight, Scott) (Entered: 09/06/2023) |
| 09/07/2023 | 1126 | PROPOSED JURY INSTRUCTIONS by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC *PROPOSED VERDICT FORM*. (MacGill, Robert) (Entered: 09/07/2023) |
| 09/07/2023 | 1127 | PROPOSED JURY INSTRUCTIONS by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC *PROPOSED MMPA INSTRUCTIONS*. |

| | | |
|---|---|---|
| | | (MacGill, Robert) (Entered: 09/07/2023) |
| 09/07/2023 | 1128 | SUGGESTIONS in opposition re 1105 MOTION to strike *Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses* filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. Reply suggestions due by 9/21/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A – Letter, # 2 Exhibit B – HSD Supp Init Disc, # 3 Exhibit C – Email, # 4 Exhibit D – Warner Excerpt, # 5 Exhibit E – McCabe Excerpt, # 6 Exhibit F – REMAX Init Disc, # 7 Exhibit G – REMAX Supp Init Disc, # 8 Exhibit H – KW Supp Init Disc, # 9 Exhibit I – Omitted, # 10 Exhibit J – NAR Second Supp Init Disc, # 11 Exhibit K – Ganso Excerpt, # 12 Exhibit L – Email, # 13 Exhibit M – Email, # 14 Exhibit N – Email, # 15 Exhibit O – Realogy Init Disc, # 16 Exhibit P – HSOA Init Disc, # 17 Exhibit Q – KW Init Disc, # 18 Exhibit R – NAR First Supp Init Disc, # 19 Exhibit S – Ps' Subpoena, # 20 Exhibit T – NAR's Subpoena)(Related document(s) 1105 ) (MacGill, Robert) (Entered: 09/07/2023) |
| 09/07/2023 | 1129 | REPLY SUGGESTIONS to motion re 1105 MOTION to strike *Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses* filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Related document(s) 1105 ) (Boulware, Brandon) (Entered: 09/07/2023) |
| 09/07/2023 | 1130 | NOTICE of filing *[Notice of Withdrawal of Witnesses]* by Realogy Holdings Corp. (Mahoney, Stacey) (Entered: 09/07/2023) |
| 09/08/2023 | 1131 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: FINAL PRETRIAL CONFERENCE held on 9/8/2023. Written Order to follow.<br><br>Counsel appearing for Plaintiff(s): Michael Ketchmark, Scott McCreight, Brandon Boulware. Counsel appearing for Defendant(s): Ethan Glass, Jay N. Varon, Robert D MacGill, David C. Kully, Timothy Ray, Jeffrey A LeVee, Eric Enson, Jean Paul Bradshaw, Georgina Inglis, Sarah M. Topol, Samantha Strauss. Time in court: 9:23 a.m. to 12:06 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 09/08/2023) |
| 09/08/2023 | 1132 | On September 8, 2023, the Court presided over a pretrial conference with the parties. For the reasons stated on the record, and upon review of the parties' briefs, it is hereby ORDERED that the Plaintiffs' Omnibus Motions in Limine (Doc. #1081) are GRANTED IN PART and DENIED IN PART. Further, the Motions in Limine of Defendants (Doc. #1061; Doc. #1062; Doc. #1063; Doc. #1064; Doc. #1065; Doc. #1066; Doc. #1067; Doc. #1068; Doc. #1069; Doc. #1070; Doc. #1071; Doc. #1072; Doc. #1073; Doc. #1075; Doc. #1076; Doc. #1078; Doc. #1080) are GRANTED IN PART and DENIED IN PART. Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses (Doc. #1105) is GRANTED IN PART AND DENIED IN PART. Signed on 9/8/2023 by District Judge Stephen R. Bough. (Borneman, Sara) (Entered: 09/08/2023) |
| 09/11/2023 | 1133 | DESIGNATION *OF DEPOSITION TESTIMONY FROM LINDA O'CONNOR AS PER NOTICE AT DOC 1084 PARA 33* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. (MacGill, Robert) (Entered: 09/11/2023) |

| 09/13/2023 | 1134 | MANDATE of US COURT OF APPEALS as to 877 Notice of Appeal filed by HSF Affiliates, LLC, BHH Affiliates, LLC, HomeServices of America, Inc. with mandate issued on 09/13/2023. (Terry, Jason) (Entered: 09/13/2023) |
|---|---|---|
| 09/14/2023 | 1135 | DESIGNATION *Plaintiffs' Counter Designations to be Played at Trial in Response to Defendants' Designated Deposition Testimony of Linda O'Connor* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Ketchmark, Michael) (Entered: 09/14/2023) |
| 09/14/2023 | 1136 | DESIGNATION *of Undersigned Defendants from Ashley Kelm* by Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 09/14/2023) |
| 09/15/2023 | 1137 | MOTION in limine *No. 19 to EXCLUDE TESTIMONY OF WITHDRAWN EXPERTS* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors, Re/Max LLC. Suggestions in opposition/response due by 9/29/2023 unless otherwise directed by the court. (MacGill, Robert). (Entered: 09/15/2023) |
| 09/18/2023 | 1138 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant RE/MAX, LLC* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Ketchmark, Michael) (Entered: 09/18/2023) |
| 09/18/2023 | 1139 | ELECTRONIC TRANSCRIPT of Pretrial Conference held September 8, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 109. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 9/25/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 12/18/2023. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 09/18/2023) |
| 09/18/2023 | 1140 | Before the Court is a Notice of Settlement as to Defendant RE/MAX, LLC. (Doc. # 1138.) Accordingly, the deadlines in this case as they pertain to RE/MAX, LLC are hereby STAYED. Plaintiffs shall file a Motion for Preliminary Approval on or before October 18, 2023. Signed on 9/18/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 09/18/2023) |
| 09/18/2023 | 1141 | NOTICE to take deposition of Jen Davis filed by Michael S. Ketchmark on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Ketchmark, Michael) (Entered: 09/18/2023) |
| 09/18/2023 | 1142 | MOTION for Dismissal of State Law Claims Pled in the Third Amended Complaint by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 10/2/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of |

| | | |
|---|---|---|
| | | Exhibit Attachment Exhibit A)(Ketchmark, Michael) Modified on 9/19/2023 to correct docket event and set deadline (Crocker, Susan). (Entered: 09/18/2023) |
| 09/18/2023 | 1143 | MOTION in limine *No. 20 to Exclude Evidence of Defendants' Financials* filed by Ethan Glass on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. Suggestions in opposition/response due by 10/2/2023 unless otherwise directed by the court. (Glass, Ethan). (Entered: 09/18/2023) |
| 09/18/2023 | | Set/Reset Deadlines as to 1142 MOTION for dismissal of state law claims pled in the third amended complaint. Suggestions in opposition/response due by 10/2/2023 unless otherwise directed by the court. (Crocker, Susan) (Entered: 09/19/2023) |
| 09/19/2023 | 1144 | Before the Court is a Stipulation of Dismissal. (Doc. #1142.) Upon review, the Court preliminary approves the dismissal of Count III of Plaintiffs' Third Amended Complaint with prejudice and Count II of Plaintiffs' Third Amended Complaint with prejudice, except the MMPA claims of class members who engaged in transactions as sellers of real estate between April 29, 2014, and April 28, 2015, which the Court preliminary approves of dismissing without prejudice. The Court further ORDERS that notice be provided to the class in the form set forth in Exhibit A (Doc. #1142–1). The Court directs the parties to contact the Courtroom Deputy, Sara Borneman, to schedule a hearing for final approval of dismissing Plaintiffs' state law claims. Signed on 9/19/2023 by District Judge Stephen R. Bough. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Borneman, Sara) (Entered: 09/19/2023) |
| 09/19/2023 | 1145 | MOTION in limine *No. 21 TO EXCLUDE EVIDENCE RELATING TO ANYWHERE AND RE/MAX* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. Suggestions in opposition/response due by 10/3/2023 unless otherwise directed by the court. (MacGill, Robert). (Entered: 09/19/2023) |
| 09/19/2023 | 1146 | <span style="color:red">NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached.</span> Oral Argument:FINAL CLASS APPROVAL set for 10/13/2023 08:30 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Borneman, Sara) (Entered: 09/19/2023) |
| 09/19/2023 | 1147 | SUGGESTIONS in opposition re 1115 MOTION in limine *Plaintiffs' Motion in Limine #25* filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. Reply suggestions due by 10/3/2023 unless otherwise directed by the court. (Related document(s) 1115 ) (MacGill, Robert) (Entered: 09/19/2023) |
| 09/21/2023 | 1148 | PROPOSED JURY INSTRUCTIONS by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano *Plaintiffs' Revised Proposed Verdict Form*. (Attachments: # 1 Notice of Exhibit Attachment Revised Proposed Verdict Form)(McCreight, Scott) (Entered: 09/21/2023) |
| 09/21/2023 | 1149 | OBJECTIONS (non motions) by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano re 1126 Proposed Jury Instructions *Plaintiffs' Objections to Defendants' Proposed Verdict Form*. Related document: 1126 Proposed Jury Instructions filed by HSF Affiliates, LLC, Re/Max LLC, BHH Affiliates, LLC, National Association of Realtors, |

| | | |
|---|---|---|
| | | HomeServices of America, Inc., Keller Williams Realty, Inc..(McCreight, Scott) (Entered: 09/21/2023) |
| 09/21/2023 | 1150 | TRIAL BRIEF *Plaintiffs' Trial Brief on Joint and Several Liability and Submission of Damages Relating to Transactions Involving Settled Defendants* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (McCreight, Scott) (Entered: 09/21/2023) |
| 09/21/2023 | 1151 | REPLY SUGGESTIONS to motion re 1115 MOTION in limine *Plaintiffs' Motion in Limine #25 Plaintiffs' Reply Suggestions in Support of Their Motion In Limine No. 25* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (Related document(s) 1115 ) (McCreight, Scott) (Entered: 09/21/2023) |
| 09/21/2023 | 1152 | SUGGESTIONS in opposition re 1145 MOTION in limine *No. 21 TO EXCLUDE EVIDENCE RELATING TO ANYWHERE AND RE/MAX Plaintiffs' Suggestions in Opposition to Defendants' Motion In Limine No. 21* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/5/2023 unless otherwise directed by the court. (Related document(s) 1145 ) (McCreight, Scott) (Entered: 09/21/2023) |
| 09/22/2023 | 1153 | DESIGNATION *UNDERSIGNED DEFENDANTS' OBJECTIONS TO PLAINTIFFS' COUNTER DESIGNATIONS AND CONTINGENT ADDITIONAL DESIGNATION (O'Connor)* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. (MacGill, Robert) (Entered: 09/22/2023) |
| 09/25/2023 | 1154 | NOTICE to take deposition of Krista Wilson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/25/2023) |
| 09/25/2023 | 1155 | NOTICE to take deposition of Mike Frazier filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/25/2023) |
| 09/25/2023 | 1156 | Amended NOTICE to take deposition of Mike Frazier filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/25/2023) |
| 09/25/2023 | 1157 | Amended NOTICE to take deposition of Krista Wilson filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano.(Boulware, Brandon) (Entered: 09/25/2023) |
| 09/25/2023 | 1158 | SUGGESTIONS in opposition re 1137 MOTION in limine *No. 19 to EXCLUDE TESTIMONY OF WITHDRAWN EXPERTS Plaintiffs' Opposition to Defendants' Motion In Limine No. 19* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/10/2023 unless otherwise directed by the court. (Related document(s) 1137 ) (McCreight, |

| | | |
|---|---|---|
| | | Scott) (Entered: 09/25/2023) |
| 09/25/2023 | 1159 | SUGGESTIONS in opposition re 1143 MOTION in limine *No. 20 to Exclude Evidence of Defendants' Financials – –Plaintiffs' Opposition to Defendants' Motion In Limine No. 20* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/10/2023 unless otherwise directed by the court. (Related document(s) 1143 ) (McCreight, Scott) (Entered: 09/25/2023) |
| 09/25/2023 | 1160 | MOTION in limine *Plaintifffs' Motion In Limine No. 26* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Suggestions in opposition/response due by 10/10/2023 unless otherwise directed by the court. (McCreight, Scott) (Entered: 09/25/2023) |
| 09/27/2023 | 1161 | NOTICE of filing *Plaintiffs' Notice of Withdrawal of Jeffery Rothbart as Expert Witness* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (McCreight, Scott) (Entered: 09/27/2023) |
| 09/27/2023 | 1162 | NOTICE of filing *Plaintiffs' Notice of Intent to Offer Records of a Regularly Conducted Activity* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 Notice of Exhibit Attachment Declaration of Anywhere Real Estate, Inc.)(McCreight, Scott) (Entered: 09/27/2023) |
| 09/27/2023 | 1163 | NOTICE of filing *Notice of Withdrawal – Scott Trupiano, Ryan Hendrickson, Scott Burnett* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Dirks, Eric). (Entered: 09/27/2023) |
| 09/28/2023 | 1164 | MOTION to strike 1163 Notice of filing *DEFENDANTS OBJECTION TO PURPORTED WITHDRAWAL OF NAMED PLAINTIFFS ON THE EVE OF TRIAL AND MOTION TO STRIKE* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 10/12/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Related document(s) 1163 ) (MacGill, Robert) (Entered: 09/28/2023) |
| 09/28/2023 | 1165 | DESIGNATION *Plaintiffs' Counter Designations to be Played at Trial in Response to Defendants' Designated Deposition Testimony of Ashley Kelm* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Ketchmark, Michael) (Entered: 09/28/2023) |
| 09/28/2023 | 1166 | ORDER that Plaintiffs shall file a response on or before October 2, 2023, to Defendants Objection to Purported Withdrawal of Named Plaintiffs on the Eve of Trial and Motion to Strike (Doc. #1164). Signed on y by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 09/28/2023) |
| 09/28/2023 | 1167 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 10/2/2023 09:00 AM in Chambers before District Judge Stephen R. Bough. Dial in information was emailed to parties of record.(Borneman, Sara) (Entered: |

| | | |
|---|---|---|
| | | 09/28/2023) |
| 09/29/2023 | 1168 | NOTICE to take deposition of Kevin Goffstein filed by Brandon J.B. Boulware on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel.(Boulware, Brandon) (Entered: 09/29/2023) |
| 09/29/2023 | 1169 | MOTION to enforce order/judgment *of Pre–Trial Rulings and Suggestions in Support* filed by Ethan Glass on behalf of Keller Williams Realty, Inc., National Association of Realtors. Suggestions in opposition/response due by 10/13/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Glass, Ethan). (Entered: 09/29/2023) |
| 09/30/2023 | 1170 | MOTION in limine *No. 22 by Keller Williams and the National Association of Realtors to Exclude Testimony from Defendants' Witnesses Regarding The Law, The Pleadings, and Legal Conclusions* filed by David C. Kully on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 10/16/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A –– Deposition Testimony to Be Excluded)(Kully, David) (Entered: 09/30/2023) |
| 10/01/2023 | 1171 | SUGGESTIONS in opposition re 1169 MOTION to enforce order/judgment *of Pre–Trial Rulings and Suggestions in Support Plaintiffs' Response to Defendants' "Motion to Enforce Pretrial Rulings" (Doc. 1169)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/16/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1, # 2 Notice of Exhibit Attachment Exhibit 2, # 3 Notice of Exhibit Attachment Exhibit 3)(Related document(s) 1169 ) (McCreight, Scott) (Entered: 10/01/2023) |
| 10/01/2023 | 1172 | SUGGESTIONS in opposition re 1170 MOTION in limine *No. 22 by Keller Williams and the National Association of Realtors to Exclude Testimony from Defendants' Witnesses Regarding The Law, The Pleadings, and Legal Conclusions –– Plaintiffs' Opposition to Defendants' Motion In Limine No. 22 (Doc. 1170)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/16/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1)(Related document(s) 1170 ) (McCreight, Scott) (Entered: 10/01/2023) |
| 10/02/2023 | 1173 | RESPONSE to Order re 1166 Order, Set Deadlines, *Plaintiffs' Opposition to Defendants' Objection and Motion to Strike (Doc. 1164)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 10/17/2023 unless otherwise directed by the court. (Related document(s) 1166 ) (McCreight, Scott) (Entered: 10/02/2023) |
| 10/02/2023 | 1174 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: TELEPHONE CONFERENCE held on 10/2/2023. Counsel appearing for Plaintiff(s): Michael Ketchmark. Counsel appearing for Defendant(s): Robert MacGill, Ethan Glass, Timothy Ray. Time in court: 9:01 a.m. to 9:40 a.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/02/2023) |
| 10/02/2023 | 1175 | |

| | | On October 2, 2023, the Court presided over a telephone conference with the parties. For the reasons stated on the record, and upon review of the parties' briefs, it is hereby ORDERED that: Plaintiffs' Motion in Limine Number 25 (Doc. #1115) is GRANTED; Defendants' Motion in Limine Number 19 (Doc. #1137) is GRANTED; Defendants' Motion in Limine Number 20 (Doc. #1143) is GRANTED; Defendants' Motion in Limine Number 21 (Doc. #1145) is DENIED; Defendants' Motion in Limine Number 22 (Doc. #1170) is DENIED; Plaintiffs' Notice of Withdrawal (Doc. #1163) is GRANTED, and Defendants Objection to Purported Withdrawal of Named Plaintiffs on the Eve of Trial and Motion to Strike (Doc. #1164) is DENIED; and Defendants' Motion to Enforce Pretrial Rulings (Doc. #1169) is GRANTED IN PART AND DENIED IN PART. The motion is DENIED regarding Mr. Gary Keller's testimony and GRANTED in all other respects based upon the parties agreement. Signed on 10/2/2023 by District Judge Stephen R. Bough. (Borneman, Sara) (Entered: 10/02/2023) |
|---|---|---|
| 10/02/2023 | 1176 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 10/6/2023 09:00 AM in Chambers before District Judge Stephen R. Bough. Dial in information will be emailed to parties of record.(Borneman, Sara) (Entered: 10/02/2023) |
| 10/03/2023 | 1177 | ELECTRONIC TRANSCRIPT of Teleconference held October 2, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 26. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 10/10/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 1/3/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** <br><br> (Wambolt, Gayle) (Entered: 10/03/2023) |
| 10/04/2023 | 1178 | MOTION for leave to file excess pages filed by Matthew Lee Dameron on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/18/2023 unless otherwise directed by the court. (Dameron, Matthew) (Entered: 10/04/2023) |
| 10/04/2023 | 1179 | Before the Court is Plaintiffs' Unopposed Motion for Leave to File Excess Pages. (Doc. #1178.) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file their Motion for Preliminary Approval of Settlements not exceeding forty (40) pages. Signed on 10/4/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/04/2023) |
| 10/04/2023 | 1180 | REVISED PROPOSED JURY INSTRUCTIONS by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel –– *Plaintiffs' Revised Proposed Jury Instructions and Verdict Form to Account for Settled Defendants*. (Attachments: # 1 Notice of Exhibit Attachment Jury Instruction Edits for Settlements)(McCreight, Scott) Modified on 10/5/2023 to correct docket event (Crocker, Susan). (Entered: |

| | | |
|---|---|---|
| | | 10/04/2023) |
| 10/04/2023 | 1181 | MOTION to strike *Plaintiffs' Motion to Strike Designation of David Stevens to Provide Expert Testimony* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/18/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1)(McCreight, Scott) (Entered: 10/04/2023) |
| 10/04/2023 | 1182 | MOTION in limine *Plaintiffs' Agreed Motion In Limine No. 27* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/18/2023 unless otherwise directed by the court. (McCreight, Scott) (Entered: 10/04/2023) |
| 10/04/2023 | 1183 | DESIGNATION *UNDERSIGNED DEFENDANTS' DEPOSITION DESIGNATIONS FROM SCOTT TRUPIANO* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. (MacGill, Robert) (Entered: 10/04/2023) |
| 10/04/2023 | 1184 | PROPOSED EXHIBIT LIST *THE HOMESERVICES DEFENDANTS' OCTOBER 4th EXHIBIT INDEX* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (MacGill, Robert) (Entered: 10/04/2023) |
| 10/04/2023 | 1185 | PROPOSED WITNESS LIST by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors *UNDERSIGNED DEFENDANTS' OCTOBER 4th WITNESS LIST*. (MacGill, Robert) (Entered: 10/04/2023) |
| 10/04/2023 | 1186 | SUGGESTIONS in opposition re 1160 MOTION in limine *Plaintifffs' Motion In Limine No. 26* filed by Ethan Glass on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. Reply suggestions due by 10/18/2023 unless otherwise directed by the court. (Related document(s) 1160 ) (Glass, Ethan) (Entered: 10/04/2023) |
| 10/05/2023 | 1187 | Motion to allow Barack S. Echols to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8656587) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 10/05/2023) |
| 10/05/2023 | 1188 | SUGGESTIONS in opposition re 1181 MOTION to strike *Plaintiffs' Motion to Strike Designation of David Stevens to Provide Expert Testimony* filed by Brian C Fries on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Reply suggestions due by 10/19/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit Declaration of Jay N. Varon)(Related document(s) 1181 ) (Fries, Brian) (Entered: 10/05/2023) |
| 10/05/2023 | | NOTICE OF HEARING CANCELLATION – The Telephone Conference scheduled for 9:00 a.m. has been cancelled.  This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/05/2023) |
| 10/05/2023 | 1189 | RETURN OF SERVICE (non cmp) *of Subpoena to Rhonda Burnett* (Buchanan, David) (Entered: 10/05/2023) |
| 10/05/2023 | 1190 | NOTICE of filing *Plaintiffs' Notice of Intent to Offer Records of a Regularly Conducted Activity* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (Attachments: # 1 |

| | | |
|---|---|---|
| | | Notice of Exhibit Attachment Declaration of RE/MAX, LLC)(McCreight, Scott) (Entered: 10/05/2023) |
| 10/05/2023 | 1191 | STIPULATION *Plaintiffs' and Defendant Keller Williams Stipulation Regarding Trial Exhibits* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (McCreight, Scott) (Entered: 10/05/2023) |
| 10/05/2023 | 1192 | MOTION for order Preliminary Approval of Settlements filed by Matthew Lee Dameron on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/19/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit Declaration of S. Berman, # 2 Exhibit Declaration of M. Dameron, # 3 Exhibit Berman Declaration Exhibit A, # 4 Exhibit Berman Declaration Exhibit B)(Dameron, Matthew) (Entered: 10/05/2023) |
| 10/06/2023 | 1193 | ORDER granting 1187 motion to appear pro hac vice entered by Clerk of Court. Attorney Barack S. Echols for Keller Williams Realty, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 10/06/2023) |
| 10/06/2023 | 1194 | TRIAL BRIEF *THE HOMESERVICES DEFENDANTS' PRE–TRIAL MEMORANDUM* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (MacGill, Robert) (Entered: 10/06/2023) |
| 10/06/2023 | 1195 | Before the Court is Plaintiffs' Agreed Motion in Limine No. 27. (Doc. #1182) Based upon agreement of the parties, the motion is GRANTED. Signed on 10/6/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/06/2023) |
| 10/06/2023 | 1196 | Before the Court is Plaintiffs' Motion to Strike Designation of David Stevens to Provide Expert Testimony. (Doc. #1181.) Upon review, the motion is GRANTED IN PART AND DENIED IN PART. The motion is granted in so far as Mr. Stevens can make no mention of the previously withdrawn witness, Mr. Doug Minor. It is denied in so far as Defendants can use Mr. Stevens' testimony to confirm mortgage and lending industry practices applicable to home purchasers seeking mortgages, and how changing the current practice of listing brokers offering compensation to buyer brokers would affect mortgage financing generally, cash constrained buyers and homeownership opportunities. (Doc. #1188–1, p. 5 6.). Signed on 10/6/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/06/2023) |
| 10/06/2023 | 1197 | TRIAL BRIEF by Keller Williams Realty, Inc.. (Kully, David) (Entered: 10/06/2023) |
| 10/06/2023 | 1198 | STIPULATION *Plaintiffs' and Defendant Keller Williams Amended Stipulation Regarding Trial Exhibits* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee |

| | | Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. (McCreight, Scott) (Entered: 10/06/2023) |
|---|---|---|
| 10/06/2023 | 1199 | NOTICE of filing *Plaintiffs' Notice of Withdrawal of Ron Peltier as a Witness to be Called by Videotaped Deposition* by Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano (McCreight, Scott) (Entered: 10/06/2023) |
| 10/06/2023 | 1200 | TRIAL BRIEF −−*Plaintiffs' Trial Brief* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (McCreight, Scott) (Entered: 10/06/2023) |
| 10/06/2023 | 1201 | MOTION to enforce order/judgment −− *Plaintiffs' Motion to Enforce Scheduling Order* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/20/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Exhibit A)(McCreight, Scott) (Entered: 10/06/2023) |
| 10/06/2023 | 1202 | DESIGNATION −−*Plaintiffs' Objections and Counter−Designations to Defendants' Depositions Designations for Scott Trupiano (Doc. 1183)* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Notice of Exhibit Attachment Exhibit A, # 2 Notice of Exhibit Attachment Exhibit B, # 3 Notice of Exhibit Attachment Exhibit C)(McCreight, Scott) (Entered: 10/06/2023) |
| 10/06/2023 | 1203 | TRIAL BRIEF by National Association of Realtors. (Glass, Ethan) (Entered: 10/06/2023) |
| 10/07/2023 | 1204 | STIPULATION −− *Plaintiffs' Stipulation Regarding National Association of Realtors' Exhibits at Trial* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (McCreight, Scott) (Entered: 10/07/2023) |
| 10/08/2023 | 1205 | SUGGESTIONS in opposition re 1201 MOTION to enforce order/judgment −− *Plaintiffs' Motion to Enforce Scheduling Order HSDs' OPPOSITION TO PLAINTIFFS' ATTEMPT TO HIDE MR. PELTIER'S TESTIMONY FROM THE JURY* filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Reply suggestions due by 10/23/2023 unless otherwise directed by the court. (Related document(s) 1201 ) (MacGill, Robert) (Entered: 10/08/2023) |
| 10/09/2023 | 1206 | Amended PROPOSED WITNESS LIST by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel −− *Plaintiffs' Amended Witness List*. (McCreight, Scott) (Entered: 10/09/2023) |
| 10/09/2023 | 1207 | DESIGNATION −− *Plaintiffs' Video Deposition Designations of Kevin Goffstein to be Played at Trial* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Notice of Exhibit Attachment Exhibit A)(McCreight, Scott) Modified on 10/10/2023 to delete attachment 1 at filer's request. (Hanna, Jaime). (Entered: 10/09/2023) |
| 10/09/2023 | 1208 | Amended PROPOSED EXHIBIT LIST *Plaintiffs' Amended Exhibit Index* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (McCreight, Scott) (Entered: 10/09/2023) |
| 10/09/2023 | 1209 | Amended PROPOSED WITNESS LIST by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel −− *Plaintiffs' Second Amended Witness List*. (McCreight, Scott) (Entered: 10/09/2023) |

| 10/10/2023 | 1210 | Before the Court is Plaintiffs' Motion in Limine No. 26. (Doc. #1160.) Upon review, the motion is GRANTED. "Federal Rule of Evidence 408 bars the admission of settlements 'to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.'" United States v. Cameron–Ehlen Grp., Inc., No. 13–CV–3003 (WMW/DTS), 2023 WL 36174, at *15 (D. Minn. Jan. 4, 2023) (quoting Fed. R. Evid. 408(a)). "But district courts have broad discretion to admit or exclude evidence of settlements for other purposes." Id. "The Eighth Circuit interprets Rule 408 narrowly, explaining that it only applies to evidence of compromise offered to prove liability for or the amount of the claim that was compromised.'" Id. (quoting Dahlgren v. First Nat'l Bank of Holdrege, 533 F.3d 681, 699 (8th Cir. 2008)). Evidence of settlement with third parties has been deemed admissible when excluding such evidence could confuse the jury or invite speculation about the third party's absence." Id. Thus, the Court finds that the jury may hear evidence regarding RE/MAX LLC and Anywhere Real Estate, Inc. during the Court's preliminary jury instructions and in the jury instructions before closing arguments. However, there may be no mention of the amount of the settlements. The parties shall prepare an agreed upon jury instruction and submit to the court by October 12, 2023. Signed on 10/10/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/10/2023) |
| --- | --- | --- |
| 10/10/2023 | 1211 | Joint MOTION for reconsideration re 1210 Order on Motion in Limine,,,,,, filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 10/24/2023 unless otherwise directed by the court. (Related document(s) 1210 ) (MacGill, Robert) (Entered: 10/10/2023) |
| 10/11/2023 | 1212 | SUGGESTIONS in opposition re 1211 Joint MOTION for reconsideration re 1210 Order on Motion in Limine,,,,,, –– *Plaintiffs' Opposition to Defendants' Motion to Reconsider (Doc. 1211)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey. Reply suggestions due by 10/25/2023 unless otherwise directed by the court. (Related document(s) 1211 ) (McCreight, Scott) (Entered: 10/11/2023) |
| 10/11/2023 | 1213 | REPLY SUGGESTIONS to motion re 1211 Joint MOTION for reconsideration re 1210 Order on Motion in Limine,,,,,, filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 1211 ) (MacGill, Robert) (Entered: 10/11/2023) |
| 10/11/2023 | 1214 | PROPOSED JURY INSTRUCTIONS by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors *DEFENDANTS' PROPOSED JURY INSTRUCTION REGARDING SETTLING PARTIES.* (Attachments: # 1 Exhibit A – Defendants' Proposed Alternative Jury Instructions)(MacGill, Robert) (Entered: 10/11/2023) |
| 10/11/2023 | 1215 | Before the Court is Plaintiffs' Motion to Enforce Scheduling Order. (Doc. #1201.) Upon review, the motion is GRANTED IN PART AND DENIED IN PART. Based on the parties' agreement, the motion is granted as it pertains to Bonnie Sue Lovelace and Erin Peel, who were mistakenly included in Defendants' witness list. The motion is denied as it pertains to Ron Peltier, as he was listed on Plaintiffs' proposed witness list and Defendants reserved the right to call "[a]ny witness listed by Plaintiffs." (Doc. #1084, p. 3.). Signed on 10/11/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, |

| | | |
|---|---|---|
| | | Sara) (Entered: 10/11/2023) |
| 10/11/2023 | 1216 | Before the Court is Defendants' Motion to Reconsider Order Allowing Reference to Realogy and RE/MAX settlements. (Doc. #1211.) Upon review, the motion is DENIED. Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Robinson v. Midwest Div.–RMC, LLC, No. 4:19–CV–0934–SRB, 2020 WL 3317614, at *1 (W.D. Mo. June 18, 2020) (quoting Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., No. 3:09–CV–05078–DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)). In Defendants' Opposition to Plaintiffs' Motion in Limine No. 26 (Doc. #1186), they failed to cite any case law supporting their position. Now, the motion to reconsider cites RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc., No. 5:18–CV–06037–DGK, 2021 WL 4258747, at *2 (W.D. Mo. Sept. 17, 2021), which is not a newly decided case. The Defendants could have easily cited RightCHOICE in their original opposition. Nonetheless, when considering Defendants motion to reconsider, the Court finds RightCHOICE distinguishable. In RightCHOICE, the defendants who went to trial could not be held jointly and severally liable. In this case, however, Defendants can be held jointly and severally liable for the settled defendants' damages, so the Court finds it necessary to allow some reference to Realogy's and RE/MAX's settlements. Signed on 10/11/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/11/2023) |
| 10/11/2023 | 1217 | MOTION to strike 1207 DESIGNATION, *The HomeServices Defendants' Motion to Strike Plaintiffs' Video Deposition Designations of Kevin Goffstein to be Played at Trial* filed by Jay N. Varon on behalf of HomeServices of America, Inc.. Suggestions in opposition/response due by 10/25/2023 unless otherwise directed by the court. (Related document(s) 1207 ) (Varon, Jay) (Entered: 10/11/2023) |
| 10/11/2023 | 1218 | STIPULATION *REGARDING TRIAL EXHIBITS* by Keller Williams Realty, Inc., National Association of Realtors. (Glass, Ethan) (Entered: 10/11/2023) |
| 10/12/2023 | 1219 | Amended PROPOSED WITNESS LIST by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors . (Buchanan, David) (Entered: 10/12/2023) |
| 10/12/2023 | 1220 | SUGGESTIONS in opposition re 1217 MOTION to strike 1207 DESIGNATION, *The HomeServices Defendants' Motion to Strike Plaintiffs' Video Deposition Designations of Kevin Goffstein to be Played at Trial –– Plaintiffs' Opposition to HomeServices' Motion to Strike Deposition Designations of Kevin Goffstein (Doc. 1217)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 10/26/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Exhibit 1)(Related document(s) 1217 ) (McCreight, Scott) (Entered: 10/12/2023) |
| 10/12/2023 | 1221 | MOTION for leave to file –– *Plaintiffs' Motion for Leave to File Amended Exhibit List* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/26/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Attachment 1– Chart, # 2 Notice of Exhibit Attachment Attachment 2– Corrected Amended Exhibit List)(McCreight, Scott) (Entered: 10/12/2023) |

| | | |
|---|---|---|
| 10/12/2023 | 1222 | Before the Court is the HomeServices Defendants' Motion to Strike Plaintiffs' Video Deposition Designations of Kevin Goffstein to be Played at Trial. (Doc. #1217.) Upon review, the motion is DENIED. Signed on 10/12/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 10/12/2023) |
| 10/12/2023 | 1223 | MOTION in limine *TO EXCLUDE (1) EVIDENCE RELATED TO WHOLLY OWNED SUBSIDIARIES HAVING COMMON OFFICERS AND DIRECTORS AND (2) EVIDENCE AND ARGUMENT IGNORING THE DISTINCTION BETWEEN SUBSIDIARIES AND THEIR PARENT* filed by Jay N. Varon on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 10/26/2023 unless otherwise directed by the court. (Attachments: # 1 Declaration of Jay N. Varon)(Attorney Jay N. Varon added to party BHH Affiliates, LLC(pty:dft), Attorney Jay N. Varon added to party HSF Affiliates, LLC(pty:dft))(Varon, Jay) (Entered: 10/12/2023) |
| 10/12/2023 | 1224 | DESIGNATION *HomeServices Defendants' Objections to Plaintiffs' Deposition Designations of Kevin Goffstein and Counter–Designations* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Varon, Jay) (Entered: 10/12/2023) |
| 10/13/2023 | 1225 | SUGGESTIONS in opposition re 1223 MOTION in limine *TO EXCLUDE (1) EVIDENCE RELATED TO WHOLLY OWNED SUBSIDIARIES HAVING COMMON OFFICERS AND DIRECTORS AND (2) EVIDENCE AND ARGUMENT IGNORING THE DISTINCTION BETWEEN SUBSIDIARIES AND THEIR PARENT – Plaintiffs' Opposition to HomeServices' Motion In Limine Regarding the Relationship Between its Parent and Subsidiary Entities (Doc. 1223)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 10/27/2023 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment Frazier Depo)(Related document(s) 1223 ) (McCreight, Scott) (Entered: 10/13/2023) |
| 10/13/2023 | 1226 | RETURN OF SERVICE (non cmp) *of Subpoena to Plaintiff Frances Harvey* (Buchanan, David) (Entered: 10/13/2023) |
| 10/13/2023 | 1227 | On October 13, 2023, the Court presided over a hearing with the parties regarding Plaintiffs' Unopposed Motion for Dismissal of State Law Claims Pled in the Third Amended Complaint. (Doc. #1142.) The Court preliminarily granted this motion and directed notice to be disseminated to the Class. No class members appeared during the hearing and no objections have been filed with the Court. Accordingly, Plaintiff' Motion is GRANTED. Signed on 10/13/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/13/2023) |
| 10/13/2023 | 1228 | On October 13, 2023, the Court presided over a conference with the parties. For the reasons stated on the record, it is hereby ORDERED that Plaintiffs' Motion in Limine No. 18 is extended to all witnesses, prohibiting any mention of witnesses' net worth. The parties may consult the transcript for further details and/or clarification. Signed on 10/13/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 10/13/2023) |
| 10/13/2023 | 1229 | |

| | | Minute Entry. Proceedings held before District Judge Stephen R. Bough: ORAL ARGUMENT held on 10/13/2023. Counsel appearing for Plaintiff(s): Michael Ketchmark, Scott McCreight, Brandon Bouleware. Counsel appearing for Defendant(s): Ethan Glass, Robert D MacGill, Timothy Ray. Time in court: 8:29 a.m. to 8:50 a.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/13/2023) |
|---|---|---|
| 10/13/2023 | 1230 | Before the Court is Plaintiffs' Motion for Leave to File an Amended Exhibit List. (Doc. #1221.) On October 13, 2023, the Court presided over a conference with the parties. For the reasons stated on the record, the motion is GRANTED. It is further ORDERED that Plaintiffs shall file their amended exhibit list on or before October 14, 2023. The parties may consult the transcript for further details and/or clarification. Signed on 10/13/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 10/13/2023) |
| 10/13/2023 | 1231 | PROPOSED EXHIBIT LIST –– *Corrected Amended Exhibit Index* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (McCreight, Scott) (Entered: 10/13/2023) |
| 10/13/2023 | 1232 | RETURN OF SERVICE (non cmp) *of Subpoena to Plaintiff Hollee Ellis* (Buchanan, David) (Entered: 10/13/2023) |
| 10/13/2023 | 1233 | RETURN OF SERVICE (non cmp) *of Subpoena to Plaintiff Jeremy Keel* (Buchanan, David) (Entered: 10/13/2023) |
| 10/13/2023 | 1234 | REPLY SUGGESTIONS to motion re 1223 MOTION in limine *TO EXCLUDE (1) EVIDENCE RELATED TO WHOLLY OWNED SUBSIDIARIES HAVING COMMON OFFICERS AND DIRECTORS AND (2) EVIDENCE AND ARGUMENT IGNORING THE DISTINCTION BETWEEN SUBSIDIARIES AND THEIR PARENT* filed by Jay N. Varon on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Attachments: # 1 Exhibit Declaration of Debra Hood)(Related document(s) 1223 ) (Varon, Jay) (Entered: 10/13/2023) |
| 10/13/2023 | 1235 | NOTICE of filing –– *Plaintiffs' Withdrawal of Counter Designations to be Played at Trial of Ashley Kelm* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel re 1165 DESIGNATION, (McCreight, Scott) (Entered: 10/13/2023) |
| 10/13/2023 | 1236 | Before the Court is the HomeService Defendants' Objection and Motion in Limine. (Doc. #1223.) Upon review, the motion is GRANTED IN PART AND DENIED IN PART. The motion is denied in part and plaintiffs may present evidence regarding whether the HomeServices Defendants are truly independent centers of decisionmaking under American Needle, Inc. v. Natl Football League, 560 U.S. 183, 196–97 (2010). The court is mindful that [a] conspiracy requires a plurality of actors, and... no such plurality exists between a corporation and its wholly owned subsidiary corporation. City of Mt. Pleasant, Iowa v. Associated Elec. Co–op., Inc., 838 F.2d 268, 274 (8th Cir. 1988), so the motion is granted in part in that plaintiff shall be prohibited from introducing evidence regarding an intra–corporate conspiracy, or that the HomeServices Defendants are liable only because their sister subsidiaries hav[e] common officers and directors. (Doc. #1223, p. 1.) Signed on 10/13/23 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No |

| | | |
|---|---|---|
| | | document is attached. (Diefenbach, Tracy) (Entered: 10/13/2023) |
| 10/13/2023 | 1245 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/13/2023. Time in court: 9:23 a.m. to 11:39 a.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara). Modified on 10/17/2023 to correct date (Crocker, Susan). (Entered: 10/16/2023) |
| 10/16/2023 | 1237 | MOTION to enforce order/judgment *MOTION TO ENFORCE COURT ORDER AT DOC 1236* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 10/30/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A – Email request to strike, # 2 Exhibit B – Email refusal to strike, # 3 Exhibit C – Strandmo, # 4 Exhibit D – Warner, # 5 Exhibit E – Blefari, # 6 Exhibit F – Goffstein, # 7 Exhibit G – 2068, # 8 Exhibit H – 2069, # 9 Exhibit I – Ps' opening materials list (redacted to only show relevant line))(MacGill, Robert) (Entered: 10/16/2023) |
| 10/16/2023 | 1238 | Before the Court are the parties' deposition designations and objections regarding Kevin Goffstein. All of Defendants' objections are overruled, except for: p. 33, lines 10 22; p. 34, lines 4–10; and p. 53, line 24–p. 54, line 2. Signed on 10/16/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/16/2023) |
| 10/16/2023 | 1239 | Supplemental TRIAL BRIEF ––*Plaintiffs' Supplemental Trial Brief on Defendants' Proposed Use of State Statutes and Regulations* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (McCreight, Scott) (Entered: 10/16/2023) |
| 10/16/2023 | 1240 | Motion to allow Ian T. Hampton to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8669507) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 10/16/2023) |
| 10/16/2023 | 1241 | ORDER granting 1240 motion to appear pro hac vice entered by Clerk of Court. Attorney Ian T. Hampton for Home Services of America allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.

Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 10/16/2023) |
| 10/16/2023 | 1242 | Before the Court is Plaintiffs' Supplemental Trial Brief on Defendants' Proposed Use of State Statutes and Regulations. (Doc. #1239.) Upon review and based upon the arguments set forth by plaintiff, it is hereby ORDERED that Defendants are prohibited from using state statutes and regulations as exhibits. Signed on 10/16/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/16/2023) |
| 10/16/2023 | 1243 | |

| | | |
|---|---|---|
| | | Before the Court is the HomeServices Defendants' Motion to Enforce Court Order. (Doc. #1237.) Upon review and based upon the arguments set forth by Plaintiffs and for the reasons set forth in open court, it is hereby ORDERED that Defendants' motion is DENIED. Signed on 10/16/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara). (Entered: 10/16/2023) |
| 10/16/2023 | 1244 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Jury Trial set for 10/17/2023 – 11/3/2023 08:30 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. For Daily Docketed purposes only.(Borneman, Sara) (Entered: 10/16/2023) |
| 10/16/2023 | 1246 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/16/2023. Time in court: 7:57 a.m. to 3:14 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/16/2023) |
| 10/16/2023 | 1247 | JURY LIST (SEALED). (Borneman, Sara) (Entered: 10/16/2023) |
| 10/17/2023 | 1248 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/17/2023. Time in court: 8:00 a.m. to 5:19 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/17/2023) |
| 10/18/2023 | 1249 | MOTION in limine *THE HOMESERVICES DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO PURPORTED CONSPIRACIES BETWEEN HOMESERVICES OF AMERICAS SUBSIDIARIES AND REAL ESTATE AGENTS AND THE SUBSIDIARIES UNILATERAL CONDUCT WITH RESPECT TO COMMISSIONS* filed by Jay N. Varon on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 11/1/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit Proposed Order)(Varon, Jay) (Entered: 10/18/2023) |
| 10/18/2023 | 1250 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/18/2023. Time in court: 8:00 a.m. to 4:54 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/18/2023) |
| 10/18/2023 | 1251 | SUGGESTIONS in opposition re 1249 MOTION in limine *THE HOMESERVICES DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO PURPORTED CONSPIRACIES BETWEEN HOMESERVICES OF AMERICAS SUBSIDIARIES AND REAL ESTATE AGENTS AND THE SUBSIDIARIES UNILATERAL CONDUCT WITH RESPE – – Plaintiffs' Opposition to HomeServices' Motion In Limine (Doc. 1249)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 11/1/2023 unless otherwise directed by the court. (Related document(s) 1249 ) (McCreight, Scott) (Entered: 10/18/2023) |
| 10/19/2023 | 1252 | Before this Court is Defendant HomeServices Motion in Limine to Exclude Evidence of Purported Conspiracies with Subsidiaries (Doc. #1249). For the reasons discussed in Order #1236, this Motion is denied. Signed on 10/19/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is |

| | | attached. (Borneman, Sara) (Entered: 10/19/2023) |
|---|---|---|
| 10/19/2023 | 1253 | STIPULATION by Keller Williams Realty, Inc.. (Kully, David) (Entered: 10/19/2023) |
| 10/19/2023 | 1254 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/19/2023. Time in court: 10:30 a.m. to 4:57 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/19/2023) |
| 10/20/2023 | 1255 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/20/2023. Time in court: 8:00 a.m. to 4:45 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/20/2023) |
| 10/21/2023 | 1256 | NOTICE of filing –*–Plaintiffs' Notice of Withdrawal of David Liniger and Jay Papasan as Witnesses to be Called by Videotaped Deposition* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel (McCreight, Scott) (Entered: 10/21/2023) |
| 10/22/2023 | 1257 | MOTION for order ADMIT IN EVIDENCE PLAINTIFFS ADMISSIONS, OR, IN THE ALTERNATIVE, FOR CURATIVE INSTRUCTION – *redacted version; clean version emailed to Court cc counsel* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 11/6/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit 7500, # 2 Exhibit 7501, # 3 Exhibit 7502, # 4 Exhibit 7503, # 5 Exhibit 7504)(MacGill, Robert) (Entered: 10/22/2023) |
| 10/22/2023 | 1258 | SUGGESTIONS in opposition re 1257 MOTION for order ADMIT IN EVIDENCE PLAINTIFFS ADMISSIONS, OR, IN THE ALTERNATIVE, FOR CURATIVE INSTRUCTION – *redacted version; clean version emailed to Court cc counsel* –*–Plaintiffs' Opposition to HomeServices' Motion to Admit Briefing and Argument as Evidence (Doc. 1257)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 11/6/2023 unless otherwise directed by the court. (Related document(s) 1257 ) (McCreight, Scott) (Entered: 10/22/2023) |
| 10/23/2023 | 1259 | NOTICE of filing *UNREDACTED VERSION OF DOC 1257* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. re 1257 MOTION for order ADMIT IN EVIDENCE PLAINTIFFS ADMISSIONS, OR, IN THE ALTERNATIVE, FOR CURATIVE INSTRUCTION – *redacted version; clean version emailed to Court cc counsel* (MacGill, Robert) (Entered: 10/23/2023) |
| 10/23/2023 | 1260 | Before the Court is the HomeServices Defendants' Motion to Admit in Evidence Plaintiffs Admissions, or, in the Alternative, for Curative Instruction. (Doc. #1257.) The Court finds that evaluating HomeServices' relationship with the Missouri subsidiaries, ReeceNichols and BHH KC, under a binding arbitration agreement requires a different legal analysis than when evaluating HomeServices' relationship with the subsidiaries under the Sherman Antitrust Act. Thus, upon review and based upon the arguments set forth by Plaintiffs in their brief and in open Court, it is hereby ORDERED that the Motion is DENIED. Signed on 10/23/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/23/2023) |
| 10/23/2023 | 1261 | |

| | | |
|---|---|---|
| | | MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 11/6/2023 unless otherwise directed by the court. (MacGill, Robert) (Entered: 10/23/2023) |
| 10/23/2023 | 1262 | SUGGESTIONS in support re 1261 MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 1261 ) (MacGill, Robert) (Entered: 10/23/2023) |
| 10/23/2023 | 1263 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/23/2023. Time in court: 8:00 a.m. to 5:03 p.m.. To order a transcript of this hearing please contact Gayle Wambolt. (Borneman, Sara) (Entered: 10/23/2023) |
| 10/24/2023 | 1264 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/24/2023. Time in court: 7:54 a.m. to 5:02 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/24/2023) |
| 10/25/2023 | 1265 | MOTION for new trial *THE HOMESERVICES DEFENDANTS1 MOTION FOR MISTRIAL AND FOR COSTS AND FEES UNDER 28 U.S.C. § 1927 OR, IN THE ALTERNATIVE, FOR LIMITING INSTRUCTION AND TO STRIKE* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 11/8/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(MacGill, Robert) (Entered: 10/25/2023) |
| 10/25/2023 | 1266 | Before the Court is the HomeServices Defendants' Rule 50(a) Motion for Judgment as a Matter of Law. (Doc. #1261.) Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non–moving] party." Fed. R. Civ. P. 50(a). "[T]he court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence." Bayes v. Biomet, Inc., 55 F.4th 643, 648 (8th Cir. 2022) (quoting Ryan Data Exch., Ltd. v. Graco, Inc., 913 F.3d 726, 733 (8th Cir. 2019)). The Court finds that Plaintiffs have presented sufficient evidence that a reasonable jury could find for Plaintiffs. Thus, it is hereby ORDERED that the motion is DENIED. Signed on 10/25/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/25/2023) |
| 10/25/2023 | 1267 | MOTION for judgment as a matter of law filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 11/8/2023 unless otherwise directed by the court. (Buchanan, David) (Entered: 10/25/2023) |
| 10/25/2023 | 1268 | SUGGESTIONS in support re 1267 MOTION for judgment as a matter of law filed by David R. Buchanan on behalf of Defendant Keller Williams Realty, Inc.. (Related document(s) 1267 ) (Buchanan, David) (Entered: 10/25/2023) |
| 10/25/2023 | 1269 | SUGGESTIONS in opposition re 1265 MOTION for new trial *THE HOMESERVICES DEFENDANTS1 MOTION FOR MISTRIAL AND FOR COSTS AND FEES UNDER 28 U.S.C. § 1927 OR, IN THE ALTERNATIVE, FOR LIMITING INSTRUCTION AND TO STRIKE – –Plaintiffs' Opposition to* |

| | | |
|---|---|---|
| | | *Defendants' Motion for Mistrial (Doc. 1265)* filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 11/8/2023 unless otherwise directed by the court. (Related document(s) 1265 ) (McCreight, Scott) (Entered: 10/25/2023) |
| 10/25/2023 | 1270 | Before the Court is the Defendant Keller Williams Realty, Inc.'s Rule 50(a) Motion for Judgment as a Matter of Law. (Doc. #1267.) Judgment as a matter of law is appropriate when the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non–moving] party." Fed. R. Civ. P. 50(a). "[T]he court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence." Bayes v. Biomet, Inc., 55 F.4th 643, 648 (8th Cir. 2022) (quoting Ryan Data Exch., Ltd. v. Graco, Inc., 913 F.3d 726, 733 (8th Cir. 2019)). The Court finds that Plaintiffs have presented sufficient evidence that a reasonable jury could find for Plaintiffs. Thus, it is hereby ORDERED that the motion is DENIED. Signed on 10/25/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/25/2023) |
| 10/25/2023 | 1271 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/25/2023. Time in court: 7:58 a.m. to 4:29 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Borneman, Sara) (Entered: 10/25/2023) |
| 10/25/2023 | 1272 | Before the Court is the HomeServices Defendants' Motion for Mistrial. (Doc. #1265.) "The court may, on motion, grant a new trial on all or some of the issues and to any party... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "Whether to grant a new trial under Fed. R. Civ. P. 59(a) 'is confided almost entirely to the exercise of discretion on the part of the trial court.'" Sunshine Pyrotechnics Co., LTD v. Hale Fireworks, LLC, No. 6:17–CV–3033–BCW, 2023 WL 3033502, at *1 (W.D. Mo. Mar. 20, 2023) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)). "A mistrial is a drastic remedy and ought not to be resorted to unless there has been an error so prejudicial that justice could not be served by continuing in the trial and there is no other method by which the prejudice can be removed." Underwood v. Colonial Penn Ins. Co., 888 F.2d 588, 590 (8th Cir. 1989) (quotation omitted). The Court finds that mistrial is too drastic a remedy under the current circumstances, and by instructing the jurors to disregard all references to the Inman article, instructing the jurors to disregard any references to the salary of any NAR executive or anyone else, and polling the jury to confirm that no juror has read or seen any recent media coverage, the Court sufficiently removed the prejudice, if any, incurred. Further, the Court finds that Defendants failed to timely object to the video exhibit properly used for impeachment purposes. Thus, it is hereby ORDERED that the motion is DENIED. Signed on 10/25/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/25/2023) |
| 10/25/2023 | 1273 | MOTION for judgment as a matter of law filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 11/8/2023 unless otherwise directed by the court. (Glass, Ethan) (Entered: 10/25/2023) |
| 10/25/2023 | 1274 | **WITHDRAWN ON 10/26/2023** |

| | | |
|---|---|---|
| | | SUGGESTIONS in support re 1273 MOTION for judgment as a matter of law filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1273 ) (Glass, Ethan) Modified on 10/27/2023 (Diefenbach, Tracy). (Entered: 10/25/2023) |
| 10/25/2023 | 1275 | SUGGESTIONS in support re 1273 MOTION for judgment as a matter of law *(Corrected)* filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1273 ) (Glass, Ethan) (Entered: 10/25/2023) |
| 10/26/2023 | 1276 | MOTION for order Jury Instruction on Missouri State Law filed by David C. Kully on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 11/9/2023 unless otherwise directed by the court. (Kully, David) (Entered: 10/26/2023) |
| 10/26/2023 | 1277 | NOTICE of filing *THE HOMESERVICES DEFENDANTS NOTICE OF JOINDER OF DOC. 1276* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. re 1276 MOTION for order Jury Instruction on Missouri State Law (MacGill, Robert) (Entered: 10/26/2023) |
| 10/26/2023 | 1278 | Before the Court is the Defendant National Association of Realtors' Rule 50(a) Motion for Judgment as a Matter of Law. (Doc. #1273.) Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non–moving] party." Fed. R. Civ. P. 50(a). "[T]he court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence." Bayes v. Biomet, Inc., 55 F.4th 643, 648 (8th Cir. 2022) (quoting Ryan Data Exch., Ltd. v. Graco, Inc., 913 F.3d 726, 733 (8th Cir. 2019)). The Court finds that Plaintiffs have presented sufficient evidence that a reasonable jury could find for Plaintiffs. Thus, it is hereby ORDERED that the motion is DENIED. Signed on 10/26/2023 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Borneman, Sara) (Entered: 10/26/2023) |
| 10/26/2023 | 1279 | MOTION for order Prohibit Playing Deposition Videos During Closing Arguments filed by David C. Kully on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 11/9/2023 unless otherwise directed by the court. (Kully, David) (Entered: 10/26/2023) |
| 10/26/2023 | 1280 | OBJECTIONS (non motions) by Keller Williams Realty, Inc., National Association of Realtors *to Court's Proposed Final Jury Instructions*. (Kully, David) (Entered: 10/26/2023) |
| 10/26/2023 | 1283 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/26/2023. Time in court: 7:58 am to 5:15 pm. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. (Diefenbach, Tracy) (Main Document 1283 replaced on 10/27/2023) (Diefenbach, Tracy). Modified on 10/27/2023 replaced with corrected minutes. Notice regenerated. (Diefenbach, Tracy). (Entered: 10/27/2023) |
| 10/27/2023 | 1281 | PROPOSED JURY INSTRUCTIONS by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. *THE HOMESERVICES DEFENDANTS1 ADDITIONAL PROPOSED JURY INSTRUCTIONS*. (MacGill, Robert) (Entered: 10/27/2023) |
| 10/27/2023 | 1282 | |

| | | |
|---|---|---|
| | | NOTICE of filing *THE HOMESERVICES DEFENDANTS1 NOTICE OF JOINDER OF DOC. 1280 AND ADDITIONAL OBJECTION* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. re 1280 Objections (non motion) (MacGill, Robert) (Entered: 10/27/2023) |
| 10/27/2023 | 1284 | Before the Court is Keller Williams Realty, Inc.'s Motion to Preclude Plaintiffs from Playing Deposition Videos during Closing Arguments. (Doc. #1279.) Based upon the arguments, the Motion is granted. Signed on 10/27/23 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/27/2023) |
| 10/27/2023 | 1285 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL held on 10/27/2023. Time in court: 8:00 a.m. to 5:11 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. (Murphy−Carr, Shauna) (Entered: 10/27/2023) |
| 10/27/2023 | 1286 | OBJECTIONS (non motions) by Re/Max LLC re 1280 Objections (non motion) . Related document: 1280 Objections (non motion) filed by National Association of Realtors, Keller Williams Realty, Inc.. (Attachments: # 1 Exhibit A)(Hasdoo, Eddie) (Entered: 10/27/2023) |
| 10/29/2023 | 1287 | NOTICE of filing *OF ID'D EXS. 9000 AND 9001* by BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc. (Attachments: # 1 Exhibit 9000 − Trupiano, # 2 Exhibit 9001 − Swanepoel)(Ciulla, Matthew) (Entered: 10/29/2023) |
| 10/30/2023 | 1288 | NOTICE of filing *of Deposition Designations* by Keller Williams Realty, Inc. (Attachments: # 1 Cary Sylvester Deposition Designations, # 2 Ashley Kelm Deposition Designations)(Kully, David) (Entered: 10/30/2023) |
| 10/30/2023 | 1289 | Before the Court is Defendant Keller Williams Realty, Inc.'s and the HomeServices Defendants' Motion to Include Jury Instruction on Missouri State Law Authorizing Commission Sharing. (Doc. #1276.) On October 27, 2023, the Court presided over a jury instruction conference with the parties. Based on Plaintiffs' arguments and for the reasons stated on the record, the motion is DENIED. Signed on 10/30/23 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 10/30/2023) |
| 10/30/2023 | 1290 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DAY TWELVE OF JURY TRIAL held on 10/30/2023. Time in court: 8:00 am to 4:55 pm. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. (Diefenbach, Tracy) (Entered: 10/30/2023) |
| 10/31/2023 | 1291 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: JURY TRIAL − Day 13 completed on 10/31/2023. Time in court: 9:08 a.m. to 12:13 p.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. (Murphy−Carr, Shauna) (Entered: 10/31/2023) |
| 10/31/2023 | 1292 | JURY INSTRUCTIONS GIVEN. (Murphy−Carr, Shauna) (Entered: 10/31/2023) |
| 10/31/2023 | 1293 | JURY NOTE.(Murphy−Carr, Shauna) (Entered: 10/31/2023) |
| 10/31/2023 | 1294 | JURY VERDICT. (Murphy−Carr, Shauna) (Entered: 10/31/2023) |
| 10/31/2023 | 1295 | COURT'S EXHIBIT INDEX. (Murphy−Carr, Shauna) (Entered: 11/01/2023) |

| | | |
|---|---|---|
| 11/01/2023 | 1296 | **VACATED SEE ORDER ENTERED 11/14/23 DOC. 1311**<br><br>CLERK'S JUDGMENT. (Murphy–Carr, Shauna) (Main Document 1296 replaced on 11/1/2023 to correct listed defendants – NEF regenerated) (Murphy–Carr, Shauna). Modified on 11/14/2023 (Diefenbach, Tracy). (Entered: 11/01/2023) |
| 11/06/2023 | 1297 | NOTICE OF HEARING:<br><br>Hearing on 1192 MOTION for Preliminary Approval of Settlements set for 11/20/2023 09:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough.<br><br>Signed on 11/6/23 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/06/2023) |
| 11/06/2023 | 1298 | Motion to allow Aaron D. Van Oort to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8703352) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 11/06/2023) |
| 11/06/2023 | 1299 | Motion to allow Kevin P. Wagner to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8703396) filed by Karrie J. Clinkinbeard on behalf of Realogy Holdings Corp.. (Clinkinbeard, Karrie) (Entered: 11/06/2023) |
| 11/06/2023 | 1300 | ORDER granting 1298 & 1299 motions to appear pro hac vice entered by Clerk of Court. Attorneys Aaron D. Van Oort and Kevin P. Wagner for Realogy Holdings Corp. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 11/06/2023) |
| 11/06/2023 | 1301 | Motion to allow Theodore J. Boutrous, Jr. to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8704299) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/06/2023) |
| 11/07/2023 | 1302 | ORDER granting 1301 motion to appear pro hac vice entered by Clerk of Court. Attorney Theodore J. Boutrous Jr. for HomeServices of America, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 11/07/2023) |

| | | |
|---|---|---|
| 11/10/2023 | 1303 | Motion to allow Samuel Dawson Adkisson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8712479) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/10/2023) |
| 11/10/2023 | 1304 | Motion to allow Gregg J. Costa to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8712485) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/10/2023) |
| 11/10/2023 | 1305 | Motion to allow Christopher D. Dusseault to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8712486) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/10/2023) |
| 11/10/2023 | 1306 | Motion to allow Julian Wolfe Kleinbrodt to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8712491) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/10/2023) |
| 11/10/2023 | 1307 | Motion to allow Harry R.S. Philips to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8712496) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/10/2023) |
| 11/10/2023 | 1308 | Motion to allow Cynthia Richman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8712500) filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Fries, Brian) (Entered: 11/10/2023) |
| 11/13/2023 | 1309 | ORDER granting 1303 , 1304 , 1305 , 1306 , 1307 , and 1308 motion to appear pro hac vice entered by Clerk of Court. Attorney Samuel Dawson Adkisson, Gregg J. Costa, Christopher D. Dusseault, Julian Wolfe Kleinbrodt, Harry R.S. Philips, and Cynthia Richman for HomeServices of America, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/13/2023) |
| 11/14/2023 | 1310 | Joint MOTION to vacate 1296 Clerk's Judgment *AND FOR ENTRY OF BRIEFING SCHEDULE FOR POST–TRIAL MOTIONS* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 11/28/2023 unless otherwise directed by the court. (Attachments: # 1 Proposed Order)(Related document(s) 1296 ) (MacGill, Robert) (Entered: 11/14/2023) |
| 11/14/2023 | 1311 | ORDER granting 1310 Joint Motion for Vacatur of Clerk's Judgment and Entry of Briefing Schedule (Doc. #1310). Signed on 11/14/23 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 11/14/2023) |

| 11/16/2023 | 1312 | Motion to allow Steve W. Berman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8722261) filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Exhibit Attachment A−Admissions)(Boulware, Brandon) (Entered: 11/16/2023) |
|---|---|---|
| 11/16/2023 | 1313 | Motion to allow Rio S. Pierce to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8722274) filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Boulware, Brandon) (Entered: 11/16/2023) |
| 11/17/2023 | 1314 | Motion to allow Robert A. Braun to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8722420) filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Exhibit A−Court Admissions)(Boulware, Brandon) (Entered: 11/17/2023) |
| 11/17/2023 | 1315 | ORDER granting 1312 and 1313 motion to appear pro hac vice entered by Clerk of Court. Attorney Steve W. Berman and Rio S. Pierce for Jerod Breit, Rhonda Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, and Jeremy Keel allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.

Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/17/2023) |
| 11/17/2023 | 1316 | Motion to allow Benjamin D. Brown to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8723147) filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Exhibit A−Court Admissions)(Boulware, Brandon) (Entered: 11/17/2023) |
| 11/17/2023 | 1317 | Motion to allow Marc M. Seltzer to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8723178) filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Exhibit A−Court Admissions)(Boulware, Brandon) (Entered: 11/17/2023) |
| 11/17/2023 | 1318 | ORDER granting 1314 , 1316 & 1317 motion to appear pro hac vice entered by Clerk of Court. Attorney Robert A. Braun, Benjamin D. Brown and Marc M. Seltzer for Jerod Breit, Rhonda Burnett, Scott Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Joshua Sitzer, Scott Trupiano and Amy Winger. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 11/17/2023) |
| 11/17/2023 | 1319 | SUGGESTIONS in support re 1192 MOTION for order Preliminary Approval of Settlements *(Supplemental Suggestions)* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Attachments: # 1 Affidavit Jennifer Keough)(Related document(s) 1192 ) (Dirks, Eric) (Entered: 11/17/2023) |
| 11/20/2023 | 1320 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: MOTION HEARING held on 11/20/2023 re 1192 MOTION for order Preliminary Approval |

| | | |
|---|---|---|
| | | of Settlements filed by Jerod Breit, Hollee Ellis, Jeremy Keel, Rhonda Burnett, Frances Harvey. Written Order to follow. Time in court: 8:59 a.m. to 9:05 a.m.. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 11/20/2023) |
| 11/20/2023 | <u>1321</u> | ORDER granting <u>1192</u> Motion for Preliminary Settlements. Signed on 11/20/23 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 11/20/2023) |
| 11/28/2023 | <u>1322</u> | ELECTRONIC TRANSCRIPT of Voir Dire held on October 16, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 237. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies.(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | <u>1323</u> | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 1 held October 16, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 192. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | <u>1324</u> | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 2 held October 17, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 166. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | <u>1325</u> | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 3 held October 18, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 241. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter** |

| | | |
|---|---|---|
| | | **for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | 1326 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 4 held October 20, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 259. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) Modified on 11/28/2023 correcting date of hearing. NEF regenerated. (Siegert, Karen). (Entered: 11/28/2023) |
| 11/28/2023 | 1327 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 5 held October 23, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 223. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | 1328 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 6 held October 24, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 309. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |

| | | |
|---|---|---|
| 11/28/2023 | 1329 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 7 held October 25, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 303. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>** If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>** <br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | 1330 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 8 held October 26, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 227. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>** If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>** <br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | 1331 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 9 held October 27, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 315. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>** If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>** <br><br>(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | 1332 | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 10 held October 30, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 267. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **<span style="color:red">NOTICE: Attorneys must contact the court reporter</span>** |

| | | |
|---|---|---|
| | | **for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024.  NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** (Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | [1333](#) | ELECTRONIC TRANSCRIPT of Jury Trial – Volume 11 held October 31, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 9. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024.  NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** (Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | [1334](#) | ELECTRONIC TRANSCRIPT of Voir Dire held on October 13, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 101. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies.(Wambolt, Gayle) (Entered: 11/28/2023) |
| 11/28/2023 | [1335](#) | ELECTRONIC TRANSCRIPT of Pretrial Conference held October 13, 2023, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 18. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/5/2023 unless otherwise directed by the court. Release of Transcript Restriction set for 2/26/2024.  NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** (Wambolt, Gayle) (Entered: 11/28/2023) |
| 12/05/2023 | [1336](#) | MOTION to withdraw as attorney – *Motion for Leave to Withdraw Appearance of Samuel D. Adkisson* – filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 12/19/2023 unless otherwise directed by the court. (Fries, Brian) (Entered: 12/05/2023) |
| 12/05/2023 | 1337 | Before the Court is a Motion to Withdraw. (Doc. [1336](#) ) Upon review, the withdrawal is GRANTED. Accordingly, it is hereby ORDERED that Samuel Adkisson is withdrawn as counsel for Defendant HomeServices of America, Inc. Plaintiff will continue to be represented by his other counsel of record. Signed on |

| | | |
|---|---|---|
| | | 12/5/2023 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 12/05/2023) |
| 12/28/2023 | 1338 | NOTICE of filing *Transcripts of Video Depositions Played at Trial* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel (Attachments: # 1 Exhibit 2879, # 2 Exhibit 2880, # 3 Exhibit 2881, # 4 Exhibit 2882, # 5 Exhibit 2884, # 6 Exhibit 2885, # 7 Exhibit 2886, # 8 Exhibit 2888, # 9 Exhibit 2889, # 10 Exhibit 2894, # 11 Exhibit 2897, # 12 Exhibit 2900, # 13 Exhibit 2902, # 14 Exhibit 4561)(McCreight, Scott) (Entered: 12/28/2023) |
| 01/03/2024 | 1339 | Consent MOTION for leave to file excess pages *on behalf of Defendants the National Association of REALTORS, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and Keller Williams Realty, Inc.* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 1/17/2024 unless otherwise directed by the court. (Glass, Ethan) (Entered: 01/03/2024) |
| 01/03/2024 | 1340 | Before the Court is Defendants' Unopposed Motion for Leave to Exceed Page Limit. (Doc. #1339.) Upon review, the motion is GRANTED. Each Defendant may file its own suggestions in support of its motion for renewed judgment as a matter of law and motion for new trial not exceeding thirty (30) pages. Signed on 1/3/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 01/03/2024) |
| 01/04/2024 | 1341 | Motion to allow John Bash to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8788525) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 01/04/2024) |
| 01/04/2024 | 1342 | Motion to allow Michael D. Bonanno to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8788684) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 01/04/2024) |
| 01/04/2024 | 1343 | Motion to allow William A. Burck to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8788696) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 01/04/2024) |
| 01/04/2024 | 1344 | Motion to allow Rachel G. Frank to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8788714) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 01/04/2024) |
| 01/04/2024 | 1345 | Motion to allow Christopher G. Michel to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8788721) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 01/04/2024) |
| 01/04/2024 | 1346 | Motion to allow Michael J. Sebring to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8788736) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 01/04/2024) |
| 01/05/2024 | 1347 | ORDER granting 1341 , 1342 , 1343 , 1344 , 1345 & 1346 motion to appear pro hac vice entered by Clerk of Court. Attorney John Bash, Michael D. Bonanno, William A. Burck, Rachel G. Frank, Christopher G. Michel and Michael J. Sebring for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 01/05/2024) |
| 01/05/2024 | 1348 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Final Settlement Approval Conference set for 5/9/2024 10:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Murphy−Carr, Shauna) (Entered: 01/05/2024) |
| 01/08/2024 | <u>1349</u> | MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1350</u> | SUGGESTIONS in support re <u>1349</u> MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) <u>1349</u> ) (MacGill, Robert) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1351</u> | MOTION for new trial filed by David C. Kully on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (Kully, David) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1352</u> | SUGGESTIONS in support re <u>1351</u> MOTION for new trial filed by David C. Kully on behalf of Defendant Keller Williams Realty, Inc.. (Related document(s) <u>1351</u> ) (Kully, David) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1353</u> | MOTION for judgment as a matter of law filed by David C. Kully on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (Kully, David) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1354</u> | SUGGESTIONS in support re <u>1353</u> MOTION for judgment as a matter of law filed by David C. Kully on behalf of Defendant Keller Williams Realty, Inc.. (Related document(s) <u>1353</u> ) (Kully, David) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1355</u> | MOTION for order DECERTIFY THE CLASS filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1356</u> | SUGGESTIONS in support re <u>1355</u> MOTION for order DECERTIFY THE CLASS filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) <u>1355</u> ) (MacGill, Robert) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1357</u> | MOTION for new trial filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 01/08/2024) |
| 01/08/2024 | <u>1358</u> | SUGGESTIONS in support re <u>1357</u> MOTION for new trial filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, |

| | | |
|---|---|---|
| | | HomeServices of America, Inc.. (Related document(s) 1357 ) (MacGill, Robert) (Entered: 01/08/2024) |
| 01/08/2024 | 1359 | WITHDRAWN ON 3/26/2024 PER ORDER (Doc. 1412 . <br><br> MOTION for judgment as a matter of law filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (Glass, Ethan) Modified on 3/26/2024 to remove PDF and update docket text. (Diefenbach, Tracy). (Entered: 01/08/2024) |
| 01/08/2024 | 1360 | SUGGESTIONS in support re 1359 MOTION for judgment as a matter of law filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1359 ) (Glass, Ethan) (Entered: 01/08/2024) |
| 01/08/2024 | 1361 | WITHDRAWN ON 3/26/2024 PER ORDER (Doc. 1412 . <br><br> MOTION for new trial filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 1/22/2024 unless otherwise directed by the court. (Glass, Ethan) Modified on 3/26/2024 to remove PDF and update docket text. (Diefenbach, Tracy). (Entered: 01/08/2024) |
| 01/08/2024 | 1362 | SUGGESTIONS in support re 1361 MOTION for new trial filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1361 ) (Glass, Ethan) (Entered: 01/08/2024) |
| 01/09/2024 | 1363 | MOTION to withdraw as attorney filed by Pamela Yaacoub on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 1/23/2024 unless otherwise directed by the court. (Yaacoub, Pamela) (Entered: 01/09/2024) |
| 01/09/2024 | 1364 | Before the Court is a Motion to Withdraw. (Doc. #1363.) Upon review, the withdrawal is GRANTED. Accordingly, it is hereby ORDERED that Pamela Yaacoub is withdrawn as counsel for Defendant Realogy Holdings Corp. Defendant will continue to be represented by its other counsel of record. Signed on 1/9/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 01/09/2024) |
| 01/10/2024 | 1365 | MOTION for order to Approve Form of Notices filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 1/24/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dirks, Eric) (Entered: 01/10/2024) |
| 01/11/2024 | 1366 | Before the Court is an Unopposed Motion to Approve Form of Notices. (Doc. #1365.) For good cause stated, the motion is GRANTED. The parties shall issue notice substantially in conformance with the language in the notices provided to the Court. Signed on 1/11/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) Modified on 1/11/2024 to correct docket text. Notice regenerated. (Diefenbach, Tracy). (Entered: 01/11/2024) |
| 01/26/2024 | 1367 | MOTION for order TO COMPLETE THE RECORD filed by Ethan Glass on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. Suggestions in opposition/response due by 2/9/2024 unless otherwise directed by the court. (Glass, |

| | | |
|---|---|---|
| | | Ethan) (Entered: 01/26/2024) |
| 01/26/2024 | 1368 | SUGGESTIONS in support re 1367 MOTION for order TO COMPLETE THE RECORD filed by Ethan Glass on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., Keller Williams Realty, Inc., National Association of Realtors. (Attachments: # 1 Exhibit A)(Related document(s) 1367 ) (Glass, Ethan) (Entered: 01/26/2024) |
| 01/31/2024 | 1369 | MOTION for release of funds *Unopposed Motion for Approval to Withdraw Settlement Funds to Pay Costs of Notice* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 2/14/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 01/31/2024) |
| 02/01/2024 | 1370 | Before the Court is an Unopposed Motion for Approval to Withdraw Settlement Funds to Pay Costs of Notice. (Doc. #1369.) For good cause shown, the motion is GRANTED. Plaintiffs may withdraw funds from the settlement escrow accounts, up to the amounts allowed by the Settlement Agreements, to pay the expected and necessary costs of providing Notice to the Settlement Classes and administration of the Settlements, on an ongoing basis as the costs are incurred. Signed on 2/1/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 02/01/2024) |
| 02/01/2024 | 1371 | MOTION for order Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 2/15/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Dirks, Eric) (Entered: 02/01/2024) |
| 02/01/2024 | 1372 | Before the Court is Plaintiffs Unopposed Motion for Preliminary Approval of theProposed Settlement with Keller Williams Realty, Inc. (Keller Williams) and Plaintiffs (Settling Parties). (Doc. #1371.) Upon review, the motion is GRANTED. Signed on 2/1/2024 by District Judge Stephen R. Bough. (Murphy–Carr, Shauna) (Entered: 02/01/2024) |
| 02/02/2024 | 1373 | NOTICE of filing *Withdrawal of Post–Trial Motions* by Keller Williams Realty, Inc. (Kully, David) (Entered: 02/02/2024) |
| 02/05/2024 | 1374 | SUGGESTIONS in opposition re 1367 MOTION for order TO COMPLETE THE RECORD filed by Scott A McCreight on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Scott Burnett, Hollee Ellis, Frances Harvey, Ryan Hendrickson, Jeremy Keel, Scott Trupiano. Reply suggestions due by 2/20/2024 unless otherwise directed by the court. (Attachments: # 1 Notice of Exhibit Attachment)(Related document(s) 1367 ) (McCreight, Scott) (Entered: 02/05/2024) |
| 02/06/2024 | 1375 | MOTION for order DEEM DOCKET NOS. 1351/1352 and 1353/1354 AS FILED BY THE HOMESERVICES DEFENDANTS re 1352 Suggestions in Support of Motion, 1351 MOTION for new trial , 1373 Notice of filing, 1354 Suggestions in Support of Motion, 1353 MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 2/20/2024 unless otherwise directed by the court. (Related document(s) 1352 , 1351 , 1373 , 1354 , 1353 ) (MacGill, Robert) (Entered: 02/06/2024) |
| 02/06/2024 | 1376 | |

| | | |
|---|---|---|
| | | MOTION to withdraw as attorney *(Eric P. Enson)* filed by Danne Wayne Webb on behalf of Re/Max LLC. Suggestions in opposition/response due by 2/20/2024 unless otherwise directed by the court. (Webb, Danne) (Entered: 02/06/2024) |
| 02/06/2024 | 1377 | Before the Court is RE/MAX, LLC's (RE/MAX) Motion to Withdraw as Counsel. (Doc. #1376.) Upon review, the motion is GRANTED. It is hereby ORDERED that Eric P. Enson is WITHDRAWN as counsel for RE/MAX. RE/MAX shall continue to be represented by its other counsel of record. Signed on 2/6/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/06/2024) |
| 02/06/2024 | 1378 | Before the Court is The HomeServices Defendants' Motion to Deem Docket Nos. 1351/1352 and 1353/1354 as Filed by the HomeServices Defendants or, in the Alternative, for Leave to Refile Docket Nos. 1351/1352 and 1353/1354 Under the Names of The HomeServices Defendants. (Doc. #1375.) Upon review, the motion is GRANTED only to the extent that the HomeServices Defendants request leave to refile Docket Nos. 1351/1352 and 1353/1354 under the names of The HomeServices Defendants. It is hereby ORDERED that The HomeServices Defendants file their motions within three (3) days from the date of this Order. Said motions will be deemed timely filed under Federal Rules of Civil Procedure 59(a) and 50(b).. Signed on 2/6/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/06/2024) |
| 02/06/2024 | | WRIT OF CERTIORARI Petition filed. 8th Circuit Court of Appeals Case Number: 22–2664. This is a text entry only. There is no document attached. (Terry, Jason) (Entered: 02/15/2024) |
| 02/07/2024 | 1379 | MOTION for new trial filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 2/21/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 02/07/2024) |
| 02/07/2024 | 1380 | SUGGESTIONS in support re 1379 MOTION for new trial filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 1379 ) (MacGill, Robert) (Entered: 02/07/2024) |
| 02/07/2024 | 1381 | MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 2/21/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 02/07/2024) |
| 02/07/2024 | 1382 | SUGGESTIONS in support re 1381 MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 1381 ) (MacGill, Robert) (Entered: 02/07/2024) |
| 02/07/2024 | 1383 | MOTION for leave to file *DOCKET NOS. 1351/1352 AND 1353/1354 UNDER THE NAME OF THE NATIONAL ASSOCIATION OF REALTORS* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 2/21/2024 unless otherwise directed by the court. (Glass, Ethan) (Entered: 02/07/2024) |
| 02/08/2024 | 1384 | Before the Court is the National Association of Realtors' (NAR) Motion for Leave to Refile Docket Nos. 1351/1352 and 1353/1354 Under the Name of NAR. (Doc. |

| | | |
|---|---|---|
| | | #1383.) Upon review, the motion is GRANTED. It is hereby ORDERED that NAR file their motions within three (3) days from the date of this Order. Said motions will be deemed timely filed under Federal Rules of Civil Procedure 59(a) and 50(b). Signed on 2/8/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/08/2024) |
| 02/09/2024 | 1385 | WITHDRAWN ON 3/26/2024 PER ORDER (Doc. 1412 . <br><br> MOTION for new trial filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 2/23/2024 unless otherwise directed by the court. (Glass, Ethan) Modified on 3/26/2024 to remove PDF and update docket text (Diefenbach, Tracy). (Entered: 02/09/2024) |
| 02/09/2024 | 1386 | SUGGESTIONS in support re 1385 MOTION for new trial filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1385 ) (Glass, Ethan) (Entered: 02/09/2024) |
| 02/09/2024 | 1387 | WITHDRAWN ON 3/26/2024 PER ORDER (Doc. 1412 . <br><br> MOTION for judgment as a matter of law filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 2/23/2024 unless otherwise directed by the court. (Glass, Ethan) Modified on 3/26/2024 to remove PDF and update docket text. (Diefenbach, Tracy). (Entered: 02/09/2024) |
| 02/09/2024 | 1388 | SUGGESTIONS in support re 1387 MOTION for judgment as a matter of law filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1387 ) (Glass, Ethan) (Entered: 02/09/2024) |
| 02/15/2024 | 1389 | Before the Court is Defendants' Motion to Complete the Record. (Doc. #1367.) Defendants request that the parties supplement the record with all deposition clips and demonstratives presented to a witness or the jury at trial, listed in Appendix A, as they are necessary for appellate review. Plaintiffs argue that Defendants did not timely object to these materials, so they are therefore unnecessary to complete the record. Pursuant to Federal Rule of Appellate Procedure 10(e), the Court may supplement the record upon appeal, [i]f anything material to either party is omitted from... the record. The Court finds that the deposition clips and demonstratives listed in Defendants Appendix A are material to Defendants' appellate arguments, and may be necessary for appeal. Therefore, the motion is GRANTED. Signed on 2/15/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/15/2024) |
| 02/20/2024 | 1390 | Consent MOTION for extension of time to file response/reply as to 1357 MOTION for new trial , 1355 MOTION for order DECERTIFY THE CLASS , 1359 MOTION for judgment as a matter of law , 1361 MOTION for new trial , 1379 MOTION for new trial , 1385 MOTION for new trial , 1387 MOTION for judgment as a matter of law , 1381 MOTION for judgment as a matter of law , 1349 MOTION for judgment as a matter of law *and Enlargement of Page Limit* filed by Jeremy M. Suhr on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 3/5/2024 unless otherwise directed by the court. (Related document(s) 1357 , 1355 , 1359 , 1361 , 1379 , 1385 , 1387 , 1381 , 1349 ) (Suhr, Jeremy) (Entered: 02/20/2024) |
| 02/21/2024 | 1391 | |

| | | |
|---|---|---|
| | | Before the Court is a Consent Motion for Extension of Time and Enlargement of Page Limits. (Doc. #1390.) Upon review, the motion is GRANTED. Plaintiffs shall file responses to Defendants' post−trial motions on or before March 8, 2024. Plaintiffs may file a combined response to Defendants' Rule 50 Motions not exceeding ninety (90) pages and to Defendants Rule 59 Motions not exceeding seventy−five (75) pages. Defendants shall file a reply briefs in support of their post−trial motions on or before April 9, 2024. Signed on 2/21/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/21/2024) |
| 02/29/2024 | <u>1392</u> | MOTION for attorney fees *, Cost, Expenses and Service Awards and Suggestions in Support Therof* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 3/14/2024 unless otherwise directed by the court. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11)(Dirks, Eric) Modified on 3/19/2024 pursuant to Order filed 3/19/24 at Doc. 1403 (Murphy−Carr, Shauna). (Entered: 02/29/2024) |
| 03/01/2024 | <u>1393</u> | Consent MOTION for extension of time to file response/reply as to <u>1357</u> MOTION for new trial , 1359 MOTION for judgment as a matter of law , 1361 MOTION for new trial , <u>1379</u> MOTION for new trial , 1385 MOTION for new trial , 1387 MOTION for judgment as a matter of law , <u>1381</u> MOTION for judgment as a matter of law , <u>1349</u> MOTION for judgment as a matter of law *[Second Motion]* filed by Jeremy M. Suhr on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 3/15/2024 unless otherwise directed by the court. (Related document(s) <u>1357</u> , 1359 , 1361 , <u>1379</u> , 1385 , 1387 , <u>1381</u> , <u>1349</u> ) (Suhr, Jeremy) (Entered: 03/01/2024) |
| 03/04/2024 | 1394 | Before the Court is a Consent Motion for Extension of Time. (Doc. #1393.) For good cause shown, the motion is GRANTED. Plaintiffs shall file responses to Defendants' post−trial motions on or before March 15, 2024. Defendants shall file replies in support of their post−trial motions on or before April 23, 2024. Signed on 3/4/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/04/2024) |
| 03/08/2024 | <u>1395</u> | SUGGESTIONS in opposition re <u>1355</u> MOTION for order DECERTIFY THE CLASS filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 3/22/2024 unless otherwise directed by the court. (Related document(s) <u>1355</u> ) (Dirks, Eric) (Entered: 03/08/2024) |
| 03/15/2024 | <u>1396</u> | SUGGESTIONS in opposition re <u>1357</u> MOTION for new trial , 1361 MOTION for new trial , <u>1379</u> MOTION for new trial , 1385 MOTION for new trial , <u>1351</u> MOTION for new trial filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply suggestions due by 3/29/2024 unless otherwise directed by the court. (Related document(s) <u>1357</u> , 1361 , <u>1379</u> , 1385 , <u>1351</u> ) (Suhr, Jeremy) (Entered: 03/15/2024) |
| 03/15/2024 | <u>1397</u> | SUGGESTIONS in opposition re 1359 MOTION for judgment as a matter of law , 1387 MOTION for judgment as a matter of law , <u>1381</u> MOTION for judgment as a matter of law , 1353 MOTION for judgment as a matter of law , <u>1349</u> MOTION for judgment as a matter of law filed by Jeremy M. Suhr on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Reply |

| | | suggestions due by 3/29/2024 unless otherwise directed by the court. (Related document(s) 1359 , 1387 , _1381_ , _1353_ , _1349_ ) (Suhr, Jeremy) (Entered: 03/15/2024) |
|---|---|---|
| 03/15/2024 | _1398_ | NOTICE of filing *[Exhibit Index to (1) Plaintiffs' Combined Suggestions in Opposition to Defendants' Motions for New Trial and (2) Plaintiffs' Combined Suggestions in Opposition to Defendants' Motions for Judgment as a Matter of Law* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel re _1397_ Suggestions in Opposition to Motion,, _1396_ Suggestions in Opposition to Motion,, (Attachments: # _1_ Exhibit A–Leeder, # _2_ Exhibit 136, # _3_ Exhibit 234, # _4_ Exhibit 235, # _5_ Exhibit 360, # _6_ Exhibit 459, # _7_ Exhibit 479, # _8_ Exhibit 503, # _9_ Exhibit 601, # _10_ Exhibit 607, # _11_ Exhibit 626, # _12_ Exhibit 654A, # _13_ Exhibit 660A, # _14_ Exhibit 675, # _15_ Exhibit 679, # _16_ Exhibit 684, # _17_ Exhibit 692, # _18_ Exhibit 710, # _19_ Exhibit 1634, # _20_ Exhibit 1646, # _21_ Exhibit 1689A, # _22_ Exhibit 1709, # _23_ Exhibit 1724, # _24_ Exhibit 2054, # _25_ Exhibit 2201, # _26_ Exhibit 2212, # _27_ Exhibit 2527A, # _28_ Exhibit 2868C, # _29_ Exhibit 2869C, # _30_ Exhibit 2876A, # _31_ Exhibit 2880, # _32_ Exhibit 2881, # _33_ Exhibit 2885, # _34_ Exhibit 2889, # _35_ Exhibit 2897, # _36_ Exhibit 2900, # _37_ Exhibit 2902, # _38_ Exhibit 2904, # _39_ Exhibit 2905, # _40_ Exhibit 2906, # _41_ Exhibit 2907, # _42_ Exhibit 2908, # _43_ Exhibit 2922, # _44_ Exhibit 3533, # _45_ Exhibit 4509, # _46_ Exhibit 4511, # _47_ Exhibit 4512, # _48_ Exhibit 4513, # _49_ Exhibit 4561, # _50_ Exhibit 4592A, # _51_ Exhibit 4602, # _52_ Exhibit 4613A)(Suhr, Jeremy) (Entered: 03/15/2024) |
| 03/18/2024 | _1399_ | MOTION for order *Plaintiffs' Motion for Entry of Judgment* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 4/1/2024 unless otherwise directed by the court. (Attachments: # _1_ Exhibit Proposed Form of Judgment)(McCreight, Scott) (Entered: 03/18/2024) |
| 03/18/2024 | _1400_ | MOTION for order *Class Plaintiffs' Motion to Suspend Deadlines for the Filing of Class Plaintiffs' Motion for Attorneys' Fees and Costs* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 4/1/2024 unless otherwise directed by the court. (McCreight, Scott) (Entered: 03/18/2024) |
| 03/18/2024 | 1401 | Before the Court is Class Plaintiffs' Motion to Suspend Deadlines for the Filing of Class Plaintiffs' Motion for Attorneys' Fees and Costs. (Doc. #1400.) For good cause stated, the motion is GRANTED. The Court will defer judgment on the motion until all merits appeals are resolved, or if Defendants do not appeal, after the expiration of the time allowed to appeal the final judgment. Therefore, it is ORDERED that Plaintiffs' Motion for Attorneys' Fees and Costs is DENIED WITHOUT PREJUDICE. Plaintiffs may refile their motion when the timing is appropriate. Signed on 3/18/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/18/2024) |
| 03/19/2024 | _1402_ | MOTION to clarify *Plaintiffs' Motion for Clarification of the Court's Order Suspending Deadlines for the Filing of Motion for Attorneys' Fees and Cost (Doc. 1401)* filed by Scott A McCreight on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 4/2/2024 unless otherwise directed by the court. (Attachments: # _1_ Notice of Exhibit Attachment Proposed Order Granting Clarification)(McCreight, Scott) (Entered: 03/19/2024) |

| | | |
|---|---|---|
| 03/19/2024 | 1403 | Before the Court is Plaintiffs' Motion for Clarification of the Court's Order Suspending Deadlines for the Filing of Motions for Attorneys' Fees and Costs. (Doc. #1402). For good cause stated, the motion is GRANTED. Signed on 3/19/2024 by District Judge Stephen R. Bough. (Murphy–Carr, Shauna) (Entered: 03/19/2024) |
| 03/19/2024 | | Pursuant to Order (Doc. #1403) : Set/Reset Deadlines as to 1392 MOTION for attorney fees , *Cost, Expenses and Service Awards and Suggestions in Support Therof.* Suggestions in opposition/response due by 3/14/2024 unless otherwise directed by the court. Reply suggestions due by 3/28/2024 unless otherwise directed by the court. (Murphy–Carr, Shauna) (Entered: 03/19/2024) |
| 03/21/2024 | 1404 | PRO SE Settlement Objection by Jeffrey Nordquist. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 03/21/2024) |
| 03/22/2024 | 1405 | NOTICE of filing by Larry Giammo. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 03/22/2024) |
| 03/22/2024 | 1406 | NOTICE of settlement *NOTICE OF PENDING SETTLEMENT AND JOINT MOTION TO STAY CASE AS TO DEFENDANT NATIONAL ASSOCIATION OF REALTORS* by National Association of Realtors (Glass, Ethan) (Entered: 03/22/2024) |
| 03/22/2024 | 1407 | NOTICE of filing *NOTICE OF WITHDRAWAL OF POST–TRIAL MOTIONS WITHOUT PREDJUDICE* by National Association of Realtors (Glass, Ethan) (Entered: 03/22/2024) |
| 03/25/2024 | 1408 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant National Association of Realtors. (Doc. # 1406 .) Accordingly, the deadlines and proceedings in this case as they pertain to Defendant National Association of Realtors are hereby STAYED. Signed on 03/25/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 03/25/2024) |
| 03/25/2024 | 1409 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 3/27/2024 at 10:00 AM before District Judge Stephen R. Bough. Call–in number provided to counsel. (Peters, Tracey) (Entered: 03/25/2024) |
| 03/26/2024 | 1410 | ORDER denying 1355 Defendants' Motion to Decertify the Class. The request for oral argument is DENIED AS MOOT, as it is unnecessary. Signed on 03/26/2024 by District Judge Stephen R. Bough. (Lock, Tania) (Entered: 03/26/2024) |
| 03/26/2024 | | NOTICE OF HEARING CANCELLATION – The Telephone Conference scheduled for March 27, 2024 at 10:00 a.m has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 03/26/2024) |
| 03/26/2024 | 1411 | Based upon the agreement of the parties, the trial exhibits shall be made publicly accessible. Since Local Rule 79.2 requires counsel to retain exhibits, any interested party should contact Scott McCreight at Ketchmark and McCreight P.C., who will provide the exhibits upon request. Further, given the parties' agreement, the hearing scheduled for 3/27/2024 at 10:00 a.m. is cancelled. Signed on 03/26/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 03/26/2024) |
| 03/26/2024 | 1412 | |

| | | |
|---|---|---|
| | | Before the Court is Defendant National Association of Realtors Notice of Withdrawal of Post–Trial Motions Without Prejudice. (Doc. #1407.) For good cause shown, the motion is GRANTED. The National Association of Realtors' post–trial motions (Doc. #1361; Doc. #1385; Doc. #1387) are hereby withdrawn. Signed on 3/26/24 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/26/2024) |
| 03/28/2024 | 1413 | MOTION for order *TO REFILE DOCS. 1359, 1360, 1361 AND 1362 UNDER THE NAMES OF THE HOMESERVICES DEFENDANTS* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 4/11/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 03/28/2024) |
| 03/28/2024 | 1414 | Before the Court is the HomeServices Defendants' Motion to Refile Docs. 1359/1360 and 1361/1362 Under the Names of the HomeServices Defendants. (Doc. #1413.) Upon review, the motion is GRANTED. It is hereby ORDERED that the HomeServices Defendants refile the National Association of Realtors' Motions within three (3) days from the date of this Order. Said motions will be deemed timely filed under Federal Rules of Civil Procedure 59(a) and 50(b). Signed on 3/28/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Murphy–Carr, Shauna) (Entered: 03/28/2024) |
| 03/28/2024 | 1415 | NOTICE of filing *Plaintiffs' Notice of Filing* by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel re 1368 Suggestions in Support of Motion, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6A, # 7 Exhibit 6B, # 8 Exhibit 6C, # 9 Exhibit 7A, # 10 Exhibit 7B, # 11 Exhibit 8A, # 12 Exhibit 8B, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14A, # 19 Exhibit 14B, # 20 Exhibit 14C, # 21 Exhibit 15, # 22 Exhibit 16, # 23 Exhibit 17, # 24 Exhibit 18, # 25 Exhibit 19, # 26 Exhibit 20, # 27 Exhibit 21, # 28 Exhibit 22, # 29 Exhibit 23, # 30 Exhibit 24A, # 31 Exhibit 24B, # 32 Exhibit 24C, # 33 Exhibit 25, # 34 Exhibit 26, # 35 Exhibit 27, # 36 Exhibit 28, # 37 Exhibit 29, # 38 Exhibit 30, # 39 Exhibit 31)(McCreight, Scott) (Entered: 03/28/2024) |
| 03/28/2024 | 1416 | PRO SE Settlement Objection filed by Arturo Gonzalez received via EDSS on 3/28/24. (Related document(s) 1406 ) (Crocker, Susan) Modified on 4/5/2024 to correct docket event (Crocker, Susan). (Entered: 03/29/2024) |
| 03/31/2024 | 1417 | MOTION for new trial filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 4/15/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 03/31/2024) |
| 03/31/2024 | 1418 | SUGGESTIONS in support re 1417 MOTION for new trial filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. (Related document(s) 1417 ) (MacGill, Robert) (Entered: 03/31/2024) |
| 03/31/2024 | 1419 | MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 4/15/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 03/31/2024) |
| 03/31/2024 | 1420 | SUGGESTIONS in support re 1419 MOTION for judgment as a matter of law filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, |

| | | |
|---|---|---|
| | | LLC, HomeServices of America, Inc.. (Related document(s) 1419 ) (MacGill, Robert) (Entered: 03/31/2024) |
| 04/01/2024 | 1421 | NOTICE of filing by National Association of Realtors re 1389 Order on Motion for Miscellaneous Relief,,, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Glass, Ethan) (Entered: 04/01/2024) |
| 04/01/2024 | 1422 | NOTICE of filing by Keller Williams Realty, Inc. (Attachments: # 1 Exhibit 1 –– Keller Williams' Opening PowerPoint Presentation, # 2 Exhibit 2 –– Keller Williams' Closing PowerPoint Presentation)(Kully, David) (Entered: 04/01/2024) |
| 04/01/2024 | 1423 | SUGGESTIONS in opposition re 1399 MOTION for order *Plaintiffs' Motion for Entry of Judgment* filed by Robert D MacGill on behalf of Defendants BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Reply suggestions due by 4/15/2024 unless otherwise directed by the court. (Related document(s) 1399 ) (MacGill, Robert) (Entered: 04/01/2024) |
| 04/02/2024 | 1424 | Pro Se Settlement Objection by Chia Whitehouse,and Herbert Whitehouse. (Attachments: # 1 Envelope)(Woods, Gloria) (Entered: 04/02/2024) |
| 04/03/2024 | 1425 | NOTICE of appearance by Nuru Lateef Witherspoon on behalf of Knie & Shealy (Attorney Nuru Lateef Witherspoon added to party Knie & Shealy(pty:intp))(Witherspoon, Nuru) (Entered: 04/03/2024) |
| 04/03/2024 | 1426 | Motion to allow Matthew W. Shealy to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8942856) filed by Nuru Lateef Witherspoon on behalf of Knie & Shealy. (Witherspoon, Nuru) (Entered: 04/03/2024) |
| 04/03/2024 | 1427 | Motion to allow Sam Mitchell Slade Jr to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8942873) filed by Nuru Lateef Witherspoon on behalf of Knie & Shealy. (Witherspoon, Nuru) (Entered: 04/03/2024) |
| 04/03/2024 | 1428 | Motion to allow Patrick Knie to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8942884) filed by Nuru Lateef Witherspoon on behalf of Knie & Shealy. (Witherspoon, Nuru) (Entered: 04/03/2024) |
| 04/04/2024 | 1429 | ORDER granting 1426 , 1427 , and 1428 motion to appear pro hac vice entered by Clerk of Court. Attorney Matthew W. Shealy, Sam Mitchell Slade, Jr, and Patrick E. Knie for Knie & Shealy allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 04/04/2024) |
| 04/05/2024 | 1430 | AMENDED PRO Settlement Objection filed by Arturo Gonzalez re 1416 PRO SE SETTLEMENT OBJECTION received via EDSS this date. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5)(Crocker, Susan) (Entered: 04/05/2024) |
| 04/10/2024 | 1431 | Consent MOTION for extension of time *TO FILE REPLIES IN SUPPORT OF POST TRIAL MOTIONS* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in |

| | | |
|---|---|---|
| | | opposition/response due by 4/24/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 04/10/2024) |
| 04/10/2024 | 1432 | NOTICE of appearance by Robert William Stephens on behalf of PulteGroup, Inc. (Attorney Robert William Stephens added to party PulteGroup, Inc.(pty:obj))(Stephens, Robert) (Entered: 04/10/2024) |
| 04/10/2024 | 1433 | Motion to allow Jeffrey Adams Turner to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8953899) filed by Robert William Stephens on behalf of PulteGroup, Inc.. (Attachments: # 1 Certificate of Good Standing)(Stephens, Robert) (Entered: 04/10/2024) |
| 04/10/2024 | 1434 | Motion to allow Susan McNeill McKeever to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8953927) filed by Robert William Stephens on behalf of PulteGroup, Inc.. (Attachments: # 1 Certificate of Good Standing)(Stephens, Robert) (Entered: 04/10/2024) |
| 04/10/2024 | 1435 | NOTICE of filing by Haozhe Wang. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 04/10/2024) |
| 04/10/2024 | 1436 | Motion to allow Stephanie Anne Douglas to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8954020) filed by Robert William Stephens on behalf of PulteGroup, Inc.. (Attachments: # 1 Certificate of Good Standing)(Stephens, Robert) (Entered: 04/10/2024) |
| 04/10/2024 | 1437 | Before the Court is the HomeServices Defendants' Consent Motion for Extension of Time and Enlargement of Page Limit. (Doc. # 1431 .) For good cause shown, the motion is GRANTED. The HomeServices Defendants shall respond to the post−trial motions (Doc. # 1349 ; Doc. # 1351 ; Doc. # 1353 ; Doc. # 1357 ; Doc. # 1379 ; Doc. # 1381 ; Doc. # 1417 ; Doc. # 1419 ) on or before May 7, 2024 and their reply shall be no longer than 70 pages. Signed on 04/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 04/10/2024) |
| 04/11/2024 | 1438 | ORDER granting 1433 , 1434 and 1436 motion to appear pro hac vice entered by Clerk of Court. Attorney Jeffrey Adam Turner, Susan McNeill McKeever, and Stephanie Anne Douglas for PulteGroup, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) Modified on 4/11/2024 to correct spelling of attorneys name. NEF regenerated (Warren, Melissa). (Entered: 04/11/2024) |
| 04/11/2024 | 1439 | Objection to Settlement by Diane Knizer. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 04/11/2024) |
| 04/11/2024 | 1440 | REPLY SUGGESTIONS to motion re 1399 MOTION for order *Plaintiffs' Motion for Entry of Judgment* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Related document(s) 1399 ) (Dirks, Eric) (Entered: 04/11/2024) |

| 04/12/2024 | 1441 | NOTICE of filing by Knie & Shealy re 1192 MOTION for order Preliminary Approval of Settlements , 1371 MOTION for order Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (Attachments: # 1 Exhibit Additional SIgnature Pages, # 2 Exhibit DOJ Statement of Interest in Nosalek, # 3 Exhibit Declaration––Affidavit of Dr. Charles Alford)(Knie, Patrick) (Entered: 04/12/2024) |
|---|---|---|
| 04/12/2024 | 1442 | MOTION to withdraw as attorney filed by Robert Y Chen on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 4/26/2024 unless otherwise directed by the court. (Chen, Robert) (Entered: 04/12/2024) |
| 04/12/2024 | 1443 | Motion to allow Bruce Fox to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8958550) filed by Bert S Braud on behalf of Spring Way Center LLC. (Attorney Bert S Braud added to party Spring Way Center LLC(pty:obj))(Braud, Bert) (Entered: 04/12/2024) |
| 04/12/2024 | 1444 | Motion to allow Andrew Horowitz to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8958589) filed by Bert S Braud on behalf of Spring Way Center LLC. (Braud, Bert) (Entered: 04/12/2024) |
| 04/12/2024 | 1445 | NOTICE of filing *PulteGroup, Inc.'s Objections to Class Action Settlement* by PulteGroup, Inc. re 1321 Order on Motion for Miscellaneous Relief (Attachments: # 1 Exhibit A – Pulte Annual Letter, # 2 Exhibit B – Remax Anywhere Long–Form Notice, # 3 Exhibit C – KW Long–Form Notice)(Douglas, Stephanie) (Entered: 04/12/2024) |
| 04/12/2024 | 1446 | NOTICE of appearance by Steven M Berezney on behalf of James Mullis (Attorney Steven M Berezney added to party James Mullis(pty:obj))(Berezney, Steven) (Entered: 04/12/2024) |
| 04/13/2024 | 1447 | NOTICE of filing *Objection to Class Action Settlement* by James Mullis re 1321 Order on Motion for Miscellaneous Relief (Attachments: # 1 Exhibit Declaration of James Mullis, # 2 Exhibit Ex. 2 – Batton Hearing Transcript)(Berezney, Steven) (Entered: 04/13/2024) |
| 04/13/2024 | 1448 | NOTICE of filing *of Objections* by Spring Way Center LLC re 1321 Order on Motion for Miscellaneous Relief (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Braud, Bert) (Entered: 04/13/2024) |
| 04/15/2024 | 1449 | ORDER granting 1443 & 1444 motions to appear pro hac vice entered by Clerk of Court. Attorney Bruce C. Fox and Andrew J. Horowitz for Spring Way Center LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 04/15/2024) |
| 04/15/2024 | 1450 | Before the Court is Defendant Realogy Holdings Corp.'s (Realogy) Motion to Withdraw Appearance of Robert Y. Chen. (Doc. # 1442 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Robert Y. Chen is WITHDRAWN as counsel for Realogy. Realogy shall continue to be represented by its other counsel |

| | | |
|---|---|---|
| | | of record. Signed on 4/15/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/15/2024) |
| 04/15/2024 | 1451 | Before the Court is Plaintiffs' Motion for Entry of Judgment. (Doc. # 1399 .) For the reasons discussed below, the motion is DENIED WITHOUT PREJUDICE. Signed on 4/15/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 04/15/2024) |
| 04/15/2024 | | WRIT OF CERTIORARI Denied. 8th Circuit Court of Appeals Case Number: 22–2664. Supreme Court Case Number: 23–840. (Terry, Jason) (Entered: 04/17/2024) |
| 04/16/2024 | 1452 | NOTICE of filing objection filed by Patrick E. Knie on behalf of Knie & Shealy. (Attachments: # 1 Affidavit Charles L. Alford, Ph.D.)(Knie, Patrick) Modified on 4/16/2024 to correct docket entry (Houston, Kiambu). (Entered: 04/16/2024) |
| 04/17/2024 | 1453 | NOTICE of filing objection by Cynthia L Goralski (Crocker, Susan) (Entered: 04/17/2024) |
| 04/17/2024 | 1454 | Notice of filing objection by Sharon Saunders. (Crocker, Susan) Modified on 4/17/2024 to correct docket text (Crocker, Susan). (Entered: 04/17/2024) |
| 04/19/2024 | 1455 | NOTICE of filing objection by Anthony Phillips. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 04/19/2024) |
| 04/19/2024 | 1456 | NOTICE of filing by Elaine Gerber. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 04/19/2024) |
| 04/19/2024 | 1457 | Motion to allow Boris Bershteyn to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8970534) filed by David R. Buchanan on behalf of Keller Williams Realty, Inc.. (Buchanan, David) (Entered: 04/19/2024) |
| 04/19/2024 | 1458 | MOTION for order Plaintiffs' Motion for Preliminary Approval of Settlement with the National Association of Realtors, Certification of Settlement Class, and Appointment of Class Representatives and Settlement Class Counsel filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 5/3/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dirks, Eric) (Entered: 04/19/2024) |
| 04/22/2024 | 1459 | ORDER granting 1457 motion to appear pro hac vice entered by Clerk of Court. Attorney Boris Bershteyn for Keller Williams Realty, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 04/22/2024) |
| 04/23/2024 | 1460 | Before the Court is Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with the National Association of Realtors and the accompanying |

| | | |
|---|---|---|
| | | Memorandum. (Doc. # <u>1458</u> .) Upon review, the motion is GRANTED. Signed on 4/22/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 04/23/2024) |
| 04/24/2024 | 1461 | NOTICE OF HEARING – <span style="color:red">This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached.</span> Settlement Conference set for 11/26/2024 at 1:30 PM in Courtroom 7B, Kansas City, Kansas City (SRB) before District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 04/24/2024) |
| 04/26/2024 | <u>1462</u> | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to the HomeServices Defendants* by All Plaintiffs (Boulware, Brandon) (Entered: 04/26/2024) |
| 04/29/2024 | 1463 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to the HomeServices Defendants. (Doc. # <u>1462</u> .) Accordingly, the deadlines and proceedings in this case as they pertain to the HomeServices Defendants are hereby STAYED. Further, in light of the pending settlement, the HomeServices Defendants' post−trial motions (Doc. #1349; Doc. #1351; Doc. #1353; Doc. #1357; Doc. #1379; Doc. #1381; Doc. #1417; Doc. #1419) are DENIED AS MOOT AND WITHOUT PREJUDICE. Signed on 4/29/2024 by District Judge Stephen R. Bough.  <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Peters, Tracey) (Entered: 04/29/2024) |
| 04/30/2024 | <u>1464</u> | NOTICE of filing *of Defendant Keller Williams Realty, Inc.'s Suggestions In Opposition To Objectors' Motion For Discovery* by Keller Williams Realty, Inc. re <u>1452</u> MOTION for discovery (Bershteyn, Boris) (Entered: 04/30/2024) |
| 05/02/2024 | <u>1465</u> | MOTION for leave to file excess pages filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 5/16/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 05/02/2024) |
| 05/02/2024 | 1466 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limit. (Doc. # <u>1465</u> .) Upon review, the motion is GRANTED. Plaintiffs may file suggestions in support of their motion for final approval of the settlements not exceeding seventy (70) pages. Signed on 5/2/2024 by District Judge Stephen R. Bough.  <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Peters, Tracey) (Entered: 05/02/2024) |
| 05/02/2024 | <u>1467</u> | Motion to allow Karl Barth to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8992423) filed by Eric L. Dirks on behalf of All Plaintiffs. (Dirks, Eric) (Entered: 05/02/2024) |
| 05/02/2024 | <u>1468</u> | MOTION for leave to file excess pages *[Unopposed]* filed by Stacey Anne Mahoney on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 5/16/2024 unless otherwise directed by the court. (Mahoney, Stacey) (Entered: 05/02/2024) |
| 05/02/2024 | <u>1469</u> | MOTION for order Plaintiff's Motion and Suggestions in Support of Final Approval of Settlements with Anywhere, RE/MAX and Keller Williams filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 5/16/2024 unless otherwise directed by the court. (Attachments: # <u>1</u> Exhibit 1 − Dirks Declaration, # <u>2</u> Exhibit 2 − Barth Declaration, # <u>3</u> Exhibit 3 − Keough Declaration)(Dirks, Eric) (Entered: 05/02/2024) |

| 05/03/2024 | 1470 | ORDER granting <u>1467</u> motion to appear pro hac vice entered by Clerk of Court. Attorney Karl Barth for Jerod Breit, Rhonda Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, and Jeremy Keel allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at <u>PACER</u>. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 05/03/2024) |
|---|---|---|
| 05/03/2024 | <u>1471</u> | SUGGESTIONS in support re <u>1469</u> MOTION for order Plaintiff's Motion and Suggestions in Support of Final Approval of Settlements with Anywhere, RE/MAX and Keller Williams filed by Boris Bershteyn on behalf of Defendant Keller Williams Realty, Inc.. (Related document(s) <u>1469</u> ) (Bershteyn, Boris) (Entered: 05/03/2024) |
| 05/03/2024 | <u>1472</u> | REALOGY HOLDINGS CORP.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL filed by Aaron Van Oort on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 5/17/2024 unless otherwise directed by the court. (Van Oort, Aaron) Modified on 5/3/2024 at the request of counsel to correct docket text only. (Kern, Kendra) (Entered: 05/03/2024) |
| 05/03/2024 | <u>1473</u> | SUGGESTIONS in support re <u>1469</u> MOTION for order Plaintiff's Motion and Suggestions in Support of Final Approval of Settlements with Anywhere, RE/MAX and Keller Williams filed by Eddie Hasdoo on behalf of Defendant Re/Max LLC. (Related document(s) <u>1469</u> ) (Hasdoo, Eddie) (Entered: 05/03/2024) |
| 05/03/2024 | 1474 | Before the Court is Realogy Holdings Corp.'s Unopposed Motion for Leave to Exceed Page Limit. (Doc. # <u>1468</u> .) Upon review, the motion is GRANTED. Plaintiffs may file suggestions in support of their motion for final approval of the settlements not exceeding twenty–five (25) pages. Signed on 5/3/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/03/2024) |
| 05/06/2024 | 1475 | Before the Court is Realogy Holdings Corp.'s Unopposed Motion for Leave to File Under Seal. (Doc. # <u>1472</u> .) Upon review, the motion is GRANTED. Realogy Holdings Corp. may file certain exhibits related to its suggestions in support of final approval of nationwide class settlement under seal. Signed on 5/6/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/06/2024) |
| 05/06/2024 | <u>1476</u> | Motion to allow Randall Ewing, Jr. to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8996927) filed by Steven M Berezney on behalf of James Mullis. (Berezney, Steven) (Entered: 05/06/2024) |
| 05/06/2024 | 1477 | ORDER granting <u>1476</u> motion to appear pro hac vice entered by Clerk of Court. Attorney Randall P. Ewing, Jr. for James Mullis allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to |

| | | |
|---|---|---|
| | | immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at <u>PACER</u>. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Warren, Melissa) (Entered: 05/06/2024) |
| 05/06/2024 | <u>1478</u> | SUGGESTIONS in support re <u>1469</u> MOTION for order Plaintiff's Motion and Suggestions in Support of Final Approval of Settlements with Anywhere, RE/MAX and Keller Williams filed by Aaron Van Oort on behalf of Defendant Realogy Holdings Corp.. (Attachments: # <u>1</u> Exhibit 1 – J. Keough Declaration, # <u>2</u> Exhibit 2 – R. Schneider Sitzer Dep. Tr. excerpt, # <u>3</u> Exhibit 3 – R. Schneider Moehrl Dep. Tr. excerpt, # <u>4</u> Exhibit 4 – M. Gorman Sitzer Dep. Tr. excerpt, # <u>5</u> Exhibit 5 – Anywhere 30(b)(6) Sitzer Dep. Tr. excerpt)(Related document(s) <u>1469</u> ) (Van Oort, Aaron) (Additional attachment(s) added on 5/6/2024: # <u>6</u> Stacey Mahoney Declaration) (Crocker, Susan). (Entered: 05/06/2024) |
| 05/06/2024 | <u>1479</u> | NOTICE (SEALED) by Realogy Holdings Corp. re <u>1478</u> Suggestions in Support of Motion,, (Attachments: # <u>1</u> Exhibit 6– Part 2 of Sothebys Franchise Disclosure Document, # <u>2</u> Exhibit 7 – Sothebys Policies and Procedures Manual, # <u>3</u> Exhibit 8 – Coldwell Banker Independent Sales Associate Code of Ethics, # <u>4</u> Exhibit 9 – C. Schulman Report excerpt))(Van Oort, Aaron) (Entered: 05/06/2024) |
| 05/06/2024 | 1480 | The Court will hold a final settlement hearing on May 9, 2024, regarding the settlements with Anywhere, RE/MAX, and Keller Williams. See (Doc. # 1348 .)<br><br>The Court is aware of four parties that wish to speak at the hearing regarding their objections to the settlement:<br><br>(1) Knie and Shealy on behalf of individuals in the District of South Carolina (Doc. # <u>1441</u> ; Doc. # <u>1452</u> );<br><br>(2) PulteGroup, Inc. (Doc. # <u>1445</u> );<br><br>(3) Korein Tillery LLC on behalf of James Mullis (Doc. # <u>1447</u> ); and<br><br>(4) Spring Way Center LLC (Doc. # <u>1448</u> ).<br><br>Thus, it is hereby ORDERED that each party will be allowed five (5) minutes to voice their objections at the hearing.<br><br>Signed on 5/6/2024 by District Judge Stephen R. Bough. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Peters, Tracey) (Entered: 05/06/2024) |
| 05/06/2024 | <u>1481</u> | LETTER from Patrick E. Knie. (Peters, Tracey) (Entered: 05/06/2024) |
| 05/07/2024 | <u>1482</u> | Motion to allow Beatrice C. Franklin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–8998754) filed by Brandon J.B. Boulware on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Boulware, Brandon) (Entered: 05/07/2024) |
| 05/07/2024 | 1483 | ORDER granting <u>1482</u> motion to appear pro hac vice entered by Clerk of Court. Attorney Beatrice Franklin for Jerod Breit, Rhonda Burnett, Hollee Ellis, and Frances Harvey,Beatrice Franklin for Jeremy Keel allowed to appear pro hac vice. <span style="color:red">This entry will serve as authorization for the pro hac participation by the attorney.</span> |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at <u>PACER</u>.  This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 05/07/2024) |
| 05/07/2024 | <u>1484</u> | NOTICE of filing by Knie & Shealy re <u>1464</u> Notice of filing (Attachments: # <u>1</u> Exhibit Objectors Reply Suggestions to Keller Williams Suggestions in Opposition to Objectors' Motion for Discovery)(Knie, Patrick) (Main Document 1484 replaced on 5/7/2024 at the request of counsel) (Houston, Kiambu). (Attachment 1 replaced on 5/7/2024 at the request of counsel) (Houston, Kiambu). (Entered: 05/07/2024) |
| 05/08/2024 | <u>1485</u> | REPLY SUGGESTIONS to motion re <u>1469</u> MOTION for order Plaintiff's Motion and Suggestions in Support of Final Approval of Settlements with Anywhere, RE/MAX and Keller Williams filed by Andrew J Horowitz on behalf of Objector Spring Way Center LLC. (Related document(s) <u>1469</u> ) (Horowitz, Andrew) (Entered: 05/08/2024) |
| 05/09/2024 | 1486 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: FINAL SETTLEMENT APPROVAL HEARING held on 5/9/2024. Written order to follow. Counsel appearing for Plaintiff(s): Eric L. Dirks and Beatrice Franklin. Counsel appearing for Defendant(s): Aaron Van Oort, Jeffrey A. LeVee and Boris Bershteyn. Time in court: 9:59 a.m. to 10:53 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/09/2024) |
| 05/09/2024 | <u>1487</u> | Before the Court is Plaintiffs' Motion for Final Approval of Settlements with Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.); RE/MAX LLC; and Keller Williams Realty, Inc. (Doc. # <u>1469</u> .) Having considered the arguments at the hearing and reviewed the written submissions, and based on all materials in the record, the motion for final approval is GRANTED. Furthermore, Class Counsel's application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Attorneys' Fees and Costs (Doc. # <u>1392</u> ) is hereby GRANTED and shall be paid in accordance with the Settlement Agreements. Signed on 5/9/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 05/09/2024) |
| 05/09/2024 | <u>1488</u> | NOTICE of filing objection by Anthony Phillips. (Peters, Tracey) (Entered: 05/09/2024) |
| 05/09/2024 | <u>1489</u> | Joint MOTION for order Motion to Certify Final Settlement Approval Order Pursuant to Rule 54(b) filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 5/23/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 05/09/2024) |
| 05/09/2024 | 1490 | Before the Court is a Joint Motion to Certify Final Settlement Approval Order Pursuant to Rule 54(b). (Doc. # <u>1489</u> .) Given both parties' consent and the argument made at the final settlement approval hearing on May 9, 2024, the Court finds that there is no just reason for delay in certifying this final judgment for appeal. See Outdoor Cent., Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1118 (8th Cir. 2011). Thus, the motion is GRANTED. Signed on 5/9/2024 by District Judge |

| | | |
|---|---|---|
| | | Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/09/2024) |
| 05/09/2024 | 1491 | AMENDED Notice of objection filed by Arturo Gonzalez. This document was submitted via EDSS on 05/10/24. (Grube, Cheyenne) Modified on 5/13/2024: Modified the docket text to reflect the correct filing event. NEF Regenerated. (Grube, Cheyenne) (Entered: 05/10/2024) |
| 05/15/2024 | 1492 | ELECTRONIC TRANSCRIPT of Settlement Conference held May 9, 2024, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816–512–5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 37. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 5/22/2024 unless otherwise directed by the court. Release of Transcript Restriction set for 8/13/2024.** NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.<br><br>(Wambolt, Gayle) (Entered: 05/15/2024) |
| 05/23/2024 | 1493 | MOTION to withdraw as attorney filed by Jeffrey A. Turner on behalf of PulteGroup, Inc.. Suggestions in opposition/response due by 6/6/2024 unless otherwise directed by the court. (Turner, Jeffrey) (Entered: 05/23/2024) |
| 05/23/2024 | 1494 | Before the Court is a Motion for Withdrawal of Attorney. (Doc. # 1493 .) Attorney Jeffrey A. Turner is hereby WITHDRAWN as counsel for Objector PulteGroup, Inc. PulteGroup, Inc. shall continue to be represented by its other counsel of record. Signed on 5/23/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/23/2024) |
| 05/30/2024 | 1495 | MOTION to withdraw as attorney filed by Erin D Lawrence on behalf of All Plaintiffs. Suggestions in opposition/response due by 6/13/2024 unless otherwise directed by the court. (Lawrence, Erin) (Entered: 05/30/2024) |
| 05/30/2024 | 1496 | Before the Court is a Motion to Withdraw as Counsel for Plaintiffs. (Doc. # 1495 .) For good cause shown, Attorney Erin Lawrence is hereby WITHDRAWN as counsel for Plaintiffs. Plaintiffs shall continue to be represented by their other counsel of record. Signed on 5/30/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/30/2024) |
| 05/31/2024 | 1497 | MOTION to withdraw as attorney – *Motion to Withdraw Scott E. Murray as Counsel* – filed by Brian C Fries on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 6/14/2024 unless otherwise directed by the court. (Fries, Brian) (Entered: 05/31/2024) |
| 05/31/2024 | 1498 | NOTICE OF APPEAL as to 1487 Order on Motion for Attorney Fees,,, Order on Motion for Miscellaneous Relief,, 1490 Order on Motion for Miscellaneous Relief,, by James Mullis. Filing fee $ 605, receipt number AMOWDC–9037574. (Ewing, Randall) (Entered: 05/31/2024) |

| | | |
|---|---|---|
| 06/01/2024 | 1499 | NOTICE of change of address by Brandon J.B. Boulware (Boulware, Brandon) (Entered: 06/01/2024) |
| 06/03/2024 | 1500 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1498 Notice of Appeal,. (Terry, Jason) (Entered: 06/03/2024) |
| 06/03/2024 | 1501 | Before the Court is a Motion to Withdraw Scott E. Murray as Counsel. (Doc. # 1497 .) For good cause shown, Attorney Scott Murray is hereby WITHDRAWN as counsel for the HomeServices Defendants. The HomeServices Defendants shall continue to be represented by their other counsel of record. Signed on 6/3/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/03/2024) |
| 06/03/2024 | 1502 | MOTION for reconsideration re 1487 Order on Motion for Attorney Fees,,, Order on Motion for Miscellaneous Relief,, filed by Patrick E. Knie on behalf of Knie & Shealy. Suggestions in opposition/response due by 6/17/2024 unless otherwise directed by the court. (Related document(s) 1487 ) (Knie, Patrick) (Entered: 06/03/2024) |
| 06/03/2024 | 1503 | SUGGESTIONS in support re 1502 MOTION for reconsideration re 1487 Order on Motion for Attorney Fees,,, Order on Motion for Miscellaneous Relief,, filed by Patrick E. Knie on behalf of interested party Knie & Shealy. (Related document(s) 1502 ) (Knie, Patrick) (Entered: 06/03/2024) |
| 06/04/2024 | 1504 | Before the Court is Objectors Benny D. Cheatham, Robert Douglas, Douglas Fender, and Dena Fender's Motion to Alter or Amend the Order granting Plaintiffs' Motion for Final Approval of the Settlements with Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.); RE/MAX LLC; and Keller Williams Realty, Inc. (Keller Williams). (Doc. # 1502 .) The Objectors request that the Court rule on their motion for discovery of Keller Williams' financial data, which was submitted before the final settlement approval hearing, so that they may include it in their appeal. The Court finds that the Objectors not only moved for discovery after the deadline for objections had passed, but courts are unanimous that objectors are generally not entitled to discovery. *See e.g., Intl Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 637 (6th Cir. 2007); *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 325 (3d Cir. 1998); *In Re Flint Water Cases*, 63 F.4th 486, 499–501, 507–09 (6th Cir. 2023); *Herrera v. Charlotte Sch. Of L., LLC*, 818 F. Appx 165, 178 (4th Cir. 2020). For these reasons, the Objectors' request for discovery of Keller Williams financial data is DENIED. Signed on 6/3/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/04/2024) |
| 06/04/2024 | 1505 | USCA Case Number from 8th Circuit Court of Appeals is 24–2143 for 1498 Notice of Appeal, filed by James Mullis. Briefing schedule entered by the Court of Appeals is attached. Transcript due by 7/15/2024. (Attachments: # 1 Schedule)(Terry, Jason) (Entered: 06/04/2024) |
| 06/07/2024 | 1506 | NOTICE OF APPEAL as to 1487 Order on Motion for Attorney Fees,,, Order on Motion for Miscellaneous Relief,, 1490 Order on Motion for Miscellaneous Relief,, by Spring Way Center LLC. Filing fee $ 605, receipt number AMOWDC–9048392. (Fox, Bruce) (Entered: 06/07/2024) |
| 06/07/2024 | 1507 | |

| | | |
|---|---|---|
| | | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1506 Notice of Appeal,. (Terry, Jason) (Entered: 06/07/2024) |
| 06/07/2024 | 1508 | USCA Case Number from 8th Circuit Court of Appeals is 24–2168 for 1506 Notice of Appeal, filed by Spring Way Center LLC. (Terry, Jason) (Entered: 06/07/2024) |
| 06/07/2024 | 1509 | CONSOLIDATED BRIEFING SCHEDULE from 8th Circuit Court of Appeals for 24–2168 for 1506 Notice of Appeal, filed by Spring Way Center LLC, and 24–2143 for 1498 Notice of Appeal, filed by James Mullis. Transcript due by 7/17/2024. (Terry, Jason) (Entered: 06/07/2024) |
| 06/27/2024 | 1510 | NOTICE of filing objection by Peter B Gustis. (Attachments: # 1 Envelope)(Melvin, Greg) (Entered: 06/28/2024) |
| 07/01/2024 | 1511 | NOTICE OF APPEAL as to 1504 Order on Motion for Reconsideration,,,,, 1487 Order on Motion for Attorney Fees,,, Order on Motion for Miscellaneous Relief,, 1490 Order on Motion for Miscellaneous Relief,, by Knie & Shealy. Filing fee $ 605, receipt number BMOWDC–9081764. (Knie, Patrick) (Entered: 07/01/2024) |
| 07/01/2024 | 1512 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1511 Notice of Appeal,. (Terry, Jason) (Entered: 07/01/2024) |
| 07/09/2024 | 1513 | MOTION to withdraw as attorney *Jay N. Varon* filed by Jennifer M. Keas on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 7/23/2024 unless otherwise directed by the court. (Keas, Jennifer) (Entered: 07/09/2024) |
| 07/09/2024 | 1514 | Before the Court is a Motion to Withdraw Jay N. Varon as Counsel. (Doc. # 1513 .) For good cause shown, Attorney Jay N. Varon is hereby WITHDRAWN as counsel for the HomeServices Defendants. The HomeServices Defendants shall continue to be represented by their other counsel of record. Signed on 7/9/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/09/2024) |
| 07/15/2024 | 1515 | USCA Case Number from 8th Circuit Court of Appeals is 24–2391 for 1511 Notice of Appeal, filed by Knie & Shealy.(Terry, Jason) (Entered: 07/15/2024) |
| 07/15/2024 | 1516 | CONSOLIDATED BRIEFING SCHEDULE from 8th Circuit Court of Appeals for 24–2168 for 1506 Notice of Appeal, filed by Spring Way Center LLC, 24–2143 for 1498 Notice of Appeal, filed by James Mullis, 24–2391 for 1511 Notice of Appeal, filed by Knie & Shealy. Transcript due by 8/14/2024. (Terry, Jason) (Entered: 07/15/2024) |
| 07/30/2024 | 1517 | NOTICE of filing by Jeffrey Nordquist. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 07/30/2024) |
| 08/07/2024 | 1518 | MOTION for order Plaintiffs' Motion for Preliminary Approval of Settlement with HomeServices Defendants, Certification of Settlement Class, and Appointment of Class Representatives and Settlement Class Counsel filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 8/21/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Dirks, Eric) (Entered: 08/07/2024) |

| 08/07/2024 | 1519 | MOTION for order Unopposed Motion to Approve Form of Notices filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 8/21/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Dirks, Eric) (Entered: 08/07/2024) |
|---|---|---|
| 08/08/2024 | 1520 | Before the Court is Plaintiffs' Motion for Preliminary Approval of Settlement with HomeServices of America, Inc., BHH Affiliates, LLC, Long & Foster Companies, Inc., and HSF Affiliates, LLC. Upon review, the Motion (Doc. # 1518 ) is GRANTED. Signed on 8/8/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Main Document 1520 replaced on 8/9/2024) (Peters, Tracey). (Entered: 08/08/2024) |
| 08/09/2024 | 1521 | Before this Court is the unopposed Motion to Approve Form Notices (Doc. # 1519 ). For good cause stated, the Motion is granted. Signed on 8/9/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 08/09/2024) |
| 08/12/2024 | 1522 | Transmitted document on Appeal to US Court of Appeals re 1511 Notice of Appeal, (Terry, Jason) (Entered: 08/12/2024) |
| 08/14/2024 | 1523 | MOTION for release of funds *Unopposed Motion for Approval to Withdraw Settlement Funds to Pay Costs of Notice* filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 8/28/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 08/14/2024) |
| 08/14/2024 | 1524 | NOTICE of filing objection by Arturo Gonzalez. (Grassano, William) (Entered: 08/14/2024) |
| 08/14/2024 | 1525 | Before the Court is an Unopposed Motion for Approval to Withdraw Settlement Funds to Pay Costs of Notice. (Doc. # 1523 .) For good cause shown, the motion is GRANTED. Plaintiffs may withdraw funds from the settlement escrow accounts, up to the amounts allowed by the Settlement Agreements, to pay the expected and necessary costs of providing Notice to the Settlement Classes and administration of the Settlements, on an ongoing basis as the costs are incurred. Signed on 8/14/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 08/14/2024) |
| 08/15/2024 | 1526 | PRO SE MOTION to change the wording in Docket 1524 filed by Arturo Gonzalez, received via EDSS this date. Suggestions in opposition/response due by 8/29/2024 unless otherwise directed by the court. (Crocker, Susan) (Entered: 08/15/2024) |
| 08/15/2024 | 1527 | Before the Court is Interested Party Gonzalez's Motion to Change the Wording in Docket 1524 . (Doc. # 1526 .) Upon review, the motion is DENIED. The documents have already been filed and the Court and the public are therefore aware of the contents therein. Signed on 8/15/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 08/15/2024) |
| 08/15/2024 | 1528 | NOTICE of filing by Arturo Gonzalez, received via EDSS this date. (Crocker, Susan) (Entered: 08/15/2024) |
| 08/21/2024 | 1529 | Motion to allow Jeannie Evans to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–9165825) filed by Brandon J.B. Boulware on behalf of Jerod |

| | | Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. (Boulware, Brandon) (Entered: 08/21/2024) |
|---|---|---|
| 08/21/2024 | 1531 | Amended Proof of Service by Arturo Gonzalez re 1528 Notice of filing, received via EDSS this date. (Crocker, Susan) (Entered: 08/22/2024) |
| 08/22/2024 | 1530 | ORDER granting 1529 motion to appear pro hac vice entered by Clerk of Court. Attorney Jeannie Evans for Jerod Breit, Rhonda Burnett, Shelly Dreyer, Hollee Ellis, Frances Harvey, and Jeremy Keel allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 08/22/2024) |
| 08/22/2024 | 1532 | NOTICE of filing by Michael C Mead. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 08/22/2024) |
| 08/29/2024 | 1533 | MOTION to withdraw as attorney filed by Phillip James Richard Zeeck on behalf of Columbia Board of Realtors, Kansas City Regional Association of Realtors, MARIS MLS, Missouri Association of Realtors, Southern Missouri Regional MLS LLC. Suggestions in opposition/response due by 9/12/2024 unless otherwise directed by the court. (Zeeck, Phillip) (Entered: 08/29/2024) |
| 08/29/2024 | 1534 | Before the Court is a Motion to Withdraw Phillip James Richard Zeeck as Counsel. (Doc. # 1533 .) For good cause shown, Phillip James Richard Zeeck is hereby WITHDRAWN as counsel for Movants Missouri Association of Realtors, Columbia Board of Realtors, Kansas City Regional Association of Realtors, Maris MLS, and Southern Missouri Regional MLS LLC. Movants will continue to be represented by their other counsel of record. Signed on 8/29/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 08/29/2024) |
| 09/13/2024 | 1535 | MOTION for attorney fees , Costs, and Expenses Regarding the NAR and HomeServices Settlements and Suggestions in Support Thereof filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 9/27/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 – Klonoff Declaration, # 2 Exhibit 2 – Dirks Declaration, # 3 Exhibit 3 – Ketchmark Declaration, # 4 Exhibit 4 – Boulware Declaration, # 5 Exhibit 5 – Berman Declaration, # 6 Exhibit 6 – Seltzer Declaration, # 7 Exhibit 7 – Braun Declaration, # 8 Exhibit 8 – Hedlund Declaration, # 9 Exhibit 9 – Farah Declaration, # 10 Exhibit 10 – Elga Declaration, # 11 Exhibit 11 – Teske Declaration, # 12 Exhibit 12 – Marsh Declaration, # 13 Exhibit 13 – Economides Declaration)(Dirks, Eric) (Entered: 09/13/2024) |
| 09/16/2024 | 1536 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Hearing on: MOTION for Attorney Fees, Costs, and Expenses Regarding the NAR and HomeServices Settlements (Doc. # 1535 ) set for 11/26/2024 at 1:30 PM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Peters, Tracey) (Entered: |

| | | 09/16/2024) |
|---|---|---|
| 09/16/2024 | 1537 | NOTICE of filing settlement objection by Jeffrey Nordquist. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 09/16/2024) |
| 09/30/2024 | 1538 | MOTION for order Plaintiffs' Unopposed Motion for Preliminary Approval of Settlements with Brokerages and Non–Realtor Multiple Listing Services Opting into the National Association of Realtors Settlement and for Permissive Joinder of Opt–In Entities filed by Eric L. Dirks on behalf of Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel. Suggestions in opposition/response due by 10/15/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 09/30/2024) |
| 09/30/2024 | 1539 | NOTICE of filing settlement objection by Khyber Zaffarkhan (Attachments: # 1 Envelope)(Woods, Gloria) (Entered: 09/30/2024) |
| 10/01/2024 | 1540 | Before the Court is Plaintiffs Rhonda Burnett, Jerod Breit, Hollee Ellis, Frances Harvey, and Jeremy Keels (collectively Plaintiffs) Unopposed Motion for Preliminary Approval of Settlements with Brokerages and Non–Realtor Multiple Listing Services Opting Into the National Association of Realtors Settlement and for Permissive Joinder of Opt–in Entities. (Doc. # 1538 .) Upon review, the motion is GRANTED. As a result, it is hereby ORDERED that 1) the listed entities therein are joined for the limited purpose of approving and enforcing settlement agreements; 2) the Court reaffirms the preliminary approval of these "opt in" Settlements, see Doc. # 1460 for the Court's Order granting Plaintiffs' motion for preliminary approval of the NAR settlement; and 3) the final approval of these opt–in settlements will be addressed at the November 26, 2024, final approval hearing set for the NAR settlement.. Signed on 10/1/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/01/2024) |
| 10/08/2024 | 1541 | NOTICE of filing by Robert Duthler. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 10/08/2024) |
| 10/14/2024 | 1542 | MOTION to withdraw as attorney for Defendant Realogy Holdings Corp. and Substitute Counsel filed by Kara Trouslot Stubbs on behalf of Realogy Holdings Corp.. Suggestions in opposition/response due by 10/28/2024 unless otherwise directed by the court. (Attorney Kara Trouslot Stubbs added to party Realogy Holdings Corp.(pty:dft))(Stubbs, Kara) (Entered: 10/14/2024) |
| 10/15/2024 | 1543 | Before the Court is a Motion to Withdraw Counsel for Defendants Realogy Holdings Corp. and Substitute Counsel. (Doc. # 1542 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Karrie Clinkinbeard and Megan Ochs are withdrawn as local counsel for Defendant Realogy Holdings Corp. Signed on 10/15/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/15/2024) |
| 10/22/2024 | 1544 | NOTICE of filing Notice of Withdrawal by Jerod Breit, Rhonda Burnett, Hollee Ellis, Frances Harvey, Jeremy Keel (Dameron, Matthew) (Entered: 10/22/2024) |
| 10/22/2024 | 1545 | Before the Court is a Notice of Withdrawal. (Doc. # 1544 .) Upon review, it is hereby ORDERED that Matthew L. Dameron is hereby WITHDRAWN as counsel for Plaintiffs. Plaintiffs will continue to be represented by their other counsel of record. Signed on 10/22/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/22/2024) |

| | | |
|---|---|---|
| 10/25/2024 | 1546 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Letter to the Honorable Stephen R. Bough.10−25−24)(Knie, Patrick) (Entered: 10/25/2024) |
| 10/25/2024 | 1547 | PRO SE NOTICE of filing Hao Zhe Wang's objection to final approval of settlement. Submitted on Friday, October 25, 2024 via EDSS. (Kern, Kendra) (Entered: 10/25/2024) |
| 10/25/2024 | 1548 | NOTICE of filing Objection to final approval of the National Association of Realtors Settlement Agreement by Haozhe Wang re 1458 MOTION for order Plaintiffs' Motion for Preliminary Approval of Settlement with the National Association of Realtors, Certification of Settlement Class, and Appointment of Class Representatives and Settlement Class Counsel, received via EDSS this date. (Crocker, Susan) (Entered: 10/28/2024) |
| 10/28/2024 | 1549 | Motion to allow Todd A. Seaver to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9269809) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 10/28/2024) |
| 10/28/2024 | 1550 | Motion to allow Steven J. Buttacavoli to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9270021) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 10/28/2024) |
| 10/28/2024 | 1551 | Motion to allow Daniel Z. Goldman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9270038) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 10/28/2024) |
| 10/28/2024 | 1552 | NOTICE of filing Objection to the Proposed National Class Action Settlement with the National Association of Realtors and to Plaintiffs' Request for Attorneys' Fees by Tanya Monestier. (Attachments: # 1 Envelope)(Crocker, Susan) (Entered: 10/28/2024) |
| 10/28/2024 | 1553 | NOTICE of appearance by Steven M Berezney on behalf of Robert Friedman (Attorney Steven M Berezney added to party Robert Friedman(pty:obj))(Berezney, Steven) (Entered: 10/28/2024) |
| 10/28/2024 | 1554 | Motion to allow Michael M. Buchman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9270765) filed by Bert S Braud on behalf of Monty March. (Attorney Bert S Braud added to party Monty March(pty:obj))(Braud, Bert) (Entered: 10/28/2024) |
| 10/28/2024 | 1555 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Objection to the HomeServices Settlement, # 2 Exhibit Notice of Proposed Settlement with HomeServices)(Knie, Patrick) (Entered: 10/28/2024) |
| 10/28/2024 | 1556 | ORDER granting 1549 , 1550 & 1551 motion to appear pro hac vice entered by Clerk of Court. Attorney Todd Seaver, Steven J. Buttacavoli and Daniel Z. Goldman for Robert Friedman allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: |

| | | 10/28/2024) |
|---|---|---|
| 10/28/2024 | 1557 | ORDER granting 1554 motion to appear pro hac vice entered by Clerk of Court. Attorney Michael M. Buchman for Monty March allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 10/28/2024) |
| 10/28/2024 | 1558 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Objection to the National Association of Realtors' Settlement, # 2 Exhibit Documents – Fathom Holdings, # 3 Exhibit Documents – Key Realty, # 4 Exhibit Documents – Brown Harris Stevens and Halstead, # 5 Exhibit Documents McGraw Davisson Stewart, # 6 Exhibit Documents – Downing–Frye Realty, # 7 Exhibit Documents –Pinnacle Estate Properties, # 8 Exhibit Documents –Rose & Womble Realty Co., # 9 Exhibit Documents –Silvercreek Realty, # 10 Exhibit Documents –The Agency, # 11 Exhibit Documents – Vanguard, # 12 Exhibit Documents–Watson Realty Corp., # 13 Exhibit Documents –Central Virginia Regional MLS, # 14 Exhibit Documents –MiReal Source, # 15 Exhibit Documents – Upstate New York Real Estate, # 16 Exhibit Documents – Western New York Real Estate, # 17 Exhibit Notice of Proposed Settlement with the NAR)(Knie, Patrick) (Entered: 10/28/2024) |
| 10/28/2024 | 1559 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Objection to the HomeServices Settlement, # 2 Exhibit Notice of Proposed Settlement with HomeServices)(Knie, Patrick) (Entered: 10/28/2024) |
| 10/28/2024 | 1560 | NOTICE of filing *Objection of Robert Friedman to the Proposed National Class Action Settlement with the National Association of Realtors, the Related "Opt–In" Settlements with Brown Harris Stevens and The Agency, and the Releases Provided to Non–Contributing Brokerages* by Robert Friedman (Attachments: # 1 Declaration of Steven J. Buttacavoli, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proof of Service)(Buttacavoli, Steven) (Entered: 10/28/2024) |
| 10/28/2024 | 1561 | NOTICE of filing *Objection to Final Approval of Settlement* by James Mullis (Attachments: # 1 Declaration of James Mullis, # 2 Declaration of Randall P Ewing, # 3 Exhibit A to Declaration of Randall P. Ewing, # 4 Exhibit B to Declaration of Randall P. Ewing, # 5 Exhibit C to Declaration of Randall P. Ewing, # 6 Exhibit D to Declaration of Randall P. Ewing, # 7 Exhibit E to Declaration of Randall P. Ewing)(Ewing, Randall) (Entered: 10/28/2024) |
| 10/28/2024 | 1562 | NOTICE of filing *Objection of Monty March to the Proposed National Class Action Settlement with Defendant National Association of Realtors* by Monty March (Attachments: # 1 Declaration of Michael M. Buchman, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Buchman, Michael) (Entered: 10/28/2024) |
| 10/28/2024 | 1563 | NOTICE of filing *of Objections to NAR and HomeServices Settlements* by Spring Way Center LLC (Attachments: # 1 Exhibit 1)(Horowitz, Andrew) (Entered: |

| | | |
|---|---|---|
| | | 10/28/2024) |
| 11/03/2024 | 1564 | PRO SE MOTION for Class Members to have Certification Vacated and Motion for Class Members Settlement to be Vacated filed by Arturo Gonzalez. Suggestions in opposition/response due by 11/18/2024 unless otherwise directed by the court. This document was submitted via EDSS on 11/04/2024. (Grube, Cheyenne) (Entered: 11/04/2024) |
| 11/04/2024 | 1565 | Before the Court is Interested Party Gonzalez's Motion for Class Members to have Certification Vacated and Motion for Class Members Settlement to be Vacated. (Doc. # 1564 .) Upon review, the motions are DENIED. The class has been properly certified under Federal Rule of Civil Procedure 23(a) and the class settlement has been reached according to Federal Rule of Civil Procedure 23(e). Signed on 11/4/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/04/2024) |
| 11/04/2024 | 1566 | Considering the upcoming November 26, 2024, hearing on: Final Settlement Approval and Motion for Attorney Fees, Costs, Expenses, and to ensure due process is satisfied, the Court ORDERS all objectors and their attorneys to appear in person at the November 26, 2024, hearing at 1:30 PM to argue their objections. Failure to comply with a Court's order can result in an objection being struck or waived. See Ferron v. Kraft Heinz Foods Co., No 20−CV−62136−RAR, 2021 U.S. Dist. LEXIS 129955, at *41 (S.D. Fla. July 13, 2021) (finding when an objector failed to follow the Court order of appearing after providing the Court intent to appear at the final approval hearing, he provided the Court sufficient grounds alone to strike his Objection.); In re Crocs, Inc. Sec. Litig., 306 F.R.D. 672, 682 (D. Colo. 2014) (As a threshold matter, National Roofings objection failed to comply with the Courts order... [t]hus, National Roofings objection is deemed waived[.]) Signed on 11/4/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/04/2024) |
| 11/07/2024 | 1567 | NOTICE of filing, received via EDSS this date, by Hao Zhe Wang. (Crocker, Susan) (Entered: 11/07/2024) |
| 11/08/2024 | 1568 | NOTICE of appearance by Michael Dale Pospisil on behalf of Brown Harris Stevens (Attorney Michael Dale Pospisil added to party Brown Harris Stevens(pty:intvd))(Pospisil, Michael) (Entered: 11/08/2024) |
| 11/08/2024 | 1569 | Motion to allow Silvia L. Serpe to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9290401) filed by Michael Dale Pospisil on behalf of Brown Harris Stevens. (Pospisil, Michael) (Entered: 11/08/2024) |
| 11/08/2024 | 1570 | ORDER granting 1569 motion to appear pro hac vice entered by Clerk of Court. Attorney Silvia L. Serpe for Brown Harris Stevens allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/08/2024) |
| 11/08/2024 | 1571 | |

| | | SECOND PRO SE MOTION for the class members to have he certification be vacated pursuant to Federal Rule of Civil Procedure 23(a) due to the class members having misrepresented their claims and motion for the class members settlement to be vacated pursuant to Federal Rule of Civil Procedure 23(e) as the settlement is not fair to the class members filed by Arturo Gonzalez (filing appears to be identical to entry 1564 . Suggestions in opposition/response due by 11/22/2024 unless otherwise directed by the court. (Attachments: # 1 Envelope)(Crocker, Susan) Modified on 11/8/2024 to add notation regarding second pro se motion and repeated/identical filing at 1564 (Crocker, Susan). (Entered: 11/08/2024) |
|---|---|---|
| 11/11/2024 | 1572 | NOTICE of appearance by Matthew Swift on behalf of Brown Harris Stevens (Attorney Matthew Swift added to party Brown Harris Stevens(pty:intvd))(Swift, Matthew) (Entered: 11/11/2024) |
| 11/12/2024 | 1573 | CERTIFICATE OF SERVICE on behalf of interested party Arturo Gonzalez received via EDSS this date.(Crocker, Susan) (Entered: 11/12/2024) |
| 11/12/2024 | 1574 | PRO SE MOTION for reconsideration re 1566 Order, received via EDSS this date, filed by Tanya Monestier. Suggestions in opposition/response due by 11/26/2024 unless otherwise directed by the court. (Related document(s) 1566 ) (Crocker, Susan) (Entered: 11/12/2024) |
| 11/12/2024 | 1575 | PRO SE SUGGESTIONS in support re 1574 MOTION for reconsideration re 1566 Order, received via EDSS this date, on behalf of interested party Tanya Monestier. (Related document(s) 1574 ) (Crocker, Susan) (Entered: 11/12/2024) |
| 11/12/2024 | 1576 | SUGGESTIONS in opposition to motion re 1574 MOTION for reconsideration re 1566 Order, filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Jeremy Keel, Rhonda Burnett, Frances Harvey, Hollee Ellis. Reply suggestions due by 11/26/2024 unless otherwise directed by the court. (Dirks, Eric) Modified on 11/13/2024 to correct docket event (Crocker, Susan). (Entered: 11/12/2024) |
| 11/13/2024 | 1577 | Before the Court is Interested Party Gonzalez's Second Pro Se Motion for Class Members to have Certification Vacated and Motion for Class Members Settlement to be Vacated. (Doc. # 1571 .) Upon review, the motions are DENIED. The class has been properly certified under Federal Rule of Civil Procedure 23(a) and the class settlement has been reached according to Federal Rule of Civil Procedure 23(e). Signed on 11/12/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/13/2024) |
| 11/13/2024 | 1578 | MOTION for reconsideration re 1566 Order,,,, filed by Patrick E. Knie on behalf of Knie & Shealy. Suggestions in opposition/response due by 11/27/2024 unless otherwise directed by the court. (Related document(s) 1566 ) (Knie, Patrick) (Entered: 11/13/2024) |
| 11/13/2024 | 1579 | SUGGESTIONS in support re 1578 MOTION for reconsideration re 1566 Order,,,, , 1574 MOTION for reconsideration re 1566 Order,,,, filed by Patrick E. Knie on behalf of interested party Knie & Shealy. (Related document(s) 1578 , 1574 ) (Knie, Patrick) (Entered: 11/13/2024) |
| 11/13/2024 | 1580 | NOTICE of appearance by Matthew Swift on behalf of The Agency (Attorney Matthew Swift added to party The Agency(pty:intvd))(Swift, Matthew) (Entered: 11/13/2024) |
| 11/14/2024 | 1581 | |

| | | |
|---|---|---|
| | | Motion to allow Jenifer C. Wallis to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9298179) filed by Matthew Swift on behalf of The Agency. (Swift, Matthew) (Entered: 11/14/2024) |
| 11/14/2024 | 1582 | Motion to allow J. David Rowe to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9298520) filed by Matthew Swift on behalf of The Agency. (Swift, Matthew) (Entered: 11/14/2024) |
| 11/14/2024 | 1583 | Motion to allow Robert E. Linkin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9298529) filed by Matthew Swift on behalf of The Agency. (Swift, Matthew) (Entered: 11/14/2024) |
| 11/15/2024 | 1584 | ORDER granting 1581 , 1582 & 1583 motion to appear pro hac vice entered by Clerk of Court. Attorney Jenifer C. Wallis, J. David Rowe and Robert E. Linkin for The Agency allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 11/15/2024) |
| 11/15/2024 | 1585 | NOTICE of filing *Request to Appear Telephonically or by Videoconference at the Fairness Hearing on November 26, 2024* by Robert Friedman re 1566 Order,,,, (Attachments: # 1 Declaration of Robert Friedman)(Goldman, Daniel) (Entered: 11/15/2024) |
| 11/15/2024 | 1586 | MOTION for leave to file excess pages *(Unopposed)* filed by Eric L. Dirks on behalf of Jerod Breit, Jeremy Keel, Rhonda Burnett, Frances Harvey, Hollee Ellis. Suggestions in opposition/response due by 12/2/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 11/15/2024) |
| 11/15/2024 | 1587 | PRO SE SUGGESTIONS in opposition re 1586 MOTION for leave to file excess pages *(Unopposed)* on behalf of interested party Hao Zhe Wang, received via EDSS this date. Reply suggestions due by 12/2/2024 unless otherwise directed by the court. (Related document(s) 1586 ) (Crocker, Susan) (Entered: 11/18/2024) |
| 11/18/2024 | 1588 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limit. (Doc. # 1586 .) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file their Motion for Final Approval of Settlements with the National Association of Realtors and HomeServices Defendants not to exceed one hundred twenty−five (125) pages in length. Signed on 11/18/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/18/2024) |
| 11/18/2024 | 1589 | Before the Court is Objector Robert Friedman's Counsel's Request to Appear Telephonically or by Videoconference at the Fairness Hearing on November 26, 2024. (Doc. # 1585 .) Upon review, the request is DENIED. Parties shall abide by the Court's Order (Doc. # 1566 ) ordering all objectors and their attorneys to appear in person at the November 26, 2024, hearing to argue their objections. Signed on 11/18/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/18/2024) |

| | | |
|---|---|---|
| 11/18/2024 | 1590 | NOTICE of filing *letter from objector James Mullis regarding the November 26, 2024 hearing* by James Mullis re 1566 Order,,,, (Ewing, Randall) (Entered: 11/18/2024) |
| 11/19/2024 | 1591 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Letter to the Honorable Stephen R. Bough.11–19–24)(Knie, Patrick) (Entered: 11/19/2024) |
| 11/19/2024 | 1592 | NOTICE of appearance by Michael Dale Pospisil on behalf of The Agency (Attorney Michael Dale Pospisil added to party The Agency(pty:intvd))(Pospisil, Michael) (Entered: 11/19/2024) |
| 11/20/2024 | 1593 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Declaration of Benny D. Cheatham, # 2 Declaration of Robert Douglass, # 3 Declaration of Douglas Fender and Dena Fender)(Knie, Patrick) (Entered: 11/20/2024) |
| 11/20/2024 | 1594 | NOTICE of filing *Letter from Objector Monty March regarding November 26, 2024 Hearing* by Monty March (Buchman, Michael) (Entered: 11/20/2024) |
| 11/20/2024 | 1595 | MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities filed by Eric L. Dirks on behalf of Jerod Breit, Jeremy Keel, Rhonda Burnett, Frances Harvey, Hollee Ellis. Suggestions in opposition/response due by 12/4/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 – Declaration of Eric Dirks, # 2 Exhibit 2 – Declaration of Steve Berman, # 3 Exhibit 3 – Declaration of Marc Seltzer, # 4 Exhibit 4 – Declaration of Brandon Boulware, # 5 Exhibit 5 – Declaration of Robert Braun, # 6 Exhibit 6 – Declaration of Todd Graves, # 7 Exhibit 7 – Declaration of Jennifer Keough)(Dirks, Eric) (Entered: 11/20/2024) |
| 11/20/2024 | 1596 | MOTION for order *Suggestions in Support of Final Approval of the HomeServices Defendants' Nationwide Class Settlement* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc.. Suggestions in opposition/response due by 12/4/2024 unless otherwise directed by the court. (MacGill, Robert) (Entered: 11/20/2024) |
| 11/21/2024 | 1597 | SUGGESTIONS in support re 1595 MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 1595 ) (Glass, Ethan) (Entered: 11/21/2024) |
| 11/21/2024 | 1598 | PRO SE MOTION for order filed by Arturo Gonzalez, received via EDSS this date. Suggestions in opposition/response due by 12/5/2024 unless otherwise directed by the court. (Attachments: # 1 Signature Page)(Crocker, Susan) (Entered: 11/21/2024) |
| 11/21/2024 | 1599 | SUGGESTIONS in support re 1595 MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities *and Response to Objections* filed by Jenifer Champ Wallis on behalf of Intervenor Defendant The Agency. (Attachments: # 1 Affidavit Declaration of Jenifer C. Wallis ISO Suggestions and Response in Opposition to Objections, # 2 Exhibit A to Declaration of JCW – Gibson Doc. 522, # 3 Exhibit B to Declaration of JCW – Gibson Doc. 530)(Related document(s) 1595 ) (Wallis, Jenifer) (Entered: 11/21/2024) |

| | | |
|---|---|---|
| 11/21/2024 | 1600 | PRO SE SUGGESTIONS in opposition re 1595 MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities, received via EDSS this date, on behalf of interested party Tanya Monestier. Reply suggestions due by 12/5/2024 unless otherwise directed by the court. (Related document(s) 1595 ) (Crocker, Susan) (Entered: 11/22/2024) |
| 11/22/2024 | 1601 | Before the Court is Interested Party Gonzalez's Pro Se Motion for Order. (Doc. # 1598 .) Upon review, the motion is DENIED. The Court has reviewed Mr. Gonzalez's formulas and examples yet finds the commissions and the parties who paid the commissions have been accurately determined by the Court and parties. Signed on 11/22/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/22/2024) |
| 11/22/2024 | 1602 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Letter to the Hon. Stephen R. Bough.11–22–24)(Knie, Patrick) (Entered: 11/22/2024) |
| 11/22/2024 | 1605 | MOTION to intervene and stay action filed by Rosalie Doyle, Jessica Winters, John Guerra, received via EDSS this date. Suggestions in opposition/response due by 12/6/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit a, # 2 Exhibit B)(Crocker, Susan) (Entered: 11/25/2024) |
| 11/24/2024 | 1603 | NOTICE of filing *of Statement of Interest* by United States (Hughes, Jared) (Entered: 11/24/2024) |
| 11/24/2024 | 1604 | NOTICE of appearance by Jared Andrew Hughes on behalf of United States (Attorney Jared Andrew Hughes added to party United States(pty:intp))(Hughes, Jared) (Entered: 11/24/2024) |
| 11/25/2024 | 1606 | SUGGESTIONS in opposition re 1595 MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities filed by Patrick E. Knie on behalf of interested party Knie & Shealy. Reply suggestions due by 12/9/2024 unless otherwise directed by the court. (Related document(s) 1595 ) (Knie, Patrick) (Entered: 11/25/2024) |
| 11/25/2024 | 1607 | NOTICE of appearance by Christopher Bower on behalf of United States (Attorney Christopher Bower added to party United States(pty:intp))(Bower, Christopher) (Entered: 11/25/2024) |
| 11/25/2024 | 1608 | Motion to allow Ellie McKim to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–9313985) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 11/25/2024) |
| 11/25/2024 | 1609 | NOTICE of filing Response of Objectors Chia Whitehouse and Herbert Whitehouse. (Peters, Tracey) (Entered: 11/25/2024) |
| 11/25/2024 | 1610 | ORDER granting 1608 motion to appear pro hac vice entered by Clerk of Court. Attorney Ellie McKim for Robert Friedman allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic |

| | | |
|---|---|---|
| | | notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/25/2024) |
| 11/25/2024 | 1611 | NOTICE of filing *Response to the Statement of Interest of the United States* by National Association of Realtors re 1603 Notice of filing (Glass, Ethan) (Entered: 11/25/2024) |
| 11/25/2024 | 1612 | REPLY SUGGESTIONS to motion re 1595 MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities filed by Steven J. Buttacavoli on behalf of Objector Robert Friedman. (Related document(s) 1595 ) (Buttacavoli, Steven) (Entered: 11/25/2024) |
| 11/25/2024 | 1613 | NOTICE of filing *Plaintiffs' Suggestions in Response to Statement of Interest of The United States* by Jerod Breit, Jeremy Keel, Rhonda Burnett, Frances Harvey, Hollee Ellis re 1603 Notice of filing (Dirks, Eric) (Entered: 11/25/2024) |
| 11/26/2024 | 1614 | SUGGESTIONS in opposition re 1605 MOTION to intervene *Plaintiffs' Response to Motion to Intervene and to Stay* filed by Eric L. Dirks on behalf of Plaintiffs Jerod Breit, Jeremy Keel, Rhonda Burnett, Frances Harvey, Hollee Ellis. Reply suggestions due by 12/10/2024 unless otherwise directed by the court. (Related document(s) 1605 ) (Dirks, Eric) (Entered: 11/26/2024) |
| 11/26/2024 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 11/25/2024 as Document No. 1612, Reply Suggestions in Support of Objection of Robert Friedman to the proposed national class action settlement with the National Association of Realtors, the Related "opt–in" settlements with Brown Harris Stevens and The Agency, and the releases provided to non–contributing brokerages. The document has been deleted as the incorrect event was used when filing the document. Counsel will refile the document using the correct event, Notice of Filing, and linking to the correct document 1560 . This is a text entry only – no document is attached. (Crocker, Susan) (Entered: 11/26/2024) |
| 11/26/2024 | 1615 | NOTICE of filing *Reply Suggestions in Support of Objection of Robert Friedman to the Proposed National Class Action Settlement with the National Association of Realtors, the Related "Opt–In" Settlements with Brown Harris Stevens and the Agency, and the Releases Provided to Non–Contributing Brokerages* by Robert Friedman re 1560 Notice of filing, (Buttacavoli, Steven) (Entered: 11/26/2024) |
| 11/26/2024 | 1616 | REPLY SUGGESTIONS to motion re 1578 MOTION for reconsideration re 1566 Order,,,, , 1574 MOTION for reconsideration re 1566 Order,,,, *and Docket Numbers 1552 , 1600 , 1575 , 1558 , 1559 , and 1579* filed by Bruce C Fox on behalf of Objector Spring Way Center LLC. (Related document(s) 1578 , 1574 ) (Fox, Bruce) (Entered: 11/26/2024) |
| 11/26/2024 | 1617 | Before the Court is Rosalie Doyle, Jessica Winters, John Guerra's (collectively "Interveners") Motion to Intervene and Stay Action. (Doc. # 1605 .) Upon review, the motion is DENIED. Interveners seek to intervene in this action under Federal Rule of Civil Procedure 24(a) or 24(b). However, the current Class Representatives are adequate representatives of the class. See Fed. R. Civ. P. 24(a) (providing that intervention is not required if "existing parties adequately represent" the proposed intervenor's interest). Further, considering how far the litigation has progressed prior to this motion being filed, existing parties will be prejudiced by the delay in moving |

| | | |
|---|---|---|
| | | to intervene. See Union Elec. Co., 64 F.3d 1152, 1159 (8th Cir. 1995). Signed on 11/26/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/26/2024) |
| 11/26/2024 | 1618 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: SETTLEMENT CONFERENCE held on 11/26/2024. Order to follow. Time in court: 1:34 p.m. to 3:24 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/26/2024) |
| 11/27/2024 | 1619 | CERTIFICATE OF SERVICE re 1564 on behalf of interested party Arturo Gonzalez, received via EDSS this date.(Crocker, Susan) (Entered: 11/27/2024) |
| 11/27/2024 | 1620 | CERTIFICATE OF SERVICE re 1571 on behalf of interested party Arturo Gonzalez, received via EDSS this date.(Crocker, Susan) (Entered: 11/27/2024) |
| 11/27/2024 | 1621 | CERTIFICATE OF SERVICE re 1598 on behalf of interested party Arturo Gonzalez, received via EDSS this date.(Crocker, Susan) (Entered: 11/27/2024) |
| 11/27/2024 | 1622 | Before the Court is Plaintiffs' Motion for Final Approval of Settlements with the National Association of Realtors (NAR), HomeServices Defendants, and certain brokerages and multiple listing services (MLSs) that have opted into the NAR Settlement (as defined by the NAR Settlement Agreement and any additional agreements entered with opting−in entities) (Doc. # 1595 ) and Defendant HomeServices Suggestions in Support of Final Approval of the HomeServices Defendants Nationwide Class Settlement. (Doc. # 1596 .) Having considered the arguments at the hearing and reviewed the written submissions, and based on all materials in the record, the motions for final approval are GRANTED. Furthermore, Class Counsel's application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Attorneys' Fees, Costs, Expenses Regarding the NAR and HomeServices Settlements (Doc. # 1535 ) is hereby GRANTED and shall be paid in accordance with the Settlement Agreements. Signed on 11/27/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 11/27/2024) |
| 11/27/2024 | 1623 | Before the Court is Interested Party Tanya Monestier's Motion for Reconsideration (Doc. # 1574 ) and Benny D. Cheatham, Robert Douglass, Douglas Fender, and Dena Fender's (collectively South Carolina Objectors) Motion for Reconsideration (Doc. # 1578 ). Upon review, both motions are DENIED. Parties were ordered to abide by the Court's Order (Doc. # 1566 ) ordering all objectors and their attorneys to appear in person at the November 26, 2024, hearing to argue their objections. The parties may consult the transcript from the November 26, 2024, hearing for further details. Signed on 11/27/2024 by District Judge Stephen R. Bough.  This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/27/2024) |
| 11/27/2024 | 1624 | NOTICE OF APPEAL as to 1623 Order on Motion for Reconsideration,,,,, 1622 Order on Motion for Attorney Fees,,,,, Order on Motion for Miscellaneous Relief,,,,,,,,, by Spring Way Center LLC. Filing fee $ 605, receipt number AMOWDC−9318494. (Fox, Bruce) (Entered: 11/27/2024) |
| 11/27/2024 | 1625 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1624 Notice of Appeal,. (Terry, Jason) (Entered: 11/27/2024) |
| 12/02/2024 | 1626 | |

| | | NOTICE of filing by Chia Whitehouse, Herbert Whitehouse re <u>1595</u> MOTION for order Plaintiffs' Motion and Suggestion in Support of Final Approval of Settlements with The National Association of Realtors, HomeServices Defendants, and Opt–In Entities. (Attachments: # <u>1</u> Envelope)(Crocker, Susan) (Entered: 12/02/2024) |
|---|---|---|
| 12/02/2024 | <u>1627</u> | CERTIFICATE OF SERVICE by interested parties Chia Whitehouse, Herbert Whitehouse. (Attachments: # <u>1</u> Envelope)(Crocker, Susan) (Entered: 12/02/2024) |
| 12/02/2024 | <u>1628</u> | PRO SE MOTION to intervene filed by Tanya Monestier, received via EDSS this date. Suggestions in opposition/response due by 12/16/2024 unless otherwise directed by the court. (Crocker, Susan) (Entered: 12/02/2024) |
| 12/02/2024 | <u>1629</u> | PRO SE SUGGESTIONS in support re <u>1628</u> MOTION to intervene on behalf of interested party Tanya Monestier, received via EDSS this date. (Related document(s) <u>1628</u> ) (Crocker, Susan) (Entered: 12/02/2024) |
| 12/02/2024 | <u>1630</u> | NOTICE OF APPEAL as to <u>1622</u> Order on Motion for Attorney Fees,,,,, Order on Motion for Miscellaneous Relief,,,,,,,,, by Monty March. Filing fee $ 605, receipt number AMOWDC–9321387. (Buchman, Michael) (Entered: 12/02/2024) |
| 12/02/2024 | <u>1631</u> | NOTICE of filing by Tanya Monestier re <u>1628</u> MOTION to intervene. (Peters, Tracey) (Entered: 12/02/2024) |
| 12/02/2024 | 1632 | NOTICE OF APPEAL by James Mullis. Filing fee $ 605, receipt number AMOWDC–9321445. (Ewing, Randall) Document has been removed due to being filed in incorrect case. Document has been filed correctly in case 23–cv–788 (Terry, Jason). (Entered: 12/02/2024) |
| 12/02/2024 | <u>1633</u> | PRO SE MOTION for reconsideration and for evidentiary hearing regarding Keough declaration filed by Hao Zhe Wang, received via EDSS this date. Suggestions in opposition/response due by 12/16/2024 unless otherwise directed by the court. (Crocker, Susan) (Entered: 12/03/2024) |
| 12/03/2024 | <u>1634</u> | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document <u>1630</u> Notice of Appeal. (Terry, Jason) (Entered: 12/03/2024) |
| 12/03/2024 | <u>1635</u> | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1632 Notice of Appeal. (Terry, Jason) (Entered: 12/03/2024) |
| 12/03/2024 | 1636 | Before the Court is Interested Party Tanya Monestier's Pro Se Motion to Intervene. (Doc. #1628.) Upon review, the motion is DENIED. Monestier seeks to intervene in this action under Federal Rule of Civil Procedure 24(a) or 24(b) in order to preserve her appellate rights. However, intervention is not required, rather an objector need only timely file a proper objection with the district court to preserve their right to appeal. In re T–Mobile Customer Data Sec. Breach Litig., 11 F.4th 849. 856 (8th Cir. 2024); *In re UnitedHealth Grp. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011). Signed on 12/3/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/03/2024) |
| 12/03/2024 | 1637 | Before the Court is Interested Party Hao Zhe Wang's Motion for Reconsideration and for Evidentiary Hearing Regarding Keough Declaration. (Doc. # <u>1633</u> .) Upon review, the motion is DENIED. Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered |

| | | |
|---|---|---|
| | | evidence." *Robinson v. Midwest Div.−RMC, LLC*, No. 4:19−CV−0934−SRB, 2020 WL 3317614, at *1 (W.D. Mo. June 18, 2020) (quoting *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09−CV−05078−DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)). The Court has reviewed Mr. Wang's arguments and finds that reconsideration of the Court's order is not warranted. Signed on 12/3/2024 by District Judge Stephen R. Bough. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Peters, Tracey) (Entered: 12/03/2024) |
| 12/03/2024 | 1638 | NOTICE OF APPEAL as to 1622 Order on Motion for Attorney Fees,,,,, Order on Motion for Miscellaneous Relief,,,,,,,,, by Robert Friedman. Filing fee $ 605, receipt number AMOWDC−9323132. (Buttacavoli, Steven) (Entered: 12/03/2024) |
| 12/03/2024 | 1639 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1638 Notice of Appeal. (Terry, Jason) (Entered: 12/03/2024) |
| 12/04/2024 | 1640 | ELECTRONIC TRANSCRIPT of Settlement Hearing held November 26, 2024, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 64. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **<span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span> If necessary, Notice of Intent to Redact is due by 12/11/2024 unless otherwise directed by the court. Release of Transcript Restriction set for 3/4/2025. <span style="color:red">NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.</span>**<br><br>(Wambolt, Gayle) (Entered: 12/04/2024) |
| 12/04/2024 | 1641 | USCA Case Number from 8th Circuit Court of Appeals is 24−3444 for 1624 Notice of Appeal, filed by Spring Way Center LLC.(Terry, Jason) (Entered: 12/04/2024) |
| 12/04/2024 | 1642 | USCA Case Number from 8th Circuit Court of Appeals is 24−3450 for 1630 Notice of Appeal filed by Monty March. (Terry, Jason) (Entered: 12/04/2024) |
| 12/04/2024 | 1643 | USCA Case Number from 8th Circuit Court of Appeals is 24−3451 for 1638 Notice of Appeal filed by Robert Friedman. (Terry, Jason) (Entered: 12/04/2024) |
| 12/04/2024 | 1644 | CONSOLIDATED BRIEFING SCHEDULE from 8th Circuit Court of Appeals for 24−3451 for 1638 Notice of Appeal filed by Robert Friedman, 24−3450 for 1630 Notice of Appeal filed by Monty March, 24−3444 for 1624 Notice of Appeal, filed by Spring Way Center LLC. Transcript due by 1/15/2025. (Terry, Jason) (Entered: 12/04/2024) |
| 12/06/2024 | 1645 | NOTICE of filing by Arturo Gonzalez, received via EDSS on 12/6/2024. (Crocker, Susan) (Entered: 12/09/2024) |
| 12/09/2024 | 1646 | NOTICE of appearance by Joe D. Jacobson on behalf of Rosalie Doyle, Jessica Winters, John Guerra (Attorney Joe D. Jacobson added to party Rosalie Doyle(pty:intp), Attorney Joe D. Jacobson added to party Jessica Winters(pty:intp), Attorney Joe D. Jacobson added to party John Guerra(pty:intp))(Jacobson, Joe) (Entered: 12/09/2024) |

| 12/09/2024 | 1647 | Motion to allow Nate Brown to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9330606) filed by Joe D. Jacobson on behalf of Rosalie Doyle, Jessica Winters, John Guerra. (Jacobson, Joe) (Entered: 12/09/2024) |
|---|---|---|
| 12/09/2024 | 1648 | ORDER granting 1647 motion to appear pro hac vice entered by Clerk of Court. Attorney Nate Brown for Rosalie Doyle and Jessica Winters allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 12/09/2024) |
| 12/10/2024 | 1649 | NOTICE OF APPEAL as to 1622 Order on Motion for Attorney Fees,,,,, Order on Motion for Miscellaneous Relief,,,,,,,, by Knie & Shealy. Filing fee $ 605, receipt number AMOWDC−9333538. (Knie, Patrick) (Entered: 12/10/2024) |
| 12/10/2024 | 1650 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1649 Notice of Appeal. (Terry, Jason) (Entered: 12/10/2024) |
| 12/11/2024 | 1651 | NOTICE of filing by Arturo Gonzalez, received via EDSS this date. (Attachments: # 1 Signature Page)(Crocker, Susan) (Entered: 12/11/2024) |
| 12/13/2024 | 1652 | USCA Case Number from 8th Circuit Court of Appeals is 24−3527 for 1649 Notice of Appeal filed by Knie & Shealy.(Terry, Jason) (Entered: 12/13/2024) |
| 12/13/2024 | 1653 | ORDER of US COURT OF APPEALS as to 1649 Notice of Appeal filed by Knie & Shealy, 1638 Notice of Appeal filed by Robert Friedman, 1630 Notice of Appeal filed by Monty March, 1624 Notice of Appeal, filed by Spring Way Center LLC. Briefing in these consolidated cases is held in abeyance until the time expires for all parties to file a notice of appeal of the November 27, 2024, order. Once the time expires, a new schedule will be established and briefing will resume. (Terry, Jason) (Entered: 12/13/2024) |
| 12/13/2024 | 1654 | PRO SE NOTICE of filing by Tanya Monestier, received via EDSS this date. (Crocker, Susan) (Entered: 12/16/2024) |
| 12/16/2024 | 1655 | NOTICE of filing *[Plaintiffs' Suggestions in Response to "Motion of Objector Tanya Monestier to Put Non−Public Proposed Orders and Associated Communications on the Record"]* by Jerod Breit, Jeremy Keel, Rhonda Burnett, Frances Harvey, Hollee Ellis re 1654 Notice of filing (Suhr, Jeremy) (Entered: 12/16/2024) |
| 12/19/2024 | 1656 | PRO SE NOTICE OF APPEAL as to 1636 Order on Motion to Intervene, 1623 Order on Motion for Reconsideration, 1622 Order on Motion for Attorney Fees, Order on Motion for Miscellaneous Relief, 1566 Order by Tanya Monestier, received via EDSS this date. Filing fee ($605) not paid but is forthcoming per interested party Monestier (via USPS). (Crocker, Susan) (Entered: 12/19/2024) |
| 12/19/2024 | 1657 | |

| | | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 1656 Notice of Appeal,. (Terry, Jason) (Entered: 12/19/2024) |

MIME-Version:1.0
From:ecfMOW.notification@mow.uscourts.gov
To:cmecf_atynotifications@mow.uscourts.gov
Bcc:
--Case Participants: Jeffrey A LeVee (jlevee@jonesday.com), Aaron Van Oort
(aaron.vanoort@faegredrinker.com), Theodore Joseph Boutrous, Jr
(tboutrous@gibsondunn.com), Jennifer M. Keas (jkeas@foley.com), Jennifer Lada
(jennifer.lada@hklaw.com), Brendan J Murphy (bmurphy@evans-dixon.com), Robert A. Henderson
(docketing@polsinelli.com, kmurray@polsinelli.com, pedwards@polsinelli.com,
rhenderson@polsinelli.com), Susan McNeill McKeever (mckeever@bsplaw.com,
stroud@bsplaw.com), Anna P. Hayes (anna.hayes@hklaw.com), Georgina Inglis
(ginglis@cooley.com), Matthew T Ciulla (2595994420@filings.docketbird.com,
matthew.ciulla@macgilllaw.com), Jack R. Bierig (jack.bierig@afslaw.com), Julian Kleinbrodt
(jkleinbrodt@gibsondunn.com), Anne Bigler (abigler@cooley.com), Warren E. Harris
(wharris@trdlp.com), William F. Farley (angela.reese@hklaw.com, william.farley@hklaw.com),
Brandon J.B. Boulware (brandon@boulware-law.com, kim@boulware-law.com), Michael D Bonanno
(mikebonanno@quinnemanuel.com), William T McEnroe (william.mcenroe@morganlewis.com), Karl
Barth (karlb@hbsslaw.com), Alexander Barrett (alexander.barrett@stinson.com,
kim.williams@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com,
susan.hogan@stinson.com), Cynthia Richman (crichman@gibsondunn.com), Nuru Lateef
Witherspoon (kwilliams@twlglawyers.com, mendoza@twlglawyers.com, roland@twlglawyers.com,
taylor@twlglawyers.com, witherspoon@twlglawyers.com), Stephen James Miller
(stephen.miller96@gmail.com), Robert D MacGill (robert.macgill@macgilllaw.com), James Dale
Lawrence (ecf_kc@bclplaw.com, jdlawrence@bclplaw.com, jim-lawrence-1810@ecf.pacerpro.com,
rec_km_ecf_kcy@bryancave.com), Benjamin H. Fadler (bfadler@ketchmclaw.com,
dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com), John S Purcell
(john.purcell@afslaw.com), Steven F. Molo (adam-collins-1996@ecf.pacerpro.com,
smolo@mololamken.com), Randall Paul Ewing, Jr (llucas@koreintillery.com,
rewing@koreintillery.com), Elizabeth Wright (efiling-notice@ecf.pacerpro.com,
efilingnotice@cooley.com, ewright@cooley.com), Steven J. Buttacavoli
(sbuttacavoli@bermantabacco.com), Benjamin D Brown (bbrown@cohenmilstein.com), Michael S.
Ketchmark (dhotchkiss@ketchmclaw.com, mike@ketchmclaw.com, mpatrick@ketchmclaw.com), Todd
Seaver (sfservice@bermantabacco.com, tseaver@bermantabacco.com), Danne Wayne Webb
(dstilley@hab-law.com, dwebb@hab-law.com, sstubbers@hab-law.com), Marc M. Seltzer
(mseltzer@susmangodfrey.com), Patrick Sanders (patrick.sanders@macgilllaw.com), Barack S
Echols (barack.echols@hklaw.com), Steve W. Berman (heatherw@hbsslaw.com,
nicolleg@hbsslaw.com, steve@hbsslaw.com), Jean Paul Bradshaw, II
(jeanpaul.bradshaw@lathropgpm.com, kim.bruns@lathropgpm.com,
roselyn.arnold@lathropgpm.com), Sam Mitchell Slade, Jr (mitch@mitchsladelaw.com), Jeannie
Evans (jeannie@hbsslaw.com), Harry R.S. Philips (hphillips2@gibsondunn.com), Michael
Sebring (michaelsebring@quinnemanuel.com), Scott A McCreight (dhotchkiss@ketchmclaw.com,
mpatrick@ketchmclaw.com, smccreight@ketchmclaw.com), Molly L Wiltshire
(molly.wiltshire@afslaw.com), Kevin P. Wagner (kevin.wagner@faegredrinker.com), Andrew J
Horowitz (andrew.horowitz@obermayer.com), Eugene A. Sokoloff (esokoloff@mololamken.com),
Christopher D. Dusseault (cdusseault@gibsondunn.com), Taylor L Connolly (lmccoy@bjpc.com,
tconnolly@bjpc.com), Rio Pierce (meganm@hbsslaw.com, riop@hbsslaw.com), Ian T Hampton
(ihampton@foley.com), Christopher G Michel (christophermichel@quinnemanuel.com), Brian C
Fries (amy.smith@lathropgpm.com, brian.fries@lathropgpm.com), Beatrice Franklin
(bfranklin@susmangodfrey.com, esullivan-vasquez@susmangodfrey.com), Robert William
Stephens (rstephens@smbtrials.com), Lauren M. Weinstein (lweinstein@mololamken.com),
Patrick E. Knie (pat@knieshealy.com), David C. Kully (david.kully@hklaw.com), Jeremy M.
Suhr (jeremy@boulware-law.com, kim@boulware-law.com), Samantha Strauss
(efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, sastrauss@cooley.com), Ethan
Glass (efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, eglass@cooley.com,
ngirard@cooley.com), Rachel G Frank (rachelfrank@quinnemanuel.com), Martin G. Durkin, Jr
(bernadette.hreska@hklaw.com, hapi@hklaw.com, martin.durkin@hklaw.com), Suzanne L. Wahl
(edocket@schiffhardin.com, jacob.danziger@afslaw.com, maureen.osullivan@afslaw.com,
molly.wiltshire@afslaw.com, mosullivan@schiffhardin.com, suzanne.wahl@afslaw.com), John
Bash (johnbash@quinnemanuel.com), Sarah M. Topol (stopol@cooley.com), Robert A Braun
(aguzman@cohenmilstein.com, rbraun@cohenmilstein.com), Bert S Braud (bbraud@pophamlaw.com,
lgoacher@pophamlaw.com, lmetz@pophamlaw.com), William A Burck
(williamburck@quinnemanuel.com), Robert J Wierenga (robert.wierenga@afslaw.com), Dina
McKenney (dina.mckenney@hklaw.com, hapi@hklaw.com, wanda.sneed@hklaw.com), Kara Trouslot
Stubbs (kheath@bscr-law.com, mcarrillo@bscr-law.com, stubbs@bscr-law.com), Daniel Z.

Goldman (dgoldman@bklwlaw.com), Deepti Bansal (dbansal@cooley.com), Stacey Anne Mahoney (stacey.mahoney@morganlewis.com), Jay N. Varon (jvaron@foley.com), Kelly Marie Watne (kwatne@jonesday.com), Boris Bershteyn (boris-bershteyn-9508@ecf.pacerpro.com, boris.bershteyn@skadden.com), Andrea S. McMurtry (amcmurtry@hab-law.com, dstilley@hab-law.com, sstubbers@hab-law.com), Stephanie A Douglas (douglas@bsplaw.com, kelley@bsplaw.com), Charles W. Hatfield (chuck.hatfield@stinson.com, hope.jeffrey@stinson.com, kim.williams@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com), Justin M. Ellis (jellis@mololamken.com), Steven J. Mintz (steven.mintz@usdoj.gov), Beatriz Mejia (mejiab@cooley.com), Timothy Ray (francine.rivera@hklaw.com, hapi@hklaw.com, timothy.ray@hklaw.com), Gregg J. Costa (gcosta@gibsondunn.com), Kenneth M. Kliebard (amar.naik@morganlewis.com, chcalendardepartment@morganlewis.com, christina.cacioppo@morganlewis.com, elsa.doi@morganlewis.com, heather.nelson@morganlewis.com, jason.chrestionson@morganlewis.com, kenneth.kliebard@morganlewis.com, michelle.castaneda@morganlewis.com, stacey.mahoney@morganlewis.com, surya.khanna@morganlewis.com, william.cravens@morganlewis.com, william.mcenroe@morganlewis.com, yunica.jiang@morganlewis.com), Eric L. Dirks (bstrickland@williamsdirks.com, cflores@williamsdirks.com, dirks@williamsdirks.com), Eddie Hasdoo (baward@jonesday.com, ehasdoo@jonesday.com, ikroneman@jonesday.com), Steven M Berezney (ldunn@koreintillery.com, mepperson@koreintillery.com, sberezney@koreintillery.com), William Cravens (william.cravens@morganlewis.com), Matthew W. Shealy (matt@knieshealy.com), Michael Morris Buchman (mbuchman@motleyrice.com), David R. Buchanan (dbuchanan@bjpc.com), Bruce C Fox (amie.fraenig@obermayer.com, andrew.horowitz@obermayer.com, bruce.fox@obermayer.com, maureen.boyd@obermayer.com, salena.moran@obermayer.com), Jacob K Danziger (jacob.danziger@afslaw.com), Haozhe Wang (wang.haozhe@yahoo.com), Anthony Phillips (anthonyluxadvisors@gmail.com), Arturo Gonzalez (southbayhomesla@gmail.com), The Way Home, Inc. d/b/a Century 21 Access (bmurphy@evans-dixon.com), District Judge Stephen R. Bough (ben_clark@mow.uscourts.gov, helen_phillips@mow.uscourts.gov, kaitlin_moore@mow.uscourts.gov, sara_lewis@mow.uscourts.gov, shauna_murphycarr@mow.uscourts.gov, tracey_peters@mow.uscourts.gov)
--Non Case Participants: Paul T. Fox (ferakp@gtlaw.com), Daniel S. Margolies (margoliesd@kcur.org), Julia Diane Kitsmiller (julia_kitsmiller@mow.uscourts.gov), Adam KohSweeney (cbloom@omm.com, dlautzenheiser@omm.com, dmarroso@omm.com, smcintyre@omm.com)
--No Notice Sent:

Message-Id:8739399@mow.uscourts.gov
Subject:Activity in Case 4:19-cv-00332-SRB Sitzer et al v. National Association of Realtors et al Order
Content-Type: text/html

## U.S. District Court

## Western District of Missouri

**Notice of Electronic Filing**

The following transaction was entered on 11/4/2024 at 4:03 PM CST and filed on 11/4/2024

| | |
|---|---|
| **Case Name:** | Sitzer et al v. National Association of Realtors et al |
| **Case Number:** | 4:19–cv–00332–SRB |
| **Filer:** | |
| **Document Number:** | 1566(No document attached) |

**Docket Text:**
 **Considering the upcoming November 26, 2024, hearing on: Final Settlement Approval and Motion for Attorney Fees, Costs, Expenses, and to ensure due process is satisfied, the Court ORDERS all objectors and their attorneys to appear in person at the November 26, 2024,**

**hearing at 1:30 PM to argue their objections. Failure to comply with a Court's order can result in an objection being struck or waived. See Ferron v. Kraft Heinz Foods Co., No 20–CV–62136–RAR, 2021 U.S. Dist. LEXIS 129955, at \*41 (S.D. Fla. July 13, 2021) (finding when an objector failed to follow the Court order of appearing after providing the Court intent to appear at the final approval hearing, he provided the Court sufficient grounds alone to strike his Objection.); In re Crocs, Inc. Sec. Litig., 306 F.R.D. 672, 682 (D. Colo. 2014) (As a threshold matter, National Roofings objection failed to comply with the Courts order... [t]hus, National Roofings objection is deemed waived[.]) Signed on 11/4/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey)**

**4:19–cv–00332–SRB Notice has been electronically mailed to:**

Robert A. Henderson    rhenderson@polsinelli.com, docketing@polsinelli.com, kmurray@polsinelli.com, pedwards@polsinelli.com

Danne Wayne Webb    dwebb@hab–law.com, dstilley@hab–law.com, sstubbers@hab–law.com

Bert S Braud    bbraud@pophamlaw.com, lgoacher@pophamlaw.com, lmetz@pophamlaw.com

David R. Buchanan    dbuchanan@bjpc.com

Charles W. Hatfield    chuck.hatfield@stinson.com, hope.jeffrey@stinson.com, kim.williams@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com

Michael S. Ketchmark    mike@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Warren E. Harris    wharris@trdlp.com

Kara Trouslot Stubbs    stubbs@bscr–law.com, kheath@bscr–law.com, mcarrillo@bscr–law.com

Scott A McCreight    smccreight@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Brian C Fries    brian.fries@lathropgpm.com, amy.smith@lathropgpm.com

Jean Paul Bradshaw, II    jeanpaul.bradshaw@lathropgpm.com, kim.bruns@lathropgpm.com, roselyn.arnold@lathropgpm.com

James Dale Lawrence    jdlawrence@bclplaw.com, ECF_KC@bclplaw.com, REC_KM_ECF_KCY@bryancave.com, jim–lawrence–1810@ecf.pacerpro.com

Marc M. Seltzer    mseltzer@susmangodfrey.com

Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com, nicolleg@hbsslaw.com

Eric L. Dirks    dirks@williamsdirks.com, bstrickland@williamsdirks.com, cflores@williamsdirks.com

Benjamin H. Fadler    bfadler@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Brandon J.B. Boulware    brandon@boulware–law.com, kim@boulware–law.com

Aaron Van Oort    aaron.vanoort@faegredrinker.com

Jay N. Varon (Terminated)    jvaron@foley.com

Jeremy M. Suhr    jeremy@boulware–law.com, kim@boulware–law.com

Andrea S. McMurtry    amcmurtry@hab–law.com, dstilley@hab–law.com, sstubbers@hab–law.com

Brendan J Murphy    bmurphy@evans–dixon.com

Steven M Berezney    sberezney@koreintillery.com, ldunn@koreintillery.com, mepperson@koreintillery.com

Taylor L Connolly    tconnolly@bjpc.com, lmccoy@bjpc.com

Eddie Hasdoo    ehasdoo@jonesday.com, baward@jonesday.com, ikroneman@jonesday.com

Alexander Barrett    alexander.barrett@stinson.com, kim.williams@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com

Nuru Lateef Witherspoon    witherspoon@twlglawyers.com, Roland@twlglawyers.com, kwilliams@twlglawyers.com, mendoza@twlglawyers.com, taylor@twlglawyers.com

Robert William Stephens    rstephens@smbtrials.com

Robert D MacGill    robert.macgill@macgilllaw.com

Matthew T Ciulla    matthew.ciulla@macgilllaw.com, 2595994420@filings.docketbird.com

Kenneth M. Kliebard    kenneth.kliebard@morganlewis.com, amar.naik@morganlewis.com, chcalendardepartment@morganlewis.com, christina.cacioppo@morganlewis.com, elsa.doi@morganlewis.com, heather.nelson@morganlewis.com, jason.chrestionson@morganlewis.com, michelle.castaneda@morganlewis.com, stacey.mahoney@morganlewis.com, surya.khanna@morganlewis.com, william.cravens@morganlewis.com, william.mcenroe@morganlewis.com, yunica.jiang@morganlewis.com

Stacey Anne Mahoney    stacey.mahoney@morganlewis.com

Jennifer M. Keas    jkeas@foley.com

Timothy Ray    timothy.ray@hklaw.com, francine.rivera@hklaw.com, hapi@hklaw.com

Martin G. Durkin, Jr    martin.durkin@hklaw.com, bernadette.hreska@hklaw.com, hapi@hklaw.com

Anna P. Hayes    anna.hayes@hklaw.com

William F. Farley    william.farley@hklaw.com, angela.reese@hklaw.com

Jack R. Bierig    jack.bierig@afslaw.com

David C. Kully    david.kully@hklaw.com

Steven J. Mintz    steven.mintz@usdoj.gov

Suzanne L. Wahl    suzanne.wahl@afslaw.com, edocket@schiffhardin.com, jacob.danziger@afslaw.com, maureen.osullivan@afslaw.com, molly.wiltshire@afslaw.com, mosullivan@schiffhardin.com

Stephen James Miller (Terminated)    Stephen.miller96@gmail.com

Jeffrey A LeVee    jlevee@jonesday.com

William T McEnroe    william.mcenroe@morganlewis.com

Jennifer Lada    jennifer.lada@hklaw.com

Ethan Glass    eglass@cooley.com, efiling−notice@ecf.pacerpro.com, efilingnotice@cooley.com, ngirard@cooley.com

John S Purcell    john.purcell@afslaw.com

Molly L Wiltshire    molly.wiltshire@afslaw.com

Robert J Wierenga    robert.wierenga@afslaw.com

Jacob K Danziger    jacob.danziger@afslaw.com

Samantha Strauss    sastrauss@cooley.com, efiling−notice@ecf.pacerpro.com, efilingnotice@cooley.com

Steven F. Molo    smolo@mololamken.com, Adam−Collins−1996@ecf.pacerpro.com

Justin M. Ellis    jelllis@mololamken.com

Lauren M. Weinstein    lweinstein@mololamken.com

Eugene A. Sokoloff    esokoloff@mololamken.com

Beatriz Mejia    MEJIAB@cooley.com

Deepti Bansal    DBANSAL@cooley.com

Kelly Marie Watne    kwatne@jonesday.com

Elizabeth Wright    ewright@cooley.com, eFilingNotice@cooley.com, efiling−notice@ecf.pacerpro.com

Anne Bigler    abigler@cooley.com

Dina McKenney    dina.mckenney@hklaw.com, hapi@hklaw.com, wanda.sneed@hklaw.com

William Cravens    william.cravens@morganlewis.com

Patrick Sanders    patrick.sanders@macgilllaw.com

Gregg J. Costa    gcosta@gibsondunn.com

Sarah M. Topol     stopol@cooley.com

Georgina Inglis     ginglis@cooley.com

Barack S Echols     barack.echols@hklaw.com

Ian T Hampton     ihampton@foley.com

Kevin P. Wagner     kevin.wagner@faegredrinker.com

Theodore Joseph Boutrous, Jr     tboutrous@gibsondunn.com

Christopher D. Dusseault     CDusseault@gibsondunn.com

Julian Kleinbrodt     jkleinbrodt@gibsondunn.com

Harry R.S. Philips     HPhillips2@gibsondunn.com

Cynthia Richman     CRichman@gibsondunn.com

Rio Pierce     riop@hbsslaw.com, meganm@hbsslaw.com

Robert A Braun     rbraun@cohenmilstein.com, aguzman@cohenmilstein.com

Benjamin D Brown     bbrown@cohenmilstein.com

Beatrice Franklin     bfranklin@susmangodfrey.com, esullivan−vasquez@susmangodfrey.com

Jeannie Evans     jeannie@hbsslaw.com

John Bash     johnbash@quinnemanuel.com

Michael D Bonanno     mikebonanno@quinnemanuel.com

William A Burck     williamburck@quinnemanuel.com

Rachel G Frank     rachelfrank@quinnemanuel.com

Christopher G Michel     christophermichel@quinnemanuel.com

Michael Sebring     michaelsebring@quinnemanuel.com

Matthew W. Shealy     matt@knieshealy.com

Sam Mitchell Slade, Jr     mitch@mitchsladelaw.com

Patrick E. Knie     pat@knieshealy.com

Susan McNeill McKeever     mckeever@bsplaw.com, stroud@bsplaw.com

Stephanie A Douglas     douglas@bsplaw.com, kelley@bsplaw.com

Bruce C Fox    bruce.fox@obermayer.com, amie.fraenig@obermayer.com,
andrew.horowitz@obermayer.com, maureen.boyd@obermayer.com, salena.moran@obermayer.com

Andrew J Horowitz    andrew.horowitz@obermayer.com

Boris Bershteyn    boris.bershteyn@skadden.com, boris−bershteyn−9508@ecf.pacerpro.com

Karl Barth    karlb@hbsslaw.com

Randall Paul Ewing, Jr    rewing@koreintillery.com, llucas@koreintillery.com

Todd Seaver    tseaver@bermantabacco.com, sfservice@bermantabacco.com

Steven J. Buttacavoli    sbuttacavoli@bermantabacco.com

Daniel Z. Goldman    dgoldman@bklwlaw.com

Michael Morris Buchman    mbuchman@motleyrice.com

Anthony Phillips    anthonyluxadvisors@gmail.com

**4:19−cv−00332−SRB It is the filer's responsibility for noticing the following parties by other means:**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RHONDA BURNETT, JEROD BREIT,    )
HOLLEE ELLIS, FRANCES HARVEY,    )
and JEREMY KEEL, on behalf of    )
themselves and all others similarly situated,    )
         )    Case No. 19-CV-00332-SRB
    Plaintiffs,    )
         )
THE NATIONAL ASSOCIATION OF    )
REALTORS, REALOGY HOLDINGS CORP.,    )
 HOMESERVICES OF AMERICA, INC.,    )
BHH AFFILIATES, LLC, HSF AFFILIATES,    )
LLC, RE/MAX LLC, and KELLER    )
WILLIAMS REALTY, INC.,    )
         )
    Defendants

## ORDER

Before the Court is Plaintiffs'[1] Motion for Final Approval of Settlements with the National

Association of Realtors ("NAR"), HomeServices Defendants, and certain brokerages and multiple

listing services ("MLSs") that have opted into the NAR Settlement (as defined by the NAR

Settlement Agreement and any additional agreements entered with opting-in entities). (Doc.

#1595.) Preliminary approval was granted on April 23, 2024, as to the NAR Settlement and

August 8, 2024, as to the HomeServices Defendants. (Doc. #1460, #1520.) Notice to the

Settlement Class commenced on or around August 17, 2024, and Class members were provided

with an opportunity to opt out of, or object to, the Settlements. The Court received several

objections from Class members and several filings regarding one or more of the settlements from

individuals who do not state or otherwise indicate that they are Class members. Seventeen are

from Objectors without pending follow-on suits: (1) Khyber Zaffarkhan (Doc. #1539); (2) Robert

Duthler (Doc. #1541); (3) Tanya Monestier (Doc. #1552 and #1600); (4) Black Tie Realty (filed

---

[1] "Plaintiffs" are Rhonda Burnett, Jerod Breit, Hollee Ellis, Frances Harvey, Jeremy Keil, Christopher
Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, Jane Ruh, Don Gibson, Lauren Criss,
and John Meiners.

in *Gibson* Doc. #527); (5) Vivienne Cunningham (filed in *Gibson* Doc. #528); (6) Arturo Gonzalez (Doc. #1564, #1528); (7) Peter Gustis (Doc. #1510); (8) Chia and Herbert Whitehouse (Doc. #1609); (9) Jeffrey Nordquist (Doc. #1517, #1537, #1404); (10) Michael C. Mead (Doc. #1532); (11) Larry Giammo (Doc. #1405); (12) Diane Knizer (Doc. #1439); (13) PulteGroup Inc. (Doc. #1445); (14) Anthony Phillips (Doc. #1488); (15) Sharon Saunders (Doc. #1454); (16) Cynthia Goralski (Doc. #1453); and (17) Rosalie Doyle, Jessica Winters, John Guerra (Doc. #1605). The remainder are from six sets of objectors with follow-on cases encompassed by the Settlement Class in this case: (1) Hao Zhe Wang (Docs. #1547, #1548); (2) Robert Benjamin Douglass, Benny D. Cheatham, Douglas W. Fender II, and Dena Marie Fender (Doc. #1555, #1558, #1559, #1606); (3) Robert Friedman (Doc. #1560); (4) James Mullis (Doc. #1561); (5) Monty March (Doc. #1562); and (6) Spring Way Center, LLC, Nancy Wehrheim, John and Nancy Moratis, Danielle and Jesse Kay, Kaitlyn Slavic, and Maria Iannome (Doc. #1563). The Settlement Class and Settling Defendants filed Suggestions in Support of Final Approval. (Doc. #1595, #1596, #1597.) The Court held a hearing on November 26, 2024, at which arguments were presented for and against final approval. Having fully considered the arguments at the hearing and in the written submissions, and based on all materials in the record, the motion for final approval is GRANTED.

The Court hereby ORDERS the following:

1. Unless defined herein, all defined terms in this Final Approval Order and any accompanying Judgment shall have the respective meanings set forth in the Settlement Agreements.

2. At preliminary approval, the Court appointed JND Legal Administration ("JND") as the Settlement Administrator. In connection with their final approval motion, Plaintiffs submitted a declaration of Jennifer M. Keough from JND summarizing the notice that was given to Class members and the resulting claims to date, opt-outs, and objections. (Doc. #1595-7.) As

2

directed by the Court, JND implemented the Class Notice Plan. Notice was provided by first-class U.S. mail, electronic mail, and digital and print publication. As stated in that declaration, nearly 40 million direct notices were mailed or emailed to the Class. JND's digital notice effort delivered more than 300 million impressions. More than 500 news stories addressed the litigation and settlement, including full articles in outlets such as the ABC News, CBS News, NBC News, and the New York Times. JND also implemented a Settlement Website that had over 2 million unique visitors and over 12 million page views. The Court finds that the direct notice program was adequate and reached more than 99% of identified Settlement Class members.

3.      As of November 14, 2024, over 491,000 claims have been made. The claims period extends until May 9, 2025. This extended claims period allows additional settlements covering the same or similar Settlement Classes with other Defendants, and the notice process for those settlements will provide additional opportunities to submit claims.

4.      Despite the reach of the notice program and large volume of claims, there were only a small number of objections and other filings in total by non-Class members criticizing one or more of the Settlements (encompassing 36 total objectors and other filers) and 39 opt-outs from the Settlement Class.

5.      Based on the record, the Court finds that the notice given to the Settlement Class was the best notice practicable under the circumstances and satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the notice given to the Settlement Class of the NAR and HomeServices Settlements, separately, together, and in light of the previously approved settlements, was adequate and reasonable.

6.      The notice fully and accurately informed members of the Settlement Class of all material elements of the NAR and HomeServices Settlements. The Settlement Class Members received notice of: (a) the pendency of the Actions; (b) the terms of the proposed Settlements,

3

including the Released Claims, Released Parties, and Releasing Parties; (c) their rights under the proposed Settlements, including how to receive the benefits offered by the Settlements; (d) their right to exclude themselves from the Settlement Class and the proposed Settlements; (e) their right to object to any aspect of the proposed Settlements; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses; and (h) the binding effect of any final judgment and order approving the Settlements on all Persons who did not timely exclude themselves from the Settlement Class. Some of the objectors challenged certain aspects of the notice program. The Court addresses those objections below and overrules.

7.      The Court also finds that the appropriate state and federal officials were timely notified of the NAR and HomeServices Settlement Agreements under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without objection as to entry of approval from any governmental entity.

8.      For the purposes of the settlement of the claims and potential claims against Released Parties as defined in the NAR agreement, the Court certifies the following class, except for those timely opting out: All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:

- Homes listed on Moehrl MLSs: March 6, 2015 to date of Class Notice;

- Homes listed on Burnett MLSs: April 29, 2014 to date of Class Notice;

- Homes listed on MLS PIN: December 17, 2016 to date of Class Notice;

- Homes in Arkansas, Kentucky, and Missouri, but not on the Moehrl MLSs, the Burnett MLSs, or MLS PIN: October 31, 2018 to date of Class Notice;

- Homes in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, and Wyoming, but not on the Moehrl MLSs, the Burnett MLSs, or MLS PIN: October 31, 2017 to date of Class Notice;

4

- For all other homes: October 31, 2019 to date of Class Notice.

9.      For the purposes of the settlement of the claims against the HomeServices Defendants, the Court certifies the following class, except for those timely opting out:  All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:

- Moehrl MLSs: March 6, 2015 to date of Class Notice;

- Burnett MLSs: April 29, 2014 to date of Class Notice;

- MLS PIN: December 17, 2016 to date of notice;

- All other MLSs: October 31, 2019 to date of Class Notice.

10.      The Court finds that certification of the Settlement Class is warranted under Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class members.

11.      The Court finds that certification of the Settlement Class is warranted in light of and solely for purposes of the Settlements under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether Settling Defendants entered into any conspiracy, predominate over any questions affecting only individual members of the Settlement Class in the settlement context, and settlement of the Actions on a class basis is superior to other means of resolving the Actions as to Settling Defendants.

12.      The Court reaffirms the appointment of Plaintiffs Rhonda Burnett, Jerod Breit, Hollee Ellis, Frances Harvey, Jeremy Keil, Christopher Moehrl, Michael Cole, Steve Darnell, Jack

Ramey, Daniel Umpa, Jane Ruh, Don Gibson, Lauren Criss, and John Meiners, as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

13. In making these findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

14. As discussed below in response to objections relating to several follow-on cases, the Court has specifically considered that the Settlement Class is nationwide and releases claims arising from sales of homes listed on NAR and non-REALTOR® MLSs, including all claims on behalf of Class Members, as sellers, buyers, or otherwise, arising from the same factual predicate. The Settlements resolve, among others, the *Gibson* case where Plaintiffs plead a nationwide conspiracy on behalf of a nationwide class that expressly challenges certain NAR rules as well as rules adopted by the Residential Listing Service ("RLS") of the Real Estate Board of New York ("REBNY"). *See Gibson* <u>Doc. #232</u>, Consolidated Am. Compl., ¶ 182. That Complaint includes specific allegations regarding particular policies adopted in REBNY RLS that the Plaintiffs allege

6

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 6 of 88
Appellate Case: 24-3585    Page: 249    Date Filed: 12/23/2024 Entry ID: 5463419 December 2024 p249

to be anticompetitive. *Id*. The Complaint alleges that, as a result, "Defendants' conspiracy has had the following anticompetitive effects *nationwide*," including in REBNY RLS: (a) "Home sellers have been forced to pay commissions to buyer-brokers—their adversaries in negotiations to sell their homes—thereby substantially inflating the cost of selling their homes"; (b) "Home sellers have been compelled to set a high buyer-broker commission to induce buyer-brokers to show their homes to home buyers"; (c) "Home sellers have paid inflated buyer-broker commissions and inflated total commissions"; (d) "The retention of a buyer-broker has been severed from the setting of the broker's commission; the home buyer retains the buyer-broker, while the home seller sets the buyer-broker's compensation"; and (e) "Price competition among brokers to be retained by home buyers has been restrained." *Id*. ¶ 225 (emphasis added); *see also id*. ¶¶ 28, 227 (describing "nationwide" impact).

15.     Here, the Court finds that certifying a nationwide class is warranted, including because Plaintiffs have conducted extensive discovery into the alleged nationwide conspiracy and have thoroughly litigated the claims, providing a robust factual record on which to assess the claims and base negotiations. A nationwide settlement was a necessary condition of obtaining any settlement for the benefit of the class, a nationwide settlement will conserve judicial and private resources, and Class members were fully apprised of the settlement class definition through the notice process. As the Court further explains below, the record reflects that it was both justified and necessary to achieve any settlement for the Settlement Class to include all MLSs for residential real estate nationwide, however the MLSs were named in *Gibson* (e.g., real estate listing service), and regardless of their formal affiliation with NAR. Moreover, the only way that the Settlements were possible was if they provided for a nationwide recovery and release.

16.     As a general matter, "[t]he law strongly favors settlements" and "[c]ourts should hospitably receive them." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d

7

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 7 of 88
Appellate Case: 24-3585     Page: 250     Date Filed: 12/23/2024 Entry ID: 5466119
December 23 2024 p250

1371, 1383 (8th Cir. 1990) (noting it is especially true in "a protracted, highly divisive, even bitter litigation"); *see also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) ("[A] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."); *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) ("A settlement agreement is 'presumptively valid.'" (quoting *Uponor, Inc*, 716 F.3d at 1063)); *Sanderson v. Unilever Supply Chain, Inc.*, 10-cv-00775-FJG, 2011 WL 5822413, at *3 (W.D. Mo. Nov. 16, 2011) (crediting the judgment of experienced class counsel that settlement was fair, reasonable, and adequate). The presumption in favor of settlements is particularly strong "in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005). However, the Court finds the NAR and HomeServices Settlements, separately, together, and in light of the previously approved settlements, fair, reasonable, and adequate, regardless of any such presumption.

17.     The determination whether a class action settlement is "fair, reasonable, and adequate" is "committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly." *Van Horn v. Trickey*, 840 F.2d 604, 606-07 (8th Cir. 1988); *see also In re Wireless*, 396 F.3d 922, 932 (8th Cir. 2005) (the ultimate question is whether the settlement is "fair, reasonable, and adequate").

18.     Rule 23(e)(2) includes four factors the Court must consider, when evaluating settlement fairness. Those factors are whether:

(A) the Class Representatives and Class Counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the Class is adequate, taking into account:

(i)      the costs, risks, and delay of trial and appeal;

8

(ii)     the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class-Member claims;

(iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)     any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

19.     The Eighth Circuit has also set forth four factors that a court should consider in determining whether to approve a proposed class action settlement: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless*, 396 F.3d 922, 932 (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)); *Van Horn*, 840 F.2d at 607 (8th Cir. 1988); *see also Swinton v. SquareTrade, Inc.*, 454 F. Supp. 3d 848, 861 (S.D. Iowa 2020) (finding analysis of certain Rule 23(e)(2) factors will "necessarily include analysis of [certain] related *Van Horn* factors"); *Anderson v. Travelex Insurance Services Inc.*, No. 8:18-CV-362, 2021 WL 4307093, at *2 (D. Neb. Sept. 22, 2021) (approving settlement under Rule 23(e) by evaluating *Van Horn* factors); *Cleveland v. Whirlpool Corp.*, No. 20-cv-1906, 2022 WL 2256353 (D. Minn. June 23, 2022) (evaluating settlement under Rule 23(e)(2) factors and *Van Horn*).

20.     Under Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlements with Settling Defendants, as set forth in the Settlement Agreements, are fair, reasonable, and adequate.

21.     First, Settlement Class Representatives and Class Counsel have adequately represented the Class. Class Counsel were appointed to serve as lead counsel in *Moehrl* and in this case after the courts overseeing both cases found they would adequately represent the class.

9

*Burnett*, No. 19-CV-00332-SRB, 2022 WL 1203100 (W.D. Mo. Apr. 22, 2022); *Moehrl*, No. 19-cv-01610, 2023 WL 2683199 (N.D. Ill. Mar. 29, 2023). Class Counsel subsequently obtained a jury verdict in this case against NAR, HomeServices, and Keller Williams. In *Gibson*, this Court appointed them as Interim Co-Lead Class Counsel for an alleged nationwide class with responsibility for any settlements. *Gibson* Doc. #180. Altogether, Class Counsel have obtained over $1 billion in proposed and approved settlements as well as significant practice change relief. Likewise, the Class Representatives have bought and sold homes and have demonstrated their commitment to the litigation by responding to discovery, providing relevant documentation, and participating in the settlement process.

      22.     Second, the record reflects that the NAR and HomeServices Settlements were separately conducted at arm's length. The settlement negotiations were contentious and hard fought. And each occurred only after NAR and HomeServices provided Class Counsel with sufficient financial information for Plaintiffs to make an informed decision about settlement. Dirks Decl. at ¶¶ 20-23; Berman Decl. at ¶¶ 19-27. There is no indication that any of the Settlements were the result of anything other than tough negotiations. The lengthy history of this litigation, which has proceeded for years through class certification and a trial, is further evidence of the arm's length nature of these Settlements.

      23.     Third, for the reasons stated above, the relief for the Class is fair and adequate. The NAR and HomeServices Settlements, separately, together, and in light of the previously approved settlements, provide for a significant financial recovery to the Settlement Class in light of the strengths and weaknesses of the case and the risks and costs of continued litigation, including appeal, and the Settling Defendants' financial resources. The Settlements also include meaningful changes to the Settling Defendants' policies, including removal of offers of compensation on the MLS. The parties naturally dispute the strength of their claims and defenses. The Settlements

10

reflect a compromise based on the parties' educated assessments of their best-case and worst-case litigation outcomes. The best-case outcome for Plaintiffs is upholding the verdict on appeal as to NAR and HomeServices Defendants, and then actually receiving the awarded damages from Defendants. But "[a]ntitrust cases are particularly risky, challenging, and widely acknowledged to be among the most complex actions to prosecute." *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420, 2020 WL 7264559, at *15 (N.D. Cal. Dec. 10, 2020). And it would make little sense to continue litigating against the Settling Defendants where they do not have the ability to pay the full judgment sought. Dirks Decl. at ¶ 20-23; Berman Decl. at ¶¶ 20, 23.

24. Against these risks, the NAR and HomeServices Settlements combined provide for an almost $700 million recovery, as well as substantial practice changes. *See In re Pork Antitrust Litig.,* No. 18-1776, 2022 WL 4238416, at *2 (D. Minn. Sept. 14, 2022) (granting final approval of antitrust settlement that provided "substantial relief against the backdrop of a great deal of uncertainty where the merits are highly contested" in case involving alleged price-fixing conspiracy among pork processing companies); *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 995-96 (N.D. Ohio 2016) (granting final approval of settlement in light of "real possibility that [plaintiffs] could have received much less—even zero—from a jury at trial or following an appeal"). The NAR and HomeServices Settlements also account for only part of the recovery that the Class has obtained, or could obtain, in connection with the claims arising from the alleged conspiracy. Specifically, Class Counsel obtained other settlements with other defendants that this Court previously finally approved, and have ongoing litigation against additional defendants. Although some Class members have objected that they may not recover every dollar they paid to real estate agents, that is the nature of settlements, which necessarily reflect a compromise.

11

25.     In addition, the record reflects that the proposed method for distributing relief to the Class, including the proposed method for processing Class member claims, will be effective. The Court-appointed notice and claims administrator, JND, will work with Class Counsel in processing Class member claims and distributing relief. JND has extensive experience in distributing relief in connection with large and complex class action settlements. Keough Decl. at ¶¶ 1, 47-51. JND will be responsible for reviewing claim forms and evidence to determine whether claims should be approved, and any claim that cannot be confirmed may be subject to challenge, nonpayment, or a reduced share of the available funds. *See* Settlement Notice at ¶ 8. Class members with approved claims will have several options for receiving payment, including by debit card, Zelle, Venmo, or check. *See* Claim Form at p 1. Finally, as discussed below, the attorneys' fee request is reasonable and in line with Eighth Circuit precedent.

26.     Fourth, the NAR and HomeServices Settlements, separately, together, and in light of the previously approved settlements, treat Class members fairly and equitably relative to each other. The practice change relief applies to all Class members nationwide. With respect to the monetary relief, every person who meets the class definition is eligible to submit and receive compensation for a claim. That is all that is required. *Petrovic*, 200 F.3d at 1152–53 ("We do not agree with the objectors' contention that a mailed notice of settlement must contain a formula for calculating individual awards."). In addition, the settlement website advises both that: (i) settlement payment "will take into account the amount of commissions class member claimants paid to a real estate broker or agent"; and (ii) "[t]o the extent the value of total claims exceeds the amount available for distribution from the settlement funds, each class member's share of the settlement may be reduced on a pro rata basis." Settlement FAQ 12.

27.     Finally, there are no requested service awards under the NAR and HomeServices Settlements.

28.     The *Van Horn* factors also support settlement approval. As discussed above under the Rule 23(e)(2) factors, the NAR and HomeServices Settlements each reflect a compromise based on the parties' educated assessments of their best-case and worst-case scenarios, and the likelihood of various potential outcomes, including potential financial outcomes of the Settling Defendants. Plaintiffs' claims raise numerous complex legal and factual issues under antitrust law. This is reflected in the voluminous briefing in *Moehrl* and in this case, which includes extensive class certification and summary judgment briefing and evidence, as well as post-trial briefing. In addition, Plaintiffs have engaged in extensive appellate briefing, including Rule 23(f) petitions in both *Moehrl* and this case, as well as two separate appeals concerning arbitration issues, and a denial of certiorari by the United States Supreme Court. NAR and HomeServices Defendants were poised to lodge several post-verdict challenges and appeals. By contrast, the NAR and HomeServices Settlements provide for certain and swift recovery for the Class. In light of the many uncertainties of continued litigation, a significant and certain recovery weighs in favor of approving the proposed Settlements. *See In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 410 F. Supp. 669, 678 (D. Minn. 1974) (approving settlement where price-fixing claims faced "substantial roadblocks" on top of the "difficulties inherent" in prevailing on such claims); *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1137 (8th Cir. 1984) (affirming final approval of settlement where "no reported opinion addresses the precise [merits] question presented here," which created "a substantial question whether [plaintiff] would prevail"); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 393 (D.D.C. 2002) ("Any verdict inevitably would have led to an appeal and might well have resulted in appeals by both sides and a possible remand for retrial, thereby further delaying final resolution of this case. These factors weigh in favor of the proposed Settlement.") (cleaned up).

13

29.     The fairness, adequacy, and reasonableness of the NAR and HomeServices Settlements, separately, together, and in light of the previously approved settlements, are also supported by the Settling Defendants' financial condition and their inability to satisfy a judgment. As discussed above, the record reflects that, in order to evaluate the Settling Defendants' financial condition, Plaintiffs reviewed financial information pertaining to each Settling Defendant and considered each's ability to pay. These amounts are reasonable in light of limitations on the Settling Defendants' ability to pay. "[A] defendant is not required to 'empty its coffers' before a settlement can be found adequate." *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 665 (S.D.N.Y. 2015) (quoting *In re Sony SXRD Rear Projection T.V. Class Action Litig.*, No. 06-cv-5173, 2008 WL 1956267, at *8 (S.D.N.Y. May 1, 2008)); *see also Grunin*, 513 F.2d at 125 (affirming antitrust settlement and explaining that a "total victory" for plaintiffs after trial "would have been financially disastrous if not fatal" to the defendant, and the final settlement "gave valuable concessions to the [settlement class] yet maintained [the defendant's] corporate viability").

30.     As discussed above, the litigation has been complex and expensive, and if it were to proceed without settlement would remain so. If they did not settle, the Settling Defendants would likely raise numerous challenges on appeal. The Court has observed first-hand the complexity and expense of the litigation.

31.     Finally, the amount of opposition to the NAR and HomeServices Settlements is minimal and supports approval of the Settlements. The Settlement Class Representatives have approved the Settlements. More than 491,000 Class members have submitted claims, while only a small handful have objected and 39 opted out. Keough Decl. at ¶¶ 53, 57. This supports granting final approval. *See, e.g.*, *Keil v. Lopez*, 862 F.3d 685, 698 (8th Cir. 2017) (determining with a settlement class of approximately 3.5 million households, where "only fourteen class members

14

submitted timely objections," the "amount of opposition is minuscule when compared with other settlements that we have approved"); *Bishop v. DeLaval Inc.*, No. 5:19-cv-06129-SRB, 2022 WL 18957112, at *1 (W.D. Mo. July 20, 2022) ("[A] low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval") (quoting *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015)); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, No. MDL 1559 4:03-MD-015, 2004 WL 3671053, at *13 (W.D. Mo. Apr. 20, 2004) (of the 4,838,789 settlement class members who were sent notice, only 620 (0.012%) opted out of the settlement and only 33 (0.00068%) objected to the settlement, which "are strong indicators that the Settlement Agreement was viewed as fair by an overwhelming majority of Settlement Class members and weighs heavily in favor of settlement"); *In re Tex. Prison Litig.*, 191 F.R.D. 164, 175 (W.D. Mo. 1999) ("The objectors represent only about 8 per cent of the class, and this relatively low level of opposition to the settlement also indicates its fairness. The Court has an obligation not only to the minority of class members who filed objections, but also to the majority who, by their silence, indicated their approval of the Settlement Agreement.") (citing *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995)); *see also, e.g.*, *Van Horn*, 840 F.2d at 607 ("the amount of opposition to the settlement" is a factor to be considered in the settlement approval process); *Marshall*, 787 F.3d at 513 ("We have previously approved class-action settlements even when almost half the class objected to it.").

32.     This Court's order granting final approval of the Settlements is also supported by the substantial benefits to the class afforded by the practice changes obtained by the NAR and HomeServices Settlements.

33.     The Court has carefully considered each of the timely filed objections, and arguments made at the final approval hearing. All objections are overruled. As an initial matter, the Court has already overruled objections that are similar, and in many cases identical, to each of

the objections here. *See Burnett*, May 9, 2024 Order Granting Final Approval (Doc. #1487, p. 13-29); *Gibson*, Nov. 5, 2024 Order Granting Final Approval (Doc. #530). In any event, the Court finds that none of the objections provides a basis for denying final approval of the Settlements. *See Marshall*, 787 F.3d at 513–14 ("The district court refused to give credence to the vocal minority" and "the court aptly noted that "only one-tenth of one percent of the class objected, and less than ten percent of the class ha[d] requested exclusion from the settlement.").

34.     The Court also ordered "all objectors and their attorneys to appear in person at the November 26, 2024, hearing at 1:30P.M. to argue their objections." (Doc. #1566). This order is within the Court's discretion, particularly in light of the recent events in these cases that necessitated such appearances. *See Fauley v. Metro. Life Ins. Co.,* 52 N.E. 3d 427, 438-39 (Ill. App. Ct. 2016) ("requiring class members to be present in court to object did not violate their due-process rights" when the Court ordered "if you want the Court to consider your objection, then you must also appear at the final approval hearing."); *In re Train Derailment Near Amite La., Oct. 12, 2002*, No. CIV.A. MDL 1531, 2006 WL 644494, at *2 (E.D. La. Jan. 27, 2006) ("To preserve the right to be heard at the Fairness Hearing in opposition to the settlement, the objecting Class Member must appear at the federal court in person not later than 8:30 a.m. on the date the Fairness Hearing is to begin and register with Class Counsel."); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 3870801, at *8 (W.D. Wash. July 26, 2013) (finding when the Court ordered objectors' counsel's in person appearance, "[i]f Objectors' counsel intends to litigate in the State of Washington, he must be prepared to appear in Washington when ordered to do so by the court."). Moreover, the Court has the authority to issue orders that supplement or modify the Class Notice, and it has done so here with sufficient advance notice for all Class members to appear at the final approval hearing if they wanted to be heard.

16

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 16 of 88
Appellate Case: 24-3585     Page: 259     Date Filed: 12/23/2024 Entry ID: 5463419 December 23 2024 p259

35.     Objectors may not "essentially insert[] [themselves] into the dispute and then, without explaining why, refuse[] to play by the rules that the district court set." *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849, 858 (8th Cir. 2024). An objector in *T-Mobile* refused to cooperate with counsel's efforts to conduct discovery ordered by the district court, claiming "that by subjecting her to a deposition, the district court 'unduly encumbered' her due-process right to be heard." *Id.* Both the Eighth Circuit and District Court disagreed with her refusal to follow the court's orders and struck her objection. *Id.* Similarly here, after the Court ordered their appearance, many objectors mailed letters protesting the Court's order and requesting excusal for various reasons. Failure to comply with a Court's order can result in an objection being struck or waived. *See Ferron v. Kraft Heinz Foods Co.*, No 20-CV-62136-RAR, 2021 WL 2940240, at *41 (S.D. Fla. July 13, 2021) (finding when an objector failed to follow the Court order of appearing after providing the Court intent to appear at the final approval hearing, he provided the Court "sufficient grounds alone to strike his Objection."); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 682 (D. Colo. 2014) ("As a threshold matter, National Roofing's objection failed to comply with the Court's order . . . [t]hus, National Roofing's objection is deemed waived[.]"). All Objectors who did not appear in person failed to comply with the Court's order. Therefore, all objections filed by such Objectors are waived for failing to comply with the Court's order.

36.     Objectors Chia and Herbert Whitehouse (Doc. #1609); Monty March (Doc. #1594, #1593, #1562); Robert Benjamin Douglass, Benny D. Cheatham, Douglas W. Fender II, and Dena Marie Fender (Doc. #1555, #1558, #1559, #1606); Nancy Wehrheim, John and Nancy Moratis, Danielle and Jesse Kay, Kaitlyn Slavic, and Maria Iannome (Doc. #1563); James Mullis (Doc. #1561); Robert Friedman (Doc. #1560); Tanya Monestier (Doc. #1552, #1600); Robert Duthler (Doc. #1541); Khyber Zaffarkhan (Doc. #1539); Jeffrey Nordquist (Doc. #1517, #1537. #1404); Michael C. Mead (Doc. #1532); Arturo Gonzalez (Doc. #1564, #1528); Peter Gustis (Doc. #1510);

17

Anthony Phillips (Doc. #1488); Sharon Saunders (Doc. #1454); Cynthia Goralski (Doc. #1453); PulteGroup Inc. (Doc. #1445); Diane Knizer (Doc. #1439); Larry Giammo (Doc. #1405); Rosalie Doyle, Jessica Winters, John Guerra (Doc. #1605); Black Tie Realty (filed in *Gibson* Doc. #527); and Vivienne Cunningham (filed in *Gibson* Doc. #528) did not appear in person at the Final Settlement Hearing. All Objectors who did not appear in person failed to comply with the Court's order. Therefore, all objection filed by the above-named Objectors who did not appear in person at the November 26, 2024, Final Settlement Hearing, are waived for failing to comply with the Court's order.

37.     Separate from this waiver, the Court has carefully considered the objections, and overrules each on its merits.

38.     Objections or complaints were received on behalf of 36 purported objectors and other individuals. Seventeen are from Objectors without pending follow-on suits: (1) Khyber Zaffarkhan (Doc. #1539); (2) Robert Duthler (Doc. #1541); (3) Tanya Monestier (Doc. #1552 and #1600); (4) Black Tie Realty (filed in *Gibson* Doc. #527); (5) Vivienne Cunningham (filed in *Gibson* Doc. #528); (6) Arturo Gonzalez (Doc. #1564, #1528); (7) Peter Gustis (Doc. #1510); (8) Chia and Herbert Whitehouse (Doc. #1609); (9) Jeffrey Nordquist (Doc. #1517, #1537. #1404); (10) Michael C Mead (Doc. #1532); (11) Larry Giammo (Doc. #1405); (12) Diane Knizer (Doc. #1439); (13) PulteGroup Inc. (Doc. #1445); (14) Anthony Phillips (Doc. #1488); (15) Sharon Saunders (Doc. #1454); (16) Cynthia Goralski (Doc. #1453); and (17) Rosalie Doyle, Jessica Winters, and John Guerra (Doc. #1605). The remainder are from six sets of objectors with follow-on cases entirely or partially encompassed by the Settlement Class: (1) Hao Zhe Wang (Docs. #1547 and #1548); (2) Robert Benjamin Douglass, Benny D. Cheatham, Douglas W. Fender II, and Dena Marie Fender (Docs. #1555, #1558, #1559, and #1606); (3) Robert Friedman (Doc. #1560); (4) James Mullis (Doc. #1561); (5) Monty March (Doc. #1562); and (6) Spring Way

18

Center, LLC, Nancy Wehrheim, John and Nancy Moratis, Danielle and Jesse Kay, Kaitlyn Slavic, and Maria Iannome (Doc. #1563).

**Objections from Objectors Without Pending Follow-On Suits**

39.    The Court overruled Khyber Zaffarkhan's same objection in *Gibson*. (*see Gibson* Doc. #530, p. 19-21.) His objections are overruled here for the same reasons. Mr. Zaffarkhan represents that he paid commissions across two home sales in 2016 and 2020. Mr. Zaffarkhan's objection does not comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Nor does Mr. Zaffarkhan provide basic information about the homes he claims to have sold, including whether he hired a listing broker, whether the homes were listed on an MLS, or how any broker fees he paid may have been allocated among those brokers. Additionally, based on the limited information provided, Mr. Zaffarkhan's claimed 2016 home sale appears to fall outside of the settlement class period. Thus, Mr. Zaffarkhan has not established he has standing to object for at least that sale. *See Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.") (citing *Jenson v. Cont'l Fin. Corp.*, 591 F.2d 477, 482 n.7 (8th Cir. 1979)); *Feder v. Elec. Data Sys. Corp.,* 248 F. App'x 579, 580 (5th Cir. 2007) ("[O]nly class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581.

40.    Even considering Mr. Zaffarkhan's arguments, none shows that the NAR or

HomeServices Settlements should be rejected. *First*, Mr. Zaffarkhan objects that the monetary recovery is inadequate because the Settlements (and other proposed and approved settlements in related cases) will not fully compensate him for the entirety of any alleged overcharges he may have paid. It is true that Class members will likely only receive from these Settlements a portion of their best-day-in-court damages. But that fact is true for essentially any settlement and is not grounds for declining to approve the particular proposed Settlements here. *Keil*, 862 F.3d at 696. The record supports the finding that Plaintiffs sought to obtain the largest recovery they could in light of the risks of continued litigation, including each Settling Defendant's ability to pay limitations. *Second*, Mr. Zaffarkhan objects to Plaintiffs' requests to recover attorneys' fees, costs, and expenses on the ground that it would come from the common fund. That objection is overruled. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (paying attorneys out of the fund "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense"); *Vogt v. State Farm Life Ins. Co.*, No. 2:16-cv-04170, 2021 WL 247958, at *1 (W.D. Mo. Jan. 25, 2021) ("When a class action creates a common fund for the benefit of the class members, the Court may award class counsel reasonable attorneys' fees 'equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation.'") (quoting *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244-45 (8th Cir. 1996)).

41. Robert Duthler fails to provide any information reflecting that he is a Class member with standing to object to the Settlements. *See Gould*, 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Feder*, 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule

20

23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, <u>248 F. App'x at 581</u>. Nor does Mr. Duthler comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection."

42. Mr. Duthler objects that the requested attorneys' fees are too high, but he does not explain why, aside from accusing Co-Lead Counsel of violating federal RICO and antitrust laws by filing a fee petition with the Court. As discussed elsewhere in this opinion, Plaintiffs' fee and cost request is reasonable. (<u>Doc. #1535</u>.) Mr. Duthler also argues in a single sentence that the settlement should not be approved because "[t]here is no valid evidence" that sellers were "ever denied to negotiate the fee asked by the Realtor." (<u>Doc. #1541, p. 1</u>.) A jury disagreed with Mr. Duthler's assessment of the evidence, which, regardless, would not be a basis for rejecting the Settlements. Mr. Duthler's objections are overruled.

43. Professor Tanya J. Monestier, an attorney, filed an objection challenging the NAR Settlement Agreement's practice changes and enforcement provisions, and challenging Plaintiffs' attorneys' fee request. (<u>Doc. #1552</u> and #1600.) Prof. Monestier's objections are unfounded, and overruled.

44. Professor Monestier first objects that the NAR Settlement has "absolutely no enforcement mechanism." (<u>Doc. #1552, p. 7</u>.) The Court finds that this objection is inconsistent with the NAR Settlement's actual language, which reflects multiple enforcement mechanisms. For instance, the NAR Settlement Agreement expressly provides that "[t]he Court shall retain jurisdiction over the implementation and *enforcement* of" the Settlement Agreement, including its practice change provisions. NAR Agreement (<u>Doc. #1458-1</u>, ¶ 82) (emphasis added). In addition,

21

Case 4:19-cv-00332-SRB Document 1622 Filed 11/27/24 Page 21 of 88
Appellate Case: 24-3585 Page: 264 Date Filed: 12/23/2024 Entry ID: 5464419
December 23 2024 p264

under the NAR Settlement Agreement, Plaintiffs and the Court have authority to enforce the Settlement Agreement directly against the vast majority of MLSs in the United States. The Settlement Agreement includes an opt-in structure that permitted Realtor and non-Realtor MLSs to agree to submit to the Court's jurisdiction, including for purposes of enforcing the settlement, as one of several conditions for obtaining a release.[2] These MLSs are also required to provide "proof of compliance" with the required practice changes when requested by Co-Lead Counsel. Every significant Realtor MLS in the country—in total, 547 Realtor MLSs—opted into the Settlement. In addition, 15 non-Realtor MLSs opted in as well (including by agreeing to make additional payments to the Class). Further, under the Agreement, Plaintiffs and the Court have authority to enforce the Settlement Agreement directly against 13 large brokerage firms around the Country that have opted into the Settlement. And the Settlement Agreement creates substantial incentives for Realtor MLSs, member boards, brokerages, and individual agents to abide by the Settlement terms. These entities and individuals only become "Released Parties" if they "compl[y] with the practice changes reflected" in the Settlement Agreements and "agree[] to provide proof of such compliance if requested by Co-Lead Counsel." NAR Agreement ¶ 18.b, c, e, f. The Settlement Agreement gives individual Class members "the right to inquire of the National Association of REALTORS® as to whether a Person is a REALTOR®, REALTOR-Associate® Member, or REALTOR® Member Board and has satisfied the conditions for being a 'Released

---

[2] *See, e.g.*, NAR Agreement, App'x B ¶ 4 ("As a condition for being a Released Party, as that term is defined in the Settlement Agreement, stipulating MLS agrees to be bound by the practice changes…."); *id.* ¶ 7 ("Stipulating MLS agrees to provide proof of compliance with these practice changes if requested by Co-Lead Counsel."); *id.* ¶ 8.vi (Stipulating MLS "agree[s] that the Settlement Agreement and Appendix B shall not preclude Plaintiffs from seeking the production of non-privileged documents in its possession, custody, or control"); *id.* ¶ 15 ("The Court shall retain jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement, including Appendix B."); *id.* ¶ 16 ("Stipulating MLS submits to the exclusive jurisdiction of the Court for the purposes of interpreting and enforcing the terms of Appendix B, including but not limited to, the practice changes contained therein.").

22

Party,'" including by complying with the Settlement's practice changes. NAR Agreement ¶ 18.b, e.

45.     Professor Monestier speculates that Co-Lead Counsel will not enforce the Settlement. This speculation is not only premature given that the Settlement Agreement was not yet approved at the time of her objection; it is also inconsistent with Counsel's vigorous prosecution of this litigation for half a decade. Professor Monestier supposes that Co-Lead Counsel will not enforce the Settlement because doing so might somehow cause the Settlement to be "rescinded," which would in turn put Co-Lead Counsel's attorneys' fees at risk. (Doc. #1552, pp. 88-89.) However, under the Agreement's plain language, once the Settlement is finally approved, NAR will not have any recission rights, and so there is no conflict of interest. Professor Monestier's argument, at most, favors approving the Settlement.

46.     Professor Monestier also objects to the NAR Settlement's practice changes. She claims that the practice changes were "concocted by lawyers without a full appreciation of how this would play out in the real world." (Doc. #1552, p. 5.) The record reflects, however, that the NAR Settlement's practice changes were developed in consultation with economic and real estate industry experts. Co-Lead Counsel too have extensive antitrust expertise and have developed knowledge of the real estate industry based on a half-decade's worth of detailed factual and expert discovery and research.

47.     Professor Monestier identifies several supposed "workarounds" or "breaches" of the Settlement Agreement practice changes that, in her view, demonstrate that the NAR Settlement should be rejected. However, the fact that Professor Monestier considers many of her examples to violate the Settlement Agreement supports approving the Settlement, rather than rejecting it, as approving the Settlement would facilitate the Settlement's enforcement. Professor Monestier

claims that these supposed "workarounds" are "widespread," but she does not provide sufficient evidence to assess that claim and the examples she does provide are anecdotal and speculative.

48.     The fact that Professor Monestier points to purported examples of confusion and violations within the first few weeks after the Settlement Agreement went into effect, and before it has even been approved and fully enforced, is neither surprising, nor a basis for rejecting the Settlement Agreement. The practice changes have only been in place since August 17, 2024. By comparison, the challenged NAR rules were in place for decades. The record in this case reflects that it can take "several years . . . to see significant market adjustment." *Burnett v. NAR*, No. 19-CV-00332-SRB, 2022 WL 1203100, at *13 (W.D. Mo. Apr. 22, 2022).

49.     In addition, despite the recency of the Settlement, there is at least some preliminary evidence reflecting that, in the short time since the NAR Settlement was announced and implemented, broker commissions have begun to fall. For instance, a Redfin study found that buyer's agent "[c]ommissions trended slightly lower following the National Association of Realtors (NAR) settlement, dropping from an average of 2.42% in March to 2.35% in August, when the new changes went into effect . . . before dropping by a single basis point to 2.34% in October."[3] A Redfin agent based in Chicago indicated that "[s]ellers are more and more wanting to pay 2% to a buyer's agent" and "[n]ow we're negotiating commissions more frequently."[4] Redfin also reported that transparency on commissions with home buyers and sellers was increasing as "[i]nstead of negotiating on the MLS, agents are engaging through phone calls and text messages[.]"[5]

---

[3] Mark Worley, *Real Estate Agent Commissions Hold Steady Since New Industry Rules Were Implemented*, Redfin (Oct. 31, 2024), https://www.redfin.com/news/buyers-agent-commission-october-2024/.
[4] *Id.*
[5] Jeff Andrews, *Agent commissions are being negotiated more often, but it's a 'tale of two markets'*, HousingWire (Sept. 9, 2024), https://www.housingwire.com/articles/buyer-agent-commission-negotiations-increase/.

24

50.     Another study, "Contract & Commission Study: The Initial Impact of the NAR

Settlement," conducted by RISMedia, a real estate news publication, surveyed "more than 1,300

agents and brokers from every part of the country" and found "a drop of 68 basis points (0.68%)

compared to the full year before" when "[a]sking agents and brokers to report the average

commission rate for buyer and listing agents for transactions over the last month (timed to include

only those that took place after the August 17 deadline for policy changes)[.]"[6] RISMedia reports

this "is very significant, translating to a loss of $2,870 in commission on a median-priced home"

and "appeared to be mostly taken from the buy-side, in line with what would be expected if the

drop was catalyzed by policy changes (which were mostly projected to affect buyer agents)."[7] The

study also found evidence of competition happening in the market for commissions, as "[w]hile

inexperienced buyer agents brought in 2.58% on average leading up to the settlement, they only

got paid 1.82% post-August 17—more than three quarters of a percentage point lower. [. . . ] By

comparison, veteran buyer agents only saw a 10-basis point drop post-settlement, from 2.68% to

2.58%[.]"[8]

51.     The NAR Settlement's practice changes cannot be viewed in a vacuum. The NAR

Settlement reflects a negotiated compromise of a case challenging a particular set of practices.

There are also limits both to the scope of the federal antitrust laws and this Court's injunctive relief

authority. As a result, the NAR Settlement cannot be expected to address every act of misconduct

that may arise in the real estate industry. Moreover, crediting Professor Monestier's objection

would risk reverting to rules that a jury determined violate federal antitrust law. Given these

practical constraints, Professor Monestier does not offer a realistic alternative to the Settlement

---

[6] *RISMedia's 2024 Contract & Commission Study: The Impact of the NAR Settlement*, RISMedia (Oct. 28, 2024), https://www.rismedia.com/reports/settlement-shock-rismedias-2024-contract-commission-study/.
[7] *Id.*
[8] *Id.*

Agreement's practice changes that would create a better and more competitive marketplace than they do.

52.     Professor Monestier's various criticisms of Plaintiffs' fee request are likewise overruled. Although Professor Monestier cites the recent *T-Mobile* decision, that decision supports Plaintiffs' fee request. The Eighth Circuit in *T-Mobile* considered and rejected an objectors' argument that fee percentages should be automatically reduced in so-called "megafund" cases. The court "decline[d] to hold that a court must award a reduced percentage in megafund cases." *T-Mobile*, 111 F.4th at 860. The Eighth Circuit noted the reasoning of multiple courts that a "megafund approach could create perverse incentives" and "may encourage counsel to seek 'quick settlements at sub-optimal levels.'" *Id.* (collecting cases). It explained that "a per se rule requiring a percentage reduction in every megafund case would introduce arbitrary and formulaic rules into an inquiry that needs to be anything but." *Id.* Instead, "the determination of a reasonable fee is a wide-ranging inquiry that seeks to account for a variety of case-specific circumstances." *Id.* Professor Monestier's reliance on the megafund doctrine and percentages awarded in other megafund cases in courts that have adopted it is inconsistent the Eighth Circuit's instruction that attorneys' fees should be awarded based on the specific circumstances of each case, without applying a per se rule for so-called megafunds.

53.     Second, the objection repeatedly states that in *T-Mobile* the Eighth Circuit reversed a district court's award of a 22.5% fee request. (Doc. #1552, p. 107-08.) But Professor Monestier does not address the very different circumstances in *T-Mobile* and this litigation. As the Eighth Circuit explained, in *T-Mobile*, "Class counsel worked on the case for just a matter of months, conducted relatively little discovery, and engaged in no substantial motions practice, save for responding to a motion to remand." 111 F.4th at 861. In short, that case had "barely gotten off the ground." *Id.* By contrast, Plaintiffs here spent many thousands of hours litigating these cases over

26

a five-year period through class certification, summary judgment, trial, and several appeals—and then obtained a $1.8 billion jury verdict. To impose a reduced fee percentage on class counsel because of the extraordinary results they achieved, after many years of hard-fought litigation, would have the perverse result of encouraging counsel to seek "quick settlements at sub-optimal levels." *Id.*

54.     Third, in *T-Mobile*, the Eighth Circuit cited approvingly to a decision in *Visa Check/Master Money Antitrust Litigation*, 297 F. Supp. 2d 503 (E.D. N.Y. 2003). *Id.* In that case, the attorneys had litigated the case for nearly seven years until they settled on the eve of trial. There, the attorneys had initially submitted a fee request that represented a lodestar multiplier of 9.6. *Visa Check*, 297 F. Supp. 2d at 522. The district court reduced that fee request to a "multiplier of about 3.5, which it thought was reasonable given that counsel had risked several years on a case that would yield them nothing had they lost at trial." *T-Mobile.*, 111 F.4th at 862 (citing *Visa Check*, 297 F. Supp. 2d at 524-25). Here, Plaintiffs are requesting an almost identical lodestar multiplier of 3.63 (as of August 31, 2024, though that multiplier will continue to decline) as the one that the Eighth Circuit endorsed, despite the fact that, unlike in *Visa*, Plaintiffs' counsel here fully took the risk and litigated the case to a jury verdict.

55.     Fourth, Professor Monestier cites to a statement in *T-Mobile* where the Eighth Circuit said that a lodestar multiplier request of 9.6 was too high and that such a multiplier would mean that counsel could make $7,000 to $9,500 an hour, "which we think no reasonable class member would willingly pay to an attorney to help resolve this claim, especially when, as here, dozens of other attorneys were offering their assistance." 111 F.4th at 861. The Eighth Circuit indicated that "[r]educing the fee award to, say, half of what was requested (resulting in fees of $3,500 to $4,750 per hour) could hardly be considered a penalty." *Id.* Here, Plaintiffs have asked for a lodestar multiplier of 3.63 and the average composite rate for all of Plaintiffs' timekeepers in

27

this matter is approximately $855.[9] Awarding a multiplier of 3.63 would lead to a rate of approximately $3,100 dollars per hour across Plaintiffs' timekeepers. This is significantly below the rate of $3,500 to $4,700 that the Eighth Circuit indicated would be appropriate in *T-Mobile*. Furthermore, unlike in *T-Mobile*, where a number of firms sought to be appointed lead counsel after a nationally publicized data breach incident, the counsel in these cases pioneered them—there were no other firms competing to be appointed as lead. This reflects the significant risk that Co-Lead Counsel took on by litigating these cases.

56.     Likewise, the Court rejects Professor Monestier's criticisms of Professor Klonoff, whose credentials are extensive. As set forth in Prof. Klonoff's declaration, Prof. Klonoff's testimony in support of fee requests is consistent with his academic research that fees must be sufficient to attract the best lawyers to take the risk of bringing difficult and cutting-edge cases. *See* Klonoff Fee Decl. (Doc. #1535-1) at ¶113. In contrast, Prof. Monestier provides no evidence of expertise on attorneys' fees and acknowledges her lack of experience or qualifications. (*See* Doc. #1552, p. 101 n. 213) ("I have not done as extensive research on the attorney fee issues as I would have liked").

57.     The Eighth Circuit has repeatedly recognized that a "[fee] award in the amount of one-third of the total settlement fund" is "in line with other awards in [this] Circuit." *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017); *see also Galloway v. Kansas City Landsmen, LLC*, 833 F.3d 969, 973 (8th Cir. 2016) (noting that, in the district court's "experience, 33% is in the middle of the range that attorneys performing contingency fee work" typically charge). Courts have also consistently awarded fees representing one third of the settlement fund in antitrust class

---

[9] As set forth in the Klonoff Fee Declaration, Doc. #1535-1 at 24, Plaintiffs expended approximately 107,500 hours to date in the litigation, and have a total lodestar of approximately $92 million.

actions.[10] Prof. Klonoff in his original declaration collected 51 separate examples where fees between 30 to 33 percent were awarded in so-called "mega-fund" cases, even though only 12 of those 51 cases involved a trial. Klonoff Fee Decl. at ¶¶ 90-91.

58.     In particular, Prof. Monestier attempts to explain away the fact that one-third fee requests were recently awarded by Judge Lungstrum in two comparable settlements, *In re Urethane* and *Syngenta*. But these cases are similar to this one and each involved a large settlement after trial – just like this case. Judge Lungstrum explained in detail the reasons for awarding 33% as fees:

> All cases present unique circumstances, but it is difficult to imagine a case in which an award at the highest percentage would be more appropriate than in this case. As already discussed, counsel achieved an incredible result for the class, in a case with an extreme amount of risk at all stages of the litigation, and they obtained that result because they won what is reported to be one of the largest verdicts of its kind in United States history. Counsel had to build this case on their own, without the help of a governmental investigation or prosecution, after other counsel had declined to pursue it, and they toiled for many years, at great expense to themselves, with a very real risk that they would not recover anything from this defendant.

*In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2016 WL 4060156, at *6 (D. Kan. July 29, 2016). That logic applies with equal force here. Plaintiffs' Counsel developed this case without a government suit. Plaintiffs' Counsel then pursued this litigation on their own for more than five years, expending a tremendous amount of time and money in the process. Plaintiffs' Counsel took the risk of litigating the case through a jury verdict, and obtained one of the largest antitrust jury verdicts in United States history. As the court in *Urethane* found, this is exactly the kind of case where an award at the highest percentage is appropriate.

59.     Prof. Monestier's analysis also depends on her view that the injunctive relief

---

[10] *Standard Iron Works v. ArcelorMittal*, No. 08 C 5214, 2014 WL 7781572, at *1 (N.D. Ill. Oct. 22, 2014) (awarding class counsel 33% of $163.9 million common fund); *In re Potash Antitrust Litig.*, No. 1:08-CV-069102013, WL 12470850, at *1 (N.D. Ill. June 12, 2013) (awarding class counsel 33% of $90 million common fund).

29

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 29 of 88
Appellate Case: 24-3585     Page: 272     Date Filed: 12/23/2024 Entry ID: December 19 2024 p272

reached in the NAR Settlement is meaningless. Prof. Monestier's opinions are inconsistent with analyses of the impact of the injunctive relief provisions of this Settlement, which suggest that consumers may save billions of dollars per year. The value of injunctive relief further supports Plaintiffs' requested fees.

60.     Prof. Monestier argues that Class Counsel's current hourly billing rates are too high. However, the Court finds that the rates of Class Counsel are both consistent with the market rates of other lawyers practicing complex litigation of this type, including the firms defending this case, and that any increases in those rates over time are consistent with the recent rise in rates across the profession. The Court further finds that the use of current billing rates is appropriate. Courts have repeatedly stated that "in an attorney's fee motion, counsel may use billing rates as of the date of the motion if needed to account for the delay of payment." *Health Republic Ins. Co. v. United States*, No. 16-259, 2024 WL 4471774, at *6 (Fed. Cl. Oct. 10, 2024) (collecting cases). Moreover, in conducting a lodestar crosscheck, the records and billing practices provided to the Court were helpful and the Court need not engage in green eyeshade accounting. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306–07 (3d Cir. 2005), *as amended* (Feb. 25, 2005) ("At the same time, we reiterate that the percentage of common fund approach is the proper method of awarding attorneys' fees. The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting. The district courts may rely on summaries submitted by the attorneys and need not review actual billing records."). Prof. Monestier's objections are overruled.

61.     Black Tie Realty, Mark Dyer, objects that requiring buyers to sign a representation agreement before they have the opportunity to know the broker does not serve the best interest of the public. (*Gibson* Doc. #527.) As an initial matter, Mr. Dyer does not indicate whether he is a class member who sold an eligible home during the class period. *See Gould*, 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to

30

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 30 of 88
Appellate Case: 24-3585     Page: 273     Date Filed: 12/23/2024 Entry ID: December 108 2024 p273

settlement proposals."); *Feder*, 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Nor does Mr. Dyer comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." As such, Mr. Dyer's objection is overruled.

62. Vivienne Cunningham objects that requiring buyers to sign a representation agreement before they have the opportunity to know the broker does not serve the best interest of the public. (*Gibson* Doc. #528.) As an initial matter, Ms. Cunningham does not indicate whether she is a class member who sold an eligible home during the class period. *See Gould*, 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Feder*, 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Nor does Ms. Cunningham comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector,

31

to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." As such, Ms. Cunningham's objection is overruled.

63. Even considering the merits of Mr. Dyer and Ms. Cunningham's filings, they do not offer a reason for rejecting the NAR Settlement. Both criticize the NAR Settlement for purportedly "requiring buyers to sign a representation agreement before they have had the opportunity to get to know or trust the broker." (*Gibson* Doc. #527, p. 1) (*Gibson* Doc. #528, p. 1.) As Plaintiffs' counsel have stated, the purpose of this requirement is to give buyers transparency into what their broker is being paid and the authority and incentive to negotiate that amount.

64. Moreover, Mr. Dyer and Ms. Cunningham do not explain why requiring up-front pricing transparency would be harmful to buyers. They claim that imposing such a requirement before a buyer has "the opportunity to know or trust the broker" would be bad and "could result in strained relationships." (*Gibson* Doc. #527, p. 1.) But they do not explain how or why. It is common for businesses providing services to discuss their pricing with their customers before providing that service. That way, customers know ahead of time what they are paying and have the ability to negotiate with the business and "shop around." Mr. Dyer and Ms. Cunningham do not explain why real estate brokerages services are different.

65. The Court previously denied Arturo Gonzalez's "Motion for Class Members to have Certification Vacated and Class Members Settlement to be Vacated." (*See* Doc. #1565, #1577, #1601) (denying Doc. #1564, #1571, #1598). To the extent the submission by Mr. Gonzalez is treated as an objection, Mr. Gonzalez does not appear to be a class member, but rather a member of NAR who does not like the outcome of the case and that a class was certified. He has no standing to object, does not state he is objecting, and appears to be critical of the underlying litigation and the practice changes at issue in the NAR Settlement. Moreover, even if he had standing with respect to the present Settlement, his displeasure with the case outcome and the

32

Settlement is no basis for the Court to reject the Settlement. *See In re Tex. Prison Litig.*, 191 F.R.D. at 175 ("The Court has an obligation not only to the minority of class members who filed objections, but also to the majority who, by their silence, indicated their approval of the Settlement Agreement." (citing *DeBoer*, 64 F.3d at 1178)). His objections are overruled.

66.     Similarly, Peter Gustis, who indicates he is a real estate agent, filed a document prior to class notice "to oppose summary judgment sought by plaintiffs." (Doc. #1510.) There is no summary judgment motion pending, nor was there on the date of his filing. To the extent the submission could be considered an objection, Mr. Gustis does not appear to be a class member, but rather a real estate agent who does not like the outcome of the case. He has no standing to object, does not state he is objecting, and appears to be critical of the underlying litigation. Moreover, even if he had standing with respect to the present Settlements, his displeasure with the case outcome and the Settlements is not a basis for the Court to reject the Settlements. His objections are overruled.

67.     Objectors Herbert and Chia Whitehouse filed their objection on November 25, 2024, the day prior to the Final Settlement hearing. Untimely objections are barred by the terms of the Court's orders granting preliminary approval. As such, Herbert and Chia Whitehouse's objection is struck.

68.     Further, the Whitehouses object based on an "anti-consumer and anti-competitive loophole in the Practice Changes required by the proposed NAR Settlement." (Doc. #1609, p. 1.) However, as discussed in Professor Monestier's objection review, the Whitehouses do not present evidence that the alleged "anti-consumer practice of double dipping" loophole is currently being used or that it is widespread. As such, the Whitehouse's objection is overruled.

69.     Jeffry Nordquist objects to "the inclusion criteria being different depending on the realtors involved" and requests that the inclusion criteria "be harmonized across all affected parties

33

to include closing dates ranging from October 31, 2019 through February 1, 2024." (Doc. #1404.) As an initial matter, Mr. Nordquist does not indicate whether he is a class member who sold an eligible home during the class period. *See Gould*, 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Feder*, 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Nor does Mr. Nordquist comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." As such, Mr. Nordquist's objection is overruled.

70.    While Michael C. Mead provides the Court paperwork concerning the sale of property, his objection does not comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Insofar as his filing is an objection, it is overruled.

71.    Larry Giammo, who indicates he is a real estate agent, filed an objection claiming that the "Practice Changes stipulated in Paragraph 58(ii) and (iii) constitute an inappropriate and harmful restraint of trade on sellers." (Doc. #1405, p. 1.) Mr. Giammo does not appear to be a class member, but rather a real estate agent who does not like the outcome of the case and has provided no evidence of his class membership. He has no standing to object. *See Gould*, 883 F.2d at 284

34

("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Feder*, 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Mr. Giammo's objection is overruled.

72.     Diane Knizer objects "to the payment of attorneys fees out of the settlement amount." (Doc. #1439, p. 1.)  She believes that "defendants should be required to pay the full settlement amount in addition to attorneys fees." (Doc. #1439, p. 1.)  This objection is overruled. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (paying attorneys out of the fund "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense"); *Vogt v. State Farm Life Ins. Co.*, No. 2:16-cv-04170, 2021 WL 247958, at *1 (W.D. Mo. Jan. 25, 2021) ("When a class action creates a common fund for the benefit of the class members, the Court may award class counsel reasonable attorneys' fees 'equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation.'") (quoting *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244-45 (8th Cir. 1996)).

73.     The Pulte Group objection is overruled.  First, courts repeatedly hold that parties do not need to include a detailed allocation formula in class notice or formulate one before final settlement approval, which rejects Pulte's contention.  See *In re Phila. Stock Exch., Inc.*, 945 A.2d 1123, 1135-36 (Del. 2008); *In re Johns-Manville Corp.*, 340 B.R. 49, 70 (S.D.N.Y. 2006); *In re Agent Orange Prod. Liab. Litig.* MDL No. 381, 818 F.2d 145, 170 (2d Cir. 1987); *In re*

35

*Polyurethane Foam Antitrust Litig.*, No. 1:10MD2196, 2015 WL 1639269, at *6 (N.D. Ohio Feb. 26, 2015); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, No. MDL 551, 1988 WL 158947, at *3 (W.D. Wash. July 28, 1988); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94C897, 1996 WL 167347, at *5 (N.D. Ill. Apr. 4, 1996). "[C]ourts frequently approve" class settlements and allocation plans "separately," 2 McLaughlin on Class Actions § 6:23 (20th ed. Oct. 2023 Update), because it "is appropriate, and often prudent, in massive class actions to follow a two-stage procedure" and defer consideration of the plan of distribution until after final settlement approval. *In re Domestic Airline Travel Antitrust Litig.*, 378 F. Supp. 3d 10, 22 (D.D.C. 2019) (quoting *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 480 (S.D.N.Y. 1998)).

74. This is because "court approval of a settlement as fair, reasonable and adequate is conceptually distinct from the approval of a proposed plan of allocation." 2 McLaughlin on Class Actions § 6:23 (20th ed. Oct. 2023 Update). "The prime function of the district court in holding a hearing on the fairness of the settlement is to determine that the amount paid is commensurate with the value of the case," which "can be done before a distribution scheme has been adopted so long as the distribution scheme does not affect the obligations of the defendants under the settlement agreement." *In re Agent Orange*, 818 F.2d at 170. Further, the formation of a plan of allocation "is a difficult, time-consuming process." *Id.* "To impose an absolute requirement that a hearing on the fairness of a settlement follow adoption of a distribution plan would immensely complicate settlement negotiations and might so overburden the parties and the district court as to prevent either task from being accomplished." *Id.* Relatedly, "if a hearing on a settlement must follow formulation of a distribution plan, then reversal of any significant aspect of the plan on appeal . . . would require a remand for reconsideration of the settlement, followed by yet another appeal." *Id.* As courts have held, "[t]here is no sound reason to impose such procedural straitjackets upon the settlements of class actions." *Id.*

36

75. Among the cases rejecting Pulte's contention is the primary authority Pulte relies on: *Petrovic*. The Eighth Circuit in *Petrovic* stated that it did "not agree with the objectors' contention that a mailed notice of settlement must contain a formula for calculating individual awards" and dismissed the same objection Pulte raises because "[t]he notice described with sufficient particularity the stakes involved: the settlement of environmental claims against [the defendant], the award of significant injunctive relief, and the potential aggregate payout of over seven million dollars in compensatory damages." *Petrovic*, 200 F.3d at 1152–53. The same is true here. The notice explains the claims being settled and released. (Doc. #1442-2, pp. 4, 6 (Anywhere & RE/MAX notice); Doc. #1442-3, pp. 4, 6 (Keller Williams notice).) It also states the total settlement amounts. (Doc. #1442-2, p. 5 (Anywhere & RE/MAX notice); Doc.#1442-3, p. 5 (Keller Williams notice).)

76. Further, just as in *Petrovic*, class members could obtain more information on the allocation process by contacting counsel or the settlement administrator. 200 F.3d at 1153. For those class members who did email and/or call and inquire about allocation, class counsel explained that class members are unlikely to receive the full value of their claims, but that settlement proceeds will be distributed equitably and reduced on a pro rata basis. Class counsel further explained that—subsequent to notice going out—there were additional settlements benefitting the class, and others expected, making it premature to set a detailed allocation formula or provide estimates of how much each class member would recover. Dirks Decl. ¶ 29.

77. *Second*, Pulte's objection that there is no mechanism for homebuilding companies to make bulk claim submissions is meritless. Pulte Objs. at 1–2, 4–6. Class Counsel have submitted evidence that, the claims administrator worked with bulk filers who wished to submit multiple claims—exactly what Pulte is requesting through its objections. Keough Decl. 54. The objection is overruled.

37

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 37 of 88
Appellate Case: 24-3585    Page: 280    Date Filed: 12/23/2024 Entry ID: 5463419
December 13 2024 p280

78.    *Third*, Pulte's objection to the notice campaign previously approved by the Court does not raise any due process concerns. Pulte Objs. at 1–2, 6–7. Pulte complains that it "did not receive notice," Pulte Objs. at 6, but obviously it did—otherwise it would not have been able to raise its objections before the deadline. Thus, as Pulte itself acknowledges, the "notice issues" it raises are "moot." Pulte Objs. at 7; *see also In re Pinterest Derivative Litig.*, No. C21-05385-WHA, 2022 WL 2079712, at *2 (N.D. Cal. June 9, 2022) ("[T]hough delayed, Mr. Sweeney received actual notice of the proposed settlement, voiced his objections, and has been heard. Having been heard, Mr. Sweeney's objections [to notice] are OVERRULED."). The Court has already found that the notice program constituted the best notice practicable. Pulte's objection is overruled

79.    Anthony Phillips objects that the monetary recovery is inadequate because the Settlements will not fully compensate him for the entirety of any alleged overcharges he may have paid. It is true that Class members will likely only receive from these Settlements a portion of their best-day-in-court damages. But that fact is true for essentially any settlement and is not grounds for declining to approve the particular proposed Settlements here. *Keil*, 862 F.3d at 696. The record supports the finding that Plaintiffs sought to obtain the largest recovery they could in light of the risks of continued litigation, including each Settling Defendant's ability to pay limitations. Further, Mr. Phillips' objection does not comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Nor does Mr. Phillips provide basic information about homes he may have sold, including whether he hired a listing broker, whether the homes were listed on an MLS, or how any broker fees he paid may have been allocated among those brokers. Thus, Mr. Phillips has not established he has standing. See *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates

38

allowing only class members to object to settlement proposals.") (citing *Jenson v. Cont'l Fin. Corp.*, 591 F.2d 477, 482 n.7 (8th Cir. 1979)); *Feder*, 248 F. App'x at 580 ("O]nly class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Mr. Phillips' objection is overruled.

80.     Sharon Saunders objects to "the New Hampshire claim dates" because extending the dates would provide "us seniors in retirement condos, a fairer share." (Doc. 1454, p. 1.) Ms. Saunders provide basic information about homes she may have sold, including whether she hired a listing broker, whether the homes were listed on an MLS, or how any broker fees she paid may have been allocated among those brokers. Thus, Ms. Saunders has not established she has standing to object. See *Gould*, 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.") (citing *Jenson*, 591 F.2d at 482 n.7); *Feder*, 248 F. App'x at 580 ("O]nly class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Ms. Saunder's objection is overruled.

81.     Cynthia Goralski objects to the amount of attorney's fees, costs and service awards. (Doc. 1453.) As an initial matter, Ms Goralski does not indicate whether she is a class member

39

who sold an eligible home during the class period. *See Gould,* 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Feder,* 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder,* 248 F. App'x at 581. Nor does Ms. Goralski comply with Rule 23(e)(5)(A), which requires that the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Additionally, as discussed elsewhere in this opinion, Plaintiffs' fee and cost request is reasonable. (Doc. #1535.) As such, Ms. Goralski's objection is overruled.

82. Rosalie Doyle, Jessica Winters, and John Guerra objected and moved to intervene two business days before the Final Settlement hearing. (Doc. #1605.) As such, their intervention is untimely. Rule 24 expressly requires such a motion, whether as of right or permissive, to be timely. See Rule 24(a) and (b); *Osby v. Citigroup*, No. 5:07-CV-06085-NKL, 2012 WL 12906156, at *2 (W.D. Mo. May 29, 2012) (citing *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir.1995)). The Court denied their motion to intervene because the current Class Representatives are adequate representatives of the class and in consideration of how the extensive progression of the litigation prior to their motion being filed that the existing parties would be prejudiced by the delay in moving to intervene. *See Union Elec. Co.*, 64 F.3d at 1159. (Doc. #1617.) Concerning their objections, Doyle, Winters, and Guerra indicate they are NAR members or brokers. None appear to be or have provided evidence that they are class members. As such, Doyle, Winters, and

40

Guerra do not have standing to object. *See Gould*, 883 F.2d at 284 ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *Feder*, 248 F. App'x at 580 ("only class members have standing to object to a settlement. Anyone else lacks the requisite proof of injury necessary to establish the 'irreducible minimum' of standing"); 4 Newberg and Rubenstein on Class Actions § 13:22 (6th ed. June 2024 Update) ("Rule 23 confers the right to object upon class members, the Rule itself does not confer standing upon nonclass members" and "Courts regularly find that nonclass members have no standing to object to a proposed settlement[.]"). The burden is on the objector to show standing. *Feder*, 248 F. App'x at 581. Ms. Doyle, Ms. Winters, and Mr. Guerra's objections are overruled.

**Objections from Follow-On Litigants**

83.     Six sets of objections were received from plaintiffs and their counsel who filed their own cases after *Moehrl* and *Burnett*. None of these cases have certified classes, and all appear to be in their infancy.

84.     Several of these objections make arguments of various kinds challenging the scope of the Settlements and their releases. In the settlement context, however, courts regularly certify classes that are broader in some respect than the classes that were originally litigated. *See, e.g.*, *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig.*, 357 F.3d 800, 805 (8th Cir. 2004) ("There is no impropriety in including in a settlement a description of claims that is somewhat broader than those that have been specifically pleaded. In fact, most settling defendants insist on this."); *Smith v. Atkins*, 2:18- cv-04004-MDH, Order Approving Settlement, at ECF 53 (W.D. Mo. June 26, 2020) (approving settlement of nationwide class with 2-year practice change requirement); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 318 (C.D. Cal. 2016) (court can "expand the scope of a settlement class") (citing *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 325-26 (3d Cir. 1998)); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-cv-1827, 2011 WL

41

13152270, at *9 (N.D. Cal. Aug. 24, 2011) ("For the history of class certifications, courts have generally certified settlement classes broader than the previously-certified litigation classes; the claims released are typically more extensive than the claims stated. Courts have noted that concerns about manageability and/or the class-wide applicability of proof (which can serve to limit or defeat class certification for trial) are in large part no longer relevant when establishment of a defendant's liability is replaced by a settlement."); *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 190 (S.D.N.Y. 2005) ("[A] court may approve a settlement class broader than a litigation class that has already been certified."); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 661 (E.D. Va. 2001) (certifying settlement class broader than previously certified litigation class); *In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 172 (same).

85.     Broader classes are often a practical prerequisite to reaching any settlement because a defendant will not agree to any meaningful settlement unless it can obtain global peace. *See, e.g.*, *Albin v. Resort Sales Missouri, Inc.*, No. 20-03004-CV-S-BP, 2021 WL 5107730, at *5 (W.D. Mo. May 21, 2021) (reasoning that the absence of "a single nationwide class action" would "discourage class action defendants from settling") (quotation omitted); *accord Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 103 n.5, 106 (2d Cir. 2005) ("Broad class action settlements are common, since defendants and their cohorts would otherwise face nearly limitless liability from related lawsuits in jurisdictions throughout the country. Practically speaking, class action settlements simply will not occur if the parties cannot set definitive limits on defendants' liability" (quotation omitted)); *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 247-48 (2d Cir. 2011) ("Parties often reach broad settlement agreements encompassing claims not presented in the complaint in order to achieve comprehensive settlement of class actions, particularly when a defendant's ability to limit his future liability is an important factor in his willingness to settle."); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 310-11 (3d Cir. 2011) (en banc) (affirming nationwide

42

settlement in an antitrust case and stating: "[Without] global peace . . . there would be no settlements."). Conversely, because global peace is most valuable to defendants, defendants will pay more to obtain it, thus benefitting class members. *See, e.g.*, *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 705 (E.D. Mo. 2002) ("[Defendants] paid both classes of plaintiffs more in the instant global settlement out of a desire to obtain 'total peace' than they would have paid either group of plaintiffs individually.").

86.     Moreover, some of the objections challenge the nationwide geographic scope of the Settlements. But the Settlements' nationwide scope does not expand the geographic scope of the class pleaded in the settled "actions." Among the actions settled and released is *Gibson*. *See* NAR Agreement p. 1 (defining the "Actions" to include *Gibson* and *Umpa*); HomeServices Agreement (Doc. #1518-1) ¶ 1 (defining the "Actions" to include *Gibson*). The *Gibson* complaint reflects nationwide claims and alleges that the conspiracy's scope impacted transactions nationwide, including in non-Realtor MLSs such as RLS/REBNY. *See Gibson* Amended Complaint (Doc. #232) at ¶¶ 182, 225, 227.

**The Court Overrules the South Carolina Objections by Benny D. Cheatham, Robert Douglass, Douglas W. Fender II, and Dena Marie Fender (Doc. #1555, #1558, #1559, and #1606.)**

87.     The South Carolina objection to the NAR Settlement is overruled.

88.     The South Carolina objectors raise various complaints about the opt-in process, each of which this Court rejects. The South Carolina objectors note that the NAR Settlement Agreement contained "certain deadlines" that could apply to two types of parties—"opt-in brokerages" and "opt-in Non-REALTOR MLSs." These provisions of the NAR Settlement Agreement created a mechanism for certain brokerages and MLSs to "opt in" to the Settlement, including by making additional settlement payments beyond the $418 million to be paid by NAR and by agreeing to adopt certain practice changes, as detailed in the Appendices to the NAR

43

Settlement Agreement. *See* NAR Agreement at 42–48, 58–67 (Appendix B), 68–91 (Appendix C), and 92–116 (Appendix D).

89.     The South Carolina objectors complain that they do not believe some opt-in parties "met" certain deadlines reflected in the NAR Settlement for opting in. But even to the extent that is true, for any of the opting-in entities, each relevant opt-in agreement—NAR Agreement at 68–91 (Appendix C), and at 92–116 (Appendix D)—states that the agreements "may be modified or amended" by Plaintiffs and the Stipulating Party. The record reflects that Plaintiffs and the Stipulating Parties entered into written supplemental opt-in agreements, and so any alleged "non-compliance" with deadlines reflected in the NAR Settlement Agreement would have been cured by the Parties' subsequent written agreements.

90.     The South Carolina objectors also complain that certain opt-in settlement agreements posted to the case website did not initially contain dates or signatures. Class Counsel has attested that: (i) each opt-in agreement was executed (even if an unexecuted version of some agreements was initially posted); (ii) the complete terms of each such agreement were provided to class members through the settlement website; and (iii) the name of each opting in MLS and brokerage was identified on the settlement website. *See* Dirks. Decl. at ¶¶ 27-30. Nothing more is required. *Cf. Whitlock v. FSL Mgmt., LLC,* No. 3:10CV-00562-JHM, 2015 WL 13322438, at *3 (W.D. Ky. July 13, 2015) ("Contrary to Defendants' argument, failure of the parties to sign the settlement agreement prior to notifying the Court of their settlement of the case does not render the settlement agreement non-binding"); *Abramson v. Agentra, LLC,* No. CV 18-615, 2020 WL 13469584, at *3 (W.D. Pa. Aug. 20, 2020) ("In the absence of any evidence that suggests, let alone establishes, that there was any remaining dispute over a material term, Agentra's refusal to sign the agreement to which it agreed does not make the settlement unenforceable").

91.     Next, the South Carolina objectors take issue with the release of certain NAR

44

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 44 of 88
Appellate Case: 24-3585     Page: 287     Date Filed: 12/23/2024 Entry ID: 5466186 December 2024 p287

member brokerages with under $2 billion in 2022 total transaction volume. That objection is overruled. NAR is a membership organization whose membership dues are paying for the Settlement, at least in part. The record supports that NAR would not have settled if the release did not include, at a minimum, its small agent and broker members—and certainly would not have settled for the amount it did (i.e., at least $418 million). Dirks Decl. at ¶ 25. Moreover, this Court doubts whether it would be feasible or cost effective for the Class to bring expensive antitrust litigation to recover funds from thousands of small brokerages that could not afford to pay significant amounts. And Class Counsel negotiated to carve out from the release dozens of larger brokerages and have pursued settlements and/or litigation with many of them in order to recover additional funds for the Class. Dirks Decl. at ¶ 25.

92.     Importantly, even for smaller brokerages, they are released "only if that brokerage . . . (iii) complies with the practice changes reflected in Paragraphs 58(vi)-(x) of this Settlement Agreement and agrees to provide proof of such compliance if requested by Co-Lead Counsel[.]" NAR Agreement at 16–17 (¶ 18.e). The objectors dismiss this benefit to the Class by claiming it means nothing without requiring the brokerages to "agree in writing." Objectors cite no authority to support the notion that a settlement must include such a requirement as a condition for obtaining a release. Even so, the Settlement Agreement is clear: those who do not comply are not released.

93.     The South Carolina objectors assert that the $2 billion cutoff for non-opt-in brokerages is "arbitrary." The record reflects that this cutoff was the subject of negotiations between NAR and Class Counsel, which Plaintiffs showed took into account the size a brokerage would likely need to be in order to pay sufficient amounts toward a settlement or litigated judgment in order to make litigation a realistic or cost-effective option for the Class.

94.     The Court also overrules the objection that franchisees or affiliates of other Settling Parties obtained releases "without being forced to agree to comply with practice changes[.]" The

45

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 45 of 88
Appellate Case: 24-3585     Page: 288     Date Filed: 12/23/2024 Entry ID: 5463769     December 23 2024 p288

objectors' belief that Keller Williams, Anywhere Real Estate, RE/MAX, and "Berkshire Hathaway"—an entity which is not and has never been a party to any of these related actions—are not subject to practice changes is flatly wrong. Anywhere, RE/MAX, and Keller Williams agreed to substantial practice changes. And the HomeServices Defendants agreed to similar practice changes. HomeServices Agreement at 32–34 (¶ 51). Put simply, no brokerage is released without practice changes.

95.     The objection that the notice "does not list the size of the verdict or the much smaller class certified for trial in *Burnett*" is also overruled. Objectors cite no authority reflecting that this information is required. Even so, Class members were provided with the information the South Carolina objectors advocate for. First, the long form notices indicated that "[o]n October 31, 2023, a jury found in favor of Plaintiffs in the *Burnett* action." The amount of the verdict was also reflected in Plaintiffs' Motion for Attorneys' Fees, which was posted on the settlement website. *See, e.g.*, Doc. #1535 at 7, 12. Second, the notices reflect that the Settlement Class includes homes listed on MLSs throughout the country over a multi-year period. Any reasonable person would have understood such a class to encompass millions of home sellers. Even so, Plaintiffs' preliminary approval briefing, which was posted on the settlement website, made this point explicitly, advising that "Plaintiffs estimate that Settlement Class Members number in the millions, dispersed across the United States." *See, e.g.*, Doc. #1458 at 16. Information regarding the *Burnett* litigation class was provided to Class members as well, including through the most recent complaint, which was posted to the settlement website.

96.     In addition, "the mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin*, 513 F.2d at 120. "As a general rule, the contents of a settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that

46

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 46 of 88
Appellate Case: 24-3585    Page: 289    Date Filed: 12/23/2024 Entry ID: 5463419 December 23 2024 p289

are open to them in connection with (the) proceedings." *Id.* at 122 (quotation omitted). "Valid notice of a settlement agreement 'may consist of a very general description' of settlement terms." *Uponor, Inc.*, 716 F.3d at 1065 (quoting *Grunin*, 513 F.2d at 122). The notice here easily satisfied this standard.

97.     Nor do the South Carolina objectors cite any authority that would have required Plaintiffs to provide information beyond what was reflected in the class notice. With good reason. Courts are unanimous that not every detail of the litigation need be included in settlement notices and have rejected objections seeking the inclusion of every conceivable detail. *See, e.g.*, *Vargas v. Cap. One Fin. Advisors*, 559 F. App'x. 22, 27 (2d Cir. 2014) (a settlement notice need only apprise class members of the settlement terms and "of the options that are open to them in connection with the proceedings," and, consequently, rejecting objector's arguments that notice was inadequate because it failed affirmatively to advise unsatisfied class members to opt out and failed to calculate the damages sustained by each individual class member); *In re TikTok, Inc., Consumer Priv. Litig.*, No. 20 C 4699, 2022 WL 2982782, at *18 n.20 (N.D. Ill. July 28, 2022) ("Rule 23 does not require the settlement notice to contain every last bit of information necessary to file an objection."); *Good v. Am. Water Works Co.*, No. CV 2:14-01374, 2016 WL 5746347, *9 (S.D. W. Va. Sept. 30, 2016) ("The basic requirements of Rule 23 and due process are intended to ensure that notices fairly and reasonably apprise class members of a pending action affecting their rights and their options with respect to that action, but those requirements should not transform the notice into a long brief of the parties' positions, precise in every detail and slated in such fashion as to please every litigant." (quotation omitted)).

98.     Notices do not need to include every detail because "[c]lass members are not expected to rely upon the notices as a complete source of settlement information." *Grunin*, 513 F.2d at 122; *see also UAW v. Gen. Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151, *33

(E.D. Mich. Mar. 31, 2006) ("It is inevitable that some details will be omitted from a notice, but the fact that the notices do not fully explore certain issues is immaterial. Class members are not expected to rely upon the notices as a complete source of settlement information." (cleaned up)). For instance, in *Petrovic*, the Eighth Circuit rejected the "contention that a mailed notice of settlement must contain a formula for calculating individual awards" because "[t]he notice described with sufficient particularity the stakes involved: the settlement of environmental claims against [the defendant], the award of significant injunctive relief, and the potential aggregate payout of over seven million dollars in compensatory damages." *Petrovic*, 200 F.3d at 1152–53.

99.     The South Carolina objectors vaguely suggest in several places that the Settlements should be rejected due to differences in local markets. But the objectors fail to state what these differences are or why they matter. Discovery addressed the corporate policies that applied to franchisees and affiliates in South Carolina (as well as New York and Pennsylvania). Indeed, Canopy MLS, which includes part of South Carolina, is one of the "Covered MLSs" in the *Moehrl* litigation. And Plaintiffs received and their experts analyzed data for transactions in South Carolina (and New York and Pennsylvania), as well as nationwide. Dirks Decl. at ¶ 14.

100.    For the reasons stated above, the objection that the Settlement class was "impermissibly expanded" (Doc. #1558-1, p. 24) is also overruled, as is the objection that the NAR Settlement is too small.

101.    The South Carolina objections to the HomeServices Settlement are likewise overruled.

102.    The South Carolina objectors object to the release of HomeServices' franchisees but the record reflects that this was bargained for as part of the HomeServices Settlement Agreement. Moreover, such releases are common and appropriate. *See Flaum v. Dr.'s Assocs., Inc.*, No. 16-CV-61198, 2019 WL 2576361, at *3 (S.D. Fla. Mar. 11, 2019) (final approval of

48

settlement releasing all Subway franchisees in suit against Subway franchisor); *Adkins v. Nestle Purina PetCare Co.*, No. 12-CV-2871, 2015 WL 10892070, at *4 (N.D. Ill. June 23, 2015) (final approval of settlement releasing variety of non-parties, including suppliers, manufacturers, retailers, and franchisees); *McCabe v. Six Continents Hotels, Inc.*, No. 12-CV-4818, 2015 WL 3990915, at *3 (N.D. Cal. June 30, 2015) (preliminary approval of settlement releasing franchisees) & ECF No. 167 (Feb. 8, 2016) (ordering final approval of settlement); *see also Shay v. Apple Inc.*, No. 3:20-cv-1629, 2024 WL 1184693, at *8 (S.D. Cal. Mar. 19, 2024) ("The release of non-party retailers is common practice in cases such as this, where the released claims against these non-parties concern an identical injury arising from common facts.") (citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 590-91 (9th Cir. 2010)); *Maine State Ret. System v. Countrywide Fin. Corp.*, No. 10-CV-00302, 2013 WL 6577020, at *7, *17 (C.D. Cal. Dec. 5, 2013) (overruling objection that argued "non-parties cannot be released for the claims asserted in the Settlement Actions"); *Retta v. Millennium Prods., Inc.*, No. 15-CV-1801, 2017 WL 5479637, at *8 (C.D. Cal. Aug. 22, 2017) (overruling objection that release of third party retailers was inappropriate: "this argument is meritless because the purpose of the settlement is to prevent duplicative litigation of identical claims . . . . Millennium is a manufacturer that sells its products through various retailers, so any claims Ference purports to have against third-party retailers of the Subject Products are going to be based on the same false or misleading labeling allegations asserted here. This objection is overruled."); *Wal-Mart Stores*, 396 F.3d at 108–09 (approving class settlement with broad releases including non-parties, such as member banks, insurance companies, and Swiss governmental entities).

103.    The South Carolina objectors also object to the adequacy of the class notices. In doing so, they do not argue that the method for distributing class notice was ineffective. Instead, they assert that the notices lacked certain information. For the reasons noted elsewhere, the Court

49

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 49 of 88
Appellate Case: 24-3585    Page: 292    Date Filed: 12/23/2024 Entry ID: 5463418 December 23 2024 p292

finds that the notice given to the Settlement Class constituted the best notice practicable under the circumstances and fully satisfied the requirements of due process, <u>Federal Rule of Civil Procedure 23</u>, and all applicable law.

**The Court Overrules the Spring Way Objection (<u>Doc. #1563</u>.)**

104.    The Pennsylvania objection to the Settlements is overruled. The Pennsylvania objectors' claim that the Pennsylvania real estate industry is unique is contradicted by their own Amended Complaint, which says the opposite: "Defendants' anticompetitive practices are not unique--as they represent western Pennsylvania's local version of collusive practices that are widespread within the residential real estate industry." Amended Complaint (<u>Doc. #30</u>) at ¶ 11, *Moratis v. West Penn Multi-List, Inc.*, et al, No. 23-cv-2061 (W.D. Pa.). The Amended Complaint further stated: "Recently, a federal jury in *Burnett, et al. v. The National Association of Realtors, et al.*, 4:19-cv-00332-SRB (Western District of Missouri), found that rules, policies, and practices similar in both design and effect to those at issue here violated federal antitrust law. The jury in *Burnett* imposed a historic ten-figure judgment on the defendants." *Id.* Even in their objection, the Pennsylvania objectors admit that Pennsylvania MLSs "used similar mechanisms" to accomplish the conspiracy (<u>Doc. #1563, p. 3</u>), and that "the framework and incentive for this iteration of the conspiracy was made by NAR and the franchisors" *Id.* at 6.

105.    Moreover, the Pennsylvania objection that the plaintiffs in this case "did not conduct any discovery regarding the operation of related conspiracies in other states and regions, including Western Pennsylvania" is wrong. Plaintiffs' discovery addressed real estate industry practices in Pennsylvania, and Dr. Schulman observed that there are 6,355 NAR members operating in West Penn Multi-List ("WPML"). *See* August 10, 2022 Schulman Merits Reply Report, <u>Doc. #922-3 at</u> ¶ 80. Moreover, objectors' own brief demonstrates that franchisees of the

50

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 50 of 88
Appellate Case: 24-3585    Page: 293    Date Filed: 12/23/2024 Entry ID: 5466409
December 23 2024 p293

HomeServices Defendants, one of the settling defendants here, were operating in the West Penn Multi-List. (Doc. #1563, p. 2) (noting objectors sold through a HomeServices agent).

106.    In addition, the court in *Moratis* dismissed the objectors' claims against West Penn Multi-List. *Moratis v. W. Penn Multi-List, Inc.*, No. 2:23-CV-2061, 2024 WL 4436425, at *1 (W.D. Pa. Oct. 7, 2024). This undermines the Pennsylvania objectors' assertions that they would do better in their own regional cases. Thus, the Pennsylvania objectors' argument that the recovery under the Settlements is insufficient is overruled.

107.    Similarly, the Pennsylvania objectors' argument that the HomeServices Defendants could have paid more lacks support. It supposes, without any evidence, that HomeServices' parent company would step in and pay into the Settlement. And the objection ignores that the HomeServices Settlement expressly excludes HomeServices' parent company from the release. *See* HomeServices Agreement ¶ 14.

108.    Next, the court rejects the Pennsylvania objectors' argument that the Settlement could or should not release HomeServices' franchisees. As discussed above, this argument is contrary to the law and contrary to the realities of the litigation.

109.    The Pennsylvania objectors' argument that the practice change relief should not contain a sunset provision is also overruled. A time limitation on practice changes is both common and reasonable. No company wishes to stay under the enforcement power of a court indefinitely, nor does a court wish to retain indefinite jurisdiction. For these reasons, injunctive relief settlements with sunset provisions are routinely approved, often for shorter periods than the five-year period at issue here. *See, e.g.*, *Smith v. Atkins*, 2:18- cv-04004-MDH, Order Approving Settlement, at ECF 53 (W.D. Mo. June 26, 2020) (approving settlement of nationwide class with two year practice change requirement); *Zepeda v. PayPal, Inc.*, No. 10-CV-1668, 2017 WL 1113293, at *13 (N.D. Cal. Mar. 24, 2017) (approving final settlement with expiration of

51

injunctive relief after two years: "ensuring that Defendants maintain such practices until two years following the date of the Preliminary Approval Order"); *In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. and Sales Pracs. Litig.*, No. 12-MD-2320, <u>2015 WL 7282543</u>, at *10 (D.N.H. Nov. 16, 2015) (approving final settlement and overruling objections that "the injunctive remedies go away in five years" and observing the injunctive relief "provides a valuable benefit to class members" and just because the injunction is not as broad as some class members wanted "does not make this settlement inadequate"); *Fla. ex rel. Crist v. HCA, Inc.*, No. 03-CV-177, <u>2002 WL 32116840</u>, at *4 (M.D. Fla. Ap<u>r. 23</u>, <u>2002)</u> (entering a final consent judgment in a Sherman Act case, in which monetary payments and injunctive relief were provided and the judgment was set to expire in five years); *In re HP Inkjet Printer Litig.*, No. 05-CV-3580, <u>2011 WL 13156938</u>, at *5 (N.D. Cal. Mar<u>. 29</u>, <u>2011)</u> (order approving settlement with injunctive relief expiring within at least three years). Indeed, the Settlements provide for a longer period of injunctive relief than settlements that have been reached in other real estate commission antitrust suits. *See Nosalek v. MLS Property Information Network, Inc.*, No. 20-cv-12244 (D. Mass.) (Doc 268-1) ¶ 9(a) (MLS PIN injunction of three years).

110. Finally, the Pennsylvania objectors' argument that the long form notice is inadequate fails for the same reasons discussed above.

**The Court Overrules the New York Objections (Docs. #1560 (Friedman), #1562 (March))**

111. The Friedman and March objections to the NAR Settlement, both submitted on behalf of plaintiffs who brought class action antitrust suits on behalf of home sellers who listed properties on a listing service called REBNY RLS, are also overruled. The New York objectors claim their cases are distinct from the conspiracy alleged here and that the brokerage defendants "have no connection to NAR." <u>Doc. #1560 at 3</u>. They further assert that their claims do not share the same "factual predicate" as in this or the *Gibson* case. The Court has already rejected these

52

arguments. *See Gibson* Doc. #530 at ¶¶ 55-67.

112.    *First*, each person and entity being released under the NAR Settlement, by definition, has a NAR affiliation. *See* NAR Agreement ¶ 18.b, e-f (requiring released brokerages to have a "REALTOR® as a Principal with membership in the National Association of Realtors®"). NAR would not have settled without protecting its affiliates.

113.    *Second*, the Settlements specifically settle and release claims made in *Gibson*. *See* NAR Agreement p. 1 (defining the "Actions" to include *Gibson* and *Umpa*); HomeServices Agreement ¶ 1 (defining the "Actions" to include *Gibson*). The *Gibson* Complaint specifically alleges that the conspiracy extended to non-NAR MLSs such as RLS/REBNY. (*See* Doc. #232), Consolidated Am. Compl., ¶ 182. There is no basis to claim that the *Gibson* case does not share a "factual predicate" with claims challenging the same RLS rules that are challenged in the *Gibson* complaint. Even so, the Complaint further alleges that anticompetitive restraints, including those promulgated by NAR, apply to brokers nationwide, including to non-NAR MLSs like NWMLS, WPML, and REBNY RLS because:

> these MLSs and their participating brokerages are generally subject to the same or similar anticompetitive restraints that apply in MLSs that are under NAR's formal control, including because: (i) all realtor members of non-NAR MLSs are subject to NAR's Code of Ethics; and (ii) each non-NAR MLS has adopted the same or similar anticompetitive restraints as those imposed by NAR on its affiliated MLSs.

*Id.*

114.    The Complaint alleges that, as a result, "Defendants' conspiracy has had the following anticompetitive effects *nationwide*," including in REBNY RLS: (a) "Home sellers have been forced to pay commissions to buyer-brokers—their adversaries in negotiations to sell their homes—thereby substantially inflating the cost of selling their homes"; (b) "Home sellers have been compelled to set a high buyer-broker commission to induce buyer-brokers to show their homes to home buyers"; (c) "Home sellers have paid inflated buyer-broker commissions and

53

inflated total commissions"; (d) "The retention of a buyer-broker has been severed from the setting of the broker's commission; the home buyer retains the buyer-broker, while the home seller sets the buyer-broker's compensation"; and (e) "Price competition among brokers to be retained by home buyers has been restrained." *Id*. ¶ 225 (emphasis added); *see also id*. ¶¶ 28, 227 (describing "nationwide" impact).

115.    Plaintiffs also allege that any non-NAR MLSs are controlled by "NAR-aligned brokerages and are not fully independent from NAR." *See id*. ¶ 182 (describing in detail NAR's and its members' control over and influence of MLSs not exclusively owned or operated by NAR associations). Plaintiffs also point out that there are more than 17,000 NAR members in the New York City area alone. *See* https://www.realtor.com/realestateagents/new-york_ny. Thus, the Court rejects the New York objectors' claim that the Settlement is limited only to NAR MLSs.

116.    *Third*, the New York objectors' argument that their claims do not share the same "factual predicate" is also contradicted by their own prior judicial admissions. Although the New York objectors now argue that their cases are "wholly distinct and unrelated" to this one, they and their counsel filed complaints expressly linking their claims to the rules challenged in *Burnett*, including those adopted by NAR. *See* Class Action Compl. ¶ 73, *March v. REBNY*, 1:23-cv-09995 (S.D.N.Y. Nov. 13, 2023); *Friedman v. REBNY*, 1:24-cv-0405 (S.D.N.Y. Jan. 18, 2024). As the New York objectors' own complaints reflect, the challenged NAR and REBNY rules are functionally identical.[11]

117.    *Fourth*, consistent with the *Gibson* Plaintiffs' allegations, the evidentiary records

---

[11] The New York objectors also assert that some of the Settling Defendants took positions before the Judicial Panel on Multidistrict Litigation ("JPML") that are inconsistent with the position that the claims in *Gibson*, *March*, and *Friedman* all share the same factual predicate. To the contrary, the JPML proceedings, on balance, support finding that these cases all have the same factual predicate. Moreover, as Settling Defendant NAR explained, its position before the JPML does not support the New York objectors' arguments here. NAR supported consolidation of these exact cases. *See* Doc. #1597 at 13-14.

in *Burnett* and *Moehrl* reflect that: (i) the REBNY RLS rules challenged here were anticompetitive in similar ways to the challenged NAR rules; and (ii) the challenged NAR rules applied nationwide, including to transactions in REBNY RLS. Plaintiffs' experts analyzed non-NAR MLSs, including REBNY/RLS, and concluded that Realtors operating in those jurisdictions "remain obligated to compensate the buyer's agent per the NAR Code of Ethics and are thereby incentivized to require sellers to make unilateral offers of compensation to buy-side brokers/agents." August 10, 2022 Schulman Merits Reply Report, Doc. #922-3 at ¶ 75. Prof. Einer Elhauge further opined as part of a detailed, multi-page analysis of REBNY's rules that "the RLS rules, like the NAR [Buyer Broker Commission Rule (BBCR)], required listings to include an offer of buyer-broker compensation whenever sellers wanted to sell to buyers who were represented by buyer-brokers" and "had several other restraints similar to the NAR version of the BBCR." Elhauge Class Cert. Rebuttal Report, at ¶ 67, *Moehrl v. Nat'l Assn. of Realtors* (N.D. Ill. Oct. 18, 2022) (Doc. #372).[12] The New

---

[12] *See also* Elhauge Class Cert. Report, Appendix C at ¶ 398, *Moehrl v. Nat'l Assn. of Realtors* (N.D. Ill. June 7, 2022) (Doc. #324-6) (addressing Non-NAR MLSs and concluding "it was common among these MLSs to adopt restrains that were identical or similar to those imposed by NAR"); *See* August 10, 2022 Schulman Merits Reply Report, Doc. #922-3 at ¶ 12, ("Dr. Wu's reference to certain individual U.S. markets that have some type of modified Adversary Commission Rule [including West Penn and REBNY] is not appropriate given the ongoing nationwide influence of anticompetitive NAR policies and practices and the nationwide presence and impact of the Corporate Defendants and their requirements that brokers and agents affiliated with them comply with anticompetitive NAR policies and practices."); *id.* at ¶ 67 (discussing REBNY/RLS Rules and stating: "These rules, which are mandatory for all participants in the RLS, effectively serve the same purpose as the Adversary Commission Rule."); *id.* at ¶ 74 ("any agents who are REALTORS® and/or belong to an office affiliated with the Corporate Defendants are still bound by the Adversary Commission Rule via the NAR Code of Ethics, which states '[i]n cooperative transactions REALTORS® shall compensate cooperating REALTORS®.'"); *id.* at ¶ 95 ("As described above, the Corporate Defendants adhere to and require compliance with the NAR Code of Ethics. Therefore, in all transactions with a Corporate Defendant agent acting as a listing agent, those agents were barred from allowing a seller to offer a zero percent buyer agent commission by the NAR Code of Ethics."); *id.* at ¶ 97 ("In addition, Corporate Defendants' presence in NAR, as well as their national presence, uniform agreements, policies, and guidelines for their subsidiaries and franchisees make it highly unlikely that they would deviate from their established nationwide practices in the United States."); January 28, 2022 Schulman Class Certification Reply Report, Doc. #637-4 at ¶ 58 ("[I]t is not surprising agents and brokers affiliated with the Corporate Defendants would continue the practice of having sellers make unilateral compensation offers to buyer brokers for properties" on non-Realtor MLSs); *id.* at ¶ 61 (noting that because the corporate culture transcends individual MLSs, it would not be expected for their behavior to differ in a

55

York objectors ignore or misrepresent these analyses.[13] *See also Burnett* Doc. #1330, Trial Tr. at 1908:6-7 (noting that in REBNY "[t]his is one version of the practice of cooperative compensation"); Ex. 4613A (Doc. #1398-52) (REBNY rules discussed at *Burnett* trial).

118.    The Court is familiar with the REBNY and other non-NAR MLS policies and practices because they were discussed at length in *Burnett*. The Court finds that the challenged REBNY rules share a common nucleus of operative fact, and thus the same factual predicate, as *Burnett* and *Gibson*, and therefore were not "wholly distinct" from *Burnett* or *Gibson*, as the New York objectors contend.

119.    The slight differences that the New York objectors contend exist between the relevant NAR and REBNY rules do not a create a distinct factual predicate. Objectors ask the Court to define factual predicate too narrowly, thereby needlessly creating piecemeal litigation arising from the same conduct – a practice courts routinely reject. *See, e.g.*, *Uponor, Inc.*, 716 F.3d at 1065 (overruling objection that "settlement contained an overbroad release" since it permissibly released only claims related to the factual subject of the litigation); *Literary Works,* 654 F.3d at 248 (finding that objectors took an "overly narrow view" of factual predicate where claims arose from same underlying facts); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 807 F. App'x 752, 765-66 (10th Cir. 2020) (same); *see also In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 272 F. App'x 9, 13 (2d Cir. 2008) (finding reliance on different documents for misrepresentation claims based on investment losses did not create separate factual predicate where claims were each based on reliance on misleading opinions by defendants). Accordingly,

---

non-NAR MLS); Doc. #1325, Trial Transcript 237:19-238:8 (conspiracy operates the same in South Carolina and Missouri).

[13] The New York objectors also incorrectly assert that NAR's Mandatory Offer of Compensation Rule was adopted in 1996—after REBNY left NAR. Doc. #1562 at 3. In fact, the *Gibson* Complaint makes clear the rule was originally adopted in 1992 and then amended in 1996. *Gibson* Amended Complaint (Doc. #232) at ¶¶ 133, 136.

56

claims involving properties listed on non-NAR MLSs like NWMLS, WPML, and REBNY RLS all share the same factual predicate as those involving properties listed on NAR-affiliated MLSs.[14]

120.    Friedman's objection that the NAR Settlement's release provisions release certain small NAR-affiliated brokerages is without merit. The record reflects that NAR likely would not have settled if the release did not include, at a very minimum small member agents and brokers. Dirks Decl. at ¶ 25. And Friedman ignores the fact that each brokerage only receives a release if it complies with the NAR practice changes—which is a significant benefit to the Class. *See* NAR Agreement ¶ 18.e. NAR would not have settled without a nationwide release.

121.    The New York objectors also assert that the Class Representative "do not have standing" to settle their claims. (Doc. #1560, p. 13.) The New York objectors do not provide any explanation for or cite any authority pertaining to the concept of "settlement standing." Regardless, the *Gibson* complaint alleges that class members were injured as part of the same alleged anticompetitive conspiracy that impacts sellers of homes on REBNY RLS. That is sufficient.

122.    The New York objectors argue that the total settlement amount is inadequate to fully compensate them for their injuries. But as described above, that is not the proper legal standard for assessing adequacy. The New York objectors further claim that Plaintiffs have not provided evidence of the Settling Defendants' ability to pay limitations. That is incorrect. *See* Berman Decl. at ¶¶ 19-27. In addition, as a non-profit, certain of NAR's financial records are publicly accessible. Despite that fact, the New York objectors make no effort to analyze those public records or explain how they show that the Settlements are inadequate.

123.    The New York objectors complain that the practice changes could have been

---

[14] To the extent that the New York objectors rely on Second Circuit case law applying an "identical factual predicate" test, the Court finds that it does not support a different conclusion than Eighth Circuit precedent on the facts presented here. *See Wal-Mart Stores.* 396 F.3d 96.

stronger and lasted longer. (Doc. #1562, p. 18.) But that is true in essentially any settlement that is the product of compromise and is not a basis for rejecting the Settlements here. *See, e.g.*, *Colgate-Palmolive*, 2015 WL 7282543, at \*10 (approving final settlement and overruling objections "that the injunctive remedies go away in five years" and observing the injunctive relief "provides a valuable benefit to class members" and just because the injunction is not as broad as some class members wanted "does not make this settlement inadequate"). Even so, the New York objectors say nothing about what other practice changes should have been included or how it would have been practical to obtain such practice changes from the Settling Defendants, rather than from REBNY—which is not released by the Settlements.

124.    The New York objectors also argue that Class members who sold homes on REBNY have not been given guidance on whether they "will be provided a *pro rata* distribution" or if the higher commissions that some of those Class members paid will be reflected in claim payments. Doc. #1562 at 17. The Court disagrees. The settlement website advises both that: (i) settlements payment "will take into account the amount of commissions class member claimants paid to a real estate broker or agent"; and (ii) "[t]o the extent the value of total claims exceeds the amount available for distribution from the settlement funds, each class member's share of the settlement may be reduced on a pro rata basis." Settlement FAQ 12.

125.    Objector Friedman asserts, without stating any basis for the claim, that the Settlements' inclusion of sellers who listed homes on REBNY "appears to be the product of a so-called 'collusive settlement.'" Doc. #1560 at 15. As discussed above at length, the record supports that Class Counsel diligently sought to obtain the largest possible recovery on behalf of the nationwide class they were appointed to represent, given the strength and risks of the litigation, including the Settling Defendants' financial limitations. The New York objectors fail to point to any evidence suggesting otherwise, beyond the mere fact that overlapping claims in a different

58

lawsuit are within the scope of the release. That is not a basis for rejecting the Settlements.

126.     The Court observes that the vast majority of Class members from New York favor approval of the Settlements. Although the claims deadline is still months away, 14,890 New York residents have already submitted claims; and none have objected (aside from those litigating follow-on cases). Keough Decl. at ¶ 53. If the Settlements are not approved, many of these Class members risk receiving no compensation for their injuries.

**The Court Overrules the *Batton* Objection (Doc. #1561 (Mullis))**

127.     The *Batton* objectors seek to carve out indirect purchaser buyer claims from the releases. But every Class member sold a home during the class period, and most also bought homes. After all, few people sell a home without first buying it. And most home sellers then buy a different home with the proceeds because they need somewhere to live. Thus, most Class members had possible claims both as home sellers and home buyers. Yet NAR and HomeServices would not have paid the large amounts in settlement only to have many of the same people they just paid sue them again for the same alleged antitrust conspiracy.

128.     The parties addressed this by crafting releases that incorporate the Eighth Circuit's "same factual predicate" standard and limiting their scope to the extent permitted by federal law. The same factual predicate standard recognizes that a party may be precluded from suing twice for the same wrong. When cases go to final judgment, res judicata, for instance, bars relitigating not only the claims tried, but also other claims that "could have been raised" in that action. *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019). The same holds true in class actions litigated to conclusion. *In re Gen. Am.*, 357 F.3d at 803. And for class judgments that arise from settlement, courts have developed a parallel test that gives preclusive effect to all claims – even those not pleaded – that "arise out of the same factual predicate as the pleaded claims." *Uponor, Inc.*, 716 F.3d at 1065. Similar rules apply because "'the situation is analogous to the barring of

59

claims [under res judicata] that could have been asserted in the class action.'" *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 191 (8th Cir. 1993) (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982)).

129.    Each Settlement incorporates the *Uponor* standard by limiting the term "Released Claims" to include only causes of action "arising from or relating to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions . . . ." NAR Agreement ¶ 17; HomeServices Agreement ¶ 13. In addition, "[f]or avoidance of doubt" as to enforceability, the releases "extend[] to, but only to, the fullest extent permitted by law." NAR Agreement ¶ 34; HomeServices Agreement ¶ 29. By using these legal terms of art, the parties permissibly restricted the releases' scope. Every Class member was free to weigh potential competing claims and make a choice. They could have opted out and maintained the freedom to pursue buyer claims either individually or in the *Batton* cases[15] (should a court ever certify those classes). And people who did not sell during the relevant time, and may have buyer-only claims, are completely unaffected because they are not part of the Settlement Class.

130.    The *Batton* objectors argue that the Settlements release indirect purchaser buyer claims "for no additional consideration." (Doc. #1561, p. 8.) Having properly limited the scope of the releases based on the "same factual predicate" standard, however, the Court finds the parties were under no further obligation to assign separate settlement values to every distinct claim that Class members might have asserted. As the Eighth Circuit recognized in *In re General American*

---

[15] References to the *Batton* cases include each of the following actions: (1) *Batton et al. v. The National Association of Realtors, et al.*, No. 21-cv-00430 (N.D. Ill), (2) *Batton et al. v. Compass, Inc. et al.*, No. 23-cv-15618 (N.D. Ill.), and (3) *Lutz et al. v. Homeservices of America, Inc. et al.*, No. 24-cv-10040 (S.D. Fl.).

60

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 60 of 88
Appellate Case: 24-3585    Page: 303    Date Filed: 12/23/2024 Entry ID: 5466419 December 23 2024 p303

*Life Insurance Co. Sales Practices Litigation*, 357 F.3d 800, 805 (8th Cir. 2004), that argument ignores "the way settlements usually work."

131.    Like the objectors here, the *General American* plaintiff tried to void a class settlement release by complaining that "the class representative gave away all modal-billing claims (in the release) and received nothing in exchange for them." *Id*. Thus, the argument went, class members (including the plaintiff) received compensation for one type of claim, but "plaintiff and others similarly situated received nothing for their modal-billing claims." *Id*. But the Eighth Circuit rejected this contention because it ignored the give-and-take nature of the settlement process:

> It simply is not true that modal-billing claims were given away for nothing. It is true that no separately stated consideration was paid for those claims, but that is quite another thing. In addition to the claims specifically pleaded in the class action, all claims related to policy charges, necessarily including modal-billing claims, were released. The release of the latter category of claims was one of a series of benefits conferred on the defendant by the class as part of the settlement. On the other side, defendant conferred benefits on the plaintiff class, including a monetary settlement, from which the plaintiff in this case has benefitted, and a claims-evaluation procedure that could produce additional relief. No part of the consideration on either side is keyed to any specific part of the consideration of the other. Each side gives up a number of things.

*Id*.; *accord Wal-Mart Stores*, 396 F.3d at 113 (quoting same). The Eighth Circuit further declined to enmesh itself in trying to determine "the relative value of the modal-billing clams," and instead deferred to the judgment of the class representative and class counsel that releasing all claims arising from the same factual predicate "was a proper thing to give up to obtain the benefits offered by General American." *In re Gen. Am.*, 357 F.3d at 805.

132.    Plaintiffs here bargained for and obtained many benefits: money at the limits of Defendants' ability to pay, along with injunctive relief eliminating the challenged NAR rules and business practices. This relief is immediate, eliminating the litigation and bankruptcy risks threatened by complex additional proceedings. But every negotiation has two sides, and Plaintiffs made the reasonable judgment that providing a release tracking federal law by releasing claims

61

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 61 of 88
Appellate Case: 24-3585    Page: 304    Date Filed: 12/23/2024 Entry ID: 5468419 December 23 2024 p304

arising from the same conspiracy was "a proper thing to give up to obtain the[se] benefits." *Id.* There was no "discount applied" to buyer claims because "[n]o part of the consideration on either side" was "keyed to any specific part of the consideration of the other." *Id.* Rather, a complete release – including indirect purchaser buyer claims – was "part of the consideration necessary to obtain [one of] the largest antitrust settlement[s] in history." *Wal-Mart Stores*, <u>396 F.3d at 113</u>. Nor were any class members bound by this determination involuntarily; dissenters retained the right to opt-out. The *Batton* objectors have offered no evidence to enable the Court to second-guess Plaintiffs' determination, and the Court declines to do so.

133.    The *Batton* objectors also argue that those Class members with potential indirect purchaser claims require their own subclass. Yet "[a] class need not be subdivided merely because different groups within it have alternative legal theories for recovery or because they have different factual bases for seeking relief." 7AA C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1760 (3d ed. June 2024 update). Rather, conflicts arise (and subclasses are required) only "when the class is found to have members whose interests are divergent or antagonistic." *Id.*; *see also DeBoer*, <u>64 F.3d at 1175</u> ("There is no indication that DeBoer's interest was antagonistic to the remainder of the class or that the claims were not vigorously pursued."). *Cf. Petrovic,* <u>200 F.3d at 1146</u> ("If the objectors mean to maintain that a conflict of interest requiring subdivision is created when some class members receive more than other class members in a settlement, we think that argument is untenable. It seems to us that almost every settlement will involve different awards for various class members."). No such division of interest is presented here.

134.    The only people included in the settlements – and thus the only people giving any release – are people who sold homes during the class period.[16] Their interests are common and

---

[16] People who only bought homes during the class period are not Settlement Class members. They have released nothing and can continue to litigate indirect purchaser claims should they so desire.

62

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 62 of 88
Appellate Case: 24-3585    Page: 305    Date Filed: 12/23/2024 Entry ID: 5469413
December 23 2024 p305

focused on achieving the greatest relief for the class. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981) ("[S]o long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes."). That many of these Class members also bought homes during the class period does not make their interests divergent or antagonistic.

135. The Supreme Court's decisions in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), provide no support for objectors' argument. As the Eighth Circuit has recognized, *Amchem* and *Ortiz* were very different product liability cases that involved stark conflicts of interest not present here. *Petrovic*, 200 F.3d at 1146. Both cases represented attempts to settle all asbestos cases, now and forever. *Id.* The "injuries involved in those cases were extraordinarily various, both in terms of the harm sustained and the duration endured." *Id.* Worse still, the diseases had a latency period of up to 40 years, meaning that many class members currently suffered from no illness. *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 975 (8th Cir. 2018) (discussing *Amchem*). The Eighth Circuit stated that this latency period created an inherent conflict "between class members who already had asbestos-related injuries (and who would want to maximize immediate payout) and class members who might develop asbestos-related injuries in the future (and who would want to maximize testing, protection from inflation, and future fund size)." *Petrovic*, 200 F.3d at 1146. Adding to the problem, "the settlement offered no assurance that sufficient funds would remain to protect the interests" of future claimants. *In re Target Corp.*, 892 F.3d at 975 (discussing *Amchem*). In other words, both *Amchem* and *Ortiz* involved a strong likelihood that some claimants would be paid, but others (numbering in the hundreds of thousands) would receive nothing. That concern is not present here, where every Class member sold a home and therefore will receive compensation.

136.     The *Batton* objectors imply that *Amchem* and *Ortiz* require subclasses whenever Class members claim different amounts or types of damage. But *Petrovic* forecloses that argument. *Petrovic* was a class action arising from underground oil seepage originating from a petroleum refinery. In crafting settlement relief, the parties created three zones, labeled A, B, and C. Claimants in Zone A, situated above the underground oil, were "guaranteed to receive 54 percent of the value of their properties." *Petrovic*, 200 F.3d at 1145. Claimants in the surrounding Zone B were guaranteed $1,300 per property. *Id*. And claimants in Zone C, the area farthest removed from the oil, could apply for compensation only by proving damage. *Id*. Faced with objectors from different zones, the Eighth Circuit held that *Amchem* and *Ortiz* required no subclasses: "If the objectors mean to maintain that a conflict of interest requiring subdivision is created when some class members receive more than other class members in a settlement, we think that the argument is untenable." *Id*. at 1146. Indeed, "almost every settlement will involve different awards for various class members." *Id*.

137.     The same is true here. Every Class member stands to gain from the settlements, both in terms of money and injunctive relief. Each Class member could try to prove individual damages at trial and these amounts would all vary. But courts approve class settlements all the time that forgo these individual determinations. Indeed, the most common method for allocating settlement funds in antitrust cases is on a *pro rata* basis. *In re Namenda Direct Purchaser Antitrust Litig.*, 462 F. Supp. 3d 307, 316 (S.D.N.Y. 2020) ("courts uniformly approve as equitable" plans in antitrust cases that "allocate[] funds among class members on a *pro rata* basis."); *see also Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003) (approving *pro rata* distribution of settlement fund as fair and reasonable). And if a Class member does not like this result, they could opt-out.

138.     *Amchem* and *Ortiz* also presented procedural settlement problems not presented here. As the Eighth Circuit recognized, each involved a settlement before litigation, presenting the district court with a complaint, proposed class, and proposed settlement all at the same time. *Petrovic*, 200 F.3d at 1145-46. This deprived the trial courts of "'the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.'" *Id*. at 1146 (quoting *Amchem*, 521 U.S. at 620). This case, by contrast, arises from facts extensively developed during the *Burnett* litigation and trial, giving the Court an extensive record on which to base its findings. *Id*. In addition, *Amchem* and *Ortiz* presented the possibility of collusion between class counsel and the defendants. *Id*. No objector meaningfully alleges here any facts reflecting such collusion in connection with these settlements. The difficulties associated with *Amchem* and *Ortiz* therefore are not present.[17]

139.     The *Batton* objectors also fail to demonstrate that the class representatives or counsel provided inadequate representation. The mere fact that some Class members might allege indirect purchaser buyer claims presents no divergent interests that would preclude general representation of an undivided class. This is because "[t]he interests of the various plaintiffs do not have to be identical to the interests of every class member; it is enough that they 'share common objectives and legal or factual positions.'" *Petrovic*, 200 F.3d at 1148 (quoting 7A Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 1769 at 367 (2d ed. 1986)).

---

[17] The *Batton* objectors' other cases are similarly distinguishable. *See BankAmerica.*, 210 F.R.D. at 712 (finding settlement unreasonable where it allocated no damages to set of claims that plaintiffs had previously pursued and represented as among the strongest in the case); *Branson v. Pulaski Bank*, No. 4:12-CV-01444-DGK, 2015 WL 139759, at *6-7 (W.D. Mo. Jan. 12, 2015) (rejecting settlement where there was no evidence of the merits of plaintiffs' claims and settlement appeared to stem from unequal bargaining power); *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 385-87 (D. Minn. 2013) (rejecting proposed settlement submitted the day after complaint was filed when the court had no information about the potential damages or relative strengths and weaknesses of claims). The rest are cases where there were intractable conflicts between subclasses of class members holding present, known claims and those holding claims for potentially future, unknown injuries.

65

All Class members here "share the common objective" of ending Defendants' alleged anticompetitive conspiracy and recovering the excessive commissions they paid as a result of that conspiracy. *Uponor, Inc.*, 716 F.3d at 1064.

140.    The *Batton* objectors brush aside the valuable injunctive relief obtained by the settlements. But the financial payments to Class members are "not the only, or perhaps even the primary, benefit of the settlement agreement[s]." *Marshall*, 787 F.3d at 509. Rather, "the injunctive relief offered under the settlement[s] has value to all class members." *In re Target Corp.*, 892 F.3d at 974 n.6; *accord Sullivan*, 667 F.3d at 329 (en banc) (argument that some class members "receive no money" fails because it "fails to acknowledge the injunctive relief offered by the settlement," which "is intended to benefit all class members regardless of individual monetary recovery.").

141.    The *Batton* objectors also ignore the fact that the only people included in the Settlements are people who sold homes during the class period. People who only bought homes are not Class members. Such "buyer only" individuals have released nothing and can litigate indirect purchaser buyer claims any way they desire, whether individually or in the *Batton* cases. Those cases will continue to be litigated. The sole limitation imposed is that people who accept settlement benefits here cannot turn around and pursue a second recovery for the same conduct. This is not a case where anyone is releasing claims without compensation. Instead, all Class members "share the common objective of maximizing their recovery from [Defendants] for the same alleged misconduct." *Schutter v. Tarena Int'l, Inc.*, No. 21-CV-3502, 2024 WL 4118465, at *5 (E.D.N.Y. Sept. 9, 2024).

142.    For these reasons, objectors' reliance on *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242 (2d Cir. 2011), is not persuasive. *Literary Works* involved a settlement that placed claims in groups A, B, and C (each group arising under a different provision of the Copyright Act). *Literary Works*, 654 F.3d at 246. If claims exceeded a set cap, then Category

66

C claims would be reduced first and might be eliminated entirely. *Id*. The Second Circuit therefore found a lack of adequate representation because Category A and B claims were "more lucrative" than Category C and "because the reduction of Category C claims could 'deplete the recovery of Category C-only plaintiffs in their entirety before the Category A or B recovery would be affected.'" *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1277 (11th Cir. 2021) (quoting *Literary Works*, 654 F.3d at 252, 254). The settlement agreements here, by contrast, present "no risk that any members of the class will have their ability to get settlement benefits reduced to zero because some other members got more relief from the settlement." *Id.* Instead, "all class members are entitled to the same class benefits." *Id*. Again, the fact that many Class members both bought and sold a home presents no "fundamental conflict" that requires the use of subclasses or additional lawyers.

143.    The *Batton* objectors also complain that "the settling parties have not made any plan of allocation available." Doc. #1561 at 5. But this argument is premature and should be raised in the allocation phase. "[C]ourt approval of a settlement as fair, reasonable and adequate is conceptually distinct from the approval of a proposed plan of allocation." 2 McLaughlin on Class Actions § 6:23 (20th ed. Oct. 2023 Update). "The prime function of the district court in holding a hearing on the fairness of the settlement is to determine that the amount paid is commensurate with the value of the case," which "can be done before a distribution scheme has been adopted so long as the distribution scheme does not affect the obligations of the defendants under the settlement agreement." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d. Cir. 1987).[18] Once the

_____

[18] *See also In re Washington Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) ("[D]eferral of allocation decisions is routinely followed in" these circumstances because "the appropriate allocation among class members can best be determined when further settlements have been achieved or the litigation is completely resolved."); *In re Domestic Airline Travel Antitrust Litig.*, 378 F. Supp. 3d 10, 22 (D.D.C. 2019) ("In a case such as this, involving a large number of Class Members and two Non-Settling Defendants, it would be inefficient to distribute and

allocation plan is proposed, the Court will be in a position to consider that plan and approve "a second notice to Class Members, followed by a right to object and/or file a claim." *In re Domestic Airline*, 378 F. Supp. 3d at 22. That distribution decision will be "governed by the same standards of review applicable to approval of the settlement as a whole, *i.e.,* the distribution plan must be fair, reasonable and adequate." *Namenda Direct Purchaser*, 462 F. Supp. 3d at 316. Any Class members who disagree with the proposed allocations—e.g., because they believe that plan insufficiently compensates home purchases—will be able to present such argument to the Court at that time. Nor do any Class members need allocation information in deciding whether to opt out of the settlements. The Eighth Circuit rejects the notion that class members must be provided "a formula for calculating individual awards" when receiving notice – a description of the "potential aggregate payout" is enough. *Petrovic*, 200 F.3d at 1153.

144.    Finally, the Court disagrees with the *Batton* objectors' argument that buyer claims lie outside the same factual predicate as seller claims. In fact, releases in antitrust direct-purchaser settlements commonly cover all claims the settlement class members could raise against the settling defendant arising out of the same conspiracy, including when those direct purchasers may also have indirect-purchaser claims. *See, e.g.*, *In re Transpacific Passenger Air Transp. Antitrust Litig.* (N.D. Cal, 07-cv-5634), ECF No. 900-2 § 1.11 (releasing "any and all claims . . . on account of, arising from, or in any way related to, the pricing of passenger air transportation by JAL or Defendants . . . with respect to the facts, occurrences, transactions or other matters that were alleged or could have been alleged [in the action] . . . regardless of legal theory, and regardless of

---

process claims until the entire case has been resolved through litigation or otherwise and the Total Funds Available for Distribution are known."); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *2 (E.D. Mich. Feb. 22, 2011) (developing plan of allocation is properly delayed until after final approval of settlement where "the potential for additional settlements with other Defendants . . . may affect the final plan of allocation"); *Manual for Complex Litigation, Fourth* § 21.312 (2005) ("Often . . . the details of allocation and distribution are not established until after the settlement is approved.").

68

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 68 of 88
Appellate Case: 24-3585    Page: 311    Date Filed: 12/23/2024 Entry ID: 5466419 December 18 2024 p311

the type or amount of relief or damages claimed"); *In re: Processed Egg Products Antitrust Litig.* (E.D.P.A., MDL 2002), <u>ECF No. 349-1</u> ¶ 25 (similar); *In re Intuniv Antitrust Litig.* (D. Mass., 16-cv-12653), <u>ECF No. 480-1</u> ¶ 10 (similar); *In re: Prograf Antitrust Litig.* (D. Mass. 1:11-md-2242), <u>ECF No. 652-2</u> ¶ 10(a) (similar); *In re Pre-Filled Propane Tank Antitrust Litig.* (W.D. Mo. 14-md-2567 / MDL No. 2567), <u>ECF No. 362-1</u> ¶ 12 (similar); *In re HIV Antitrust Litig.* (N.D. Cal, 19-cv-02573), <u>ECF No. 711-2 at 11-12</u> (similar); *In re Broiler Chicken Antitrust Litig.* (N.D. Ill. 16-cv-8637), <u>ECF No. 3324</u>, ¶ 26 (similar). Courts have approved these settlements even over objections that the settlement improperly released or otherwise devalued a subset of claims. *See In re Transpacific Passenger Air Transp. Antitrust Litig.*, <u>701 F. App'x 554, 555-56</u> (9th Cir. 2017) ("The district court properly certified the settlement class and was not obligated to create subclasses for purchasers of U.S.-originating travel and direct purchasers of airfare. <u>Federal Rule of Civil Procedure 23(a)</u> does not require a district court to weigh the prospective value of each class member's claims or conduct a claim-by-claim review when certifying a settlement class."); *In re HIV Antitrust Litig.*, No. 19-CV-02573-EMC, <u>2023 WL 7397567</u>, at *1 (N.D. Cal. Nov. 8, 2023) (rejecting indirect purchasers' request to set aside portion of direct-purchaser settlement).

145.    Comparing the complaints in the *Batton* cases with Plaintiffs' complaint here shows that the buyer claims arise from the same factual predicate as the seller claims. *See also Batton I,* Mar. 5, 2021 Plaintiffs' Initial Joint Status Report, No. 21-cv-00430, at <u>Doc. #48</u> ("In filing this case, Plaintiff took the position that this case is related to Moehrl v. NAR et al."); <u>Doc. #59</u> – Transcript of Proceedings held on Mar. 23, 2021 (reflecting Mullis's counsel's representation that *Moehrl* "raises substantially similar allegations"). All such claims arise from the same common nucleus of operative fact, and any class member with both seller and buyer claims would "ordinarily be expected to try them all in one judicial proceeding." *North Dakota v. Lange*, <u>900 F.3d 565, 568-69</u> (8th Cir. 2018). The Court therefore rejects the *Batton* objectors' attempt to force

69

claim splitting between the seller and buyer claims. The seller and buyer claims share the same factual predicate.

146. Finally, the Court finds that Mr. Mullis appears to be a Nevada resident. Over 7,600 Nevada residents have already submitted claims; and none have objected (aside from the clients of class counsel with competing class litigation). Keough Decl. at ¶ 53. If the Settlements are not approved, these Class members risk receiving no compensation for their injuries.

**The Court Overrules the Wang Objection (Docs. #1547, #1548)**

147. Plaintiffs received a pro se objection from Hao Zhe Wang to the NAR Settlement. (Doc. #1547, #1548.) Mr. Wang previously filed his own lawsuits against NAR and others after the jury verdict in *Burnett*. *See Wang v. Nat'l Assn. of Realtors, et. al.*, No. 24-cv-02371 (S.D.N.Y.). He has opted out of other settlement agreements in this case. (Doc. #1435) (asking to be excluded "from the Settlement Class as to Anywhere, RE/MAX, and Keller Williams"); Keough Decl. at Ex. O (exclusion from HomeServices Settlement). But in the case of the NAR Settlement, he did not opt out and instead submitted an objection.

148. In his objection, Mr. Wang raises several complaints about the real estate industry, many of which are addressed by the practice changes reflected in the NAR Settlement. In particular, Mr. Wang asserts that the NAR rules at issue in this litigation: (1) caused sellers to set the commission offered to buyer brokers, not buyers, leading to inflated commissions; (2) allowed buyer brokers to market their services as free, when they are not (and agents were often trained to do so); (3) limited negotiations of offered commissions; and (4) restricted the disclosure of the commissions being offered to consumers. (Docs. #1547, #1548, pp. 6, 9, 16, 19.) Plaintiffs made similar allegations in this case. Mr. Wang's complaints are addressed by the Settlement Agreement

Mr. Wang is now objecting to. Those objections, thus, support approving the Agreement, not rejecting it.

149. Mr. Wang also claims that unspecified NAR rules purportedly bar listing brokers from submitting offers from unrepresented buyers to their seller clients and allow buyer brokers to market their services as free. He claims these practices are anticompetitive and illegal because they forced him to use a buyer broker when he did not want to. Mr. Wang further seeks a declaration that "direct purchaser" claims and consumer protection and false advertising claims are not released by the Settlement. These objections do not support rejecting the NAR Settlement.

150. First, to the extent Mr. Wang's objection concerns claims by persons who only bought homes during the relevant period, which Mr. Wang is not, those claims are not released by the NAR Settlement. The "Settlement Class" and release are limited to persons "who *sold* a home." NAR Agreement ¶ 21 (emphasis added).

151. Second, if Mr. Wang objects to releasing claims arising from the same factual predicate by home buyers who *also* sold a home that challenge the same rules at issue in this action, those claims are properly released (as discussed above regarding the *Batton* objectors). Indeed, Mr. Wang concedes that the "lawsuits against NAR . . . that have asserted *indirect purchaser* claims . . . stemmed from the same factual predicates as the home-seller suits." (Doc. #1547, #1548, p. 21.) He also acknowledges that courts regularly hold that releases in direct-purchaser cases can include those class members' indirect purchaser claims. (Doc. #1547, #1548, p. 28–29.) Accordingly, Mr. Wang does not show there is anything improper with the NAR Settlement's release of class members' indirect purchaser claims.[19]

_____

[19] Related to this point, Mr. Wang contends that Plaintiffs failed to adequately represent the interests of home sellers who were also home buyers because Plaintiffs did not assert claims as home buyers. The Court overruled a similar objection from the *Batton* objectors and overrules Mr. Wang's objection for the same reasons.

152.    Third, to the extent Mr. Wang contends that NAR rules that once permitted buyer brokers to market their services as free violated consumer protection laws and were false advertising, those same rules were challenged in this case, were replaced with language clarifying this conduct was prohibited in 2022, and are further addressed in the NAR Settlement's practice changes. (Doc. #1547, #1548, pp. 2, 19.) The NAR Settlement may permissibly release claims challenging the same rules that were at issue in this case, and that implicate the same factual predicate as this case, even where those claims are plead under a different legal theory.

153.    Finally, to the extent Mr. Wang asserts that NAR bars listing brokers from submitting offers from unrepresented buyers to their home seller clients forcing him to incur expenses for brokerage services, *Id.* at 5–20, he does not cite to any rules reflecting such a prohibition.

154.    In sum, Mr. Wang's objections to the NAR Settlement's releases fail to show that the NAR Settlement should not be approved.

155.    Mr. Wang's next objection, that the settlement is racially discriminatory, is also overruled. The NAR Settlement on its face treats every class member equitably and does not reflect any racial classifications. Nor does Mr. Wang present any evidence that the Settlement will have a disparate impact on any protected groups.

156.    Mr. Wang also makes several contradictory arguments concerning the monetary recovery reflected in the NAR Settlement. First, Mr. Wang suggests that the settlement amount is too low. In other portions of his objection, however, he acknowledges that "the settlement represents an exceedingly large portion of [NAR's] total assets" and that NAR has "mostly exhausted its financial resources." Second, Mr. Wang contends that Plaintiffs should have settled for less to preserve NAR's ability to pay settlements or judgments in other lawsuits. Those objections are overruled. The record supports the conclusion that the settlement amount

72

appropriately reflects the strengths and weaknesses of the case and the risks and costs of continued litigation, including limitations on NAR's financial resources. And there is no basis for rejecting a settlement for providing for *too* large a recovery. Endorsing such a rule would perversely encourage settlements for less, not more, to the detriment of Class members.

157.    Mr. Wang's objection to the practice changes is also overruled. He claims two agents in North Carolina recently informed him that he needed an agent to put an offer on a home. (Doc. #1547, #1548 pp. 3, 32–34.) But nothing in the Settlement Agreement appears to require retaining a buyer broker.

158.    Mr. Wang objects to the NAR Settlement Agreement's requirement that any settlement funds will not revert to NAR regardless because he appears to believe it will cause funds that should go to Class members to be distributed to a nonprofit or similar organization under the *cy pres* doctrine. Mr. Wang misunderstands this requirement, which benefits Class members. It ensures that funds will be paid to Class members who make claims, regardless of how many claims are submitted. It does not require any funds to be paid under the *cy pres* doctrine in the first instance. This objection is overruled.

159.    Finally, the Court overrules Mr. Wang's objections to the class notice. As outlined above, the notice satisfies the requirements of due process and Rule 23. Mr. Wang states that he did not personally receive notice in the mail. But Mr. Wang's objection reflects that he received actual notice of the settlements. And the settlement agreement itself is reflected in the docket of a lawsuit he filed against NAR and others. *See Wang v. Nat'l Assn. of Realtors, et. al.*, No. 24-cv-02371 (S.D.N.Y.) at Doc. #51. His complaints about a purported lack of notice are thus meritless. *See In re Pinterest Derivative Litig.*, No. C 20-08331-WHA, 2022 WL 2079712, at *2 (N.D. Cal. June 9, 2022) ("[T]hough delayed, Mr. Sweeney received actual notice of the proposed settlement, voiced his objections, and has been heard. Having been heard, Mr. Sweeney's objections [to

73

notice] are OVERRULED."); *Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 123–24 (S.D.N.Y. 2001) (overruling objection that notice was inadequate where objector received notice via the *Wall Street Journal* but not via mail).

160.    Mr. Wang's supposition that other Class members may not have received notice is also not well-taken. The record reflects that Class Counsel together with the appointed notice administrator JND implemented a notice plan that provided notice through direct mail and other means to millions of Class members. Even accepting that some Class members may not have received notice through direct mailings, that does not show that the notice plan was inadequate under Rule 23 or the requirements of due process. "[A]ctual notice to all class members is not required." *Dornberger*, 203 F.R.D. at 123–24 (approving notice plan and concluding that "reasonable efforts were taken to notify all members of the class," where part of the class received direct mail notice and part of the class was covered by publication notice); *see also Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002) (holding that "actual notice" is not required by the Due Process Clause; rather, "it requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action"); *Montgomery v. Beneficial Consumer Disc. Co.*, No. CIV.A. 04-CV-2114, 2005 WL 497776, at *5 (E.D. Pa. Mar. 2, 2005) ("The requirement of 'best notice practicable under the circumstances' has consistently been held *not* to require actual notice for every class member." (emphasis in original)); *In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 209 (D. Mass. 2004) (neither "Rule 23 nor due process, however, requires that each class member receive actual notice").

161.    Instead, both due process and Rule 23 require the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (notice "must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

74

opportunity to present their objections'" (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). This is a different standard than the "actual notice" standard advocated by Mr. Wang. *See Barfield v. Sho-Me Power Elec. Co-op.*, No. 11-CV-04321-NKL, 2013 WL 3872181, at *14 (W.D. Mo. July 25, 2013) ("[T]he Court is only required to provide the best practicable notice to those members identifiable by reasonable effort—not achieve actual notice on every potential class member."); *see also Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (concluding that the standard for class notice is "best practicable", rather than "actually received" notice).

162.    And the standard was met here. The notice plan here reached 99% of the Class. Keough Decl. at ¶ 40. Courts have repeatedly approved notice plans with less reach. *E.g.*, *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15MD2670 DMS(MDD), 2023 WL 2483474, at *2 (S.D. Cal. Mar. 13, 2023); *Bruzek v. Husky Energy Inc.*, No. 18-CV-697-WMC, 2021 WL 9474270, at *2, *4 (W.D. Wis. Aug. 6, 2021); *Reid v. I.C. Sys. Inc.*, No. CV-12-02661-PHX-ROS, 2018 WL 11352039, at *3 (D. Ariz. July 27, 2018); *Beck-Ellman v. Kaz USA, Inc.*, No. 3:10-CV-02134-H-DHB, 2013 WL 1748729 at *3–4, *8–9 (S.D. Cal. Jan. 7, 2013); *see also Pollard v. Remington Arms Co.*, 320 F.R.D. 198, 212–13 (8th Cir. 2018) (approving notice plan where there was a dispute as to whether it reached 49% or 73.7% of class members). Indeed, "[t]he Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable." *Hand v. Beach Ent. Kc, LLC*, No. 4:18-CV-00668, 2021 WL 199729, at *2 (W.D. Mo. Jan. 19, 2021).

163.    The Court also overrules Mr. Wang's objection that the Court required Class members to *mail* opt-out and objection notices, requiring them to incur postage costs. (Doc. #1547, #1548, p. 44–45.) Courts routinely order opt-outs and objections to be mailed. *See Rogowski v. State Farm Life Ins. Co.*, No. 4:22-cv-00203-RK (W.D. Mo. Dec. 16, 2022), ECF No. 54, at 4;

75

*Barfield v. Sho-Me Power Elec. Coop.*, No. 2:11-cv-4321-NKL (W.D. Mo. Dec. 5, 2014), ECF No. 541, at 5–7; *see also In re AXA Equitable Life Ins. Co. COI Litig.*, No. 1:16-cv-00740-JMF (S.D.N.Y. June 22, 2023), ECF No. 705, at 4–5, 6; *Advance Trust & Life Escrow Servs., LTA v. PHL Variable Ins. Co.*, No. 1:18-cv-03444 (S.D.N.Y. Aug. 9, 2023), ECF No. 271, at 5–6. Courts also routinely overrule objections like Mr. Wang's, reasoning that "requiring opt-out by mail is not unduly financially burdensome." *Howerton v. Cargill, Inc.*, No. CIV. 13-00336 LEK, 2014 WL 6976041, at *3 (D. Haw. Dec. 8, 2014); *accord McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626, 641 n.14 (E.D. Pa. 2015) ("Mailing a request is not unreasonably burdensome."). In any event, JND has indicated that it accepted opt-outs that were submitted electronically. Keough Decl. at ¶ 57.

164.    Finally, Mr. Wang objects that Paragraph 18 of the NAR Settlement Agreement, which defines the "Released Parties," is vague and unconscionable because Class members purportedly cannot determine if certain brokerages are released or not. (Docs. #1547, #1548, pp. 3, 45–49.) Mr. Wang identifies Brown Harris Stevens and Halstead as the only examples. *Id.* at 46. Class members were advised that any brokerages that opted into the NAR Settlement would be listed on www.RealEstateCommissionLitigation.com. *Id.* Brown Harris Stevens is listed as one such brokerage on that website.[20] And according to news reports, Halstead merged into Brown Harris Stevens in 2020.[21] Thus, Mr. Wang could have readily ascertained that Brown Harris Stevens (and by extension Halstead) is among the Released Parties.

165.    In addition, Paragraph 18 of the NAR Settlement clearly describes which parties are released and under what circumstances. Illustrating as much, it can readily be determined that

---

[20] https://www.realestatecommissionlitigation.com/nar-opt-in.
[21] Kevin Zimmerman, *Realtor Halstead merged into Brown Harris Stevens,* Westfair Business Journal (June 15, 2020), https://westfaironline.com/real-estate/realtor-halstead-merged-into-brown-harris-stevens/.

Brown Harris Stevens and Halstead are Released Parties. According to the T360 Real Estate Almanac, Brown Harris Stevens had a 2022 sales volume in excess of $2 billion.[22] Thus, Brown Harris Stevens falls under Paragraph 18.f of the NAR Settlement Agreement. It would be a "Released Party" only if it agreed to comply with certain practice changes and to provide proof of compliance, and if it paid under the provisions of Appendix C. Brown Harris Stevens opted in by agreeing to pay $2.9 million and enact relevant practice changes. This was reported to the Court and posted on the public docket on September 30, 2024. Doc. #1538. Accordingly, Mr. Wang objection to Paragraph 18 is overruled.

**The Settlement Class, Settlement Processing, Attorneys' Fees, Injunction, and Related Issues**

166.     The Court finds the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court reaffirms the appointment of the law firms of Ketchmark and McCreight P.C., Williams Dirks Dameron LLC, Boulware Law LLC, Hagens Berman Sobol Shapiro LLP, Cohen, Milstein, Sellers & Toll, PLLC, and Susman Godfrey LLP as Co-Lead Counsel for the Settlement Class ("Class Counsel").

167.     The 39 persons and entities identified by Class Counsel (*see* Exhibit O to Keough Decl.) have timely and validly requested exclusion from the Settlement Class and are therefore excluded from the Settlement Class, are not bound by this Order, and may not make any claim upon or receive any benefit from the Settlements. Nothing in this Order should be construed as a determination by this Court that the excluded persons and entities are members of the Settlement Class or that they meet other prerequisites, such as standing, for bringing claims alleged in the Actions. Each Settlement Class member who is not listed in Exhibit O to the Keough Declaration

---

[22] T3 Sixty, *Top Brokerages in 2023,* 2023 Real Estate Almanac 295 (June 2023), https://www.t3trends.com/intel/top-brokerages-in-2023/ (listing Brown Harris Stevens at #20 with a 2022 sales volume of $10.45 billion).

77

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 77 of 88
Appellate Case: 24-3585     Page: 320     Date Filed: 12/23/2024 Entry ID: 5466469 December 23 2024 p320

is bound by this Order and will remain forever bound, including by releasing all Released Claims of Releasing Parties against Released Parties. The Court specifically approves these releases as set forth in the Settlement Agreements.

168.     Members of the Settlement Class, unless they excluded themselves, are hereby enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties. *See* 28 U.S.C. § 1651; *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 914 (8th Cir. 2010) (noting that "the district court has the inherent ability to protect its own jurisdiction over the dispute pending before it"); *Janson v. LegalZoom.com, Inc.*, No. 2:10-CV-04018-NKL, 2012 WL 13047852, at *2 (W.D. Mo. Apr. 30, 2012) ("In order to protect the continuing jurisdiction of the Court, prevent a multiplicity of lawsuits, and protect and effectuate the Court's Judgment in this Litigation, Plaintiffs and Class Members . . . are barred and enjoined from instituting, commencing, or continuing to prosecute . . . any action in this Court, any other state or federal court, or any other tribunal or forum of any kind, against any Released Party that asserts any claims that are Released Claims under the terms of the Settlement[.]") (granting final approval); *accord Almanzar v. Home Depot U.S.A., Inc.*, No. 2:20-CV-0699-KJN, 2024 WL 36175, at *13 (E.D. Cal. Jan. 3, 2024); *Smith v. Floor & Decor Outlets of Am., Inc.*, No. 1:15-CV-04316-ELR, 2017 WL 11495273, at *6 (N.D. Ga. Jan. 10, 2017); *In re Ortho. Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 188 (E.D. Pa. 1997). Released Claims include claims that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. For the avoidance of doubt, this injunction extends to claims arising from or relating to transactions where Settlement Class members either sold or purchased a home on any MLS nationwide, regardless of affiliation or

78

association with NAR or not, and thus includes, *e.g.*, NWMLS, WPML, and REBNY/RLS. This injunction does not extend to any individual claims that a plaintiff or class member may have against his or her own broker or agent based on breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive commission or home price due to the claims at issue in the Actions.

169.    This Order does not settle or compromise any claims by Class Representatives or the Settlement Class against entities or persons other than Released Parties, and all rights against any other person or entity are specifically reserved.

170.    Settling Defendants shall issue payment in accordance with the Settlement Agreements.

171.    Class Counsel has adequately represented the Class. Their application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Attorneys' Fees and Costs (Doc. #1535) is hereby approved and shall be paid in accordance with the Settlement Agreements.

172.    Courts in the Eighth Circuit typically use the "percentage-of-the-fund method" to award attorneys' fees from a common fund. *See, e.g.*, *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established,'" *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (quoting *Petrovic*, 200 F.3d at 1157), or even "preferable,'" *Barfield v. Sho-Me Power Elec. Co-op.*, No. 11-CV-4321, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015) (quoting *West v. PSS World Med., Inc.*, No. 13-CV-574, 2014 WL 1648741, at *1 (E.D. Mo. Apr. 24, 2014)). The percentage method aligns the interests of the attorneys and the class members by incentivizing counsel to maximize the class's recovery. *See Johnston*, 83 F.3d at 245 ("[T]he Task Force [established by the Third

79

Circuit] recommended that the percentage of the benefit method be employed in common fund situations.") (citing *Court Awarded Attorneys Fees,* Report of the Third Circuit Task Force, 108 F.R.D. 237, 255 (3rd Cir. 1985)).

173.    The Court will therefore use the percentage approach to award fees in this case. This Court and others within the Eighth Circuit confirm that one-third of the common fund is an appropriate amount for class counsel's fees in complex class actions, including antitrust litigation. Eighth Circuit and Missouri courts "have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions." *Huyer*, 849 F.3d at 399 (quoting *In re Xcel,* 364 F. Supp. 2d at 998); *see also Rawa*, 934 F.3d at 870 ("courts have frequently awarded attorneys' fees ranging up to 36% in class actions") (quoting *Huyer*, 849 F.3d at 399); *Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) (holding fee award of 33% reasonable); *In re U.S. Bancorp Litig.,* 291 F.3d 1035, 1038 (8th Cir.2002) (affirming fee award representing 36% of the settlement fund as reasonable); *In re Xcel,* 364 F.Supp.2d at 998 (collecting cases demonstrating that district courts routinely approve fee awards between 25% and 36%). This District recently approved one-third of the fund in a settlement valued at $325 million. *See Rogowski v. State Farm Life Ins. Co.*, No. 22-CV-203, 2023 WL 5125113, *4-5 (W.D. Mo. April 18, 2023). Thus, judges in the Western District of Missouri and the Eighth Circuit routinely apply the one-third-of-the-fund fee calculation, even to large settlements.

174.    In doing so, courts typically consider some or all of the relevant factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See In re Target Corp.*, 892 F.3d at 977. The *Johnson* factors are:

>  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee;

80

(6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 977 n.7. To be sure, "[m]any of the *Johnson* factors are related to one another and lend themselves to being analyzed in tandem." *Swinton.*, 454 F. Supp. 3d at 886. Therefore, courts in the Eighth Circuit often focus on the most relevant *Johnson* factors in evaluating fee requests. *See Huyer*, 849 F.3d at 398–400 (affirming trial court's award of one-third of the common fund after review of Johnson factors one to five only); *In re Xcel*, 364 F. Supp. 2d at 993; *Tussey v. ABB, Inc.*, No. 06-CV-4305, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019); *Yarrington*, 697 F. Supp. 2d at 1062; *Hardman v. Bd. of Educ. of Dollarway, Arkansas Sch. Dist.*, 714 F.2d 823, 825 (8th Cir. 1983). The Court has considered the *Johnson* factors here, and finds that each weighs in favor of Plaintiffs' fee request. *See also* Klonoff Fee Decl. at ¶¶ 24, 34, 39.

175.    Here, Class Counsel's time and labor invested was substantial and necessarily precluded other work. In addition to the over 107,500 hours they have dedicated to the litigation through August 31, 2024, Class Counsel also expended over $16,528,352.83 of their own money toward the combined litigation. That work was undertaken without any guarantee of payment. Moreover, the litigation faced low odds of early settlements given the litigation challenged practices that were central to the real estate brokerage industry.[23] Indeed, NAR took the position that the cases were "baseless."[24] In sum, "the extraordinary level of work and result

---

[23] *See, e.g.*, *How the $1.8 Billion Real-Estate Commissions Lawsuit Came to Be*, Wall Street Journal (Nov. 26, 2023), https://www.wsj.com/real-estate/how-the-1-8-billion-real-estate-commissions-lawsuit-came-to-be-106433d1 ("Antitrust cases almost always settle before trial, giving attorneys some assurance they will get paid something. But in this case, the damages were so high and the threat to the industry so existential that plaintiff attorneys thought it unlikely NAR would settle.").
[24] *See, e.g.*, *Realtor Group Moves to Dismiss Class Action Lawsuit Alleging Collusion,* Forbes (May 21, 2019), https://www.forbes.com/sites/alyyale/2019/05/21/realtor-group-moves-to-dismiss-class-action-lawsuit-alleging-collusion/ ("According to John Smaby, president of NAR, all three claims have no merit.

81

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 81 of 88
Appellate Case: 24-3585    Page: 324    Date Filed: 12/23/2024 Entry ID: December 453 2024 p324

achieved here in the face of enormous risk warrants a substantial fee percentage." Klonoff Fee Decl. at ¶ 88.

176. "Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees." *Yarrington*, 697 F. Supp. 2d at 1062 (quoting *In re Xcel*, 364 F. Supp. 2d at 994); Theodore Eisenberg & Geoffrey Miller, *Attorney Fees In Class Action Settlements: An Empirical Study*, 1 J. Emp. L. Studies 27, 27, 38 (2004) ("Fees are also correlated with risk: the presence of high risk is associated with a higher fee, while low-risk cases generate lower fees . . . . [This] is widely accepted in the literature."). "Unless that risk is compensated with a commensurate award, no firm, no matter how large or well-financed, will have the incentive to consider pursuing a case such as this." *Tussey*, 2019 WL 3859763, at *3. "Courts agree that a larger fee is appropriate in contingent matters where payment depends on the attorney's success." *Been v. O.K. Indus., Inc.*, No. 02-CV-285, 2011 WL 4478766, at *9 (E.D. Okla. Aug. 16, 2011). And critically, "[t]he risks plaintiffs' counsel faced must be assessed as they existed in the morning of the action, not in light of the settlement ultimately achieved at the end of the day." *In re Xcel*, 364 F. Supp. 2d at 994.

177. In addition, the complexity and difficulty of prosecuting the claims in this case supports the requested attorneys' fees. Courts regularly award one-third of the fund in antitrust suits involving especially complex, expensive, and difficult to prosecute claims. *See In re Peanut Farmers Antitrust Litig.,* No. 19-CV-00463, 2021 WL 9494033, at *6 (E.D. Va. Aug. 10, 2021) ("[A]n award of one-third is also common in antitrust class actions.") (citing cases); *In re Urethane*, 2016 WL 4060156, at *5 (awarding one-third of $835 million settlement, noting "a one-

---

'In today's complex real estate environment, REALTORS and Multiple Listing Services promote a pro-consumer, pro-competitive market for home buyers and sellers, contrary to the baseless claims of these class action attorneys,' he said. 'Our filing today shows the lawsuit is wrong on the facts, wrong on the economics and wrong on the law.'").

82

third fee is customary"); *In re Flonase Antitrust Litig.*, 291 F.R.D. 93, 100, 106 (E.D. Pa. 2013) (awarding one-third of the settlement fund as attorneys' fees in which court relied upon the fact that class counsel had litigated a number of hotly contested *Daubert* challenges)*; see also* Klonoff Fee Decl. at ¶ 41.

178.     Courts often judge class counsel's skill against the "quality and vigor of opposing counsel . . . ." *In re Charter Commc'ns, Inc.*, No. 4:02-CV-1186, 2005 WL 4045741, at *17 (E.D. Mo. June 30, 2005) (citing *In re IBP, Inc. Sec. Litig.*, 328 F. Supp. 2d 1056, 1064 (D.S.D. 2004)). In the litigation, Class Counsel faced off against no fewer than thirty highly-respected law firms over the course of the litigation. Although Class Counsel's team included some of the country's most accomplished class action and trial lawyers, Defendants also hired some of the country's most prominent and respected defense attorneys. This weighs heavily in favor of the requested award.

179.     In the Eighth Circuit, courts have "frequently awarded attorneys' fees ranging up to 36% in class actions." *Huyer*, 849 F.3d at 399. Courts have recognized that prosecution of antitrust claims should result in a one-third-of-the-fund fee award. *See In re Peanut Farmers,* 2021 WL 9494033, at *6 ("[A]n award of one-third is also common in antitrust class actions.") (citing cases); *In re Urethane*, 2016 WL 4060156, at *5 (awarding one-third of $835 million antitrust settlement and noting "a one-third fee is customary").

180.     Moreover, the requested one-third fee award is equal to or less than what the actual Named Plaintiffs—those with the most on the line and most involved in the case—agreed to at the outset of the case. Class representatives in *Burnett* agreed to a 35% fee. Dirks Fee Decl. (Doc. #1535-2) at ¶29. Class representative in *Moehrl* agreed to a fee of up to 33.3%. Berman Fee Decl. (Doc. #1535-5) at ¶ 6. These factors also support Plaintiffs' request. Klonoff Fee Decl. at ¶¶ 60-61, 77-78.

83

Case 4:19-cv-00332-SRB     Document 1622     Filed 11/27/24     Page 83 of 88
Appellate Case: 24-3585     Page: 326     Date Filed: 12/23/2024 Entry ID: December 439 2024 p326

181.    The Fund is also cash only and non-reversionary; so, the Settlements, plus interest earned until its distribution, require no further valuation. In requesting a fee as a percentage of the Fund, Class Counsel necessarily seek a fee proportionate to the degree of monetary success obtained.

182.    Here, the request is supported by both the size of the recovery and the results obtained as compared to the risk of a lesser recovery or none at all. Moreover, the Settlements represent only a part of the recovery to the Class because Class Counsel have continued to prosecute these joint and several liability claims against other Defendants. Thus, any past and future settlements or judgments will also benefit the Class. This factor supports a contingency percentage of one-third, particularly given the benefits achieved. Importantly, success—including "exceptional success"—is not measured solely by the maximum damages alleged but must be evaluated against any "unusually difficult or risky circumstances and the size of plaintiffs' recovery." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1204–05 (S.D. Fla. 2006).

183.    The requested fee award is also supported by the significant practice change relief reflected in the Settlements which require the Settling Defendants, among other things, to eliminate and not enforce industry-wide rules mandating compensation offers to cooperating broker on all MLS listings. *See* Economides Fee Decl. (Doc. #1535-13) at ¶¶ 8-11, 18. Counsel is not seeking any additional fee for this valuable relief on these Settlements, but the value of this relief is substantial and is appropriately considered in evaluating the fee that is sought. *See* Klonoff Fee Decl. at ¶¶ 96-98; *see also* Economides Fee Decl. at ¶¶ 13-17 (discussing how "even preliminary, relatively small decreases in buyer broker commission rates substantially lower the overall cost of housing transactions"). As set forth in Professor Economides' declaration, "for every shift of 0.1% in the average commission rate (e.g. from 2.66% to 2.56%) the total commission paid would be lowered by $2.1 billion." Economides Fee Decl. at ¶ 16.

84

184.    A lodestar crosscheck is "not required" in the Eighth Circuit. *Keil v. Lopez*, <u>862 F.3d 685, 701</u> (8th Ci<u>r. 2017</u>); *PHT Holdings II, LLC v. N. Am. Co. for Life & Health Ins.*, No. 4:18-CV-00368-SMR-HCA, <u>2023 WL 8522980</u>, at *7 (S.D. Iowa Nov. 30, 2023).[25] However, performing such a crosscheck here confirms that the requested fee is reasonable and should be approved. As noted above, the Court finds that Class Counsel have reasonably expended over 107,500 hours through August 31, 2024 in prosecuting the *Gibson*, *Umpa*, *Burnett*, and *Moehrl* matters, and the Class Counsel's hourly rates are reasonable, including because they are consistent with the market rates of other lawyers practicing complex litigation of this type, including the firms defending this case. These hours result in an overall lodestar through August 31, 2024 of $92,338,583. Dirks Fee Decl. at ¶ 42. When considered together with fees previously awarded in *Burnett* and *Gibson*, the current fee request results in an approximate 3.6 multiplier on lodestar, which is well within the range of reasonableness. *See* Klonoff Fee Decl. at ¶¶ 29, 122; *Rawa*, <u>934 F.3d at 870</u> (observing a lodestar multiplier of 5.3 is within the bounds of reasonableness); *Huyer*, <u>849 F.3d at 399</u>–400 (observing lodestar multipliers of up to 5.6 times class counsel's lodestar to be in the reasonable range for a lodestar crosscheck); *In re T-Mobile Customer Data Security Breach Litig.*, <u>111 F.4th at 861</u> (observing in a case that settled early in the litigation that a multiplier of 5.3 is on the "high" side of reasonableness) (citing *Rawa*, <u>934 F.3d at 870</u>)); *In re Charter Commc'ns, Inc., Sec. Litig.*, No. 4:02-cv-1186-CAS, <u>2005 WL 4045741</u>, at *18 (E.D. Mo. Jun. 30, 2005) (finding 5.61 lodestar multiplier reasonable); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, <u>2019 WL 1274813</u>, at *5 (D. Kan. Ma<u>r. 20</u>, <u>2019</u>) ("a multiplier of

---

[25] "'[T]o overly emphasize the amount of hours spent on a contingency fee case would penalize counsel for obtaining an early settlement and would distort the value of the attorneys' services.'" *Rawa*, <u>934 F.3d at 870</u> (quoting *In re Charter Commc'ns*, <u>2005 WL 4045741</u>, at *18). *Cf. In re T-Mobile Customer Data Security Breach Lit.*, <u>111 F.4th at 862</u> (observing that a lodestar crosscheck is not required but can be warranted "when a megafund case settles quickly").

85

Case 4:19-cv-00332-SRB    Document 1622    Filed 11/27/24    Page 85 of 88
Appellate Case: 24-3585    Page: 328    Date Filed: 12/23/2024 Entry ID: December 23 2024 p328

3 is well within the range allowed in other cases involving large settlements"). Moreover, Class Counsel has continued to work on the litigation. *See* Dirks Decl. at ¶ 41. Plaintiffs' request of fees of one-third of the fund is reasonable.

185.    Additionally, upon review, the Court finds that Plaintiffs' request of fees of one-third of the fund is reasonable in light of the Eighth Circuit precedent in *In re T-Mobile Customer Data Security Breach Litigation*. Unlike the parties in *T-Mobile*, who following "a few days of mediation, and less than a month after class counsel had filed the complaint," agreed to the basic terms of a settlement, here Plaintiffs have spent more than five years, $16,528,352.83 in reasonable and necessary expenses, and 107,500 hours working on the *Gibson*, *Moehrl*, and *Burnett* cases. *T-Mobile*, 111 F.4th at 855; Dirks Fee Decl. at ¶ 47. Additionally, Plaintiffs' counsel dealt with over thirty different firms representing multiple Settling Defendants. The current settlement was only reached after significant arms-length and adversarial negotiations with each Settling Defendant. While "recovery in a particular case [may] stem[] more from class size than attorney effort and so might merit a lower fee award," given the immense time and effort expended by Plaintiffs' counsel with multiple Settling Defendants and their respective counsel, Plaintiffs' request of fees of one-third of the fund is reasonable. *T-Mobile*, 111 F.4th at 860.

186.    The Court also grants Plaintiffs' request for their costs. The expenses submitted were reasonable expenses in such a large and complex litigation.

187.    The Settlement Administrator shall be paid in accordance with the appropriate NAR or HomeServices Settlement Agreement.

188.    The Court authorizes payments to be made from the Escrow Accounts under the Settlement Agreements as qualified settlement funds ("QSF") as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs. Co-Lead Counsel are, in

accordance with the Settlement Agreements, authorized to withdraw up to the amounts allowed by the Settlement Agreements out of the Escrow Accounts.

189.    Co-Lead Counsel are directed to prepare and submit for Court approval a plan of allocation for the Settlement Fund, and to propose a schedule for comment and Court review. The proposed plan of allocation must be posted to https://www.realestatecommissionlitigation.com and emailed to all individuals who submit a claim in order to provide those individuals an opportunity to comment on the plan. After the plan of allocation is proposed and an opportunity to comment has been provided, the Court will evaluate the proposed plan and any objections thereto. The Court's review of the plan of allocation will be conducted separately from this final review of the Settlements. The Court believes that this additional layer of protection to the Class supports the Court's finding that the Settlements treat Class members equitably.

190.    Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Actions, and as such, neither the Settlements, nor any of their respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlements shall be construed as an admission or concession of the truth of any of the allegations, or of any liability, fault, or wrongdoing of any kind by Settling Defendants.

191.    The Court retains continuing and exclusive jurisdiction over all matters relating to the administration and consummation of the Settlements and to interpret, implement, administer and enforce the Settlements (including with respect to the scope of the Settlement Class, Released Claims, and Released Parties), in accordance with their terms, and to implement and complete the claims administration process, in accordance with the Settlements, for the benefit of the Settlement Class. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  November 27, 2024

MIME-Version:1.0
From:ecfMOW.notification@mow.uscourts.gov
To:cmecf_atynotifications@mow.uscourts.gov
Bcc:

--Case Participants: Deepti Bansal (dbansal@cooley.com), Alexander Barrett
(alexander.barrett@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com,
shelley.essary@stinson.com, susan.hogan@stinson.com), Karl Barth (karlb@hbsslaw.com), John
Bash (johnbash@quinnemanuel.com), Steven M Berezney (ldunn@koreintillery.com,
mepperson@koreintillery.com, sberezney@koreintillery.com), Steve W. Berman
(heatherw@hbsslaw.com, nicolleg@hbsslaw.com, steve@hbsslaw.com), Boris Bershteyn
(boris-bershteyn-9508@ecf.pacerpro.com, boris.bershteyn@skadden.com), Jack R. Bierig
(jack.bierig@afslaw.com), Anne Bigler (abigler@cooley.com), Michael D Bonanno
(mikebonanno@quinnemanuel.com), Brandon J.B. Boulware (brandon@boulware-law.com,
kim@boulware-law.com), Theodore Joseph Boutrous, Jr (tboutrous@gibsondunn.com),
Christopher Bower (christopher.bower@usdoj.gov), Jean Paul Bradshaw, II
(jeanpaul.bradshaw@lathropgpm.com, kim.bruns@lathropgpm.com,
roselyn.arnold@lathropgpm.com), Bert S Braud (bbraud@pophamlaw.com,
lgoacher@pophamlaw.com, lmetz@pophamlaw.com), Robert A Braun (aguzman@cohenmilstein.com,
enotices@cohenmilstein.com, rbraun@cohenmilstein.com), Benjamin D Brown
(bbrown@cohenmilstein.com), David R. Buchanan (dbuchanan@bjpc.com), Michael Morris Buchman
(mbuchman@motleyrice.com), William A Burck (williamburck@quinnemanuel.com), Steven J.
Buttacavoli (sbuttacavoli@bermantabacco.com), Matthew T Ciulla
(2595994420@filings.docketbird.com, matthew.ciulla@macgilllaw.com), Taylor L Connolly
(lmccoy@bjpc.com, tconnolly@bjpc.com), Gregg J. Costa (gcosta@gibsondunn.com), William
Cravens (william.cravens@morganlewis.com), Jacob K Danziger (jacob.danziger@afslaw.com),
Eric L. Dirks (bstrickland@williamsdirks.com, cflores@williamsdirks.com,
dirks@williamsdirks.com), Stephanie A Douglas (douglas@bsplaw.com, kelley@bsplaw.com),
Martin G. Durkin, Jr (bernadette.hreska@hklaw.com, hapi@hklaw.com,
martin.durkin@hklaw.com), Christopher D. Dusseault (cdusseault@gibsondunn.com), Barack S
Echols (barack.echols@hklaw.com), Justin M. Ellis (jellis@mololamken.com), Jeannie Evans
(jeannie@hbsslaw.com), Randall Paul Ewing, Jr (llucas@koreintillery.com,
rewing@koreintillery.com), Benjamin H. Fadler (bfadler@ketchmclaw.com,
dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com), William F. Farley
(angela.reese@hklaw.com, william.farley@hklaw.com), Bruce C Fox
(amie.fraenig@obermayer.com, andrew.horowitz@obermayer.com, bruce.fox@obermayer.com,
maureen.boyd@obermayer.com, salena.moran@obermayer.com), Rachel G Frank
(rachelfrank@quinnemanuel.com), Beatrice Franklin (bfranklin@susmangodfrey.com,
esullivan-vasquez@susmangodfrey.com), Brian C Fries (amy.smith@lathropgpm.com,
brian.fries@lathropgpm.com), Ethan Glass (efiling-notice@ecf.pacerpro.com,
efilingnotice@cooley.com, eglass@cooley.com, ngirard@cooley.com), Daniel Z. Goldman
(1193516420@filings.docketbird.com, dgoldman@bklwlaw.com, docket@bklwlaw.com), Ian T
Hampton (ihampton@foley.com), Warren E. Harris (wharris@trdlp.com), Eddie Hasdoo
(baward@jonesday.com, ehasdoo@jonesday.com, ikroneman@jonesday.com), Charles W. Hatfield
(chuck.hatfield@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com,
shelley.essary@stinson.com, susan.hogan@stinson.com), Anna P. Hayes
(anna.hayes@hklaw.com), Robert A. Henderson (docketing@polsinelli.com,
kmurray@polsinelli.com, pedwards@polsinelli.com, rhenderson@polsinelli.com), Andrew J
Horowitz (andrew.horowitz@obermayer.com), Jared Andrew Hughes (jared.hughes@usdoj.gov),
Georgina Inglis (ginglis@cooley.com), Jennifer M. Keas (jkeas@foley.com), Michael S.
Ketchmark (dhotchkiss@ketchmclaw.com, mike@ketchmclaw.com, mpatrick@ketchmclaw.com),
Julian Kleinbrodt (jkleinbrodt@gibsondunn.com), Kenneth M. Kliebard
(amar.naik@morganlewis.com, chcalendardepartment@morganlewis.com,
christina.cacioppo@morganlewis.com, elsa.doi@morganlewis.com,
heather.nelson@morganlewis.com, jason.chrestinson@morganlewis.com,
kenneth.kliebard@morganlewis.com, michelle.castaneda@morganlewis.com,
stacey.mahoney@morganlewis.com, surya.khanna@morganlewis.com,
william.cravens@morganlewis.com, william.mcenroe@morganlewis.com,
yunica.jiang@morganlewis.com), Patrick E. Knie (melody@knieshealy.com,
pat@knieshealy.com), David C. Kully (david.kully@hklaw.com), Jennifer Lada
(jennifer.lada@hklaw.com), James Dale Lawrence (ecf_kc@bclplaw.com,
jdlawrence@bclplaw.com, jim-lawrence-1810@ecf.pacerpro.com, rec_km_ecf_kcy@bryancave.com),
Jeffrey A LeVee (jlevee@jonesday.com), Robert E Linkin (rlinkin@munckwilson.com), Robert D
MacGill (robert.macgill@macgilllaw.com), Stacey Anne Mahoney
(stacey.mahoney@morganlewis.com), Scott A McCreight (dhotchkiss@ketchmclaw.com,

mpatrick@ketchmclaw.com, smccreight@ketchmclaw.com), William T McEnroe
(william.mcenroe@morganlewis.com), Susan McNeill McKeever (mckeever@bsplaw.com,
stroud@bsplaw.com), Dina McKenney (dina.mckenney@hklaw.com, hapi@hklaw.com,
wanda.sneed@hklaw.com), Ellie McKim (emckim@bermantabacco.com), Andrea S. McMurtry
(amcmurtry@hab-law.com, dstilley@hab-law.com, sstubbers@hab-law.com), Beatriz Mejia
(mejiab@cooley.com), Christopher G Michel (christophermichel@quinnemanuel.com), Stephen
James Miller (stephen.miller96@gmail.com), Steven J. Mintz (steven.mintz@usdoj.gov),
Steven F. Molo (adam-collins-1996@ecf.pacerpro.com, smolo@mololamken.com), Brendan J
Murphy (bmurphy@evans-dixon.com), Harry R.S. Philips (hphillips2@gibsondunn.com), Rio
Pierce (meganm@hbsslaw.com, riop@hbsslaw.com, sf_filings@hbsslaw.com), Michael Dale
Pospisil (mdp@pslawkc.com, pag@edgarlawfirm.com), John S Purcell
(john.purcell@afslaw.com), Timothy Ray (francine.rivera@hklaw.com, hapi@hklaw.com,
timothy.ray@hklaw.com), Cynthia Richman (crichman@gibsondunn.com), J. David Rowe
(drowe@munckwilson.com), Patrick Sanders (patrick.sanders@macgilllaw.com), Todd Seaver
(sfservice@bermantabacco.com, tseaver@bermantabacco.com), Michael Sebring
(michaelsebring@quinnemanuel.com), Marc M. Seltzer (mseltzer@susmangodfrey.com), Silvia L.
Serpe (sserpe@serpellc.com), Matthew W. Shealy (matt@knieshealy.com), Sam Mitchell Slade,
Jr (mitch@mitchsladelaw.com), Eugene A. Sokoloff (esokoloff@mololamken.com), Robert
William Stephens (rstephens@smbtrials.com), Samantha Strauss
(efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, sastrauss@cooley.com), Kara
Trouslot Stubbs (kheath@bscr-law.com, mcarrillo@bscr-law.com, stubbs@bscr-law.com), Jeremy
M. Suhr (jeremy@boulware-law.com, kim@boulware-law.com), Matthew Swift (mts@pslawkc.com),
Sarah M. Topol (stopol@cooley.com), Aaron Van Oort (aaron.vanoort@faegredrinker.com), Jay
N. Varon (jvaron@foley.com), Kevin P. Wagner (kevin.wagner@faegredrinker.com), Suzanne L.
Wahl (edocket@schiffhardin.com, jacob.danziger@afslaw.com, maureen.osullivan@afslaw.com,
molly.wiltshire@afslaw.com, mosullivan@schiffhardin.com, suzanne.wahl@afslaw.com), Jenifer
Champ Wallis (jwallis@munckwilson.com), Kelly Marie Watne (kwatne@jonesday.com), Danne
Wayne Webb (dstilley@hab-law.com, dwebb@hab-law.com, sstubbers@hab-law.com), Lauren M.
Weinstein (lweinstein@mololamken.com), Robert J Wierenga (robert.wierenga@afslaw.com),
Molly L Wiltshire (molly.wiltshire@afslaw.com), Nuru Lateef Witherspoon
(kwilliams@twlglawyers.com, mendoza@twlglawyers.com, roland@twlglawyers.com,
taylor@twlglawyers.com, witherspoon@twlglawyers.com), Elizabeth Wright
(efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, ewright@cooley.com), Rosalie
Doyle (nate@natebrownlaw.com), Arturo Gonzalez (southbayhomesla@gmail.com), John Guerra
(nate@natebrownlaw.com), Tanya Monestier (tanyam@buffalo.edu), Anthony Phillips
(anthonyluxadvisors@gmail.com), The Way Home, Inc. d/b/a Century 21 Access
(bmurphy@evans-dixon.com), Haozhe Wang (wang.haozhe@yahoo.com), Jessica Winters
(nate@natebrownlaw.com), District Judge Stephen R. Bough (ben_clark@mow.uscourts.gov,
helen_phillips@mow.uscourts.gov, kaitlin_murphy@mow.uscourts.gov,
sara_lewis@mow.uscourts.gov, shauna_murphycarr@mow.uscourts.gov,
tracey_peters@mow.uscourts.gov)
--Non Case Participants: Paul T. Fox (ferakp@gtlaw.com), Julia Diane Kitsmiller
(julia_kitsmiller@mow.uscourts.gov), Adam KohSweeney (cbloom@omm.com,
dlautzenheiser@omm.com, dmarroso@omm.com, smcintyre@omm.com), Daniel S. Margolies
(margoliesd@kcur.org)
--No Notice Sent:

Message-Id:8763069@mow.uscourts.gov
Subject:Activity in Case 4:19-cv-00332-SRB Sitzer et al v. National Association of
Realtors et al Order on Motion for Reconsideration
Content-Type: text/html

# U.S. District Court

## Western District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 11/27/2024 at 9:18 AM CST and filed on 11/27/2024

| **Case Name:** | Sitzer et al v. National Association of Realtors et al |
|---|---|
| **Case Number:** | 4:19–cv–00332–SRB |
| **Filer:** | |
| **Document Number:** | 1623(No document attached) |

**Docket Text:**

**Before the Court is Interested Party Tanya Monestier's Motion for Reconsideration (Doc. #[1574]) and Benny D. Cheatham, Robert Douglass, Douglas Fender, and Dena Fender's (collectively South Carolina Objectors) Motion for Reconsideration (Doc. #[1578]). Upon review, both motions are DENIED. Parties were ordered to abide by the Court's Order (Doc. #[1566]) ordering all objectors and their attorneys to appear in person at the November 26, 2024, hearing to argue their objections. The parties may consult the transcript from the November 26, 2024, hearing for further details. Signed on 11/27/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey)**

**4:19–cv–00332–SRB Notice has been electronically mailed to:**

Robert A. Henderson    rhenderson@polsinelli.com, docketing@polsinelli.com, kmurray@polsinelli.com, pedwards@polsinelli.com

Danne Wayne Webb    dwebb@hab–law.com, dstilley@hab–law.com, sstubbers@hab–law.com

Bert S Braud    bbraud@pophamlaw.com, lgoacher@pophamlaw.com, lmetz@pophamlaw.com

David R. Buchanan    dbuchanan@bjpc.com

Charles W. Hatfield    chuck.hatfield@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com

Michael S. Ketchmark    mike@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Warren E. Harris    wharris@trdlp.com

Kara Trouslot Stubbs    stubbs@bscr–law.com, kheath@bscr–law.com, mcarrillo@bscr–law.com

Scott A McCreight    smccreight@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Brian C Fries    brian.fries@lathropgpm.com, amy.smith@lathropgpm.com

Michael Dale Pospisil    mdp@pslawkc.com, pag@edgarlawfirm.com

Jean Paul Bradshaw, II    jeanpaul.bradshaw@lathropgpm.com, kim.bruns@lathropgpm.com, roselyn.arnold@lathropgpm.com

James Dale Lawrence    jdlawrence@bclplaw.com, ECF_KC@bclplaw.com, REC_KM_ECF_KCY@bryancave.com, jim–lawrence–1810@ecf.pacerpro.com

Marc M. Seltzer    mseltzer@susmangodfrey.com

Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, nicolleg@hbsslaw.com

Eric L. Dirks     dirks@williamsdirks.com, bstrickland@williamsdirks.com, cflores@williamsdirks.com

Benjamin H. Fadler     bfadler@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Brandon J.B. Boulware     brandon@boulware–law.com, kim@boulware–law.com

Aaron Van Oort     aaron.vanoort@faegredrinker.com

Jay N. Varon (Terminated)     jvaron@foley.com

Jeremy M. Suhr     jeremy@boulware–law.com, kim@boulware–law.com

Andrea S. McMurtry     amcmurtry@hab–law.com, dstilley@hab–law.com, sstubbers@hab–law.com

Brendan J Murphy     bmurphy@evans–dixon.com

Matthew Swift     mts@pslawkc.com

Steven M Berezney     sberezney@koreintillery.com, ldunn@koreintillery.com,
mepperson@koreintillery.com

Taylor L Connolly     tconnolly@bjpc.com, lmccoy@bjpc.com

Eddie Hasdoo     ehasdoo@jonesday.com, baward@jonesday.com, ikroneman@jonesday.com

Alexander Barrett     alexander.barrett@stinson.com, hope.jeffrey@stinson.com,
marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com

Nuru Lateef Witherspoon     witherspoon@twlglawyers.com, Roland@twlglawyers.com,
kwilliams@twlglawyers.com, mendoza@twlglawyers.com, taylor@twlglawyers.com

Robert William Stephens     rstephens@smbtrials.com

Robert D MacGill     robert.macgill@macgilllaw.com

Matthew T Ciulla     matthew.ciulla@macgilllaw.com, 2595994420@filings.docketbird.com

Kenneth M. Kliebard     kenneth.kliebard@morganlewis.com, amar.naik@morganlewis.com,
chcalendardepartment@morganlewis.com, christina.cacioppo@morganlewis.com,
elsa.doi@morganlewis.com, heather.nelson@morganlewis.com, jason.chrestionson@morganlewis.com,
michelle.castaneda@morganlewis.com, stacey.mahoney@morganlewis.com,
surya.khanna@morganlewis.com, william.cravens@morganlewis.com, william.mcenroe@morganlewis.com,
yunica.jiang@morganlewis.com

Stacey Anne Mahoney     stacey.mahoney@morganlewis.com

Jennifer M. Keas     jkeas@foley.com

Timothy Ray     timothy.ray@hklaw.com, francine.rivera@hklaw.com, hapi@hklaw.com

Martin G. Durkin, Jr    martin.durkin@hklaw.com, bernadette.hreska@hklaw.com, hapi@hklaw.com

Anna P. Hayes    anna.hayes@hklaw.com

William F. Farley    william.farley@hklaw.com, angela.reese@hklaw.com

Jack R. Bierig    jack.bierig@afslaw.com

David C. Kully    david.kully@hklaw.com

Steven J. Mintz    steven.mintz@usdoj.gov

Suzanne L. Wahl    suzanne.wahl@afslaw.com, edocket@schiffhardin.com, jacob.danziger@afslaw.com, maureen.osullivan@afslaw.com, molly.wiltshire@afslaw.com, mosullivan@schiffhardin.com

Stephen James Miller (Terminated)    Stephen.miller96@gmail.com

Jeffrey A LeVee    jlevee@jonesday.com

William T McEnroe    william.mcenroe@morganlewis.com

Jennifer Lada    jennifer.lada@hklaw.com

Ethan Glass    eglass@cooley.com, efiling−notice@ecf.pacerpro.com, efilingnotice@cooley.com, ngirard@cooley.com

John S Purcell    john.purcell@afslaw.com

Molly L Wiltshire    molly.wiltshire@afslaw.com

Robert J Wierenga    robert.wierenga@afslaw.com

Jacob K Danziger    jacob.danziger@afslaw.com

Samantha Strauss    sastrauss@cooley.com, efiling−notice@ecf.pacerpro.com, efilingnotice@cooley.com

Steven F. Molo    smolo@mololamken.com, Adam−Collins−1996@ecf.pacerpro.com

Justin M. Ellis    jelllis@mololamken.com

Lauren M. Weinstein    lweinstein@mololamken.com

Eugene A. Sokoloff    esokoloff@mololamken.com

Beatriz Mejia    MEJIAB@cooley.com

Deepti Bansal    DBANSAL@cooley.com

Kelly Marie Watne    kwatne@jonesday.com

Elizabeth Wright    ewright@cooley.com, eFilingNotice@cooley.com, efiling−notice@ecf.pacerpro.com

Anne Bigler    abigler@cooley.com

Dina McKenney    dina.mckenney@hklaw.com, hapi@hklaw.com, wanda.sneed@hklaw.com

William Cravens    william.cravens@morganlewis.com

Patrick Sanders    patrick.sanders@macgilllaw.com

Gregg J. Costa    gcosta@gibsondunn.com

Sarah M. Topol    stopol@cooley.com

Georgina Inglis    ginglis@cooley.com

Barack S Echols    barack.echols@hklaw.com

Ian T Hampton    ihampton@foley.com

Kevin P. Wagner    kevin.wagner@faegredrinker.com

Theodore Joseph Boutrous, Jr    tboutrous@gibsondunn.com

Christopher D. Dusseault    CDusseault@gibsondunn.com

Julian Kleinbrodt    jkleinbrodt@gibsondunn.com

Harry R.S. Philips    HPhillips2@gibsondunn.com

Cynthia Richman    CRichman@gibsondunn.com

Rio Pierce    riop@hbsslaw.com, meganm@hbsslaw.com, sf_filings@hbsslaw.com

Robert A Braun    rbraun@cohenmilstein.com, aguzman@cohenmilstein.com, enotices@cohenmilstein.com

Benjamin D Brown    bbrown@cohenmilstein.com

Beatrice Franklin    bfranklin@susmangodfrey.com, esullivan−vasquez@susmangodfrey.com

Jeannie Evans    jeannie@hbsslaw.com

John Bash    johnbash@quinnemanuel.com

Michael D Bonanno    mikebonanno@quinnemanuel.com

William A Burck    williamburck@quinnemanuel.com

Rachel G Frank    rachelfrank@quinnemanuel.com

Christopher G Michel    christophermichel@quinnemanuel.com

Michael Sebring    michaelsebring@quinnemanuel.com

Matthew W. Shealy     matt@knieshealy.com

Sam Mitchell Slade, Jr     mitch@mitchsladelaw.com

Patrick E. Knie     pat@knieshealy.com, melody@knieshealy.com

Susan McNeill McKeever     mckeever@bsplaw.com, stroud@bsplaw.com

Stephanie A Douglas     douglas@bsplaw.com, kelley@bsplaw.com

Bruce C Fox     bruce.fox@obermayer.com, amie.fraenig@obermayer.com,
andrew.horowitz@obermayer.com, maureen.boyd@obermayer.com, salena.moran@obermayer.com

Andrew J Horowitz     andrew.horowitz@obermayer.com

Boris Bershteyn     boris.bershteyn@skadden.com, boris–bershteyn–9508@ecf.pacerpro.com

Karl Barth     karlb@hbsslaw.com

Randall Paul Ewing, Jr     rewing@koreintillery.com, llucas@koreintillery.com

Todd Seaver     tseaver@bermantabacco.com, sfservice@bermantabacco.com

Steven J. Buttacavoli     sbuttacavoli@bermantabacco.com

Daniel Z. Goldman     dgoldman@bklwlaw.com, 1193516420@filings.docketbird.com,
docket@bklwlaw.com

Michael Morris Buchman     mbuchman@motleyrice.com

Silvia L. Serpe     sserpe@serpellc.com

Jenifer Champ Wallis     jwallis@munckwilson.com

J. David Rowe     drowe@munckwilson.com

Robert E Linkin     rlinkin@munckwilson.com

Jared Andrew Hughes     jared.hughes@usdoj.gov

Christopher Bower     christopher.bower@usdoj.gov

Ellie McKim     emckim@bermantabacco.com

Anthony Phillips     anthonyluxadvisors@gmail.com

**4:19–cv–00332–SRB It is the filer's responsibility for noticing the following parties by other means:**

MIME-Version:1.0
From:ecfMOW.notification@mow.uscourts.gov
To:cmecf_atynotifications@mow.uscourts.gov
Bcc:

--Case Participants: Deepti Bansal (dbansal@cooley.com), Alexander Barrett
(alexander.barrett@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com,
shelley.essary@stinson.com, susan.hogan@stinson.com), Karl Barth (karlb@hbsslaw.com), John
Bash (johnbash@quinnemanuel.com), Steven M Berezney (ldunn@koreintillery.com,
mepperson@koreintillery.com, sberezney@koreintillery.com), Steve W. Berman
(heatherw@hbsslaw.com, nicolleg@hbsslaw.com, steve@hbsslaw.com), Boris Bershteyn
(boris-bershteyn-9508@ecf.pacerpro.com, boris.bershteyn@skadden.com), Jack R. Bierig
(jack.bierig@afslaw.com), Anne Bigler (abigler@cooley.com), Michael D Bonanno
(mikebonanno@quinnemanuel.com), Brandon J.B. Boulware (brandon@boulware-law.com,
kim@boulware-law.com), Theodore Joseph Boutrous, Jr (tboutrous@gibsondunn.com),
Christopher Bower (christopher.bower@usdoj.gov), Jean Paul Bradshaw, II
(jeanpaul.bradshaw@lathropgpm.com, kim.bruns@lathropgpm.com,
roselyn.arnold@lathropgpm.com), Bert S Braud (bbraud@pophamlaw.com,
lgoacher@pophamlaw.com, lmetz@pophamlaw.com), Robert A Braun (aguzman@cohenmilstein.com,
enotices@cohenmilstein.com, rbraun@cohenmilstein.com), Benjamin D Brown
(bbrown@cohenmilstein.com), David R. Buchanan (dbuchanan@bjpc.com), Michael Morris Buchman
(mbuchman@motleyrice.com), William A Burck (williamburck@quinnemanuel.com), Steven J.
Buttacavoli (sbuttacavoli@bermantabacco.com), Matthew T Ciulla
(2595994420@filings.docketbird.com, matthew.ciulla@macgilllaw.com), Taylor L Connolly
(lmccoy@bjpc.com, tconnolly@bjpc.com), Gregg J. Costa (gcosta@gibsondunn.com), William
Cravens (william.cravens@morganlewis.com), Jacob K Danziger (jacob.danziger@afslaw.com),
Eric L. Dirks (bstrickland@williamsdirks.com, cflores@williamsdirks.com,
dirks@williamsdirks.com), Stephanie A Douglas (douglas@bsplaw.com, kelley@bsplaw.com),
Martin G. Durkin, Jr (bernadette.hreska@hklaw.com, hapi@hklaw.com,
martin.durkin@hklaw.com), Christopher D. Dusseault (cdusseault@gibsondunn.com), Barack S
Echols (barack.echols@hklaw.com), Justin M. Ellis (jellis@mololamken.com), Jeannie Evans
(jeannie@hbsslaw.com), Randall Paul Ewing, Jr (llucas@koreintillery.com,
rewing@koreintillery.com), Benjamin H. Fadler (bfadler@ketchmclaw.com,
dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com), William F. Farley
(angela.reese@hklaw.com, william.farley@hklaw.com), Bruce C Fox
(amie.fraenig@obermayer.com, andrew.horowitz@obermayer.com, bruce.fox@obermayer.com,
maureen.boyd@obermayer.com, salena.moran@obermayer.com), Rachel G Frank
(rachelfrank@quinnemanuel.com), Beatrice Franklin (bfranklin@susmangodfrey.com,
esullivan-vasquez@susmangodfrey.com), Brian C Fries (amy.smith@lathropgpm.com,
brian.fries@lathropgpm.com), Ethan Glass (efiling-notice@ecf.pacerpro.com,
efilingnotice@cooley.com, eglass@cooley.com, ngirard@cooley.com), Daniel Z. Goldman
(1193516420@filings.docketbird.com, dgoldman@bklwlaw.com, docket@bklwlaw.com), Ian T
Hampton (ihampton@foley.com), Warren E. Harris (wharris@trdlp.com), Eddie Hasdoo
(baward@jonesday.com, ehasdoo@jonesday.com, ikroneman@jonesday.com), Charles W. Hatfield
(chuck.hatfield@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com,
shelley.essary@stinson.com, susan.hogan@stinson.com), Anna P. Hayes
(anna.hayes@hklaw.com), Robert A. Henderson (docketing@polsinelli.com,
kmurray@polsinelli.com, pedwards@polsinelli.com, rhenderson@polsinelli.com), Andrew J
Horowitz (andrew.horowitz@obermayer.com), Jared Andrew Hughes (jared.hughes@usdoj.gov),
Georgina Inglis (ginglis@cooley.com), Jennifer M. Keas (jkeas@foley.com), Michael S.
Ketchmark (dhotchkiss@ketchmclaw.com, mike@ketchmclaw.com, mpatrick@ketchmclaw.com),
Julian Kleinbrodt (jkleinbrodt@gibsondunn.com), Kenneth M. Kliebard
(amar.naik@morganlewis.com, chcalendardepartment@morganlewis.com,
christina.cacioppo@morganlewis.com, elsa.doi@morganlewis.com,
heather.nelson@morganlewis.com, jason.chrestionson@morganlewis.com,
kenneth.kliebard@morganlewis.com, michelle.castaneda@morganlewis.com,
stacey.mahoney@morganlewis.com, surya.khanna@morganlewis.com,
william.cravens@morganlewis.com, william.mcenroe@morganlewis.com,
yunica.jiang@morganlewis.com), Patrick E. Knie (melody@knieshealy.com,
pat@knieshealy.com), David C. Kully (david.kully@hklaw.com), Jennifer Lada
(jennifer.lada@hklaw.com), James Dale Lawrence (ecf_kc@bclplaw.com,
jdlawrence@bclplaw.com, jim-lawrence-1810@ecf.pacerpro.com, rec_km_ecf_kcy@bryancave.com),
Jeffrey A LeVee (jlevee@jonesday.com), Robert E Linkin (rlinkin@munckwilson.com), Robert D
MacGill (robert.macgill@macgilllaw.com), Stacey Anne Mahoney
(stacey.mahoney@morganlewis.com), Scott A McCreight (dhotchkiss@ketchmclaw.com,

mpatrick@ketchmclaw.com, smccreight@ketchmclaw.com), William T McEnroe
(william.mcenroe@morganlewis.com), Susan McNeill McKeever (mckeever@bsplaw.com,
stroud@bsplaw.com), Dina McKenney (dina.mckenney@hklaw.com, hapi@hklaw.com,
wanda.sneed@hklaw.com), Ellie McKim (emckim@bermantabacco.com), Andrea S. McMurtry
(amcmurtry@hab-law.com, dstilley@hab-law.com, sstubbers@hab-law.com), Beatriz Mejia
(mejiab@cooley.com), Christopher G Michel (christophermichel@quinnemanuel.com), Stephen
James Miller (stephen.miller96@gmail.com), Steven J. Mintz (steven.mintz@usdoj.gov),
Steven F. Molo (adam-collins-1996@ecf.pacerpro.com, smolo@mololamken.com), Brendan J
Murphy (bmurphy@evans-dixon.com), Harry R.S. Philips (hphillips2@gibsondunn.com), Rio
Pierce (meganm@hbsslaw.com, riop@hbsslaw.com, sf_filings@hbsslaw.com), Michael Dale
Pospisil (mdp@pslawkc.com, pag@edgarlawfirm.com), John S Purcell
(john.purcell@afslaw.com), Timothy Ray (francine.rivera@hklaw.com, hapi@hklaw.com,
timothy.ray@hklaw.com), Cynthia Richman (crichman@gibsondunn.com), J. David Rowe
(drowe@munckwilson.com), Patrick Sanders (patrick.sanders@macgilllaw.com), Todd Seaver
(sfservice@bermantabacco.com, tseaver@bermantabacco.com), Michael Sebring
(michaelsebring@quinnemanuel.com), Marc M. Seltzer (mseltzer@susmangodfrey.com), Silvia L.
Serpe (sserpe@serpellc.com), Matthew W. Shealy (matt@knieshealy.com), Sam Mitchell Slade,
Jr (mitch@mitchsladelaw.com), Eugene A. Sokoloff (esokoloff@mololamken.com), Robert
William Stephens (rstephens@smbtrials.com), Samantha Strauss
(efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, sastrauss@cooley.com), Kara
Trouslot Stubbs (kheath@bscr-law.com, mcarrillo@bscr-law.com, stubbs@bscr-law.com), Jeremy
M. Suhr (jeremy@boulware-law.com, kim@boulware-law.com), Matthew Swift (mts@pslawkc.com),
Sarah M. Topol (stopol@cooley.com), Aaron Van Oort (aaron.vanoort@faegredrinker.com), Jay
N. Varon (jvaron@foley.com), Kevin P. Wagner (kevin.wagner@faegredrinker.com), Suzanne L.
Wahl (edocket@schiffhardin.com, jacob.danziger@afslaw.com, maureen.osullivan@afslaw.com,
molly.wiltshire@afslaw.com, mosullivan@schiffhardin.com, suzanne.wahl@afslaw.com), Jenifer
Champ Wallis (jwallis@munckwilson.com), Kelly Marie Watne (kwatne@jonesday.com), Danne
Wayne Webb (dstilley@hab-law.com, dwebb@hab-law.com, sstubbers@hab-law.com), Lauren M.
Weinstein (lweinstein@mololamken.com), Robert J Wierenga (robert.wierenga@afslaw.com),
Molly L Wiltshire (molly.wiltshire@afslaw.com), Nuru Lateef Witherspoon
(kwilliams@twlglawyers.com, mendoza@twlglawyers.com, roland@twlglawyers.com,
taylor@twlglawyers.com, witherspoon@twlglawyers.com), Elizabeth Wright
(efiling-notice@ecf.pacerpro.com, efilingnotice@cooley.com, ewright@cooley.com), Rosalie
Doyle (nate@natebrownlaw.com), Arturo Gonzalez (southbayhomesla@gmail.com), John Guerra
(nate@natebrownlaw.com), Tanya Monestier (tanyam@buffalo.edu), Anthony Phillips
(anthonyluxadvisors@gmail.com), The Way Home, Inc. d/b/a Century 21 Access
(bmurphy@evans-dixon.com), Jessica Winters (nate@natebrownlaw.com), District Judge Stephen
R. Bough (ben_clark@mow.uscourts.gov, helen_phillips@mow.uscourts.gov,
kaitlin_moore@mow.uscourts.gov, sara_lewis@mow.uscourts.gov,
shauna_murphycarr@mow.uscourts.gov, tracey_peters@mow.uscourts.gov)
--Non Case Participants: Paul T. Fox (ferakp@gtlaw.com), Julia Diane Kitsmiller
(julia_kitsmiller@mow.uscourts.gov), Adam KohSweeney (cbloom@omm.com,
dlautzenheiser@omm.com, dmarroso@omm.com, smcintyre@omm.com), Daniel S. Margolies
(margoliesd@kcur.org), Haozhe Wang (wang.haozhe@yahoo.com)
--No Notice Sent:

Message-Id:8765810@mow.uscourts.gov
Subject:Activity in Case 4:19-cv-00332-SRB Sitzer et al v. National Association of
Realtors et al Order on Motion to Intervene
Content–Type: text/html

## U.S. District Court

## Western District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 12/3/2024 at 8:58 AM CST and filed on 12/3/2024

**Case Name:**            Sitzer et al v. National Association of Realtors et al

**Case Number:** <u>4:19–cv–00332–SRB</u>
**Filer:**
**Document Number:** 1636(No document attached)
**Docket Text:**
Before the Court is Interested Party Tanya Monestier's Pro Se Motion to Intervene. (Doc. #1628.) Upon review, the motion is DENIED. Monestier seeks to intervene in this action under Federal Rule of Civil Procedure 24(a) or 24(b) in order to preserve her appellate rights. However, intervention is not required, rather an objector need only timely file a proper objection with the district court to preserve their right to appeal. In re T–Mobile Customer Data Sec. Breach Litig., 11 F.4th 849. 856 (8th Cir. 2024); *In re UnitedHealth Grp. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011). Signed on 12/3/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey)

**4:19–cv–00332–SRB Notice has been electronically mailed to:**

Robert A. Henderson     rhenderson@polsinelli.com, docketing@polsinelli.com, kmurray@polsinelli.com, pedwards@polsinelli.com

Danne Wayne Webb     dwebb@hab–law.com, dstilley@hab–law.com, sstubbers@hab–law.com

Bert S Braud     bbraud@pophamlaw.com, lgoacher@pophamlaw.com, lmetz@pophamlaw.com

David R. Buchanan     dbuchanan@bjpc.com

Charles W. Hatfield     chuck.hatfield@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com

Michael S. Ketchmark     mike@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Warren E. Harris     wharris@trdlp.com

Kara Trouslot Stubbs     stubbs@bscr–law.com, kheath@bscr–law.com, mcarrillo@bscr–law.com

Scott A McCreight     smccreight@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Brian C Fries     brian.fries@lathropgpm.com, amy.smith@lathropgpm.com

Michael Dale Pospisil     mdp@pslawkc.com, pag@edgarlawfirm.com

Jean Paul Bradshaw, II     jeanpaul.bradshaw@lathropgpm.com, kim.bruns@lathropgpm.com, roselyn.arnold@lathropgpm.com

James Dale Lawrence     jdlawrence@bclplaw.com, ECF_KC@bclplaw.com, REC_KM_ECF_KCY@bryancave.com, jim–lawrence–1810@ecf.pacerpro.com

Marc M. Seltzer     mseltzer@susmangodfrey.com

Steve W. Berman     steve@hbsslaw.com, heatherw@hbsslaw.com, nicolleg@hbsslaw.com

Eric L. Dirks    dirks@williamsdirks.com, bstrickland@williamsdirks.com, cflores@williamsdirks.com

Benjamin H. Fadler    bfadler@ketchmclaw.com, dhotchkiss@ketchmclaw.com, mpatrick@ketchmclaw.com

Brandon J.B. Boulware    brandon@boulware–law.com, kim@boulware–law.com

Aaron Van Oort    aaron.vanoort@faegredrinker.com

Jay N. Varon (Terminated)    jvaron@foley.com

Jeremy M. Suhr    jeremy@boulware–law.com, kim@boulware–law.com

Andrea S. McMurtry    amcmurtry@hab–law.com, dstilley@hab–law.com, sstubbers@hab–law.com

Brendan J Murphy    bmurphy@evans–dixon.com

Matthew Swift    mts@pslawkc.com

Steven M Berezney    sberezney@koreintillery.com, ldunn@koreintillery.com, mepperson@koreintillery.com

Taylor L Connolly    tconnolly@bjpc.com, lmccoy@bjpc.com

Eddie Hasdoo    ehasdoo@jonesday.com, baward@jonesday.com, ikroneman@jonesday.com

Alexander Barrett    alexander.barrett@stinson.com, hope.jeffrey@stinson.com, marsha.presley@stinson.com, shelley.essary@stinson.com, susan.hogan@stinson.com

Nuru Lateef Witherspoon    witherspoon@twlglawyers.com, Roland@twlglawyers.com, kwilliams@twlglawyers.com, mendoza@twlglawyers.com, taylor@twlglawyers.com

Robert William Stephens    rstephens@smbtrials.com

Robert D MacGill    robert.macgill@macgilllaw.com

Matthew T Ciulla    matthew.ciulla@macgilllaw.com, 2595994420@filings.docketbird.com

Kenneth M. Kliebard    kenneth.kliebard@morganlewis.com, amar.naik@morganlewis.com, chcalendardepartment@morganlewis.com, christina.cacioppo@morganlewis.com, elsa.doi@morganlewis.com, heather.nelson@morganlewis.com, jason.chrestionson@morganlewis.com, michelle.castaneda@morganlewis.com, stacey.mahoney@morganlewis.com, surya.khanna@morganlewis.com, william.cravens@morganlewis.com, william.mcenroe@morganlewis.com, yunica.jiang@morganlewis.com

Stacey Anne Mahoney    stacey.mahoney@morganlewis.com

Jennifer M. Keas    jkeas@foley.com

Timothy Ray    timothy.ray@hklaw.com, francine.rivera@hklaw.com, hapi@hklaw.com

Martin G. Durkin, Jr    martin.durkin@hklaw.com, bernadette.hreska@hklaw.com, hapi@hklaw.com

Anna P. Hayes    anna.hayes@hklaw.com

William F. Farley    william.farley@hklaw.com, angela.reese@hklaw.com

Jack R. Bierig    jack.bierig@afslaw.com

David C. Kully    david.kully@hklaw.com

Steven J. Mintz    steven.mintz@usdoj.gov

Suzanne L. Wahl    suzanne.wahl@afslaw.com, edocket@schiffhardin.com, jacob.danziger@afslaw.com, maureen.osullivan@afslaw.com, molly.wiltshire@afslaw.com, mosullivan@schiffhardin.com

Stephen James Miller (Terminated)    Stephen.miller96@gmail.com

Jeffrey A LeVee    jlevee@jonesday.com

William T McEnroe    william.mcenroe@morganlewis.com

Jennifer Lada    jennifer.lada@hklaw.com

Ethan Glass    eglass@cooley.com, efiling−notice@ecf.pacerpro.com, efilingnotice@cooley.com, ngirard@cooley.com

John S Purcell    john.purcell@afslaw.com

Molly L Wiltshire    molly.wiltshire@afslaw.com

Robert J Wierenga    robert.wierenga@afslaw.com

Jacob K Danziger    jacob.danziger@afslaw.com

Samantha Strauss    sastrauss@cooley.com, efiling−notice@ecf.pacerpro.com, efilingnotice@cooley.com

Steven F. Molo    smolo@mololamken.com, Adam−Collins−1996@ecf.pacerpro.com

Justin M. Ellis    jelllis@mololamken.com

Lauren M. Weinstein    lweinstein@mololamken.com

Eugene A. Sokoloff    esokoloff@mololamken.com

Beatriz Mejia    MEJIAB@cooley.com

Deepti Bansal    DBANSAL@cooley.com

Kelly Marie Watne    kwatne@jonesday.com

Elizabeth Wright    ewright@cooley.com, eFilingNotice@cooley.com, efiling−notice@ecf.pacerpro.com

Anne Bigler    abigler@cooley.com

Dina McKenney     dina.mckenney@hklaw.com, hapi@hklaw.com, wanda.sneed@hklaw.com

William Cravens     william.cravens@morganlewis.com

Patrick Sanders     patrick.sanders@macgilllaw.com

Gregg J. Costa     gcosta@gibsondunn.com

Sarah M. Topol     stopol@cooley.com

Georgina Inglis     ginglis@cooley.com

Barack S Echols     barack.echols@hklaw.com

Ian T Hampton     ihampton@foley.com

Kevin P. Wagner     kevin.wagner@faegredrinker.com

Theodore Joseph Boutrous, Jr     tboutrous@gibsondunn.com

Christopher D. Dusseault     CDusseault@gibsondunn.com

Julian Kleinbrodt     jkleinbrodt@gibsondunn.com

Harry R.S. Philips     HPhillips2@gibsondunn.com

Cynthia Richman     CRichman@gibsondunn.com

Rio Pierce     riop@hbsslaw.com, meganm@hbsslaw.com, sf_filings@hbsslaw.com

Robert A Braun     rbraun@cohenmilstein.com, aguzman@cohenmilstein.com, enotices@cohenmilstein.com

Benjamin D Brown     bbrown@cohenmilstein.com

Beatrice Franklin     bfranklin@susmangodfrey.com, esullivan–vasquez@susmangodfrey.com

Jeannie Evans     jeannie@hbsslaw.com

John Bash     johnbash@quinnemanuel.com

Michael D Bonanno     mikebonanno@quinnemanuel.com

William A Burck     williamburck@quinnemanuel.com

Rachel G Frank     rachelfrank@quinnemanuel.com

Christopher G Michel     christophermichel@quinnemanuel.com

Michael Sebring     michaelsebring@quinnemanuel.com

Matthew W. Shealy     matt@knieshealy.com

Sam Mitchell Slade, Jr    mitch@mitchsladelaw.com

Patrick E. Knie    pat@knieshealy.com, melody@knieshealy.com

Susan McNeill McKeever    mckeever@bsplaw.com, stroud@bsplaw.com

Stephanie A Douglas    douglas@bsplaw.com, kelley@bsplaw.com

Bruce C Fox    bruce.fox@obermayer.com, amie.fraenig@obermayer.com,
andrew.horowitz@obermayer.com, maureen.boyd@obermayer.com, salena.moran@obermayer.com

Andrew J Horowitz    andrew.horowitz@obermayer.com

Boris Bershteyn    boris.bershteyn@skadden.com, boris−bershteyn−9508@ecf.pacerpro.com

Karl Barth    karlb@hbsslaw.com

Randall Paul Ewing, Jr    rewing@koreintillery.com, llucas@koreintillery.com

Todd Seaver    tseaver@bermantabacco.com, sfservice@bermantabacco.com

Steven J. Buttacavoli    sbuttacavoli@bermantabacco.com

Daniel Z. Goldman    dgoldman@bklwlaw.com, 1193516420@filings.docketbird.com,
docket@bklwlaw.com

Michael Morris Buchman    mbuchman@motleyrice.com

Silvia L. Serpe    sserpe@serpellc.com

Jenifer Champ Wallis    jwallis@munckwilson.com

J. David Rowe    drowe@munckwilson.com

Robert E Linkin    rlinkin@munckwilson.com

Jared Andrew Hughes    jared.hughes@usdoj.gov

Christopher Bower    christopher.bower@usdoj.gov

Ellie McKim    emckim@bermantabacco.com

Anthony Phillips    anthonyluxadvisors@gmail.com

**4:19−cv−00332−SRB It is the filer's responsibility for noticing the following parties by other means:**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated, | Case No. 19-CV-00332-SRB |
| Plaintiffs, | Hon. Stephen R. Bough |
| v. | |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., | **TANYA MONESTIER'S NOTICE OF APPEAL** |
| Defendants. | |
| TANYA MONESTIER, | |
| Objector-Intervenor. | |

Notice is hereby given that objecting class member and intervenor Tanya Monestier appeals to the United States Court of Appeals for the Eighth Circuit from the Order Plaintiffs' Motion for Final Approval of Settlements and Motion for Attorneys' Fees (Dkt. 1622), entered November 27, 2024; the Order Denying Tanya Monestier's Motion for Reconsideration (Dkt. 1623), entered November 27, 2024; the Order Denying Tanya Monestier's Pro Se Motion to Intervene (Dkt. 1636), entered December 3, 2024; and from all opinions and orders that merge therein, including but not limited to the Court's Order of November 4, 2024 (Dkt. 1566). Monestier reserves the right to amend the notice of appeal to reflect any new orders or entry of final judgment. *Cf.* Fed. R. App. Proc. 4(a)(7).

Dated: December 19, 2024.

*/s/ Tanya Monestier*
Tanya Monestier
101 Charleston Ave
Kenmore, NY 14217
Tel: (401) 644-2383
Email: tanyam@buffalo.edu

*In pro per*

## CERTIFICATE OF SERVICE

The undersigned certifies she electronically filed the foregoing Rule 24(c) Pleading via the EDDS system for the Western District of Missouri, thus effecting service on all attorneys registered for electronic filing.

Dated: December 19, 2024.

*/s/ Tanya Monestier*

3

Case 4:19-cv-00332-SRB    Document 1656    Filed 12/19/24    Page 3 of 3
Appellate Case: 24-3585    Page: 348    Date Filed: 12/23/2024 Entry ID: 5469189    December 19 2024 p348

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| | |
|---|---|
| Case Caption: Sitzer et al v. National Association of Realtors et al | Case No. 19-cv-00332-SRB |

Appellant: **Tanya Monestier**

Appellant's Attorney(s):

Tanya Monestier
101 Charleston Ave
Kenmore, NY 14217
Tel: (401) 644-2383
Email: tanyam@buffalo.edu

Appellee: **National Association of Realtors et al**

Appellee's Attorney(s):

See below

Court Reporter(s):
Gayle Wambolt

Please return files and documents to:
**United States District Court**
**400 East 9th Street, Room 1510**
**Kansas City, MO   64106**

Contact Person for Appeal:
Jason_Terry@mow.uscourts.gov

| Length of Trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| 13 Days | Not Paid | No | No |
| Counsel: | Pending Motions? | Local Interest? | Simultaneous Release? |
| Pro Se | No | No | No |

Special Comments:

Appellee's Attorney(s):

**Alexander Barrett**
Email: alexander.barrett@stinson.com

**Charles W. Hatfield**
Email: chuck.hatfield@stinson.com

**David R. Buchanan**
Email: dbuchanan@bjpc.com

**Ethan Glass**
Email: eglass@cooley.com

**Jack R. Bierig**
Email: jack.bierig@afslaw.com

**Jacob K Danziger**
Email: jacob.danziger@afslaw.com

**John S Purcell**
Email: john.purcell@afslaw.com

**Molly L Wiltshire**
Email: molly.wiltshire@afslaw.com

**Robert J Wierenga**
Email: robert.wierenga@afslaw.com

**Suzanne L. Wahl**
Email: suzanne.wahl@afslaw.com

**Beatriz Mejia**
Email: MEJIAB@cooley.com

**Christopher G Michel**
Email: christophermichel@quinnemanuel.com

**Deepti Bansal**
Email: DBANSAL@cooley.com

**Elizabeth Wright**
Email: ewright@cooley.com

**Georgina Inglis**
Email: ginglis@cooley.com

**John Bash**
Email: johnbash@quinnemanuel.com

**Michael D Bonanno**
Email: mikebonanno@quinnemanuel.com

**Michael Sebring**

Email: michaelsebring@quinnemanuel.com


**Rachel G Frank**
Email: rachelfrank@quinnemanuel.com

**Samantha Strauss**
Email: sastrauss@cooley.com

**Sarah M. Topol**
Email: stopol@cooley.com

**William A Burck**
Email: williamburck@quinnemanuel.com

**Brian C Fries**
Email: brian.fries@lathropgpm.com

**Jean Paul Bradshaw , II**
Email: jeanpaul.bradshaw@lathropgpm.com

**Jennifer M. Keas**
Email: jkeas@foley.com

**Matthew T Ciulla**
Email: matthew.ciulla@macgilllaw.com

**Robert D MacGill**
Email: robert.macgill@macgilllaw.com

**Christopher D. Dusseault**
Email: CDusseault@gibsondunn.com

**Cynthia Richman**
Email: CRichman@gibsondunn.com

**Gregg J. Costa**
Email: gcosta@gibsondunn.com

**Harry R.S. Philips**
Email: HPhillips2@gibsondunn.com

**Ian T Hampton**
Email: ihampton@foley.com

**Julian Kleinbrodt**
Email: jkleinbrodt@gibsondunn.com

**Patrick Sanders**
Email: patrick.sanders@macgilllaw.com

**Theodore Joseph Boutrous , Jr**
Email: tboutrous@gibsondunn.com

**Anna P. Hayes**

Email: anna.hayes@hklaw.com

**Danne Wayne Webb**
Email: dwebb@hab-law.com

**David C. Kully**
Email: david.kully@hklaw.com

**Jennifer Lada**
Email: jennifer.lada@hklaw.com

**Martin G. Durkin , Jr**
Email: martin.durkin@hklaw.com

**Timothy Ray**
Email: timothy.ray@hklaw.com

**William F. Farley**
Email: william.farley@hklaw.com

**Barack S Echols**
Email: barack.echols@hklaw.com

**Boris Bershteyn**
Email: boris.bershteyn@skadden.com

**Dina McKenney**
Email: dina.mckenney@hklaw.com

**Taylor L Connolly**
Email: tconnolly@bjpc.com

**Aaron Van Oort**
Email: aaron.vanoort@faegredrinker.com

**Kara Trouslot Stubbs**
Email: stubbs@bscr-law.com

**Kenneth M. Kliebard**
Email: kenneth.kliebard@morganlewis.com

**Kevin P. Wagner**
Email: kevin.wagner@faegredrinker.com

**Stacey Anne Mahoney**
Email: stacey.mahoney@morganlewis.com

**William T McEnroe**
Email: william.mcenroe@morganlewis.com

**Eugene A. Sokoloff**
Email: esokoloff@mololamken.com

**Justin M. Ellis**

Email: jelllis@mololamken.com

**Lauren M. Weinstein**
Email: lweinstein@mololamken.com

**Steven F. Molo**
Email: smolo@mololamken.com

**William Cravens**
Email: william.cravens@morganlewis.com

**Eddie Hasdoo**
Email: ehasdoo@jonesday.com

**Jeffrey A LeVee**
Email: jlevee@jonesday.com

**Stephen James Miller**
Email: Stephen.miller96@gmail.com