# No. 24-3585

Consolidated with
Nos. 24-3444 (L), 24-3450, 24-3451, 24-3527, 24-3619, 24-3621

# In the United States Court of Appeals for the Eighth Circuit

Rhonda Burnett, *et al.*,
*Plaintiffs-Appellees*,

v.

National Association of Realtors, *et al.*,
*Defendants-Appellees*,

v.

Brown Harris Stevens, *et al.*,
*Intervenors-Appellees*,

v.

Tanya Monestier,
*Objector-Intervenor-Appellant*.

Appeal from the United States District Court
for the Western District of Missouri,
Case No. 4:19-cv-00332 (SRB)
Hon. Stephen R. Bough

## MOTION FOR RECONSIDERATION

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Intervenor-Appellant*

I request that this Court reconsider its order of April 30, 2025 stating: "Appellant, an attorney herself, will be required to comply with all applicable procedural rules and requirements of an attorney, including the preparation of an appendix." The Court has the authority to reconsider this order under Federal Rule of Appellate Procedure 59(e) and its inherent authority.

## FACTS

1. The week of April 7, 2025, I had reached an impasse with my attorneys and was making the difficult decision of whether I would proceed with this litigation pro se.

2. I called the clerk of the court and was transferred to my case manager. I explained the situation and she informed me that my attorney would have to file a motion to withdraw and that I should send in a separate letter expressing my desire to proceed pro se.

3. I asked about specific rules for pro se litigants. She expressed the belief that because I was a law professor (and therefore she surmised I was an attorney), she thought I needed to follow attorney rules. She was not sure, though, and said she needed to check with the clerk of the court.

4. My call was transferred to the clerk of the court who expressed her belief that because I was an attorney, I had an obligation to follow "attorney rules." I asked if she could point me to somewhere in the rules that would support this interpretation. She could not. She kept saying that because I am an attorney, I have an ethical obligation to follow "attorney rules."

5. I expressed confusion at this interpretation and said that all the rules contemplated only two options: attorneys representing clients or pro se litigants. Given that I had just been told how to proceed as a pro se litigant, I could not understand why those rules would not apply to me.

6. The clerk was not able to provide any more direction other than reiterating her personal belief that I should be bound by "attorney rules." If I wanted more information, she told me to consult with an attorney.

7. I tried to point out the consequences of this position. I asked her, then, if I would need to be admitted pro hac vice just to represent myself in this case. She told me that was a long way off and that we would cross that bridge when we came to it.

8. After this conversation, I carefully read the Local Rules in their entirety, certain sections of the Federal Rules of Appellate Procedure, the guidance put out by the 8th Circuit, and I did case law research.

9. I could not, in good conscience, follow rules that did not apply to me. Since I was moving to proceed pro se, I decided the appropriate and ethical course of action would be to file according to rules governing pro se litigants.

10. On April 30, 2025, my motion to proceed pro se was granted, but with the notation that "Appellant, an attorney herself, will be required to comply with all applicable procedural rules and requirements of an attorney, including the preparation of an appendix."

## ARGUMENT

The Federal Rules of Appellate Procedure and the Eighth Circuit Court of Appeals Local rules contemplate only two categories of litigants: (1) represented, or (2) unrepresented. If a litigant is represented by an attorney, then that attorney—acting in a representative capacity—is required to follow certain procedural rules related to filing and service. If a litigant is unrepresented (i.e., pro se), then the rules are different and

do not require a litigant to follow those more onerous rules. The professional identity of the unrepresented litigant is irrelevant. There is no third category contemplated by the rules: that of "pro se but also a non-practising attorney."

I have closely examined the wording of both the Federal Rules of Appellate Procedure and the Eighth Circuit Court of Appeals Local Rules. I can confidently say that there is no way to read the rules as written to obligate a pro se litigant who is also an attorney to follow rules designed specifically for represented litigants.

For instance, Rule 25 of the Federal Rules of Appellate Procedure (which are referenced in the 8th Circuit Local Rules) provides:

(B) Electronic Filing and Signing.

(a)(i) By a Represented Person—Generally Required; Exceptions. A person represented by an attorney must file electronically, unless nonelectronic filing is allowed by the court for good cause or is allowed or required by local rule.

(ii) By an Unrepresented Person—When Allowed or Required. A person not represented by an attorney: • may file electronically only if allowed by court order or by local rule;

and • may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions.

It is clear that there are only two options under the Federal Rules: a "represented person" and an "unrepresented person." I am currently an "unrepresented person," which is defined as "[a] person not represented by an attorney." I have terminated my relationship with my attorney, and am proceeding pro se. The fact that I am a (non-practising) attorney does not make me a person "represented by an attorney."

The 8th Circuit Local Rules reinforce this conclusion. For instance, Rule 25A provides: "Use of the CM/ECF system is mandatory for all attorneys, unless they are granted an exemption, and is voluntary for all pro se litigants proceeding without counsel." It is clear that the rule contemplates that attorneys representing clients in the 8th Circuit must use CM/ECF; conversely "pro se litigants *proceeding without counsel*" are not obligated to use the system. Every other reference to pro se litigants in the rules is contrasted with attorneys representing clients.

All official documents published by the Eight Circuit support this interpretation. For instance, in the Civil Case Briefing Checklist, the guidance provides for "Ten copies [of the brief] in attorney-handled cases"

while "Pro se parties must submit one copy of the brief." My case is not an "attorney-handled" case; it is a case I'm handling by myself in my capacity as a former home seller. In "Important Information for All Parties Proceeding Without An Attorney in the Eighth Circuit" the rules are clearly laid out for pro se parties—including the rule that "in all pro se appeals, the parties do not need to prepare an appendix." This is reiterated in the Eighth Circuit's Internal Operating Procedures, at 13: "The court will review pro se appeals on the original file of the district court. In practice, the court and its staff use PACER to access the district court's original file. As a result, counsel participating in pro se appeals do not need to prepare an appendix."

The order approving my motion to proceed pro se is inconsistent with the obligation to follow non-facially applicable "procedural rules and requirements of an attorney." The order does not enable me to understand the standards that I am being held to. I cannot adequately proceed as a litigant in this case without knowing exactly what rules apply to me and why.

Case law supports this interpretation. The Supreme Court has held that a pro se litigant who is also a lawyer may not be awarded attorney's

7

fees under civil rights legislation. *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991). The Court noted that while "petitioner is an 'attorney,' and has obviously handled his professional responsibilities in this case in a competent manner. . . . the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under §1988." *Id.* at 435–36. This quote is directly apposite: while I am a non-practising attorney in New York, I am not serving in any sort of representative capacity in this case.

I ask that you consider the context of this appeal. I am an objector in a class action settlement where I stand to gain about $16 if the settlement is approved. I have already spent hundreds of dollars and hundreds of hours working on this appeal because I think this settlement was unfair to home sellers. But to be clear, I am seeking to invalidate the settlement—not to get more money out of it. In other words, I stand to gain nothing financially from this appeal. I am filing this appeal out of a sense of public duty to home sellers whose rights I believe were compromised.

To compile an appendix and then serve physical copies on the court and all parties will cost thousands of dollars. I called a company that specializes in copying and serving briefs and got a preliminary estimate of about $3,000. Courts place this burden on attorneys representing clients—attorneys who often bill at rates of over $1000/hour—but not on litigants proceeding on their own. To shoulder that financial burden would be prohibitively expensive when I am proceeding in an individual capacity and am seeking to advance an argument that does not serve my interest, but instead serves the public interest.

## RELIEF SOUGHT

This Court approved my motion to proceed pro se, but then added a directive that is fundamentally opposed to the pro se designation. The concept of a pro se attorney (bound by "attorney rules") is an oxymoron. For the aforementioned reasons, I ask that this Court:

1. Stay the 5-day period for resubmission of the brief until this matter is resolved.

2. Reconsider the order that I "will be required to comply with all applicable procedural rules and requirements of an attorney,

including the preparation of an appendix" and rule instead that pro se rules govern my appeal.

In the alternative, I ask that this Court:

1. Clarify exactly which "attorney" rules in the Eighth Circuit's Rules and the Federal Rules of Appellate Procedure I am obligated to follow, and grant more than 5 days to comply with the order to resubmit the brief.

2. Waive the requirement that I physically serve the court and the parties with paper copies of the brief.

Respectfully submitted,

/s/

Tanya Monestier
Date: May 2, 2025

<u>CERTIFICATION OF COMPLIANCE</u>

This motion complies with Fed. R. App. P. 27(d)(2)(C) because the word count is 1686 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14-point Century Schoolbook font. This brief complies with 8th Cir. R. 28A(h) because the PDF file has been scanned for viruses by Microsoft Defender Antivirus and is said to be virus-free by that program.

/s/

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Intervenor-Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Intervenor-Appellant*