# No. 24-3585

**Consolidated with**
Nos. 24-3444 (L), 24-3450, 24-3451, 24-3527, 24-3619, 24-3621

# In the United States Court of Appeals for the Eighth Circuit

Rhonda Burnett, *et al.*,
*Plaintiffs-Appellees*,
v.
National Association of Realtors, *et al.*,
*Defendants-Appellees*,
v.
Brown Harris Stevens, *et al.*,
*Intervenors-Appellees*,
v.
Tanya Monestier,
*Objector-Appellant*.

---

Appeal from the United States District Court
for the Western District of Missouri,
Case No. 4:19-cv-00332 (SRB)
Hon. Stephen R. Bough

---

**OPPOSITION TO PLAINTIFFS' MOTION TO FILE OVERLENGTH BRIEF**

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Appellant*

Appellant Monestier opposes Plaintiffs-Appellees' motion for leave to file an overlength brief. Plaintiffs have not carried their burden to show that there are "extraordinary" circumstances that warrant leave to file an overlength brief, much less a 20,000-word overlength brief. *See* 8th Cir. R. 27A(a)(1); 28A(l) ("Motions for leave to file overlength briefs will be granted only in extraordinary cases.").

Motions to file overlength briefs are disfavored and should rarely be granted. *United States v. Devine*, 768 F.2d 210, 210 (7th Cir. 1985) ("The 50-page limitation is a ceiling, not a floor, and a ceiling we rarely allow to be pierced. As the Handbook also states, motions to file oversized briefs "are not favored, . . . and will be granted only when exceptional circumstances are shown . . . [T]he court favors concise briefs, and counsel should never anticipate the court's granting leave to file an oversized brief.").[1]

Plaintiffs' justification for the request to file an overlength brief consists of a mere two sentences:

> Although such relief is permitted only in extraordinary circumstances, Plaintiffs-Appellees' consolidated brief must respond to the multiple arguments raised in the briefs filed by

---

[1] Although this statement was made by the Seventh Circuit Court of Appeals, there is every indication that the sentiment applies across all circuits.

1

Appellate Case: 24-3585    Page: 2    Date Filed: 06/04/2025 Entry ID: 5523581

Appellants Spring Way Center, LLC (4,004 words), Monty March (11,536 words), Robert Friedman (12,933 words) Benny D. Cheatham, et al., (6,394 words), Tanya Monestier (12,952 words), James Mullis (9,720 words), and Rosalie Doyle, et al., (11,630 words). Plaintiffs-Appellees therefore satisfy the required standard.

A motion for leave to exceed the word limit is not just a formality; it requires a showing that "extraordinary" circumstances justify the request. Plaintiffs' boilerplate request doesn't even attempt to meet that burden.

Plaintiffs' only argument is that extraordinary circumstances exist because there are multiple appellants. But this is the case in many appeals pending before this Court. The Federal and Eighth Circuit Local Rules contemplate an appellee having to respond to multiple appellants—and have deemed 13,000 words to be the appropriate length of a brief in these circumstances. *See* UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT LOCAL RULES, 32A(b) ("Appellee Briefs in Consolidated Civil Cases Involving Multiple Appellants. In consolidated civil cases involving multiple appellants, each separately-represented appellee must file a single appellee brief. The type-volume limitations set forth in FRAP 32(a)(7)(B)(I) apply to the appellee brief."). Accordingly, the mere fact of multiple appellants—something expressly contemplated

by federal and local rules—cannot constitute "extraordinary" circumstances within the meaning the Eighth Circuit rule.

There are other reasons for this Court to deny the motion.

First, although both appellant and appellee's principal briefs are permitted to contain 13,000 words, the reality is that appellees have far more words at their disposal than appellants. This is because appellee briefs are not required to contain items that the appellant's brief is required to contain: the jurisdictional statement, the statement of the issues, the statement of the case, and the statement of the standard of review. *See* FEDERAL RULE OF APPELLATE PROCEDURE 28(b). *See also Green v. Carlson*, 813 F.2d 863, 863–64 (7th Cir. 1987) ("The appellee . . . is not required to include a statement of facts. Hence there is no presumption that he requires the same enlargement of the page limitation as the appellant—or any enlargement.").

Second, Federal Rule of Appellate Procedure 28(i) provides that "In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief." FEDERAL RULE OF APPELLATE PROCEDURE 28(i). Given that the appellees

3

are aligned in upholding the district court's decision to approve the settlement, they can cross-reference and adopt each other's arguments. They may even do so after the submission of a brief, via a letter to the Court. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 855 F.3d 913, 915 (8th Cir. 2017) ("The Rule does not state how a party 'may adopt' part of another's brief. This court does not have a local rule on point. The courts of appeals, however, routinely permit Rule 28(i) adoption by letter.").

This Court has interpreted Rule 28(i) more expansively than other circuits, reasoning:

> The Rules impose no limit on the volume of words one party may adopt. And for good reason. Permitting unlimited adoption of briefs will generally not cause the problems that word limits are designed to avoid, since courts and parties already have to read and respond to the briefs being adopted. There is, therefore, generally no cost to permitting unlimited adoption. The dissenting opinion's proposal, on the other hand, would likely require courts and parties to read and respond to additional requests for permission to file overlength briefs, taxing judicial resources and increasing the costs of litigation. Making invocation of Rule 28(i) more onerous could also lead to "needless repetition of arguments," exacerbating the problem of too-long briefs.

*Id.* 916–17 (8th Cir. 2017). *Cf* Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 910 (Fed. Cir. 2014) ("We also note that incorporating SAP's

4

arguments, as Microsoft attempts to do, would allow the Microsoft brief to exceed our court's allowable word count by 3,025 words. It would be fundamentally unfair to allow a party to use incorporation to exceed word count."); *Prudential Ins. Co. of Am. v. Sipula*, 776 F.2d 157, 161 (7th Cir. 1985) ("Second, this practice [of incorporation] results in a composite brief of more than 50 pages, yet Sipula never moved . . . to file an oversized brief. If all three briefs filed below . . . are added to Sipula's brief before this court, the total length is 83 pages. This is highly inappropriate.").

Third, if this Court permits this appellee to exceed the statutory word limit by 7,000 words, it will need to do so for all appellees. This will lead to hundreds of additional pages of briefing. Counsel for NAR has already reached out to Monestier indicating that it plans to file a similar motion. It also sets up the argument that appellants should be permitted additional words for their reply briefs.

Fourth, Plaintiffs focus on the raw word count and the number of appellants to justify the request. But a court's decision to grant additional words "depends on a demonstration of *need*, not on the raw number of litigants." *United States v. Torres*, 170 F.3d 749, 751 (7th Cir. 1999)

5

(emphasis added) ("In order to concentrate on the most meritorious claims, the court must enforce the word limit; extra argument means extra judicial time, which must be carefully apportioned.").

Fifth, this Court has already approved a generous extension of time to file appellee briefs. Between now and late July, appellees are surely able to streamline and coordinate arguments within the statutory word limits set by the rules, especially since many of the issues raised by appellants overlap (e.g., constitutionality of the in-person order; the adequacy of the monetary relief; the scope of the release, and the factual predicate test for homebuyer claims). Moreover, this Court should not ignore the reality that "[t]he appellee has the benefit of a favorable decision." *Green v. Carlson*, 813 F.2d 863, 863–64 (7th Cir. 1987). The district court's order in this case spans 88 pages and already addresses most of the issues raised by appellants in their briefs.

Sixth, Plaintiffs write in a footnote that "In Case No. 24-2143, Plaintiffs-Appellants received leave to file a brief not to exceed 16,000 words to respond to the Appellants' combined 20,984 words. This was the lead case for a related consolidated proceeding involving three appellants." PLAINTIFF-APPELLEES' MOTION FOR LEAVE TO FILE AN

6

OVERLENGTH BRIEF, at 2 n. 1. This argument suggests that courts should proportionally allocate words for an appellee based on the number of words submitted by appellants. The reasoning is essentially: because Plaintiffs got 16,000 words in a related case to reply to 20,000 words, Plaintiffs should get 20,000 words to reply to 69,000 words. This is not how the rules work. The Rules give 13,000 words to an appellee regardless of the number of appellants and regardless of how many words they use in their briefs. The idea embodied in Plaintiffs' argument contains no self-limiting principle. If those appellants who filed shorter briefs had, instead, filed longer briefs, would that then justify a request for even more words? *Green v. Carlson*, 813 F.2d 863, 864 (7th Cir. 1987) ("A 'me too' request such as filed in this case, with no grounds offered except the length of the opponent's brief, will be denied.").

Plaintiffs fall far short of carrying their burden to show why there are extraordinary circumstances warranting leave to file an overlength brief. Plaintiffs' request, and any similar requests from other appellees, should be denied.

Dated: June 4, 2025  Respectfully Submitted,

/s/

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Appellant*

8

## CERTIFICATION OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(C) because the word count is 1472 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14-point Century Schoolbook font. This motion complies with 8th Cir. R. 28A(h) because the PDF file has been scanned for viruses by Microsoft Defender Antivirus and is said to be virus-free by that program.

/s/

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/

Tanya Monestier
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Appellant*