# No. 24-3585

**Consolidated with**
**Nos. 24-3444 (L), 24-3450, 24-3451, 24-3527, 24-3619, 24-3621**

# In the United States Court of Appeals
# for the Eighth Circuit

Rhonda Burnett, *et al.*,
*Plaintiffs-Appellees,*
*v.*
National Association of Realtors, *et al.*,
*Defendants-Appellees,*
*v.*
Brown Harris Stevens, *et al.*,
*Intervenors-Appellees,*
*v.*
Tanya Monestier,
*Objector-Intervenor-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Missouri,
Case No. 4:19-cv-00332 (SRB)
Hon. Stephen R. Bough

**OPPOSITION TO NAR APPELLEES' MOTION FOR JUDICIAL NOTICE
AND SUPPLEMENTATION OF THE APPELLATE RECORD**

AND

**MOTION TO STRIKE PORTIONS OF *BURNETT* APPELLEES' BRIEF
CONTAINING EVIDENCE NOT IN THE APPELLATE RECORD**

Tanya Monestier
101 Charleston Ave
Kenmore, NY, 14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Appellant*

Appellant Monestier respectfully requests that this Court deny NAR's request to supplement the record with Exhibits A, B, D, E, and F or to take judicial notice thereof.[1] Monestier further requests that this Court not permit Plaintiffs to file a brief introducing evidence not in the record and not considered by the district court.

Monestier respectfully requests a ruling on this issue prior to the deadline for filing her reply brief. Otherwise, in an abundance of caution, Monestier will be forced to respond to arguments predicated on inadmissible evidence.

––––––––––––––

1. On July 21, 2025, the NAR Appellees ("NAR") and the *Burnett* Appellees ("Plaintiffs") filed a response brief in the instant case.

2. NAR filed an accompanying motion to supplement the record on appeal and to have this Court take judicial notice of certain filings or orders in other cases around the country (attached to its motion as Exhibits A-G).

––––––––––––––––––––

[1] Monestier agrees that all proceedings in related cases pending before Judge Bough and referenced extensively by him in *Burnett* (i.e., *Gibson* and *Re/Max*) should be part of the appellate record.

3. Plaintiffs did not file an accompanying motion to supplement the record and/or to have the Court take judicial notice of certain filings or orders.

4. Plaintiffs' brief, however, relies heavily on facts and rulings that are not part of the appellate record in *Burnett*. Specifically, Plaintiffs argue:

> Although no one (including Monestier) questioned standing below, the issue was fully litigated in *Moehrl*. And Judge Wood not only found the class representatives have standing to seek injunctive relief, but even appointed them to lead a Rule 23(b)(2) injunctive relief class. *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2023 WL 2683199, at *22 (N.D. Ill. March 29, 2023). . . .

> All this was made clear in *Moehrl*. Class representatives Moehrl, Cole, Darnell, Ramey, Umpa, and Ruh each submitted declarations "expressly indicat[ing] that they are likely to sell homes on a Covered MLS again in the near future." *Moehrl*, 2023 WL 2683199, at *22.

> Based on this uncontroverted evidence, the *Moehrl* Court: (1) found that Moehrl, Cole, Darnell, Ramey, Umpa, and Ruh "have standing to represent [an] Injunctive Relief Class," and (2) certified such a class under Fed. R. Civ. P. 23(b)(2) with those individuals as the class representatives. Id. at *22, 23.

> When the District Court certified and approved the Settlement Class here, it included Moehrl, Cole, Darnell, Ramey, Umpa, and Ruh as Plaintiffs and Class Representatives. March.App.472; R.Doc.1460, at ¶6; Doyle.App.6–7; R.Doc.1622, at ¶¶12–13. That inclusion

lays to rest any standing concerns – as the *Moehrl* Court
found, all six have standing to represent a settlement class
receiving injunctive relief.

Plaintiffs' Response Brief, at 39-40.

5. Plaintiffs concede that these *Moehrl* declarations that they now

seek to rely on were not filed in *Burnett*. Plaintiffs' Response Brief, at 40.

———————————

6. It is important to understand what the Appellees are seeking to

do via a request to supplement the record and a request for this Court to

take judicial notice of certain orders and filings. They are seeking to

introduce evidence they failed to introduce in *Burnett* and to smuggle it

in through the back door.

7. One of Monestier's arguments was that the named plaintiffs in

*Burnett* lacked Article III standing to seek injunctive relief because they

had not demonstrated a risk of imminent harm redressable by the relief

sought.[2]

———————————

[2] Monestier Opening Brief, at 22-29. Monestier argued:

Named plaintiffs have not alleged that they will ever sell their
homes again—much less that they will do so "imminent[ly]."
Davis v. Fed. Election Comm'n, 554 U.S. 724, 733 (2008).

8. Because Plaintiffs failed to introduce *any* evidence of the named plaintiffs' standing during the five-year litigation period in *Burnett*, they would like instead to glom on to affidavits filed in a different case, before a different judge, in a different state, involving a different certified class. They would like for this Court to somehow impute Judge Andrea Wood's findings on standing in *Moehrl* to Judge Bough's settlement approval in *Burnett*.

9. For the reasons submitted below, this Court should not permit Appellees to relitigate their case on appeal via improper requests for judicial notice and supplementation of the record.

---

Named plaintiffs have not so much as alleged that they will sell their homes prior to 2029 or 2031, when the injunctive relief ends. Home sales occur, on average, once every twelve years. Named plaintiffs have not alleged that—if they sell their homes— they will use a member of NAR to assist with the sale. Some home sellers do not use agents at all. R. Doc. 759, at 18. And only "[a]bout half of licensed real estate agents belong to NAR; about half do not." R. Doc. 1323, at 82. One named plaintiff specifically testified she "would not be opposed to [doing for sale by owner]. I would investigate it." R. Doc. 1324, at 51.

*Id.*, at 24-25.

**A.    NAR's Request for Supplementation and Judicial Notice Are Inconsistent.**

10.  As a preliminary matter, NAR's request should be taken as an either/or. Either NAR seeks to supplement the record on appeal, or it seeks judicial notice. These are different things, subject to different legal standards.

11. This point was made clearly in *Abu-Joudeh v. Schneider*, 954 F.3d 842 (6th Cir. 2020), where the plaintiff attempted to do the same thing the parties are attempting to do here: asking the court to "take judicial notice of several documents [they] failed to file in the district court." *Id.* at 847. In *Abu-Joudeh*, the Sixth Circuit refused to allow the plaintiff to do so:

> This misunderstands the purpose of judicial notice because what Abu-Joudeh really seeks is to supplement the record on appeal. And because Abu-Joudeh cannot meet the requirements for such an expansion of the record, his motion is denied.
>
> . . .
>
> [C]ourts do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met. Here, Abu-Joudeh goes even further, asking us to take judicial notice of the contents of these documents for the truth of the matters they assert. This is no different than moving to supplement the record; indeed, Abu-Joudeh says in his motion that he "seeks to include two documents into the record."

*Id.*, at 848 (internal citations omitted).

12. NAR similarly seeks to "to supplement the record on appeal to include the documents attached as Exhibits A-G, and for the Court to take judicial notice thereof." NAR Motion to Supplement, at 2. NAR fails to meet the standard for either supplementing the record or for judicial notice with respect to Exhibits A, B, D, E, and F.

**B.   NAR Does Not Meet Its Burden Under Federal Rule of Appellate Procedure 10(e) to Correct or Modify the Record.**

13.  NAR does not refer to any relevant law governing its request to "supplement" the record on appeal, much less attempt to explain how its request satisfies the legal standard.

14.  Federal Rule of Appellate Procedure 10(e) provides:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

   (A) on stipulation of the parties;

   (B) by the district court before or after the record has been forwarded; or

   (C) by the court of appeals.

15. Presumably, NAR seeks to invoke Federal Rule of Appellate Procedure 10(e)(2). However, it fails to explain why or how the non-*Gibson* filings have been "omitted from . . . the record by error or accident." *Id.*

16. Exhibits A, B, D, E, and F were not considered by the district court and were not omitted from the record by error or accident. They are filings in different cases heard by different judges. While perhaps "related" in some broad sense, they do not form part of the record of appeal in *Burnett*.

17. NAR cites *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61 (8th Cir. 1993) for the proposition that an appellate court may order the record of a case enlarged where the interests of justice demand it. NAR Motion to Supplement, at 2. This Court did not adopt the "interests of justice" as freestanding test in *Dakota*; instead, Federal Rule of Appellate Procedure 10(e) must be satisfied to correct or modify the record.

18. Moreover, NAR selectively quotes *Dakota*, without providing its full context. In *Dakota*, this Court emphasized that "generally, an appellate court cannot consider evidence that was not contained in the

record below" and that the "authority to enlarge a record is rarely exercised and is a narrow exception to the general rule that an appellate court may consider only the record made before the district court." *Id.*, at 63 (emphasis added).

19.    In *Dakota*, this Court admitted evidence outside the record because of the extraordinary circumstances: it was in "a situation in which misrepresentation, willful or otherwise, left the district court with an incomplete picture of the infringement alleged by Industries." *Id.*  This Court reasoned that if it failed to consider the evidence on appeal, "parties would have a distinct incentive to deceive the district courts, and the appellate courts would be powerless to remedy such deceptions." *Id.*, at 63-64.

20.    This case is nothing like *Dakota*,[3] and NAR makes no effort to explain why the record should be supplemented with cases from outside

---

[3] NAR also cites *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007) for the proposition that courts may take judicial notice of proceedings in other courts that directly relate to the matters at issue. The citation to this case is, again, misleading. This Court in *Great Plains* took judicial notice of the other proceedings solely for the purpose of "determin[ing] whether the previous class actions tolled the statutes of limitation and if so, the effect of this tolling." *Id.*  The content of the other filings was not judicially noticed.  Citations to the footnotes in *Oetting v. Norton*, 795 F.3d 886, 888 n.2 (8th Cir. 2015) and *Donner v. Alcoa, Inc.*,

the district, heard by different courts in different states, and that Judge Bough did not consider as part of the *Burnett* settlement approval process. General averments that these other cases "relate directly" to *Burnett* are not even close to sufficient to meet the Federal Rule of Appellate Procedure standard. NAR Motion to Supplement, at 3.

## C. NAR Does Not Meet Its Burden of Establishing That This Court Should Take Judicial Notice of Exhibits A, B, D, E, and F.

21. NAR similarly fails to identify the appropriate standard for judicial notice and to explain exactly *what* it wants this Court to take judicial notice of. *See* § 2:104. PURPOSE FOR WHICH JUDICIAL NOTICE IS TAKEN: THE HIDDEN HEARSAY ISSUE, 1 JONES ON EVIDENCE § 2:104 (7th ed.) ("The primary factor in determining whether a court should judicially notice a litigation document of another case is how the court plans to use the document. A court should be permitted to notice the *existence* of another case, of litigation documents that are a part of another case, and

_____

709 F.3d 694, 697 n.2 (8th Cir. 2013) are equally unavailing. There is no indication in these cases of what exactly was judicially noticed and how it was used by the parties or the Court.

of the allegations made therein, whenever the mere *existence* of such things is relevant to the instant case.").

22.  Federal Rule of Evidence 201 governs judicial notice. Much like Federal Rule of Appellate Procedure 10, the rule is conspicuously absent from NAR's filing.

23.  Rule 201(b) states that:

The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

24. Monestier has no issue, in principle, with this Court taking judicial notice of the *fact that* these other cases were filed—i.e., judicially noticing the "fact that is not subject to reasonable dispute." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) ("[C]ourts do not take judicial notice of documents, they take judicial notice of facts.").

25.  However, NAR has not met its burden of establishing why *the fact* that these other documents were filed or issued is relevant under Federal Rule of Evidence 401. *Cravens v. Smith*, 610 F.3d 1019, 1029 (8th

Cir. 2010) ("But a court may properly decline to take judicial notice of documents that are irrelevant to the resolution of a case."); *United States v. Peck,* 161 F.3d 1171, 1174 (8th Cir.1998) ("The court also correctly declined to take judicial notice of other irrelevant materials."). *See also* §5110 PROCEDURE; DISCRETIONARY JUDICIAL NOTICE—TIME OF TAKING NOTICE; TRIAL COURT, 21B FED. PRAC. & PROC. EVID. § 5110 (2d ed.) ("Implicit in Rule 201 is that the judicially noticed fact is relevant to the proceedings. A government record, for example, may meet the standards of Rule 201 but if it does not bear on a consequential proposition it is irrelevant under Rules 401 and 402.").

26.  In reality, NAR (and Plaintiffs) do not want this Court to take judicial notice *of the fact* of these other filings. Instead, they want this Court to consider substantive evidence submitted in these other cases, and of the content of judicial orders in these other cases.

27.  Appellees' briefs use facts from these other cases for the truth of the matter asserted. *See* Plaintiffs' Response Brief, at 38-40. And NAR's motion states that "adequately responding to appellants' arguments requires citation to *and analysis of* these related cases." NAR's Motion to Supplement, at 3 (emphasis added). Clearly, Appellees

are seeking to cherry-pick evidence submitted in other cases to support their arguments in the *Burnett* appeal. This is simply not permissible.

28.  A court may only judicially notice *facts*—e.g., the fact that NAR filed a motion in a related case, or the fact that a different court issued a particular order. *See* Federal Rule of Evidence, Rule 201 (titled "Judicial Notice of Adjudicative *Facts*"; a court "may judicially notice *a fact*.") (emphasis added).

29.  By contrast, a "court cannot take judicial notice of truth of facts found in another case." §5106.4 Facts Judicially Noticeable; Indisputability—"Ascertainable Facts"—Court Records, 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed.); 29 Am. Jur. 2d Evidence § 147 ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. It is proper to refuse to take judicial notice of other courts' findings in a prior case where the determination was not an adjudicative fact, but a legal conclusion disputed by the parties.").

30. This Court recognized this pivotal distinction in *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015):

Federal Rule of Evidence 201(b) allows this court to take judicial notice of public documents for the purpose of noting undisputed adjudicative facts, *but judicial notice is inappropriate to the extent Insulate offers these documents for the "truth of the matters within them and inferences to be drawn from them*—matters which [Graco] disputes." We thus grant Insulate's motion for judicial notice of these documents to the extent we note the existence of and basic facts surrounding these actions, but we decline to consider the documents as evidence Graco actually engaged in any anticompetitive conduct alleged therein.

*Id.* (citations omitted, emphasis added). *See also Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010) ("It is unclear whether the district court took judicial notice of the truth of the matter contained in the records, i.e., that Mr. Green is in fact a director, or simply took judicial notice that the records so stated. Judicial notice of a fact is only to be taken when that fact is not subject to reasonable dispute. . . . In his declaration supporting his opposition to the motion for judicial notice, Mr. Green disputed that he was ever a director on National Investments'[ ] board. This subjects the issue to reasonable dispute. Accordingly, to the extent that the district court took judicial notice of the truth of the document's content, this was an abuse of discretion.").

31. It follows, obviously, that a court also cannot take judicial notice of facts presented in a party's filing in another case. As explained by the

Seventh Circuit in *In the Matter of Lisse*, 905 F.3d 495, 497 (7th Cir. 2018):

> [A party's motion or brief] is not subject to judicial notice because it is not evidence of an adjudicative fact. A lawyer's appellate brief in the Seventh Circuit is not evidence; neither is a lawyer's motion in state court. If the document were being offered just to show that it had been filed, that fact might be subject to judicial notice, but the "Request" does not suggest that appellant wants this court to take notice that a particular document was filed on a specific date in some other tribunal.

32. Appellate courts across the country have recognized this distinction time and again. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' . . . Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source."); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (same); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.");

*Colonial Leasing Co. of New England v. Logistics Control Grp. Int'l,* 762 F.2d 454, 459 (5th Cir. 1985) ("The district court could properly take notice, under Rule 201(b), of the judgment for the limited purpose of taking as true the action of the Oregon court in entering judgment for Colonial in its action against Old Gulf Ports, the existence of which was stipulated as being known by all parties at the time of the transfer. The judicial act itself was not a fact 'subject to reasonable dispute' . . .").

33.   This rule is grounded in common sense. If the rule were otherwise, records of appeal would expand exponentially, and rules of evidence would be rendered meaningless. *See Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797–98 (8th Cir. 2009) ("Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules.").

34. Moreover, "[i]f it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

35. This Court recently had occasion to consider a request for judicial notice in *Cont'l Res., Inc. v. N. Dakota Bd. of Univ. & Sch. Lands,* 136 F.4th 778, (8th Cir. 2025) and properly denied the request:

> Finally, the United States asks this Court to take judicial notice of over 80 pages from various documents for the first time on appeal. While "[a]n appellate court may take judicial notice of a fact for the first time on appeal," we decline to do so here. Judicial notice can be taken "as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." This consideration stems from the "respect for the adversarial process," as utilizing judicial notice does not allow the information to be "'tested in the crucible' of litigation."

> We see no reason to depart from the traditional rule that "[a]n appellate court can properly consider only the record and facts before the district court," because "we are a court of 'review, ... not first view[.]' To do so would be "unfair," as it would allow the United States to create a new record on appeal with "evidence which [the district court] had no opportunity to consider" and sandbag [its counterparty]. The United States had ample opportunity to present these documents and related arguments before the district court—its failure to do so is not an error we will correct on appeal.

*Id.,* at 788–89 (internal citations omitted).

36. This Court has said time and again that it is a court of review, not "first view." *United States v. Nunez-Hernandez*, 43 F.4th 857, 859 (8th Cir. 2022). "Parties typically have to raise their arguments before getting here." *Id.*

37. The parties, for whatever reason, chose not to introduce evidence to support Article III standing in the court below though they had five years to do so. They claim it is because "no one . . . questioned standing below." Plaintiffs' Response Brief, at 40, n. 7. It is not anyone's obligation to "question[ ] standing"; it is the obligation of the parties to adduce evidence to support standing and for the court to assure itself of standing. *Sisters of Mercy v. Becerra*, 55 F.4th 583, 602 (8th Cir. 2022) ("[T]he court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties.").

38. If the parties' failure to introduce facts pertaining to an "indispensable" element of their case proves fatal on appeal, then so be it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("Since [Article III requirements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation."). This Court cannot create a *post-hac* evidentiary fix for the parties' failure of proof via the doctrine of judicial notice or through expansion of the appellate record.

## CONCLUSION

39.  There is no legal authority that would permit parties on appeal to smuggle in new facts and arguments via judicial notice or supplementation of the record. Accordingly, NAR's motion should be denied to the extent that it seeks judicial notice of, or supplementation of the record with, non-*Gibson* filings or documents. Plaintiffs' motion should not be accepted to the extent it incorporates evidence not in the appellate record.

Dated:  July 23, 2025

Respectfully submitted,

*/s/ Tanya Monestier*

Tanya Monestier
*Objector-Appellant*
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu

## CERTIFICATION OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(A) because the word count is 3,868 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in 14-point Century Schoolbook font. This motion complies with 8th Cir. R. 28A(h) because the PDF file has been scanned for viruses by Microsoft Defender Antivirus and is said to be virus-free by that program.

Dated:  July 23, 2025                Respectfully submitted,

*/s/ Tanya Monestier*

Tanya Monestier
*Objector-Appellant*
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: July 23, 2025

Respectfully submitted,

*/s/ Tanya Monestier*

Tanya Monestier
*Objector-Appellant*
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu