**Case Nos. 24-3444(L); 24-3450(C); 24-3451(C); 24-3527(C); 24-3585(C); 24-3619(C); 24-3621(C)**

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

———————

RHONDA BURNETT; JEROD BREIT; JEREMY KEEL; FRANCES HARVEY; HOLLEE ELLIS,

*Plaintiffs-Appellees,*

v.

NATIONAL ASSOCIATION OF REALTORS; HOME SERVICES OF AMERICA,

*Defendants-Appellees,*

v.

KELLER WILLIAMS REALTY, INC.; REALOGY HOLDINGS CORP.,

*Defendants,*

v.

BHH AFFILIATES, LLC; HSF AFFILIATES, LLC,

*Defendants-Appellees,*

v.

RE/MAX LLC,

*Defendant,*

v.

BROWN HARRIS STEVENS; THE AGENCY,

*Intervenors-Appellees.*

v.

SPRING WAY CENTER, LLC; NANCY WEHRHEIM; JOHN MORATIS; NANCY MORATIS; DANIELLE KAY; JESSIE KAY; KAITLYN SLAVIC; MARIA IANNOME,

*Objectors-Appellants.*

———————

On appeal from the United States District Court
for the Western District of Missouri
Case No. 4:19-cv-332-SRB · Honorable Stephen R. Bough

———————

**REPLY OF APPELLEES NAR, BROWN HARRIS STEVENS, AND THE AGENCY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND FOR JUDICIAL NOTICE**

———————

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Defendant-Appellee National Association of REALTORS® ("NAR") and Intervenor-Appellees Brown Harris Stevens and The Agency (collectively, "Movants") respectfully submit this reply in support of their joint motion to supplement the record with Exhibits A-G appended thereto, and for the Court to take judicial notice of the same (the "Motion").

1. As explained in the Motion, Exhibits A-G are public filings in district court proceedings that were resolved by the NAR settlement at issue in these appeals. Mot. 4 (¶ 6). Five of the seven exhibits (Exs. A and C-F) are the complaints in those proceedings. The other two (Exs. B and G) are a transcript and judicial order that address the scope of those proceedings. The district court repeatedly referenced the underlying proceedings in rejecting objections to the settlement, *see* Spring. Way. App. 3375-76, 3409, 3420-21, 3426; R. Doc. 1622, at 9-10 (¶ 21), 43 (¶ 86), 54 (¶¶ 116-17), 60 (¶ 129), and NAR cited the documents in defending the court's decision. Supplementing the record with the documents is thus appropriate to help this Court assess the district court's reasoning and the parties' arguments. Mot. 3-4 (¶ 5).

2. On July 23, 2025, Objector-Appellant Tanya Monestier filed an opposition to Movants' request to supplement the record or judicially notice Exhibits A, B, and D-F. Monestier Opp. at 1, No. 24-3585 (July 23, 2025). Monestier does

not oppose supplementation of the record with or judicial notice of Exhibits C or G. *Id.* at 1 n.1. Objector-Appellants Benny D. Cheatham et al. ("Cheatham") filed a separate opposition that "is essentially the same as Monestier's" and "adopts the same reasoning," and seeks to deny supplementation or notice of Exhibits A-F. Cheatham Opp. at 2, No. 24-3527 (July 23, 2025).

3. Monestier and Cheatham do not dispute that this Court has authority to supplement the record on appeal when "the interests of justice demand it." *Worth v. Jacobson*, 108 F.4th 677, 687-87 (8th Cir. 2024) (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993)). That broad discretion readily encompasses Movants' request to supplement the record. Monestier asserts that Movants make "no effort to explain why the record should be supplemented" with the exhibits. Monestier Opp. 8 (¶ 20). But Movants provide just such an explanation in the Motion: The exhibits illustrate the scope of the claims in the underlying proceedings resolved by the NAR settlement, which facilitates this Court's consideration of the objections to the scope of the settlement's release. Monestier and Cheatham's opposition to that straightforward position is baffling.

4. Monestier contends that this Court can supplement the record only under the conditions specified in Federal Rule of Appellate Procedure Rule 10(e)—specifically that an item "material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2); *see* Monestier Opp. at 7

(¶ 16). Monestier offers no authority to support the premise that Rule 10(e) supplies an exclusive or necessary test for supplementing the record. In any event, Rule 10(e) is easily satisfied here. The district court repeatedly referenced the cases underlying the exhibits in its order approving the settlement, and the omission of the documents from the *Burnett* docket can be corrected by this Court under Rule 10(e)(2), *see United States v. Stoltz*, 683 F.3d 934, 936 n.3 (8th Cir. 2012) (supplementing record under Rule 10(e)(2) with documents "material to the issues raised on appeal" but omitted from the district court record).

5. Apart from supplementation, this Court may take judicial notice of the exhibits because they reflect "proceedings in other courts that relate directly to matters at issue" here. *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007); *see Oetting v. Norton*, 795 F.3d 886, 888 n.2 (8th Cir. 2015).[1] As explained, the exhibits demonstrate the scope of the claims that were released in the NAR settlement, a central issue on appeal.

---

[1] Monestier makes the conclusory assertion that Movants' motions for supplementation of the record and judicial notice are somehow "inconsistent." Monestier Opp. at 5. But this Court routinely considers both types of motions together. *See, e.g.*, *Oetting*, 795 F.3d at 888 ("This court takes judicial notice of the record in [a related case], as many of the facts and proceedings are relevant to this action. . . . Accordingly, we grant Appellees' motion to supplement the record on appeal." (citation omitted)); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (granting motion "to enlarge the record on appeal" because the Court "may take judicial notice of judicial opinions and public records").

6. Monestier is mistaken that Movants seek judicial notice to establish the truth of matters asserted in the exhibits. Monestier Opp. 11 (¶ 26). To the contrary, Movants seek judicial notice only of the fact that that certain claims were made therein. Specifically, Exhibits A, C, and D show that plaintiffs filed putative nationwide class actions against NAR and its members and affiliates, illustrating the need for a global settlement. NAR Br. 5-6, 35. And Exhibits B, E, and F contain allegations made by Objector-Appellants Mullis, Friedman, and March, respectively, that all three now contradict before this Court. NAR Br. 38-39, 45-46.[2] Judicial notice for that limited purpose is entirely appropriate. *See Lustgraaf v. Behrens*, 619 F.3d 867, 865-86 (8th Cir. 2010) (acknowledging that courts can take judicial notice of public documents "for the purpose of determining what statements the documents contain" (internal quotation marks)).

7. Monestier and Cheatham remain free to make any arguments they see fit about the substance of the exhibits. But there is no valid basis to exclude those exhibits from the appellate record.

## CONCLUSION

For the foregoing reasons, the Motion should be granted.

---

[2] Neither Monestier nor Cheatham contest the inclusion of Exhibit G, the order entering final approval of the settlements in *Gibson v. NAR*, No. 23-cv-788 (W.D. Mo.).

| | |
|---|---|
| July 30, 2025 | Respectfully submitted, |
| */s/  Michael D. Pospisil* | */s/  Christopher G. Michel* |
| MICHAEL D. POSPISIL | CHRISTOPHER G. MICHEL |
| POSPISIL SWIFT LLC | WILLIAM A. BURCK |
| 1600 Genessee St., Suite 340 | MICHAEL D. BONANNO |
| Kansas City, MO 64102 | RACHEL G. FRANK |
| (816) 895-9105 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| MARINA V. BOGORAD | 1300 I Street N.W. |
| Jenifer Champ Wallis | Suite 900 |
| Munck Wilson Mandala | Washington, DC 20005 |
| Suite 2300 | (202) 538-8000 |
| 1925 Century Park, E. | |
| Los Angeles, CA 90067 | JOHN F. BASH |
| | OWEN B. SMITHERMAN |
| *Attorneys for Intervenor-Appellees Brown Harris Stevens and The Agency* | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 300 W. Sixth Street |
| | Suite 2010 |
| | Austin, TX 78701 |
| | (737) 667-6100 |
| | |
| | SAM HEAVENRICH |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 295 Fifth Avenue |
| | 8th & 9th Floors |
| | New York, NY 10016 |
| | (312) 590-0136 |
| | |
| | *Attorneys for Defendant-Appellee National Association of REALTORS®* |

# CIRCUIT RULE 28A(h) CERTIFICATION

This reply complies with Circuit Rule 28A(h) because it is submitted electronically through CM/ECF as a single PDF file that has been scanned for viruses and is virus-free.

*/s/ Christopher G. Michel*
Christopher G. Michel

*Counsel for Defendant-Appellee National Association of REALTORS®*

# CERTIFICATE OF COMPLIANCE

1. This reply complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word for Microsoft 365 in 14-point Times New Roman font.

2. This motion complies with Fed. R. App. P. 27(d)(2)(C) because the word count is 988 words, excluding the portions exempted by Fed. R. App. P. 32(f).

> */s/ Christopher G. Michel*
> Christopher G. Michel
>
> *Counsel for Defendant-Appellee National Association of REALTORS®*

# CERTIFICATE OF SERVICE

I hereby certify that, on July 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher G. Michel*
Christopher G. Michel

*Counsel for Defendant-Appellee National Association of REALTORS®*