Nos. 24-3444, 24-3450, 24-3451,
24-3527, 24-3585, 24-3619, and 24-3621

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Rhonda Burnett, individually and on behalf of all others
similarly situated, *et al.*,
*Plaintiffs-Appellees*
v.
National Association of Realtors, *et al.*,
*Defendants-Appellees*
v.
Brown Harris Stevens, *et al.*,
*Intervenors-Appellees*
v.
Spring Way Center, LLC, Monty March, Robert Friedman,
Benny D. Cheatham, *et al.*, and
James Mullis,
*Objectors-Appellants*
v.
Tanya Monestier and Rosalie Doyle, *et al.*,
*Interested Parties-Appellants*

———————————

Appeal from the United States District Court
for the Western District of Missouri, Western Division
Civil Docket No. 4:19-cv-00332-SRB
The Honorable Stephen R. Bough, District Judge

## PLAINTIFFS-APPELLEES' OPPOSITION TO INTERESTED PARTY TANYA MONESTIER'S MOTION TO STRIKE

[Counsel Listed on Signature Page]

# INTRODUCTION

This appeal arises from the District Court's final approval of settlements resolving claims brought here (*Burnett)* and in a companion case, *Moehrl v. Nat'l Ass'n of Realtors, et al.*, Case No 1:19-cv-01610 (N.D. Ill.). *Burnett* and *Moehrl* were litigated together from the start. Each asserted the same federal Sherman Act claims against NAR and the nation's four largest real estate brokerage companies. Each alleged the same conspiracy to enforce rules centered on requiring home sellers to make blanket unilateral offers of compensation to buyer brokers working against them. And each was certified to proceed as a class. The District Court was fully aware of *Moehrl* and cited it extensively throughout this case – the Final Approval Order specifically relies on "the voluminous briefing in *Moehrl*." Friedman.App.1482; R.Doc.1622, at ¶28. Not only do the Settlements at issue resolve both *Burnett* and *Moehrl*, but the Settlement class representatives also include six of the *Moehrl* class representatives.

The overlap between *Burnett* and *Moehrl* is relevant because *Moehrl* fully considered and rejected Monestier's belated standing argument. Monestier, a sophisticated law professor, filed 122 pages of

objections below, single spaced, in which she never once mentioned standing. SWC.App.946–47; R.Doc.1552. Then, in her opening brief here, she suddenly claimed that the class representatives "have not alleged that they will ever sell their homes again" and therefore lack standing to obtain injunctive relief. Monestier Br. 24–25. But that's not correct – the issue was fully litigated in *Moehrl*.

Class representatives Moehrl, Cole, Darnell, Ramey, Umpa, and Ruh each submitted declarations "expressly indicat[ing] that they are likely to sell homes on a Covered MLS again in the near future." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2023 WL 2683199, at \*22 (N.D. Ill. March 29, 2023). Based on those uncontested declarations, Judge Wood not only found those class representatives have standing to seek injunctive relief, but even appointed them to lead a Rule 23(b)(2) injunctive relief class. *Id*. at \*22–23. And when the District Court certified and approved the Settlement Class here, it included Moehrl, Cole, Darnell, Ramey, Umpa, and Ruh as Plaintiffs and Class Representatives. March.App.472; R.Doc.1460, at ¶6; Doyle.App.6–7; R.Doc.1622, at ¶¶12–13. That inclusion lays to rest any standing

concerns – as the *Moehrl* Court found, all six have standing to represent a settlement class receiving injunctive relief.

Monestier's current motion asks the Court to ignore these facts and strike unspecified portions of Plaintiffs' brief that refer to the *Moehrl* proceedings. Her request ignores Eighth Circuit precedent and should be denied for three reasons.[1] First, Plaintiffs' brief simply alerts the Court to the *Moehrl* decision's existence and contents. Such action requires neither judicial notice nor supplementation of the record. Second, Eighth Circuit precedent allows the Court to take judicial notice of "filings of public record" and "parties' assertions therein," which includes the *Moehrl* decision and declarations. *Graham v. Catamaran Health Solutions, LLC*, 940 F.3d 401, 401 n.1 (8th Cir. 2017); *see also Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 n.2 (8th Cir. 2013) ("We may take judicial notice of the matters filed in this related case."). And third, if the Court prefers, the issue can be resolved simply by supplementing the record with the *Moehrl* declarations that show standing. *Center for Biological Diversity v. Strommen*, 114 F.4th 939, 943 n.3 (8th Cir. 2024) (allowing

---

[1] In Case No. 24-3527, the Cheatham Objectors filed a motion to strike that does nothing but adopt Monestier's arguments. That motion should therefore be denied from the same reasons as Monestier's motion.

supplemental filing on appeal to establish standing); *Worth v. Jacobson*, 108 F.4th 677, 685–87 (8th Cir. 2024) (same).

## LAW AND ARGUMENT

**I.  Plaintiffs' Brief Properly Cites a Case That the District Court Considered During the Settlement Approval Process.**

The *Moehrl* Court's decision squarely addressed Monestier's argument in a related case involving the same issues and same parties. Plaintiffs' brief simply cited that decision and brought it to the Court's attention. This is the way litigants are supposed to present legal authority for a court's consideration. *E.g.*, *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("It is unnecessary to take judicial notice of the opinion, which plaintiff cites as precedent and which the court can consider as such.").

Monestier argues that Plaintiffs needed to "file an accompanying motion to supplement the record and/or to have the Court take judicial notice" of the decision. Monestier Motion at ¶¶3–4. That is not correct. A court's consideration of other cases is a practice distinct from judicial notice. *McVey*, 26 F. Supp. 3d at 984–85 (collecting cases). This is because the consideration of other cases "is outside the scope of Rule 201, and derives from practical considerations and case law that do not rely on

Rule 201 or principles of evidence." *Id.* (quoting *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring)). And in any event, this Court "may take judicial notice of other judicial opinions." *Kent v. United of Omaha Life Ins. Co.*, 484 F.3d 988, 994 n.2 (8th Cir. 2007).

Monestier also errs in contending that the *Moehrl* decision and its contents lie outside the appellate record. In fact, the District Court was well aware of the *Moehrl* proceedings and cited them throughout the settlement approval process. Plaintiffs directed the District Court's attention to the *Moehrl* proceedings repeatedly when they moved for preliminary approval of the Settlements. Friedman.App.505, 506, 508, 511, 517; R.Doc.1458, at 22, 23, 25, 28, 34. Plaintiffs also specifically informed the District Court that the *Moehrl* court certified an injunctive relief class. Friedman.App.501; R.Doc.1458, at 18. The District Court reviewed Plaintiffs' motion and granted preliminary approval as a result. Friedman.App.668; R.Doc.1460, at 1. And when it finally approved the Settlements, the District Court relied on "the voluminous briefing in *Moehrl*" and cited specifically to the *Moehrl* decision. Friedman.App.1478, 1482; R.Doc.1622, at ¶¶21, 28. Plaintiffs' brief

5

properly cited *Moehrl*, and Monestier fails to establish cause for striking any portion of their brief.

## II. The Court May Take Judicial Notice of the Declarations Referenced in the *Moehrl* Decision.

The *Moehrl* decision establishes the class representatives' standing without need to review the declarations referenced by the *Moehrl* court. But this Court is able to take judicial notice of those declarations should it consider them necessary for resolving the standing issue. As the Court has held, it is proper to take judicial notice of "filings of public record" and "parties' assertions therein." *Graham v. Catamaran Health Solutions, LLC*, 940 F.3d 401, 401 n.1 (8th Cir. 2017); *Owner-Operator Indep. Drivers Association v. United States Dep't of Transp.*, 831 F.3d 961, 968 n.2 (8th Cir. 2016).

*Owner-Operator* is on-point. There, the petitioners sought review of regulatory guidance issued by the Federal Motor Carrier Safety Administration ("FMCSA"). *Owner-Operator*, 831 F.3d at 964. The FMCSA argued the petitioners lacked standing because neither the petitioners nor their members would be injured by the new guidance. *Id.* at 966–67. One theory of injury advanced by the petitioners was that the guidance would cause their members' safety ratings to decrease. *Id.* at

967–68. But the members' safety ratings would only decrease if they "had a minimum of two accidents in the preceding twenty-four months and at least one accident the previous twelve months." *Id*. With this in mind, this Court took judicial notice of "publicly available reports . . . showing that none of the five carriers sustained an accident in the [preceding] twelve months." *Id*. at 968 n.2. Based on the contents of the public reports, the Court concluded that the petitioners lacked standing. *Id*. at 968.

Just like in *Owner-Operator*, there are public documents that resolve the standing issue before the Court. The declarations were filed as Doc. No. 306-5 and again as Doc. No. 324-3 in *Moehrl* and are available to the public via PACER. Nothing limits this Court's authority to take judicial notice of the declarations and their contents. For the Court's convenience, Plaintiffs attach copies of the *Moehrl* declarations as Exhibit 1.

In response, Monestier's motion draws a hazy line between taking judicial notice that the declarations were filed and taking judicial notice of the truth of matters asserted in the declarations. The latter, she argues, is improper. Monestier Mot. at ¶24. But this is not the law; an

7

affidavit or declaration that establishes standing is "taken to be true" unless controverted at trial. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Monestier offers no reason why this would change simply because the declarations at issue were filed under a different case number.

Monestier is also wrong in suggesting that the Court cannot accept information in judicially noticed documents as true. In *Owner-Operator*, for example, this Court accepted as true the accident information set forth in the public reports. *Owner-Operator*, 831 F.3d at 968 n.2. And in *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986 (8th Cir. 2007), this Court took judicial notice of "[related] proceedings in other courts," accepted information about the dismissals of those proceedings as true, and concluded as a result that the appellant's claims were untimely. *Id.* at 998.[2] Therefore, this Court can accept the information in the declarations as true if it wishes to do so.

---

[2] As Monestier points out, this Court declined in *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.* to take judicial notice of the truth of matters within public documents. 797 F.3d 538, 543 (8th Cir. 2015). But there, a party was actively disputing the truth of those matters. *Id.* By contrast, neither Monestier nor anyone else has ever disputed the veracity of the class representatives' declarations. These facts resemble

8

## III. In the Alternative, the Court Should Allow Plaintiffs to Supplement the Record with the *Moehrl* Declarations Because Monestier Raised Standing for the First Time on Appeal.

Finally, in the alternative, the Court can resolve the issue by allowing Plaintiffs leave to supplement the record with the *Moehrl* declarations. The Court enlarges the record with supplemental evidence "[w]hen the interests of justice demand it." *Worth v. Jacobson*, 108 F.4th 677, 686 (8th Cir. 2024) (quoting *Dakota Indust., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993)). In *Worth*, for example, the Court allowed a litigant to supplement the record with evidence of standing. *Id.* at 685–87 (collecting cases). Such supplementation is particularly appropriate when, like Monestier, a party "holds back" below and then raises standing for the first time on appeal. *Center for Biological Diversity v. Strommen*, 114 F.4th 939, 943 n.3 (8th Cir. 2024) (granting motion to supplement the record with supplemental evidence establishing standing); *see also Alabama Legis. Black Caucus v. Alabama*, 575 U.S. 254, 271 (2015) (allowing filing of affidavit at the Supreme Court to establish standing).

---

*Owner-Operator* and *Great Plains Trust*, where there was no dispute over the accuracy of the information in the public documents.

Monestier does not cite *Worth* or *Strommen* and offers no reason why the result here should be any different. While the Court can resolve Monestier's standing argument without supplementing the record, the declarations conclusively establish the class representatives' standing to seek injunctive relief. Therefore, it is proper for the Court to supplement the record with the *Moehrl* declarations, and Plaintiffs request that the Court do so to the extent it considers the declarations necessary to resolve the standing issue.

## **CONCLUSION**

Monestier's motion provides no reason to strike Plaintiffs' brief. Plaintiffs followed established law by citing the *Moehrl* decision. In addition, the Court has every right to take judicial notice of the declarations referenced in the *Moehrl* decision. And in the alternative, this Court should supplement the record with the *Moehrl* declarations because Monestier first raised her standing argument on appeal.

Dated: August 1, 2025

Respectfully submitted:

**KETCHMARK & McCREIGHT, P.C.**
By: */s/ Scott A. McCreight*
Michael S. Ketchmark #41018
Scott A. McCreight #44002
11161 Overbrook Road, Suite 210
Leawood, Kansas 66211
Tele: (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

**BOULWARE LAW LLC**
Brandon J.B. Boulware #54150
Jeremy M. Suhr #60075
1600 Genessee Street, Suite 956A
Kansas City, MO 64102
Tele: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

**WILLIAMS DIRKS DAMERON LLC**
Michael A. Williams #47538
Eric L. Dirks #54921
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tele: (816) 945-7110
mwilliams@williamsdirs.com
dirks@williamsdirks.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Benjamin D. Brown
Robert A. Braun
Sabrina Merold
1100 New York Ave. NW, Fifth Floor
Washington DC 20005

11

Tele: (202) 408-4600
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
smerold@cohenmilstein.com

Daniel Silverman
769 Centre Street, Suite 207
Boston, MA 02130
Tele: (617) 858-1990
dsilverman@cohenmilstein.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tele: (206) 623-7292
steve@hbsslaw.com

Rio S. Pierce
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tele: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons
Jeannie Evans
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tele: (708) 628-4949
nathane@hbsslaw.com
jeannie@hbsslaw.com

**SUSMAN GODFREY, L.L.P.**
Marc M. Seltzer
Steven G. Sklaver
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

Tele: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin
One Manhattan West
New York, New York 10001
Tele: (212) 336-8330
bfranklin@susmangodfrey.com

**Counsel for Plaintiffs**

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-volume limitation in Rule 27(d)(1)(E) and Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. This brief has been prepared using Microsoft Word for Microsoft 365, and according to that program the brief contains 1957 words, excluding the items that may be exempted from computing any length limit as set forth in Rule 32(f). The brief was prepared using a fourteen (14) point Century Schoolbook font.


Dated: August 1, 2025                               */s/Scott A. McCreight*
                                                                                    Scott A. McCreight
                                                                                   Counsel for Plaintiffs-Appellees

## CIRCUIT RULE 28A(h) CERTIFICATION

The undersigned hereby certifies that I have filed electronically, pursuant to Circuit Rule 28A(h), a version of the brief in PDF format. I hereby certify that the file has been scanned for viruses and that it is virus free.

Dated: August 1, 2025

*/s/ Scott A. McCreight*
Scott A. McCreight
Counsel for Plaintiffs-Appellees

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2025, an electronic copy of this Opposition was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system, and as all participants in this case are registered CM/ECF users, service of the Opposition will be accomplished by the CM/ECF system.


Dated: August 1, 2025 /s/ *Scott A. McCreight*
Scott A. McCreight
Counsel for Plaintiffs-Appellees