# No. 24-3585

Consolidated with
Nos. 24-3444 (L), 24-3450, 24-3451, 24-3527, 24-3619, 24-3621

# In the United States Court of Appeals for the Eighth Circuit

Rhonda Burnett, *et al.*,
*Plaintiffs-Appellees*,

*v.*

National Association of Realtors, *et al.*,
*Defendants-Appellees*,

*v.*

Brown Harris Stevens, *et al.*,
*Intervenors-Appellees*,

*v.*

Tanya Monestier,
*Objector-Intervenor-Appellant*.

―――――――――――――

Appeal from the United States District Court
for the Western District of Missouri,
Case No. 4:19-cv-00332 (SRB)
Hon. Stephen R. Bough

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE PORTIONS OF PLAINTIFFS' BRIEF**

Tanya Monestier
101 Charleston Ave
Kenmore, NY, 14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu
*Pro Se*
*Objector-Appellant*

Plaintiffs ask this Court to consider filings from an entirely different case and to credit rulings by a court over which this Court has no appellate jurisdiction. They want this Court to do so without supplementing the record and without taking judicial notice.[1] Plaintiffs' Response, at 4.

And they go even further. They want this Court to accept as true declarations filed in that other case, without reviewing them. *Id.*, at 6 ("The *Moehrl* decision establishes the class representatives' standing without need to review the declarations referenced by the *Moehrl* court.").

There is good reason Plaintiffs don't want this Court to read the *Moehrl* declarations. The declarations fail to establish even *probable* harm, much less *imminent* actual harm:

MOEHRL DECLARATION

> I currently own a home at [address], which I owned at the time this case began. I *may* sell this home in the near future. I also own two other rental properties . . . and

---

[1] In its motion to supplement the record, NAR explains the procedure to be followed: "Pursuant to instruction by the Office of the Clerk of Court, to cite docket items other than items in the underlying case itself (*Burnett*), it is advisable to file a motion to supplement the record, attach the additional items to the motion as exhibits, and cite the exhibits." NAR Motion to Supplement, at 4. This was virtually the same information the Clerk's office provided to Monestier, except that it stated that Monestier *could not* reference a case outside the appellate record without a motion to supplement.

1

> *may* sell those properties . . . *sometime in the next five years*.

> DARNELL DECLARATION
>
> > I currently own a home located at [address]. I *may* sell this home in the near future. I am considering buying a home near my current residence and selling [my current home] in late 2022. *If I do*, I will *likely* list that home on [an] MLS.
>
> RUH DECLARATION
>
> > I *may* sell another property in the future. I have, for example, recently *considered* employment opportunities that would require me to move out of state. *Should I* secure and accept such employment, I would need to sell my current home, which is located at [address]. *If* I sell that home, *I would likely* list it on Metro MLS.
>
> RAMEY DECLARATION
>
> > I currently own a home located at [address]. *I may* sell this home in the future to be closer to work. *If* so, I *would likely* list this home on Bright MLS.
>
> UMPA DECLARATION
>
> > I currently own a residential rental property located in Converse, Texas, and will *likely* sell it *within the next five years*. *If* so, I *will likely* list that property on an MLS called SABOR.

*Id.*, at Exhibit 1.

These are precisely the kind of "'some day' intentions—without any description of concrete plans" that the Supreme Court has held "do not support a finding of the 'actual or imminent' injury" that Article III requires. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). What's

more, public records reveal that despite their professed intentions, Moehrl, Darnell, Ruh and Ramey *have not* sold their properties since filing these declarations three-and-a-half years ago.[2]

Plaintiffs' arguments are so far removed from established procedure and precedent that Monestier rests on the submissions in her original motion to strike.[3] Monestier responds solely to correct certain mischaracterizations of law and fact in Plaintiffs' brief. These mischaracterizations stray beyond the boundaries of zealous advocacy. As "a sophisticated law professor"—as Plaintiffs sarcastically remark—Monestier believes it is essential that this Court be presented with a faithful and accurate account of the law and the facts below.

---

[2] *See* https://www.zillow.com/homedetails/26820-Marsh-Pointe-Cir-Shorewood-MN-55331/1994701_zpid/; https://www.zillow.com/homedetails/1708-Purple-Sage-Dr-Cedar-Park-TX-78613/60136735_zpid/; https://www.zillow.com/homedetails/6690-High-Hill-Cir-Racine-WI-53402/52257165_zpid/;https://www.zillow.com/homedetails/545-Nathaniel-Dr-Martinsburg-WV-25403/61756006_zpid/.

[3] For simplicity, Monestier combined her response to NAR's motion to supplement the record with a separate motion to strike portions of Plaintiffs' filing. Thus, she believes she is entitled to file a reply pursuant to Federal Rule of Appellate Procedure 27(a)(4).

1. Plaintiffs cite *Graham v. Catamaran Health Solutions, LLC*, 940 F.3d 401, 401 n.1 (8th Cir. 2017) for the proposition that "Eighth Circuit precedent allows the Court to take judicial notice of 'filings of public record' and 'parties' assertions therein,' which includes the *Moehrl* decision and declarations."[4] Plaintiffs' Response, at 3. The cited authority *says the opposite*.

2. *Graham* stated, "We may take judicial notice of filings of public record and *the fact (but not the veracity)* of parties' assertions therein." *Id.* (emphasis added). By omitting the italicized limitation, Plaintiffs misrepresent what this Court actually said. Indeed, just two sentences later, the Court reaffirmed this point by citing *Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010) for the proposition that judicial notice may be taken "for the purpose of determining what statements the documents contain and *not to prove the truth* of the documents' contents." (emphasis added).

---

[4] Plaintiffs repeat this mischaracterization several times. *See, e.g.*, *id.*, at 7 ("Nothing limits this Court's authority to take judicial notice of the declarations and their contents."); *Id.* at 8 ("Monestier is also wrong in suggesting that the Court cannot accept information in judicially noticed documents as true.").

4

3. Plaintiffs assert that this Court can "accept information in judicially noticed documents as true" and claim that Monestier is wrong to suggest otherwise.[5] *Id.*, at 8 ("[T]his Court can accept the information in the declarations as true if it wishes to do so."). The authority they cite does not support that claim.

4. Plaintiffs claim that in *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986 (8th Cir. 2007), this Court "took judicial notice of '[related] proceedings in other courts,'" and "accepted information about the dismissals of those proceedings as true[.]" Plaintiffs' Response, at 8. Plaintiffs then use *Great Plains* to make the leap that accepting information "about" the case is equivalent to accepting information "in" the case. *Id.* In *Great Plains*, the Court took judicial notice of *the fact* that related cases had been dismissed, not of any *factual assertions* within those filings. *Great Plains*, 492 F.3d at 998 ("This question [of statute of limitations tolling] can be answered by reference to *the records of* the

---

[5] Even NAR concedes that this Court may not consider the content of filings for the truth of their contents. NAR Reply, at 4 ("Monestier is mistaken that Movants seek judicial notice to establish the truth of matters asserted in the exhibits. Monestier Opp. 11 (¶ 26). To the contrary, Movants seek judicial notice only of the fact that that certain claims were made therein.").

5

previous class actions . . ."). Plaintiffs falsely conflate judicial notice of undisputed procedural facts with judicial adoption of disputed factual content.

5. Plaintiffs claim that "In *Worth*, . . . the Court allowed a litigant to supplement the record with evidence of standing." Plaintiffs' Response, at 9. Plaintiffs' citation is misleading. The plaintiffs in *Worth* case moved to supplement *the record below, not on appeal. Worth v. Jacobson*, 108 F.4th 677, 685 (8th Cir. 2024) ("To avoid mootness of the entire case, before the last individual plaintiff turned 21, the Plaintiffs [below] moved to supplement the record with the affidavit of Joe Knudsen—a 19-year-old Minnesotan seeking a permit-to-carry, who is a member of all three organizations—in order to continue the standing of the organizational plaintiffs."). *Worth* says nothing about supplementing the appellate record (much less with documents filed in a different case).[6]

---

[6] Plaintiffs' citation is *Center for Biological Diversity v. Strommen*, 114 F.4th 939, 943 n.3 (8th Cir. 2024) is equally misleading. It says the case "grant[ed] motion to supplement the record with supplemental evidence establishing standing." Plaintiffs' Response, at 9. But it fails to note that the supplemental evidence came from the same case, not a different case. *See Center for Biological Diversity*, 114 F.4th, 943 n.3 (noting that "the Center seeks to supplement the record with *an interrogatory response* naming three members who regularly travel to northern Minnesota to see lynx.").

6. Plaintiffs also claim that in *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 271 (2015), the Supreme Court "allow[ed the] filing of [an] affidavit at the Supreme Court to establish standing." Plaintiffs' Response, at 9. That is plainly incorrect. The Court instructed the *district court on remand* to "reconsider the Conference's standing by permitting the Conference to file its list of members and permitting the State to respond, as appropriate." 575 U.S. at 271. Contrary to Plaintiffs' characterization, the Court did not authorize supplementation of the record "at the Supreme Court to establish standing"—let alone with materials filed in a different case.

7. Plaintiffs also skew the facts and leave this Court with several misimpressions:

i) Plaintiffs state that "Class representatives Moehrl, Cole, Darnell, Ramey, Umpa, and Ruh each submitted declarations 'expressly indicat[ing] that they are likely to sell homes on a Covered MLS again in the near future.'" Plaintiffs' Response, at 2. Plaintiffs leave out the most important part of the sentence: that these individuals submitted declarations in *Moehrl*, not *Burnett*.

ii) Plaintiffs claim that they "specifically informed the District Court that the *Moehrl* court certified an injunctive relief class" and that "[t]he District Court reviewed Plaintiffs' motion and granted preliminary approval *as a result*." Plaintiffs' Response, at 5. Plaintiffs draw a causal connection between the *Moehrl* injunctive relief class and the *Burnett* settlement approval; no such connection exists.

iii) Plaintiffs state that "the Final Approval Order *specifically relies* on 'the voluminous briefing in *Moehrl*'" and "when it finally approved the Settlements, the District Court *relied on* 'the voluminous briefing in *Moehrl*.'" Plaintiffs' Response, at 1, 5 (emphasis added). The district court did not "rely" on the briefing in *Moehrl*; it only noted that there were "numerous complex legal and factual issues under antitrust law [that are] reflected in the voluminous briefing in *Moehrl* and in this case." R. Doc. 1622, at 13.

iv) Plaintiffs claim that "neither Monestier nor anyone else has ever disputed the veracity of the class representatives' declarations."

Plaintiffs' Response, at 8. Monestier *does* dispute the veracity of these declarations, which only came to her attention two weeks ago.[7]

v) Plaintiffs claim that "*Moehrl* fully considered and rejected Monestier's belated standing argument." Plaintiffs' Response, at 1. The court in *Moehrl* did not consider whether there was Article III standing over the class representatives in *Burnett* at the time the complaint was filed in 2019.

8. Monestier does not attempt to correct every factual misstatement but brings these to the Court's attention because they distort the record and risk misleading the Court if left unaddressed.

---

[7] Plaintiffs repeatedly attack Monestier for not raising the issue of standing earlier. *See* Plaintiffs' Response, at 2 ("she never once mentioned standing" earlier); *id.* ("Then, in her opening brief here, she suddenly claimed that the class representatives [lacked standing]."); *id.* at 9 (claiming that Monestier "h[eld] back" below and then raise[d] standing for the first time on appeal"); *id.*, at 10 ("Monestier first raised her standing argument on appeal."). Plaintiffs' position is as ironic as it is untenable: they invoke *Moehrl* to establish standing, yet claim to be blindsided by the very issue their counsel litigated in that case.

## CONCLUSION

As argued in her original motion, Plaintiffs' brief should not be accepted to the extent it incorporates evidence submitted in a different case, and not in the appellate record.

Dated: August 4, 2025 Respectfully submitted,

*/s/ Tanya Monestier*

Tanya Monestier
*Objector-Appellant*
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu

# CERTIFICATION OF COMPLIANCE

This reply brief complies with Fed. R. App. P. 27(d)(2)(A) because the word count is 1882 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Schoolbook font. This brief complies with 8th Cir. R. 28A(h) because the PDF file has been scanned for viruses by Microsoft Defender Antivirus and is said to be virus-free by that program.

Dated: August 4, 2025	Respectfully submitted,

/s/ Tanya Monestier

Tanya Monestier
*Objector-Appellant*
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: August 4, 2025

Respectfully submitted,

*/s/ Tanya Monestier*

Tanya Monestier
*Objector-Appellant*
101 Charleston Ave
Kenmore, NY
14217
Phone: (401) 644-2383
Email: tanyam@buffalo.edu