Nos. 24-3444, 24-3450, 24-3451,
24-3527, 24-3585, 24-3619, and 24-3621

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Rhonda Burnett, individually and on behalf of all others
similarly situated, *et al.*,
*Plaintiffs-Appellees*
v.
National Association of Realtors, *et al.*,
*Defendants-Appellees*
v.
Brown Harris Stevens, *et al.*,
*Intervenors-Appellees*
v.
Spring Way Center, LLC, Monty March, Robert Friedman,
Benny D. Cheatham, *et al.*, and
James Mullis,
*Objectors-Appellants*
v.
Tanya Monestier and Rosalie Doyle, *et al.*,
*Interested Parties-Appellants*

───────────────

Appeal from the United States District Court
for the Western District of Missouri, Western Division
Civil Docket No. 4:19-cv-00332-SRB
The Honorable Stephen R. Bough, District Judge

**PLAINTIFFS-APPELLEES'
OPPOSITION TO INTERESTED PARTY
TANYA MONESTIER'S MOTION TO
STRIKE**

[Counsel Listed on Signature Page]

Professor Monestier says Plaintiffs and their counsel ignored the Court's September 10 order. They did not. The Court directed Plaintiffs to remove material subject to Monestier's prior motion to strike, and Plaintiffs did exactly that.

The history matters. Monestier filed 122 single-spaced pages of objections in the district court. Not once did she challenge standing. Nor did any other Objector or Defendant. Only on appeal did Monestier suddenly argue that the class representatives lack standing to seek injunctive relief. But that very issue had already been addressed in the companion *Moehrl* case, which was resolved though the same settlements at issue in this appeal, and where Judge Wood found standing for the same representatives and certified an injunctive relief class under Rule 23(b)(2). Among other arguments, Plaintiffs noted as much in their brief.

Monestier then moved to strike Plaintiffs' *Moehrl* discussion. On September 10, the Court granted the motion and ordered Plaintiffs to refile, removing the stricken material. Plaintiffs understood and complied with the Court's order. On September 15, they refiled their brief without any reference to *Moehrl*, replacing those passages with citations to the *Burnett* record and arguments establishing standing

independently. The refiled brief complied with all appellate rules, including the word limit.

Now Monestier argues that Plaintiffs should have removed the *Moehrl* references and stopped there. The Court never said that. Nor would such a rule make sense. Simply deleting references would have left sentence fragments and confusion. More importantly, Monestier's belated standing challenge requires a full response. The Court has an "independent obligation" to assess jurisdiction, *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 602 (8th Cir. 2022), and that obligation is made harder by Monestier's decision to "hold back" and raise the issue for the first time on appeal. *Ctr. for Biological Diversity v. Strommen*, 114 F.4th 939, 943 (8th Cir. 2024). In such cases, the Court looks to all available facts and authorities, whenever they are raised. *Id.* at 943 n.3 (allowing supplemental evidence establishing standing filed after oral argument); *Worth v. Jacobson*, 108 F.4th 677, 686 (8th Cir. 2024) (allowing supplementation of record).

Consistent with this law, Plaintiffs' revised brief cites record evidence and governing law to confirm the Court's jurisdiction. Nor does Monestier's citation to *F.T.C. v. Neiswonger*, 580 F.3d 769, 775 (8th Cir.

2009) provide any reason to strike the brief. Monestier Motion at 14. *Neiswonger* simply states the familiar rule that arguments should not be raised for the first time in reply briefs. That rule prevents a party from cutting off the opposing side's ability to respond. But Plaintiffs raise all of their arguments in their ***primary*** brief, giving Monestier full opportunity for response.

Plaintiffs' revised brief violates neither the September 10 order nor the Court's internal rules. It addresses the standing issue that Monestier herself raised for the first time on appeal. And it does so in a way that allows Monestier full response. The law favors correctly deciding cases on the merits, *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010), and the Court of course remains free to disregard any record or caselaw citations it deems inappropriate. The Court therefore should deny Monestier's motion to strike.

Dated: September 16, 2025

Respectfully submitted:

**KETCHMARK & McCREIGHT, P.C.**
By: _/s/ Scott A. McCreight_
Michael S. Ketchmark     #41018
Scott A. McCreight     #44002
11161 Overbrook Road, Suite 210
Leawood, Kansas 66211
Tele: (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

**BOULWARE LAW LLC**
Brandon J.B. Boulware     #54150
Jeremy M. Suhr     #60075
1600 Genessee Street, Suite 956A
Kansas City, MO 64102
Tele: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

**WILLIAMS DIRKS DAMERON LLC**
Michael A. Williams     #47538
Eric L. Dirks     #54921
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tele: (816) 945-7110
mwilliams@williamsdirs.com
dirks@williamsdirks.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Benjamin D. Brown
Robert A. Braun
Sabrina Merold
1100 New York Ave. NW, Fifth Floor
Washington DC 20005

4

Tele: (202) 408-4600
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
smerold@cohenmilstein.com

Daniel Silverman
769 Centre Street, Suite 207
Boston, MA 02130
Tele: (617) 858-1990
dsilverman@cohenmilstein.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tele: (206) 623-7292
steve@hbsslaw.com

Rio S. Pierce
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tele: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons
Jeannie Evans
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Tele: (708) 628-4949
nathane@hbsslaw.com
jeannie@hbsslaw.com

**SUSMAN GODFREY, L.L.P.**
Marc M. Seltzer
Steven G. Sklaver
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

Tele: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin
One Manhattan West
New York, New York 10001
Tele: (212) 336-8330
bfranklin@susmangodfrey.com

**Counsel for Plaintiffs**

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-volume limitation in Rule 27(d)(1)(E) and Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. This brief has been prepared using Microsoft Word for Microsoft 365, and according to that program the brief contains 531 words, excluding the items that may be exempted from computing any length limit as set forth in Rule 32(f). The brief was prepared using a fourteen (14) point Century Schoolbook font.

Dated: September 16, 2025        */s/ Scott A. McCreight*
                                 Scott A. McCreight
                                 Counsel for Plaintiffs-Appellees

## CIRCUIT RULE 28A(h) CERTIFICATION

The undersigned hereby certifies that I have filed electronically, pursuant to Circuit Rule 28A(h), a version of the brief in PDF format. I hereby certify that the file has been scanned for viruses and that it is virus free.

Dated: September 16, 2025            */s/ Scott A. McCreight*
                                     Scott A. McCreight
                                     Counsel for Plaintiffs-Appellees

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2025, an electronic copy of this Opposition was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system, and as all participants in this case are registered CM/ECF users, service of the Opposition will be accomplished by the CM/ECF system.

Dated: September 16, 2025  /s/ *Scott A. McCreight*
Scott A. McCreight
Counsel for Plaintiffs-Appellees